FILED

2012 JUL -2 PM 3:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ____________

Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA 90401
Tel (310) 919-3194
Fax (310) 919-3727

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation;

Plaintiffs,

– against –

KAMALA J. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA;

Defendants.

Case No. CV12-5735 -SVW (RZx)

**COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF CALIFORNIA HEALTH & SAFETY CODE § 25982 FOR VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS AND THE COMMERCE CLAUSE OF THE UNITED STATES CONSTITUTION**

**DEMAND FOR JURY TRIAL**

BY FAX

## JURISDICTION

1. This case arises under the Constitution of the United States and under 42 U.S.C. § 1983. This court has subject matter jurisdiction under 28 U.S.C. § 1331.

## NATURE OF THE ACTION

2. A California law concerning the feeding of birds takes effect on July 1, 2012. Sections 25980 through 25984 of the Health and Safety Code (the "Bird Feeding Law") make it a violation of state law — with civil penalties of up to $1,000 for each violation per day — for a person to "force feed a bird for the purpose of enlarging the bird's liver beyond normal size." The statute defines "force feeding" as using a process that causes a bird "to consume more food than a typical bird of the same species would consume voluntarily." In practice, the vagueness of this purported standard makes it impossible for anyone to know at what point a particular bird has been fed "more food" than the Bird Feeding Law allows.

3. Section 25982 of the Bird Feeding Law goes far further, however, in also prohibiting the **sale** of any product in California "if it is the result of" such feeding, no matter where in the world the particular bird was fed. In so doing, the Bird Feeding Law imposes strict liability — crushingly strict liability, at the rate of $1,000 per sale per day — on distributors, restaurants, and others in the stream of commerce who, when they sell a product of a duck, for example, cannot possibly know what the particular duck from which it was produced had been fed throughout its lifetime.

4. If this law remains in effect and is deemed to apply to Plaintiffs, then California will become the only place in the world where the sale of, for example, foie gras — and every other product that is "the result of" ducks raised for their livers, including duck breast, duck fat, and even duck feathers — would be banned within its borders. As a result, the Bird Feeding Law destroys both the retail and the wholesale markets for the sale of duck products in California and places a substantial burden on interstate and foreign commerce. It does this without advancing any local interest (let

alone a legitimate one) of protecting the citizens of California — or even of protecting any California duck.

5. Plaintiffs seek a declaratory judgment that section 25982 of the California Health and Safety Code is unconstitutional as applied to Plaintiffs. The Bird Feeding Law violates the Due Process Clause of the United States Constitution because it is unconstitutionally vague and because it unconstitutionally penalizes innocent conduct without the requirement of any *mens rea*. The Bird Feeding Law also violates the Commerce Clause of the United States Constitution because it excessively burdens interstate commerce while advancing no legitimate local interest. The Bird Feeding Law similarly burdens foreign commerce and interferes with the supreme power of the federal government to negotiate with foreign countries, such as it has with Canada under the North American Free Trade Agreement (the "NAFTA"), for its duck products to be freely sold into the entire American market.

6. Plaintiffs also seek a preliminary and permanent injunction prohibiting enforcement of section 25982 of the California Health and Safety Code.

## THE PARTIES

***Plaintiffs***

7. Plaintiff Association des Éleveurs de Canards et d'Oies du Québec ("AECOQ") is a Canadian non-profit corporation formed in 2009 to represent the interests and defend the rights of producers and exporters of foie gras and other duck products from Quebec, Canada, to the United States. AECOQ's members include the province's leading producers and exporters of foie gras and other products from ducks raised for foie gras. They account for virtually all of the production of such products in Canada as well as 100% of the imports of such products to the United States. The products of AECOQ members Palmex, Inc., Élevages Périgord (1993) Inc., and Aux Champs d'Élisé are regularly sold in California, and any of them would have standing in their own right to present the claims asserted in this action, though neither the claims asserted nor the relief requested requires that these members participate individually in

this suit. AECOQ is also suffering injury to itself in the form of a continuing drain on its resources if section 25982 remains in effect and AECOQ must devote its resources to ascertaining when its members have fed a duck or goose "more food" than the Bird Feeding Law allows. AECOQ's members' ducks are raised in full compliance with Canadian law, and their products are required to undergo USDA-approved inspection at slaughterhouses in Canada as well as upon entry to the United States. Under the NAFTA, the products of AECOQ's members — foie gras, duck breast, duck leg, and duck fat, for example — may be freely sold in every state of the United States. But section 25982 prohibits any of these products from being sold within California as of July 1, 2012, if the ducks of AECOQ's members from which they came are deemed to have been fed "more food than a typical bird of the same species would consume voluntarily" — effectively closing off the entire state of California to Canadian imports of foie gras and other duck products.

8. Plaintiff HVFG LLC (which does business as Hudson Valley Foie Gras ["Hudson Valley"]) is a New York producer of duck products from ducks that are raised and slaughtered on its USDA-inspected farm in full compliance with New York and federal law. Hudson Valley is the largest producer of foie gras and other products from ducks raised for foie gras in the United States. Until July 1, 2012, Hudson Valley's duck products, which include foie gras, duck breast, duck leg, and duck fat could be freely sold in every state of the United States. But section 25982 now prohibits any of Hudson Valley's products from being sold within California if its ducks are deemed to have been fed "more food than a typical bird of the same species would consume voluntarily" — effectively closing off the entire state to Hudson Valley's wholesale sales.

9. Plaintiff Hot's Restaurant Group, Inc., is a California corporation that owns and operates restaurants in Hermosa Beach (Hot's Kitchen) and Northridge (Hot's Cantina) in Los Angeles County, California. Until July 1, 2012, Hot's was free to sell dishes with duck products such as foie gras, duck breast, duck leg confit, and

duck fat, but it now risks prosecution — and literally millions of dollars in penalties — for continuing to serve its customers if, even without its knowledge, any of these products can be traced to a duck that is deemed to have been fed "more food than a typical bird of the same species would consume voluntarily" for the purpose of enlarging its liver. The same is true for every other restaurant, distributor, and gourmet food store in California. Section 25982 thus effectively closes off the entire state of California to the retail sale of products from ducks.

***Defendants***

10. Defendant Kamala J. Harris is the current Attorney General of California. In her official capacity under the California Constitution, the Attorney General is the chief law officer of the state and has direct supervision over every district attorney, sheriff, other law enforcement officers. Cal. Const. Art. 5, § 13.

11. Defendant Edmund G. Brown is the current Governor of California. In his official capacity under the California Constitution, the Governor is vested with the supreme executive power of the state. Cal. Const. Art. 5, § 1.

12. Defendant State of California is a state that, through its officers and agencies, including the Governor and Attorney General, enforces California law.

## VENUE

13. Venue in this district is proper under 28 U.S.C. § 1391(b) because at least one Defendant resides in this district and all Defendants are residents of the State of California, because the injuries giving rise to Plaintiffs' claims are taking place in this district, because a substantial part of the property that is the subject of the action is situated in this district, and because all Defendants are subject to the Court's personal jurisdiction in this district.

## GENERAL ALLEGATIONS

14. California Senate Bill 1520 was signed by the Governor and chaptered on September 29, 2004. It added sections 25980 – 25984 to the California Health and Safety Code (the "Bird Feeding Law").

15. The Bird Feeding Law prohibits the sale of any product in California "if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Cal. Health & Safety Code § 25982.

16. The Bird Feeding Law defines "force feeding" to mean "a process that causes the bird to consume more food than a typical bird of the same species would consume voluntarily." Cal. Health & Safety Code § 25980(b).

17. The Bird Feeding Law provides that any peace officer, humane society officer, or animal control officer may issue a citation for a violation and that such a citation "shall require the person cited to pay a civil penalty in an amount up to one thousand dollars ($1,000) for each violation, and up to one thousand dollars ($1,000) for each day the violation continues." Cal. Health & Safety Code § 25983(a), (b).

18. These provisions of the Bird Feeding Law have taken effect as of July 1, 2012. Cal. Health & Safety Code § 25984(a).

19. The Bird Feeding Law does not provide any intelligible measure — such as weight, volume, or caloric value — by which those involved in the feeding of ducks, such as Plaintiffs AECOQ and Hudson Valley, may determine at what point a duck has been fed "more food" than the statute allows such their duck products may continue to be sold in California. *A fortiori*, the Bird Feeding Law makes it impossible for any seller of duck products, such as a California distributor or restaurant like Plaintiff Hot's, to know whether its products are the result of a duck having been fed "more food" than the Bird Feeding Law allows.

20. Section 25982 also contains no requirement of a *mens rea* on the part of any person who sells a product that is the result of the bird feeding practice targeted by the statute. In other words, Plaintiff Hot's — along with any distributor or other restaurant in California — faces prosecution and a $1,000 civil penalty for every sale they make of a product from a duck whose feeding habits they cannot possibly know about. In penalizing a distributor or restaurant in California for selling a product of a duck fed by another person "for the purpose of" enlarging its liver beyond normal size,

section 25982 also makes the prosecution of such distributor or restaurant dependent on the mental state of another.

21. Every duck raised for human consumption and every product of a duck sold in the United States for human consumption must be inspected and approved for sale by the United States Department of Agriculture as wholesome and unadulterated so that it may circulate freely in interstate commerce.

22. One such product is foie gras, which is French for "fatty liver."

23. The most common duck raised for foie gras in North America (and the one raised by Plaintiffs AECOQ and Hudson Valley), is the mulard, which is the hybrid progeny of two ducks which not only come from different species but also are not even from the same genus.

24. Plaintiffs AECOQ and Hudson Valley are sellers of foie gras and a variety of other products — such as duck breast, duck legs, duck fat, duck tongues, duck skin, duck bones, and duck feathers — from ducks raised for foie gras as well as from mulard ducks not raised for foie gras.

25. The products of Plaintiffs AECOQ and Valley are regularly sold by distributors and restaurants in California.

26. Once processed, it is extremely difficult, if not impossible, for a person to know whether a duck product comes from a duck that was raised for the purpose of enlarging its liver — or how much any duck was fed throughout its lifetime.

27. Like countless other restaurants, Plaintiff Hot's regularly purchases duck products from distributors and includes these products — ranging from foie gras to duck legs and duck fat — in dishes prepared for consumers in its restaurants.

28. As a result of section 25982 taking effect on July 1, 2012, Plaintiff Hot's and other restaurants in California have stopped selling foie gras and other duck products out of fear of prosecution and penalties of up to $1,000 per violation per day. This is causing Plaintiff Hot's significant lost sales.

29. For similar reasons, distributors in California have stopped selling foie gras to restaurants in the state. As a result, Plaintiffs AECOQ and Hudson Valley are losing significant sales with every day that section 25982 remains in effect.

**FIRST CAUSE OF ACTION**

**Declaratory Relief — 42 U.S.C. § 1983 — Violation of the Due Process Clause — Void for Vagueness**

30. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs.

31. Section 25982 of the California Health and Safety Code, which references the definition in section 25980(b), is unconstitutionally void for vagueness as applied to Plaintiffs.

32. As alleged above, section 25982 does not provide a person of ordinary intelligence fair notice of what amount of food he may cause a duck to consume. *A fortiori*, it does not provide a person of ordinary intelligence fair notice of whether he can sell in California any product that is the result of feeding a duck. Section 25982 is so standardless that it authorizes and encourages arbitrary enforcement.

33. As of July 1, 2012, Plaintiff Hot's faces civil penalties of up to $1,000 per sale per day — penalties which, in light of Plaintiff's sales history, could easily add up to millions of dollars within the first month — if the duck products it sells in California are deemed to be products of ducks fed more than section 25982 allows.

34. Moreover, because of its vagueness, the statute makes it impossible for Plaintiffs AECOQ and Hudson Valley to know what amount of food to feed their ducks in order to render their products saleable in California, and it makes it further impossible for any California distributor or reseller of their products to know whether they may continue to sell any product that comes from these or any other ducks.

35. This vagueness has already begun to cause Plaintiffs irreparable injury in the form of lost sales, and they will face millions more in lost sales if this unconstitutional law remains in effect.

36. The vagueness of section 25982 leaves it open to entirely arbitrary enforcement by any of California's tens of thousands of peace officers, humane society officers, and animal control officers and subject Plaintiffs to crippling civil penalties.

37. As alleged above, an actual controversy has arisen and now exists regarding a matter — the constitutionality of section 25982 — over which this Court has subject matter jurisdiction. A declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

38. Plaintiffs therefore seek declaratory and further relief under 28 U.S.C. §§ 2201 *et seq.* (the Declaratory Judgment Act).

**SECOND CAUSE OF ACTION**

**Declaratory Relief — 42 U.S.C. § 1983 — Violation of the Due Process Clause — Imposition of Penalty without Requiring *Mens Rea* for Conduct Not Involving Public Health or Safety**

39. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs.

40. Section 25982 violates the Due Process Clause because it unconstitutionally penalizes innocent conduct without any *mens rea* requirement.

41. Section 25982 penalizes a person who sells in California any product that "is the result of" a duck — whether it be foie gras, duck breast, duck leg, duck fat, or even duck feathers — based on the process that was used to feed it, even where the person has no knowledge or other *mens rea* as to how the duck was fed throughout its lifetime.

42. Section 25982 further penalizes a person who sells in California any product from a duck that was fed by another person — as of July 1, 2012, a person necessarily outside the state — if such person fed the duck "for the purpose" of enlarging the bird's liver beyond normal size. As such, section 25982 unconstitutionally penalizes a California seller for the unknowable mental state of another.

43. In banning the sale in California of duck products that are the result of its feeding prohibition, section 25982 has as its obvious purpose the reduction in consumer demand for products from out-of-state and foreign producers that, as of July 1, 2012, are no longer produced in California. It thus does not involve the public health or safety of any person in California — or even of any duck within the state — and cannot excuse the absence of any requirement of *mens rea* on the part of the California seller before a penalty may be imposed.

44. As alleged above, an actual controversy has arisen and now exists regarding a matter — the constitutionality of section 25982 — over which this Court has subject matter jurisdiction. A declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

45. Plaintiffs therefore seek declaratory and further relief under 28 U.S.C. §§ 2201 *et seq.* (the Declaratory Judgment Act).

**THIRD CAUSE OF ACTION**

**Declaratory Relief — Violation of the Commerce Clause — Interstate and Foreign Commerce**

46. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs.

47. The Commerce Clause restricts states from boycotting lawful goods in interstate and foreign commerce, from directly regulating beyond their borders, from discriminating against out-of-state goods in interstate and foreign commerce, and from placing excessive burdens on interstate and foreign commerce.

48. As alleged above, in prohibiting the sale in California of lawful goods from the state of New York and Canada in interstate and foreign commerce — namely, USDA-approved, wholesome and unadulterated duck products — section 25982 violates the Commerce Clause.

49. As alleged above, in forcing New York and Canadian farmers such as Plaintiffs Hudson Valley and the members of AECOQ to conform their duck feeding

practices to the vague and arbitrary limitation in section 25980(b) in order to sell their products in California, section 25982 directly regulates out-of-state and foreign conduct and therefore violates the Commerce Clause.

50. As alleged above, because the Bird Feeding Law bans the production of duck products using its prohibited feeding practices, the practical effect of section 25982's ban on the sale of such duck products is to discriminate against out-of-state and foreign goods such as those from Plaintiffs AECOQ's members and from Hudson Valley, and section 25982 therefore violates the Commerce Clause.

51. As alleged above, section 25982 places excessive burdens on interstate and foreign commerce without advancing any legitimate local interest in the feeding of ducks beyond California's borders.

52. As alleged above, an actual controversy has arisen and now exists regarding a matter — the constitutionality of section 25982 — over which this Court has subject matter jurisdiction. A declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

53. Plaintiffs therefore seek declaratory and further relief under 28 U.S.C. §§ 2201 *et seq.* (the Declaratory Judgment Act).

**FOURTH CAUSE OF ACTION**

**Injunctive Relief**

54. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs.

55. Section 25982 is unconstitutional for the reasons sated in the foregoing causes of action.

56. The enforcement of section 25982 will cause immediate and irreparable injury to Plaintiffs, including but not limited to loss of opportunity, disruption of business, lost profits, diminution in value, and civil penalties.

57. Because Defendants' enforcement of section 25982 will cause harm that cannot be adequately compensated in damages, Plaintiffs request that this Court

provide preliminary and permanent injunctive relief enjoining Defendants from enforcing section 25982 with respect to Plaintiffs and those similarly situated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully seek the following relief from this Court:

A. A declaratory judgment, pursuant to 28 U.S.C. § 2201 *et seq.* (the Declaratory Judgment Act), that section 25982 of California Health & Safety Code is unconstitutional on its face and as applied to each Plaintiff for each of the reasons stated above;

B. A preliminary injunction prohibiting the enforcement of section 25982 as unconstitutional;

C. A permanent injunction prohibiting the enforcement of section 25982 as unconstitutional;

D. An award of reasonable attorneys fees and costs to the extent permitted by law, including but not limited to under 42 U.S.C. § 1988; and

E. Such other relief as the Court deems just and proper.

Dated: July 2, 2012

THE TENENBAUM LAW FIRM

Michael Tenenbaum, Esq.

*Counsel for Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec, HVFG LLC, and Hot's Restaurant Group, Inc.*

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury.

Dated: July 2, 2012

THE TENENBAUM LAW FIRM

Michael Tenenbaum, Esq.

*Counsel for Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec, HVFG LLC, and Hot's Restaurant Group, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV12- 5735 SVW (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

Name & Address:
Michael Tenenbaum, Esq. (No. 186850)
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA 90401
Tel (310) 919-3194 Fax (310) 919-3727

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation; PLAINTIFF(S) | CASE NUMBER CV12-5735 SVW (RZx) |
| v. | |
| KAMALA J. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA; DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Michael Tenenbaum, Esq., whose address is The Tenenbaum Law Firm, 1431 Ocean Ave., Ste. 400, Santa Monica, CA 90401. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: July 2, 2012

By: MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA 1227

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

BY FAX

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Association des Éleveurs de Canards et d'Oies du Québec; HVFG LLC; and Hot's Restaurant Group, Inc.

**DEFENDANTS**
Kamala J. Harris (in her official capacity as Attorney General); Edmund G. Brown (in his official capacity as Governor); and the State of California

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael Tenenbaum, Esq. (State Bar No. 186850)
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400, Santa Monica, CA 90401, Tel (310) 919-3194

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**__________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory Relief; Injunctive Relief; 42 U.S.C § 1983; Unconstitutionality of State Statute

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☑ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12-5735

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Hot's Restaurant Group, Inc.) | Canada (Association des Éleveurs de Canards et d'Oies du Québec)<br>New York (HVFG LLC) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (State of California); Sacramento County (Edmund G. Brown and Kamala J. Harris) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** July 2, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |