Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA 90401
Tel (310) 919-3194
Fax (310) 919-3727

Counsel for Plaintiffs



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation;<br><br>            Plaintiffs,<br><br>– against –<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA;<br><br>           Defendants. | Case No. CV-12-5735-SVW (RZx)<br><br>**DECLARATION OF STEVEN GRANDJEAN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br> |

---
DECLARATION OF STEVEN GRANDJEAN

I, Steven Grandjean, declare as follows:

1. I am the CEO of Gourmet Group International ("GGI"), a distributor of fine food products in Los Angeles. I have worked in this business for over 15 years. I have personal knowledge of the facts set forth in this Declaration and could competently testify to such facts if called upon to do so.

2. GGI is a supplier of provisions to the restaurant industry. For approximately tens years, GGI has been a wholesale purchaser of foie gras and other duck products from two of the Canadian producers in the Association des Éleveurs de Canards et d'Oies du Québec. GGI has been a distributor of these products to hundreds of chefs, restaurants, and other food service establishments in California and other western states, including Hawaii.

3. The average markup on my foie gras and other duck products to restaurants is approximately 50%.

4. In addition to our business that supplies restaurants, GGI fulfills orders directly to consumers for a third-party business in Florida. Based on the sales volume in these lines of business, and on my experience in the foie gras industry over the years, I estimate that over 90% of foie gras products sold in California reach consumers through the skilled hands of a chef in a restaurant. GGI has already experienced a decline in orders for foie gras and other duck products in just the first few days since section 25982 of the California Health and Safety Code has taken effect.

5. As a seller of foie gras and other duck products in California, at least until July 1, 2012, I am concerned about GGI's risk of prosecution under section 25982. I have no idea — and no way of knowing — how much food was consumed during their lifetimes by any of the ducks these products come from, let alone whether any of the ducks was made to consume more than a typical duck of the same species would consume voluntarily.

6. Apart from foie gras products themselves, I also have no idea — and no way of knowing — whether any of the duck products I purchase even comes from

- 1 -
DECLARATION OF STEVEN GRANDJEAN

ducks raised for foie gras, and I have no way to know what the farmer's purpose might have been in feeding his ducks.

7. As a result, until this vagueness is removed from the statute, I will not be selling foie gras or related products in California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 5, 2012

Steven Grandjean

- 2 -
DECLARATION OF STEVEN GRANDJEAN