Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA 90401
Tel (310) 919-3194
Fax (310) 919-3727

*Counsel for Plaintiffs*

FILED
2012 JUL -5 PM 3:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ______

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation;

Plaintiffs,

– against –

KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA;

Defendants.

Case No. CV-12-5735-SVW (RZx)

**DECLARATION OF MICHAEL TENENBAUM, ESQ., IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

BY FAX

I, Michael Tenenbaum, declare as follows:

1.     I am a lawyer duly licensed in the State of California.  I represent the Plaintiffs in this action.  I have personal knowledge of the facts set forth in this Declaration and could competently testify to such facts if called upon to do so.

**Notice under L.R. 7-19.1**

2.     On July 5, 2012, at 10:55 a.m., I called the office of Susan K. Smith, Esq., in the California Attorney General's Office in Los Angeles, as I know her to be counsel for Defendants in another action pending in this Court (case no. 2:12-cv-03130) challenging the constitutionality of another chapter of the California Health & Safety Code concerning farm animals.  I reached Ms. Smith's voicemail and left a message advising that I would be filing this Application at 2:30 p.m. and hoped to meet Ms. Smith or a representative of her office at the courthouse at that time.  I also advised that the procedures on the Court's webpage for Judge Wilson provide that any opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte was served.

3.     About five minutes later, I called the main number for the California Attorney General's Office in Los Angeles and asked to speak to whoever may be designated to receive ex parte notices.  The receptionist transferred me to the voicemail of Sheila Rhoads, who she said was the "Service Deputy."  I left the same voicemail for Ms. Rhoads.

4.     I then called the main number again and asked if there was anyone else I could speak with to give ex parte notice, and the receptionist told me that Ms. Rhoads was in the office today and that I could expect a return call from her.

**The Timing of this Action and Application**

5.     I was prepared to file this action last week, prior to the July 1, 2012, effective date of the section 25982.  Various chefs, restaurants, distributors, and associations had confirmed their participation as plaintiffs in the lawsuit, and I drafted my court papers accordingly.

- 1 -

6.    During the week of June 25, 2012, as media coverage of the impending ban intensified, various news stories quoted animal extremists as threatening anyone who continued to sell foie gras until the unconstitutional prohibition of section 25982 could be struck down.  In one story, an animal extremist and California lawyer with a criminal record and a history of bringing resource-draining lawsuits against restaurants and farmers who produce foie gras is quoted as saying,  "We're going to come down like a hammer on any chef or restaurant that wants to continue serving this very cruel product. . . .  We're going to make life very difficult for them. . . .  If we find somebody still serving that product, the gloves are going to come off . . . ."  (Bloomberg, Jun. 25, 2012, http://tinyurl.com/7wmuj5b, last viewed Jul. 2, 2012.)

7.    Many of the original intended plaintiffs drew my attention to prior incidents involving animal extremists who previously targeted chefs and restaurateurs at both their homes and businesses with vandalism, flooding, acid, spray paint, and a video left behind at one chef's home, taken through a window, showing him playing with his 2-year-old son, according to press reports at the time.  (New York Times, Sep. 24, 2003, http://tinyurl.com/7gk8ruz, last viewed Jul. 2, 2012.)

8.    As noted in the accompanying Declaration of Marcus Henley, at one point during the last week, Mr. Henley learned that someone was posting on the Internet, at the URL forcefeeders.weebly.com, the home addresses of various chefs and others involved in the foie gras industry (including Mr. Henley).  In light the animal extremists' prior activities, this generated a considerable amount of concern.

9.    As a result of these events, many of the original intended plaintiffs asked to be removed as parties to this action.  (For obvious reasons, including the lawyer-client privilege, I am not authorized to disclose these persons' identities.)  Were it not for their last-minute fears, this action would have been filed last week, technically before section 25982 went into effect on Sunday.

DECLARATION OF MICHAEL TENENBAUM, ESQ.

1    **Authentication of Exhibit**

2        10.    I used the Westlaw research service to retrieve certain legislative history

3    materials relating to S.B. 1520.  A true and correct copy of Governor Arnold

4    Schwarzenegger's signing message to the California Senate, as I downloaded it from

5    Westlaw, is attached as Exhibit A.

6

7        I declare under penalty of perjury that the foregoing is true and correct.

8

9    Executed on July 2, 2012

10

11                                         Michael Tenenbaum

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MICHAEL TENENBAUM, ESQ.

# EXHIBIT A

## Editor's and Revisor's Notes (18)

**HISTORICAL AND STATUTORY NOTES**

The Senate Daily Journal for the 2003-2004 Regular Session, page 5541, contained the following letter dated August 27, 2004, from Senator John L. Burton, regarding the intent of Stats.2004, c. 904 (S.B.1520):

"Greg Schmidt

"Secretary of the Senate

"Dear Greg,

"This letter is to clarify the intent of my SB 1520.

"SB 1520 will ban, beginning July 1, 2012, the force feeding of birds for the purpose of enlarging their livers.

"In addition, SB 1520 will provide limited term immunity to any business that currently employs force feeding in the production of its agricultural products.   The immunity provision of SB 1520 only applies to acts of force feeding and is intended to prohibit any pending or future criminal or civil cause of action, including an action under Chapter 5 (commencing with   Section 17200 ) of Part 2 of Division 7 of the Business and Professions Code, from being brought.   The immunity does not cover acts prohibited by SB 1520 that occur after July 1, 2012.

"Peace and friendship,

"JOHN L. BURTON

"Senate President pro Tempore"

Governor Schwarzenegger issued the following signing message regarding Stats.2004, c. 904 (S.B.1520):

"To the Members of the California State Senate:

"I am signing Senate Bill 1520 which prohibits a person from force feeding a bird for the purpose of enlarging its liver.

"This bill's intent is to ban the current foie gras production practice of forcing a tube down a bird's throat to greatly increase the consumption of grain by the bird.   It does not ban the food product, foie gras.   This bill provides 7 and one half years for agricultural husbandry practices to evolve and perfect a humane way for a duck to consume grain to increase the size of its liver through natural processes.   If agricultural producers are successful in this endeavor, the ban on foie gras sales and production in California will not occur.

"Sincerely,

"Arnold Schwarzenegger"

**Former Notes**

Former § 25980, added by Stats.1969, c. 1393, § 1, relating to registration of dogs by sentry dog company, was repealed by Stats.1995, c. 415 (S.B.1360), § 164.   See   Health and Safety Code § 121910 .

Legislative findings relating to the nonsubstantive effect of Stats.1995, c. 415 (S.B.1360), and the legislative intent not to create any new rights, see Historical and Statutory Notes under   Health and Safety Code § 100 .