KAMALA D. HARRIS
Attorney General of California
CONSTANCE L. LELOUIS
Supervising Deputy Attorney General
State Bar No. 148821
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 322-9357
Fax: (916) 324-8835
E-mail: Connie.LeLouis@doj.ca.gov
*Attorneys for Defendants State of California, Governor of California, and Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian non-profit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA,**<br><br>Defendants. | CV-12-5735-CVW (RZx)<br><br>**STATE OF CALIFORNIA, GOVERNOR OF CALIFORNIA, AND ATTORNEY GENERAL'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION**<br><br>Courtroom: 6<br>Judge: Steven V. Wilson<br>Action Filed: 7/3/2012 |

## TABLE OF CONTENTS

**Page**

Introduction .......... 1
Standard For Issuing Temporary Restraining Order .......... 1
Argument .......... 2
I. Plaintiffs have not met their burden of showing that they are likely to succeed on the merits. .......... 2
A. Plaintiffs' claims are not justiciable. .......... 2
B. California Health and Safety Code section 25982 is not unconstitutionally vague. .......... 3
1. Plaintiffs cannot raise a facial challenge. .......... 3
2. Plaintiffs' as applied challenge also fails. .......... 4
C. California Health and Safety Code section 25982 does not need a scienter requirement because it only imposes civil penalties. .......... 6
D. California Health and Safety Code section 25982 is not preempted by federal regulations. .......... 6
E. California Health and Safety Code section 25982 does not violate the Commerce Clause. .......... 8
II. Plaintiffs have not established that they are likely to suffer irreparable harm. .......... 10
III. Plaintiffs have not established that the balance of equities tips in their favor. .......... 11
IV. Plaintiffs have not established that an injunction is in the public interest. .......... 11
Conclusion .......... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alliance for the Wild Rockies v. Cottrell*
632 F.3d 1127 (9th Cir. 2011)....................2

*Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*
476 U.S. 573 (1986)....................9

*C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*
511 U.S. 383 (1994)....................8

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*
508 U.S. 520 (1993)....................10

*Coalition for Econ. Equity v. Wilson*
122 F.3d 718 (9th Cir. 1997)....................2, 10, 11

*Healy v. Beer Inst.*
491 U.S. 324 (1989)....................8

*Holder v. Humanitarian Law Project*
130 S. Ct. 2705 (2010)....................4

*Humanitarian Law Project v. U.S. Treasury Dep't*
578 F.3d 1133 (9th Cir. 2009)....................6

*Illinois Rest. Ass'n v. City of Chicago*
492 F. Supp. 2d 891 (N.D. Ill. 2007)....................1, 7, 9, 10

*Maine v. Taylor*
477 U.S. 131 (1986)....................8

*Mazurek v. Armstrong*
520 U.S. 968 (1997)....................1

*MedImmune, Inc. v. Genentech, Inc.*
549 U.S. 118 (2007)....................3

*National Meat Ass'n v. Harris*
132 S. Ct. 965 (2012)....................7, 8

*Niu v. United States*
821 F. Supp. 2d 1164 (C.D. Cal. 2011)....................1

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Northern Wind, Inc. v. Daley*
200 F.3d 13 (1st Cir. 1999) .... 6

*Pac. Nw. Venison Producers v. Smitch*
20 F.3d 1008 (9th Cir. 1994) .... 9

*People v. Speegle*
53 Cal. App. 4th 1405 (1997) .... 6

*Pike v. Bruce Church, Inc.*
397 U.S. 137 (1970) .... 9, 10

*Sacks v. Office of Foreign Assets Control*
466 F.3d 764 (9th Cir. 2006) .... 3

*United States v. Mazurie*
419 U.S. 544 (1975) .... 4

*United States v. Purdy*
264 F.3d 809 (9th Cir. 2001) .... 4

*United States v. Stevens*
130 S. Ct. 1577 (2010) .... 10

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*
455 U.S. 489 (1982) .... 4

*Western Mining Council v. Watt*
643 F.2d 618 (9th Cir. 1981) .... 3

*Winter v. Natural Res. Def. Council, Inc.*
555 U.S. 7 (2008) .... 2

**STATUTES**

21 United States Code
§ 451 .... 7, 8

28 United States Code
§ 2201 .... 2
§ 2201(a) .... 3

California Health & Safety Code
§ 25980(b) .... 5
§ 25982 .... passim
§ 25984 .... 1

## TABLE OF AUTHORITIES
## (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

United States Constitution
Article I, § 8, cl. 3 .......... 8

**OTHER AUTHORITIES**

California Bill Analysis, S.B. 1520, 2003-2004 Regular Sess. (Cal. Aug. 17, 2004), *available at* http://leginfo.ca.gov/pub/03-04/bill/sen/sb_1501-1550/sb_1520_cfa_20040825_095126_sen_floor.html .......... 5

## INTRODUCTION

Plaintiffs' ex parte application for a temporary restraining order and order to show cause re preliminary injunction seeks to enjoin the enforcement of a statute that has been on the books since January 1, *2005* and took effect on July 1, 2012. *See* Cal. Health & Safety Code § 25984. In other words, Plaintiffs have known for *seven and one-half years* that California Health and Safety Code section 25982 would take effect on July 1 and could have raised and resolved these same claims well before section 25982 went into effect. Instead, they waited and now seek emergency relief. The Court should deny Plaintiffs' application for a number of reasons. First, Plaintiffs' claims are not justiciable given that there has been no threat of enforcement. Furthermore, Plaintiffs are unlikely to prevail on the merits. A federal court has already upheld a city ordinance banning the sale of foie gras. *Illinois Rest. Ass'n v. City of Chicago*, 492 F. Supp. 2d 891 (N.D. Ill. 2007). Likewise, California Health and Safety Code section 25982 is constitutional. For these reasons, and as more fully explained below, Defendants State of California, the Governor of California, and the Attorney General[1] request that Plaintiffs' ex parte application be denied.

## STANDARD FOR ISSUING TEMPORARY RESTRAINING ORDER

"'Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.'" *Niu v. United States*, 821 F. Supp. 2d 1164, 1167 (C.D. Cal. 2011) (quoting *Bender v. Olivieri*, No. 11–CV–00172, 2011 WL 691317, at *2 (D.Nev. Feb. 18, 2011)). Either "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal

---

[1] The claims against these state defendants are also likely barred by the Eleventh Amendment. The state defendants preserve their rights to raise this issue more fully later in this action.

Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)) (emphasis added by Supreme Court). Plaintiffs must establish: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Ninth Circuit requires that the four *Winter* factors be balanced on a sliding scale: "A preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal citation omitted). Nonetheless, Plaintiffs must make a showing of all four *Winter* factors. *Id*. at 1135.

Plaintiffs' burden is particularly heavy when they seek to enjoin a statute because "it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997).

## ARGUMENT

### I. PLAINTIFFS HAVE NOT MET THEIR BURDEN OF SHOWING THAT THEY ARE LIKELY TO SUCCEED ON THE MERITS.

#### A. Plaintiffs' Claims Are Not Justiciable.

A court's role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live "cases and controversies" consistent with the powers granted to the judiciary in Article III of the Constitution. Plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Pls.' Compl., p. 11. The Declaratory Judgment Act provides in pertinent part that in "a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of any appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

28 U.S.C. § 2201(a). The "actual controversy" requirement of section 2201 refers to the type of cases and controversies that are justiciable under Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007).

In a declaratory judgment action, "[t]he mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a 'case or controversy' within the meaning of Article III, and is thus insufficient to satisfy the 'actual controversy' requirement of the Declaratory Judgment Act." *Western Mining Council v. Watt*, 643 F.2d 618, 627 (9th Cir. 1981) (citations omitted). Plaintiffs cannot challenge the validity of California Health and Safety Code section 25982 because they have not shown imminent or even likely prosecution for violating the statute. Plaintiffs claim they no longer sell foie gras in California, thus they are not violating the law. *See* Decl. of Benoit Cuchet in Supp. of Pls.' Appl. for TRO and Order to Show Cause Re Prelim. Inj. ("Cuchet Decl.") ¶ 8; Decl. of Marcus Henley in Supp. of Pls.' Appl. for TRO and Order to Show Cause Re Prelim. Inj. ("Henley Decl.") ¶ 8; Decl. of Steven Grandjean in Supp. of Pls.' Appl. for TRO and Order to Show Cause Re Prelim. Inj. ¶ 7. "[W]hile it is well-established that an individual need not await prosecution under a law or regulation before challenging it, we require a genuine threat of imminent prosecution and not merely an imaginary or speculative fear of prosecution." *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 772-73 (9th Cir. 2006) (citations and quotations omitted). Plaintiffs' claims are not justiciable.

**B. California Health and Safety Code section 25982 is not unconstitutionally vague.**

**1. Plaintiffs cannot raise a facial challenge.**

Plaintiffs seek a declaratory judgment that California Health and Safety Code section 25982 is unconstitutional on its face and as applied to each plaintiff. Pls.' Compl., p. 11. Where a statute is challenged as being unconstitutionally vague in a cause of action not involving the First Amendment, courts do not consider whether

the statute is unconstitutional on its face, but whether the statute is impermissibly vague as applied to the plaintiffs. *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001). This is because "'a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2719 (2010) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 495 (1982)). Thus, Plaintiffs cannot raise a facial challenge to section 25982 on vagueness grounds.

**2. Plaintiffs' as applied challenge also fails.**

Plaintiffs have failed to allege facts sufficient to raise an as applied challenge. Section 25982 does not prohibit sales of all foie gras per se, but rather sales of products that are the result of force feeding a bird for the purpose of enlarging its liver. Plaintiffs have not yet been charged with violating the statute and they fail to allege what process they use to produce foie gras. Tellingly, Plaintiffs' declarants who produce foie gras do not argue that they are feeding their ducks through any method that would *not* constitute clearly prohibited force feeding. *See* Cuchet Decl. ¶¶ 3-7; Henley Decl. ¶¶ 2-4. Plaintiffs have failed to allege facts to support their claim, and thus their assertion that California Health and Safety Code section 25982 is unconstitutionally vague as applied to them also fails.

Even if the Court were inclined to go further, section 25982 is not unconstitutionally vague. Economic regulations and statutes with civil penalties are subject to less strict vagueness tests than other laws. *Village of Hoffman Estates*, 455 U.S. at 498-99. And it is clear what conduct section 25982 prohibits. It states that "[a] product may not be sold in California if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Force feeding a bird is further defined as:

> a process that causes the bird to consume more food than a typical bird of the same species would consume voluntarily. Force feeding methods include, but are not limited to, delivering feed through a tube or other device inserted into the bird's esophagus.

Cal. Health & Safety Code § 25980(b). Plaintiffs embark upon a strained reading of the statute in order to suggest it is unconstitutionally vague. They would like the Court to believe that farmers will be stuck weighing ducks' food and puzzling over how much to give them. In fact, there is nothing subtle about the conduct that section 25982 prohibits. Farmers are not prohibited from leaving out more food than usual for a particularly hungry duck. Rather, California bans the selling of a product that is the result of force feeding for the purpose of enlarging the bird's liver beyond a normal size. A farmer knows when he is trying to enlarge a bird's liver, just as he knows when he is using a *process* meant to make the bird consume too much food. A farmer who is putting a tube into a bird's esophagus knows exactly what he is doing. The legislative history of section 25982 illustrates this point:

> Force feeding is the common method used to produce foie gras and is accomplished by restraining the bird and inserting a 10- to 12-inch metal or plastic tube into the bird's esophagus and delivering large amounts of concentrated meal and compressed air into the bird. This process is repeated up to three times a day for several weeks until the liver reaches the desired size and the bird is slaughtered.

California Bill Analysis, S.B. 1520, 2003-2004 Regular Sess. (Cal. Aug. 17, 2004), *available at* http://leginfo.ca.gov/pub/03-04/bill/sen/sb_1501-1550/sb_1520_cfa_20040825_095126_sen_floor.html (Exhibit 1 to Defs.' Req. for

Judicial Notice in Supp. of Opp'n to Pls.' Ex Parte Appl. for TRO and Order to Show Cause re Prelim. Inj., filed herewith). The conduct proscribed by the statute is not inadvertent or difficult to identify. Plaintiffs cannot reasonably claim they do not know what is required of them. *See People v. Speegle*, 53 Cal. App. 4th 1405, 1410-11 (1997) (rejecting argument that statute criminalizing depriving animal of "necessary" sustenance, drink, or shelter; subjecting an animal to "needless suffering;" or failing to provide an animal with "proper" food or drink was unconstitutionally vague because the terms "necessary," "needless," and "proper" all gave fair notice of an objective standard).

**C. California Health and Safety Code section 25982 does not need a scienter requirement because it only imposes civil penalties.**

Plaintiffs assert that section 25982 violates the Due Process Clause because it has no scienter requirement. *See* Pls.' Br. in Supp. of Ex Parte Appl. for TRO and Order to Show Cause Re Prelim. Inj. ("Pls.' Br."), pp. 14-15. Plaintiffs essentially claim that they cannot know if they are selling a product that violates the statute. *See id*. Plaintiffs' argument fails because scienter is not required to impose civil penalties for statutory violations when the statute is silent as to state of mind. *Humanitarian Law Project v. U.S. Treasury Dep't*, 578 F.3d 1133, 1152 (9th Cir. 2009); *Northern Wind, Inc. v. Daley*, 200 F.3d 13, 19 (1st Cir. 1999). Additionally, the statute is clear about what products cannot be sold in California. It is unbelievable that a restaurant cannot figure out whether their supplier is force feeding a bird for the purpose of enlarging the bird's liver beyond normal size—the restaurant can ask—or that a producer of foie gras would not know the answer to that question.

**D. California Health and Safety Code section 25982 Is Not Preempted By Federal Regulations.**

Plaintiffs assert that section 25982 violates the Commerce Clause because it imposes a ban on food products that the federal government has deemed

wholesome. *See* Pls.' Br., p. 15. The federal government's regulation of the safety of foie gras consumption does not preempt regulation of sales at the state level because California is not enacting legislation directed at whether foie gras is fit for consumption. *Illinois Rest. Ass'n v. City of Chicago*, 492 F. Supp. 2d 891, 896 (N.D. Ill. 2007) ("Similarly, the federal government's regulation of the safety of foie gras consumption does not preempt regulation of sales at the local level because Chicago is not enacting legislation directed at whether foie gras is fit for consumption.").

Likewise, Plaintiffs' preemption argument based on *National Meat Ass'n v. Harris*, 132 S. Ct. 965 (2012) fails. *See* Pls.' Br., pp. 18-19. In *National Meat Ass'n v. Harris*, the Supreme Court held that the Federal Meat Inspection Act ("FMIA") preempted a California law dictating what slaughterhouses must do with pigs that cannot walk. 132 S. Ct. at 968. FMIA regulated the inspection, handling, and slaughter of livestock for human consumption. *Id*. The California law at issue prevented slaughterhouses from selling, processing, or butchering a nonambulatory animal, and required the slaughterhouse to humanely euthanize any nonambulatory animals. *Id*. at 970. In contrast, federal law and regulations allowed nonambulatory pigs to be set aside and held without euthanizing them. *Id*. at 969, 971. FMIA's preemption clause prevented a state from imposing any additional or different requirements concerning a slaughterhouse's facilities or operations. *Id*. at 970. The Court held that the California law imposed different requirements concerning the slaughterhouse's facilities or operations. *Id*. at 970, 975.

The Poultry Products Inspection Act, 21 U.S.C. § 451 et seq. ("PPIA") regulates the inspection and slaughter of poultry and the processing and distribution of poultry products to ensure that poultry is "wholesome, not adulterated, and properly marked, labeled, and packaged." 21 U.S.C. § 451. "Poultry products" "means any poultry carcass, or part thereof; or any product which is made wholly or in part from any poultry carcass or part thereof" and thus is broad enough to include

foie gras. *Id*. § 453(f). Similar to FMIA's preemption clause, PPIA prevents a state from imposing any additional or different requirements concerning a slaughterhouse's facilities or operations. *Id*. § 467(e). Unlike the California statute at issue in *National Meat Ass'n v. Harris*, section 25982 "works at a remove from the sites and activities that the [federal law] most directly governs." *Nat'l Meat Ass'n*, 132 S. Ct. at 974. Section 25982 regulates sales and not slaughterhouse activity. Meanwhile, PPIA regulates slaughterhouse activity and makes no specific mention of sales of foie gras. Therefore, section 25982 is not preempted by PPIA.

**E. California Health and Safety Code section 25982 does not violate the Commerce Clause.**

The Commerce Clause authorizes Congress to "regulate Commerce with foreign Nations, and among the several States . . . ." U.S. Const., art. I, § 8, cl. 3. This grant of authority includes an implied limitation on the states' authority to adopt legislation that affects commerce. This implied limitation is often referred to as the negative or dormant Commerce Clause. *Healy v. Beer Inst.*, 491 U.S. 324, 326 n.1 (1989). The purpose of the dormant Commerce Clause is to "prohibit state or municipal laws whose object is local economic protectionism, laws that would excite those jealousies and retaliatory measures the Constitution was designed to prevent." *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383, 390 (1994). However, its restrictions are "by no means absolute" and "[s]tates retain authority under their general police powers to regulate matters of legitimate local concern, even though interstate commerce may be affected." *Maine v. Taylor*, 477 U.S. 131, 138 (1986) (citations and quotations omitted). "As long as a State does not needlessly obstruct interstate trade or attempt to place itself in a position of economic isolation, it retains broad regulatory authority to protect the health and safety of its citizens and the integrity of its natural resources." *Id*. at 151 (citations and quotations omitted).

Whether state legislation violates the dormant Commerce Clause is generally analyzed under a two-tiered approach. *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 578-79 (1986). A statute is essentially *per se* invalid if it directly regulates or discriminates against interstate commerce or if its effect is to favor in-state economic interests over out-of-state interests. *Id*. at 579. On the other hand, when a statute is nondiscriminatory and has only indirect effects on interstate commerce and regulates evenhandedly, courts usually examine whether the state's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits under *Pike v. Bruce Church, Inc*., 397 U.S. 137, 142 (1970). *Brown-Forman Distillers Corp.*, 476 U.S. at 579.

California Health and Safety Code section 25982 does not discriminate against interstate commerce or favor in-state economic interests. Section 25982 is facially neutral and bans the sale of all products resulting from force feeding a bird for the purpose of enlarging the bird's liver beyond normal size, regardless of origin. "An import ban that simply effectuates a complete ban on commerce in certain items is not discriminatory, as long as the ban on commerce does not make distinctions based on the origin of the items." *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1012 (9th Cir. 1994). This is not legislation that protects California foie gras producers at the expense of out-of-state producers. *See id*. ("The guiding principle in determining whether a state regulation discriminates against interstate or foreign commerce is whether either the purpose or the effect of the regulation is economic protectionism."). Section 25982's ban impacts both in-state and out-of-state producers of foie gras equally. *See* Henley Decl. ¶ 6 (noting closing of California's foie gras producer).

An Illinois district court has upheld a City of Chicago ban on the sale of foie gras where Chicago did not even have any foie gras producers. *Illinois Rest. Ass'n*, 492 F. Supp. 2d. at 892-93. In doing so, the district court held that the ordinance did not regulate or discriminate against interstate commerce. *Id*. at 901. The court

went on to hold that because the ordinance did not have any effect on in-state interests since no foie gras was produced in Illinois, *Pike* balancing was not necessary and the ordinance did not violate the dormant Commerce Clause. *Id*. at 904. Similarly, California Health and Safety Code section 25982 cannot have any effect on in-state interests because its ban offers no benefit to any in-state producers. Indeed, Plaintiffs allege that foie gras is no longer produced in California. *See* Henley Decl. ¶ 6. Thus, *Pike* balancing is not required because section 25982 does not violate the dormant Commerce Clause.

Even if the court uses *Pike* balancing, the state's interest is legitimate and the burden on interstate commerce does not exceed the local benefits. *See Pike*, 397 U.S. at 142. Preventing cruelty to animals is a legitimate governmental interest. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 538 (1993); *see also United States v. Stevens*, 130 S. Ct. 1577, 1585 (2010) ("[T]he prohibition of animal cruelty itself has a long history in American law, starting with the early settlement of the Colonies."). And the statute is narrowly tailored to the state's interest. Section 25982 bans the sale of foie gras only if it is produced by means that would constitute animal cruelty. Thus, Plaintiffs have failed to establish likelihood of success on the merits of their claims.

## II. PLAINTIFFS HAVE NOT ESTABLISHED THAT THEY ARE LIKELY TO SUFFER IRREPARABLE HARM.

Plaintiffs have failed to establish sufficient irreparable harm to outweigh the fact "that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Coalition for Econ. Equity*, 122 F.3d at 719. Plaintiffs' alleged interim harm is lost profits. *See* Pls.' Br., pp. 21-23. Moreover, only one of the plaintiffs submitted any evidence of any alleged harm, and that was a declaration on behalf of HVFG LLC, alleging that only 18.7% of its current revenues came from California sales. Henley Decl. ¶ 7. Neither of the other two plaintiffs submitted *any* evidence of any alleged interim harm. To the extent that

Plaintiffs allege they also face threats from animal rights activists who are opposed to foie gras, this alleged harm is speculative as the statute has already been in effect for ten days. *See* Pls.' Br., pp. 22-23. Additionally, these speculative allegations do not allege any irreparable harm or even any harm that could necessarily be avoided by enjoining operation of the statute.

## III. PLAINTIFFS HAVE NOT ESTABLISHED THAT THE BALANCE OF EQUITIES TIPS IN THEIR FAVOR.

The record is clear that the equities tip dramatically against Plaintiffs. They have inexplicably delayed more than seven and one-half *years* in filing their complaint. Meanwhile, the state would suffer irreparable injury if section 25982 is enjoined. *See Coalition for Econ. Equity*, 122 F.3d at 719 ("[I]t is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined.").

## IV. PLAINTIFFS HAVE NOT ESTABLISHED THAT AN INJUNCTION IS IN THE PUBLIC INTEREST.

Enjoining section 25982 for the pleasure of foie gras consumers and monetary benefit of restaurants and producers who want to sell foie gras is not the type of public interest that could outweigh allowing continued cruelty to animals or that warrants issuing a temporary restraining order. Plaintiffs have not established that an injunction is in the public interest.

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' ex parte application for a temporary restraining order, and should decline to issue an order to show cause.

Dated: July 11, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California

*/s/ Constance L. LeLouis*

CONSTANCE L. LELOUIS
Supervising Deputy Attorney General
*Attorneys for Defendants State of California, Governor of California, and Attorney General*

SA2012106936