1  Melissa Grant (SBN 205633)
   MGrant@initiativelegal.com
2  Valerie Kincaid (SBN 123728)
   VKincaid@initiativelegal.com
3  Arnab Banerjee (SBN #252618)
   ABanerjee@initiativelegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:  (310) 556-5637
6  Facsimile:  (310) 861-9051

7  *Attorneys for Proposed Defendant-Intervenors*

FILED 2012 JUL 11 PM 3:40 CLERK US DISTRICT COURT CENTRAL DIST OF CALIF LOS ANGELES BY ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION DES ELEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT's RESTAURANT GROUP, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | Case No. CV-12-5735-SVW (RZx)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE**<br><br>Date:　August 13, 2012<br>Time:　1:30 p.m.<br>Judge:　Stephen V. Wilson |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE** that on August 13, 2012 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 6 of the United States District Court for the Central District of California, located at 312 Spring Street, Los Angeles, California, Proposed Defendant-Intervenors Humane Society Veterinary Medical Association, Farm Sanctuary Inc., the Animal Legal Defense Fund, The Humane Society of The United States, and Marin Humane Society will and hereby do move this Court to allow their intervention in the above entitled action under Rule 24 of the Federal Rules of Civil Procedure.

Proposed Defendant-Intervenors are nonprofit organizations include sponsors of the law challenged by Plaintiffs, a group tasked with enforcement of the law, and are all dedicated to preventing animal cruelty. They seek to intervene in order to submit the Proposed Answer (Ex. 1) and Opposition to Application for Temporary Restraining Order.

Proposed Defendant-Intervenors are entitled to intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure because (1) their application to intervene is timely, (2) they have interests relating to the subject matter of this action, (3) they are so situated that the disposition of this action may, as a practical matter, impede their ability to protect their interests, and (4) their interests are not adequately represented by the defendants.

Alternatively, Proposed Defendant-Intervenors are entitled to permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure because (1) this Court has an independent ground for jurisdiction over Proposed Defendant-Intervenors' defenses based on the federal questions raised in the Plaintiffs' complaint, (2) this application to intervene is timely, (3) the defenses Proposed Defendant-Intervenors seek to assert have questions of law or fact in common with the present action, and (4) allowing Proposed Defendant-Intervenors to intervene at

this early stage of proceedings will not unduly delay or prejudice this Court's adjudication of the original parties' rights.

Counsel for State Defendants have indicated that they do not oppose Defendant Intervenors' motion to intervene. Counsel for Proposed Defendant-Intervenors notified counsel for Plaintiffs of their intent to file this motion on July 10, 2012. Plaintiffs' counsel indicated that Plaintiffs oppose this motion.

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, supporting declarations with attachments, all pleadings, records and papers filed in this action, such matters as the Court may judicially notice, and such further evidence or argument as may be presented at or before the hearing of this motion.

Dated: July 11, 2012

Respectfully submitted,

Initiative Legal Group APC

By: _____
Melissa Grant
Valerie Kincaid
Arnab Banerjee

Attorneys for Proposed Defendant-Intervenors

# EXHIBIT 1

| | |
|---|---|
| Melissa Grant (SBN 205633)<br>MGrant@InitiativeLegal.com<br>Valerie Kincaid (SBN 123728)<br>VKincaid@InitiativeLegal.com<br>Arnab Banerjee (SBN 252618)<br>ABanerjee@InitiativeLegal.com<br>Initiative Legal Group APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, California 90067<br>Telephone: (310) 556-5637<br>Facsimile: (310) 861-9051 | |

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION DES ELEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT's RESTAURANT GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA,<br><br>Defendant. | Case No. CV-12-5735-SVW (RZx)<br><br>**PROPOSED ANSWER AND AFFIRMATIVE DEFENSES OF PROPOSED DEFENDANT-INTERVENORS TO PLAINTIFFS' COMPLAINT**<br><br>Date: August 13, 2012<br>Time: 1:30 p.m.<br>Judge: Stephen V. Wilson |

Pursuant to Federal Rule of Civil Procedure 24(c), Proposed Defendant-Intervenors Humane Society Veterinary Medical Association, Farm Sanctuary Inc., The Humane Society of The United States, the Animal Legal Defense Fund, and Marin Humane Society submit this Proposed Answer and Affirmative Defenses of Defendant-Intervenors to Plaintiffs' Complaint to accompany Proposed Defendant-Intervenors Motion for Leave to Intervene.

**DEFENDANT-INTERVENORS' RESPONSES TO THE NUMBERED PARAGRAPHS OF PLAINTIFFS' COMPLAINT**

**JURISDICTION**

1. This paragraph contains legal conclusions to which no response is required.

**NATURE OF THE ACTION**

2. The first sentence is admitted. The second and third sentences contain Plaintiffs' characterization of Sections 25980 through 25984 of the Health and Safety Code (the "Foie Gras Law") to which no response is required, and the Court is referred to these sections for a full and accurate statement of their provisions. *See* Cal. Health & Saf. Code §§ 25980-25984. The fourth sentence is denied.

3. This paragraph contains Plaintiffs' characterization of Sections 25982 through 25983 of the Foie Gras Law to which no response is required, and the Court is referred to these sections for a full and accurate statement of their provisions. *See* Cal. Health & Saf. Code §§ 25982-3. To the extent that a response is required, Defendant-Intervenors deny the allegations.

4. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny the allegations in the first sentence of this paragraph. The second and third sentences are denied.

5. The first sentence of this paragraph sets forth Plaintiffs' characterization of the relief they seek to which no answer is required. Defendant-Intervenors deny that Plaintiffs are entitled to relief requested, or to any relief

whatsoever. The second through fourth sentences of this paragraph are denied.

6. This paragraph sets forth Plaintiffs' characterization of the relief they seek to which no answer is required. Defendant-Intervenors deny that Plaintiffs are entitled to relief requested, or to any relief whatsoever.

**THE PARTIES**

7. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

8. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in the first sentence of this paragraph. The second sentence of this paragraph is admitted. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in the third sentence of this paragraph. The fourth sentence of this paragraph contains legal conclusions to which no response is required. To the extent that a response to the fourth sentence of this paragraph is required, Defendant-Intervenors deny the allegations.

9. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in the first sentence of this paragraph. The second, third, and fourth sentences of this paragraph contain legal conclusions to which no response is required. To the extent that a response is required to the second, third, and fourth sentences of this paragraph, Defendant-Intervenors deny the allegations.

10. The first sentence of this paragraph is admitted. The second sentence of this paragraph contains Plaintiffs' characterization of Article 5, Section 13 of the California Constitution, and the Court is referred to these sections for a full and accurate statement of their provisions. *See* Cal. Const. Art. 5, § 13.

11. The first sentence of this paragraph is admitted. The second sentence of this paragraph contains Plaintiffs' characterization of Article 5, Section 1 of the California Constitution, and the Court is referred to these sections for a full and

accurate statement of their provisions. *See* Cal. Const. Art. 5, § 1.

12. Admit.

**VENUE**

13. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

**GENERAL ALLEGATIONS**

14. Admit.

15. This paragraph contains Plaintiffs' characterization of California Health and Safety Code Section 25982, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Saf. Code § 25982.

16. This paragraph contains Plaintiffs' characterization of California Health and Safety Code Section 25980(b), to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Saf. Code § 25980(b).

17. This paragraph contains Plaintiffs' characterization of California Health and Safety Code Section 25983, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Saf. Code § 25983.

18. This paragraph contains Plaintiffs' characterization of California Health and Safety Code Section 25984(a), to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Saf. Code § 25984(a).

19. Deny.

20. The first sentence of this paragraph contains Plaintiffs' characterization of California Health and Safety Code Section 25982, to which no

- 3 -

PROPOSED ANSWER AND AFFIRMATIVE DEFENSES OF PROPOSED DEFENDANT-INTERVENORS TO PLAINTIFFS' COMPLAINT
CV-12-5735-SVW (RZx)

response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Saf. Code § 25982. The second and third sentences of this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendant-Intervenors deny the allegations in this paragraph

21. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

22. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

23. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

24. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

25. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

26. Deny.

27. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

28. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

29. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

## PLAINTIFFS' CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION

30. To the extent that Plaintiffs reallege and incorporate all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

31. Deny.

- 4 -

PROPOSED ANSWER AND AFFIRMATIVE
DEFENSES OF PROPOSED DEFENDANT-
INTERVENORS TO PLAINTIFFS' COMPLAINT
CV-12-5735-SVW (RZx)

32. Deny.

33. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

34. Deny.

35. Deny.

36. Deny.

37. The first sentence of this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant-Intervenors deny the allegations in the first sentence of this paragraph. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in the second sentence of this paragraph.

38. This paragraph sets forth Plaintiffs' characterization of the relief they seek to which no answer is required. Defendant-Intervenors deny that Plaintiffs are entitled to relief requested, or to any relief whatsoever.

## SECOND CAUSE OF ACTION

39. To the extent that Plaintiffs reallege and incorporate all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

40. Deny.

41. This paragraph contains Plaintiffs' characterization of California Health and Safety Code Section 25982, to which no response is required and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Saf. Code § 25982. To the extent that a response is required, Defendant-Intervenors deny the allegations in this paragraph.

42. The first sentence of this paragraph contains Plaintiffs' characterization of California Health and Safety Code Section 25982, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Saf. Code § 25982. To the extent

PROPOSED ANSWER AND AFFIRMATIVE DEFENSES OF PROPOSED DEFENDANT-INTERVENORS TO PLAINTIFFS' COMPLAINT
CV-12-5735-SVW (RZx)

that a response is required, Defendant-Intervenors deny the allegations in the first sentence of this paragraph. The second sentence is denied.

43. Deny.

44. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant-Intervenors deny the allegations.

45. This paragraph sets forth Plaintiffs' characterization of the relief they seek to which no answer is required. Defendant-Intervenors deny that Plaintiffs are entitled to relief requested, or to any relief whatsoever.

**THIRD CAUSE OF ACTION**

46. To the extent that Plaintiffs reallege and incorporate all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

47. The first sentence of this paragraph contains Plaintiffs' characterization of The United States Constitution, Article I, Section 8, Clause 3, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* U.S. Const., art. I, § 8, cl. 2.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant-Intervenors deny the allegations.

53. This paragraph sets forth Plaintiffs' characterization of the relief they seek to which no answer is required. Defendant-Intervenors deny that Plaintiffs are entitled to relief requested, or to any relief whatsoever.

## FOURTH CAUSE OF ACTION

54. To the extent that Plaintiffs reallege and incorporate all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

55. Deny.

56. Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

57. This paragraph contains a legal conclusion to which no response is required. In addition, Defendant-Intervenors deny that either preliminary or permanent injunctive relief or any other relief is warranted in this case.

## REQUEST FOR RELIEF

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant-Intervenors deny that Plaintiff NMA is entitled to the relief requested, or to any relief whatsoever.

Defendant-Intervenors hereby deny all allegations not expressly admitted or denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' action and request for injunctive relief are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' action and request for injunctive relief are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' action and request for injunctive relief are barred because Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' action and request for injunctive relief are barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' action and request for injunctive relief are barred by the doctrine of estoppel.

THEREFORE, having fully answered, Defendant-Intervenors assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed with prejudice and that Defendant-Intervenors be given such other relief as the Court deems just and proper.

Dated: July 11, 2012

Respectfully submitted,

Initiative Legal Group APC

By: _____
Melissa Grant
Valerie Kincaid
Arnab Banerjee

Attorneys for Proposed Defendant-Intervenors