1   Melissa Grant (SBN 205633)
    MGrant@initiativelegal.com
2   Valerie Kincaid (SBN 123728)
    VKincaid@initiativelegal.com
3   Arnab Banerjee (SBN #252618)
    ABanerjee@initiativelegal.com
4   Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
5   Los Angeles, California 90067
    Telephone:   (310) 556-5637
6   Facsimile:   (310) 861-9051

7

8   *Attorneys for Proposed Defendant-Intervenors*

9



10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  ASSOCIATION DES ÉLEVEURS DE<br>14  CANARDS ET D'OIES DU QUÉBEC, a<br>      Canadian nonprofit corporation; HVFG<br>15  LLC, a New York limited liability<br>      company; and HOT'S RESTAURANT<br>16  GROUP, INC., a California corporation,<br>17<br>18                         Plaintiffs,<br>19              v.<br>20  KAMALA D. HARRIS, in her official<br>21  capacity as Attorney General of California;<br>      EDMUND G. BROWN, in his official<br>22  capacity as Governor of California; and the<br>      STATE OF CALIFORNIA,<br>23<br>24                         Defendant. | Case No. CV-12-5735-SVW (RZx)<br><br>**PROPOSED DEFENDANT-<br>INTERVENORS'<br>MEMORANDUM OF POINTS &<br>AUTHORITIES IN SUPPORT OF<br>MOTION TO INTERVENE**<br><br>Date:    August 13, 2012<br>Time:    1:30 p.m.<br>Judge:   Stephen V. Wilson |

25

26

27

28

Case No. CV-12-5735-SVW (RZx)

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................. 1

II.     BACKGROUND ................................................................................... 2

        A.  Passage of the Foie Gras Law and the Filing of This Action .............. 2

        B.  The Interests of the Proposed Defendant-Intervenors ......................... 3

III.    ARGUMENT ........................................................................................ 6

        A.  Proposed Defendant-Intervenors Are Entitled to Intervene as a
            Matter of Right.................................................................................... 6

            1.  The Motion to Intervene is Timely............................................ 6

            2.  Proposed Defendant-Intervenors Have a Significantly
                Protectable Interest in Defending Section 25982 ...................... 7

            3.  Proposed Defendant-Intervenors' Interests Will Be
                Impaired if Plaintiffs Succeed in Invalidating Section
                25982 ........................................................................................ 8

            4.  Proposed Defendant-Intervenors Interests Are Not
                Adequately Represented by Any of the Parties.......................... 9

        B.  In the Alternative, Proposed Defendant-Intervenors Should Be
            Granted Permissive Intervention....................................................... 11

IV.     CONCLUSION.................................................................................... 11

CV-12-5735-SVW (RZx)

1

# TABLE OF AUTHORITIES

2

3

**Page**

4

**FEDERAL CASES**

5

*California ex rel. Lockyer v. United States,*

6
    450 F.3d 436 (9th Cir. 2006).................................................................... 6, 7, 10

7

*Forest Conservation Council v. U.S. Forest Serv.,*

8
    66 F.3d 1489 (9th Cir. 1995)........................................................................ 10

9

*Greene v. U.S.,*

10
    996 F.2d 973 (9th Cir. 1993) ......................................................................... 6

11

*Idaho Farm Bureau Fed'n v. Babbitt,*

12
    58 F.3d 1392 (9th Cir. 1995)......................................................................... 9

13

*Prete v. Bradbury,*
    438 F.3d 949 (9th Cir. 2006) ........................................................................ 8

14

15

*S. Cal. Edison Co. v. Lynch,*
    307 F.3d 794 (9th Cir. 2002)........................................................................ 7

16

17

*Sagebrush Rebellion, Inc. v. Watt,*
    713 F.2d 525 (9th Cir. 1983)..................................................................... 8, 9

18

19

*Sierra Club v. EPA*
    995 F.2d 1478 (9th Cir. 1993) ...................................................................... 6

20

21

*Southwest Ctr. For Biological Diversity v. Berg,*
    268 F.3d 810 (9th Cir. 2011).................................................................... 8, 10

22

23

*Trbovich v. United Mine Workers of Am.,*
    404 U.S. 528 (1972) ................................................................................ 9, 11

24

*United States v. City of Los Angeles,*
    288 F.3d 391 (9th Cir. 2002)..................................................................... 7, 11

25

26

*Wash. State Bldg. & Const. Trades Council, AFL-CIO v. Spellman,*
    684 F.2d 627 (9th Cir. 1982)........................................................................ 8

27

28

*Wetlands Action Network v. US Army Corps of Eng'rs,*
    222 F.3d 1113 (9th Cir. 2000) ...................................................................... 8

**TABLE OF AUTHORITIES**
(continued)

Page

*Wilderness Soc'y v. U.S. Forest Serv.*,
630 F.3d 1173 (9th Cir. 2011)...................................................................... 6, 7, 10

FEDERAL STATUTES

Federal Rule of Civil Procedure 24 ............................................................ 1, 6

Fed. R. Civ. P. 24(a) ........................................................................... passim

Rule 24(a)(2) ..................................................................................... 6

Rule 24(b)........................................................................................ 11

OTHER AUTHORITIES

Cal. Health & Safety Code § 25980 ........................................................ 3

Cal. Health & Safety Code §§ 25980-25984.............................................. 2

Cal. Health & Safety Code § 25982 ....................................................3, 7, 8, 9

Cal. Health & Safety Code § 25984(c)..................................................... 1

- ii -

## I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 24, Humane Society Veterinary Medical Association ("HSVMA"), Farm Sanctuary Inc. ("Farm Sanctuary"), the Animal Legal Defense Fund ("ALDF"), The Humane Society of the United States ("The HSUS"), and Marin Humane Society ("MHS") (collectively "Proposed Defendant-Intervenors") respectfully request leave to intervene in the above-captioned matter, a constitutional challenge to a California animal cruelty law which two of the Proposed Defendant-Intervenors officially sponsored and the others strongly supported.[1]  Proposed Defendant-Intervenors have direct and immediate interests in this matter and its disposition may cause significant harm to their organizational interests in preventing animal cruelty.

Proposed Defendant-Intervenors will be directly affected by the outcome of this case.  They can also provide critical and unique legal and factual perspectives on the matter.  Accordingly, as described more fully below, Proposed Defendant-Intervenors satisfy the standards for both intervention as a matter of right and permissive intervention, and their request to intervene should be granted.

---

[1] Counsel for defendants Edmund G. Brown and Kamala Harris, have indicated that they do not oppose this intervention. On Monday July 7th at about 1:30 PM counsel for Proposed Intervenors left a voicemail on the office phone number for plaintiffs' counsel Michael Tenenbaum asking for a call back to discuss a matter related to this case. On the Morning of Tuesday July 8th counsel for Proposed Intervenors received a voicemail from Mr. Tenenbaum advising that he was travelling in Europe and not able to return calls until Thursday of this week, but advising that he could be reached via email. At about 9am on Tuesday July 8th counsel for Proposed Intervenors emailed Mr. Tenenbaum and explained the intent of these Proposed Intervenors to file intervention papers on the morning of Wednesday July 11 and asking for his consent to such intervention and asking that he advise of his decision on this as soon as possible. At about 11:50pm on Tuesday July 10, Mr. Tenenbaum indicated that his clients would not consent to this intervention.

## II.   BACKGROUND

### A.   Passage of the Foie Gras Law and the Filing of This Action.

On September 29, 2004, former California Governor Arnold Schwarzenegger signed SB 1520, a bill prohibiting the force feeding of birds for the purpose of enlarging the bird's liver beyond a normal size or hiring another person to do so, and prohibiting the sale of products produced in this manner. Cal. Health & Safety Code §§ 25980-25984. In essence, the law prohibits the production and sale of the food product known as foie gras. The law's effective date was delayed until July 1, 2012 in order to "allow a seven and one-half year period for persons or entities engaged in agricultural practices that include raising and selling force fed birds to modify their business practices." *Id*. § 25984(c).

Foie gras is produced through a process known as "gavage," or force feeding the birds by placing a long tube down the birds' esophagi and pumping an unnatural quantity of food directly into their stomachs. *See* Declaration of Jennifer Fearing ("Fearing Decl."), ¶ 5. Leading welfare scientists and the general public consider this method of feeding to be one of the most inhumane practices in food production, *Id*., ¶ 6; Declaration of Bruce Friedrich ("Friedrich Decl.") at ¶ 4-5, it has been condemned by Israel's highest court as unlawfully cruel, Declaration of Stephen Wells ("Wells Decl.") at ¶ 3, and more than a dozen other countries have either specifically prohibited the practice or interpreted it as illegal under existing cruelty laws. *Id*.

The clear – indeed, the only – purpose of the Foie Gras Law is to prevent the cruelty associated with the current foie gras production practice of force feeding ducks and geese, and this intent is clear from former Governor Schwarzenegger's signing message. The signing message states:

> This bill's intent is to ban the current foie gras production practice of forcing a tube down a bird's throat to greatly increase the consumption of grain by the bird. It does not

Case No. CV-12-5735-SVW (RZx)

ban the food product, foie gras. This bill provides 7 and one half years for agricultural husbandry practices to evolve and perfect a *humane* way for a duck to consume grain to increase the size of its liver through natural processes. If agricultural producers are successful in this endeavor, the ban on foie gras sales and production in California will not occur.

Cal. Health & Safety Code § 25980, His. & Stat. Notes (emphasis added).

On July 2, 2012 – one day after the Foie Gras law became effective and more than seven and one half years after its passage – Plaintiffs, a group of foie gras sellers and buyers with commercial interests in continuing the inhumane practice, brought this action seeking declaratory and injunctive relief to invalidate section 25982 of the Foie Gras Law. Dkt. No. 1. On July 5, 2012, Plaintiffs filed an ex parte application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue ("TRO"). Dkt. No. 3. On July 6, 2012, State Defendants filed an ex parte application for extension of time to respond to Plaintiffs' TRO, Dkt. No. 11, and later that day this court granted the State Defendants' request. Dkt. No. 12. State Defendants' opposition brief to Plaintiffs' TRO is now due on July 11, 2012. *Id.*

**B.    The Interests of the Proposed Defendant-Intervenors.**

Proposed Defendant-Intervenor HSVMA is a national association of veterinary professionals who engage in direct care programs for animals in need, and education of the public and others in the veterinary profession about animal welfare issues. Declaration of Paula Kilsak, DVM ("Kilsak Decl."), ¶ 2. HSVMA was formerly known as the Association of Veterinarians for Animal Rights ("AVAR"). *Id.* The organization's name was officially changed from AVAR to HSVMA in October 2009. *Id.* AVAR was one of four official sponsors of SB 1520, and was heavily involved in the development of the Foie Gras Law. *Id.* ¶ 8. AVAR expended substantial organizational time and financial resources in actively

Case No. CV-12-5735-SVW (RZx)

1    and aggressively lobbying to ensure the law's passage. *Id.* Today, HSVMA has

2    members in all fifty states, all of whom are veterinary professionals. *Id.* ¶ 3.

3    Among HSVMA's advocacy efforts is promoting farm animal welfare reforms, and

4    HSVMA actively lobbies for California legislation aimed at protecting animal

5    welfare.

6       Proposed Defendant-Intervenor Farm Sanctuary was one of four official

7    sponsors of SB 1520, was heavily involved in the development and passage of the

8    Foie Gras Law, and expended substantial organizational time and financial

9    resources in order to ensure the law's passage. Declaration of Bruce Friedrich

10    ("Friedrich Decl."), ¶¶ 7-8. Farm Sanctuary is a national nonprofit corporation

11    headquartered in Watkins Glen, New York, with over 250,000 members and

12    supporters nationwide. *Id.*, ¶ 2. Farm Sanctuary is the nation's largest farm animal

13    rescue and protection organization, and is dedicated to ending the suffering of

14    animals used in the production of food, including foie gras. *Id.* ¶ 3. The

15    organization continues to invest considerable resources advocating for farm animal

16    health and welfare, and has established a campaign specific to foie gras that

17    provides information about foie gras production and maintains a list of restaurants

18    and other establishments that have pledged not to serve foie gras, including more

19    than 350 in California. *Id.* ¶ 6. In addition, Farm Sanctuary operates several farm

20    animal shelters, including two in California. *Id.* ¶ 2. The organization has rescued

21    birds that were abused on foie gras farms, and has and will continue to provide

22    ongoing and intensive care for these and other animals. *Id.* ¶¶ 4-5.

23       Proposed Defendant-Intervenor ALDF was a registered supporter of SB 1520

24    and an active proponent of the Foie Gras Law. Declaration of Stephen Wells

25    ("Wells Decl."), ¶ 6. ALDF is a nonprofit corporation founded in 1979 to protect

26    the lives and advance the interests of animals through the legal system. *Id.* ¶ 2.

27    ALDF's headquarters are located in Cotati, California. With approximately

28    100,000 members nationwide, and more than 9000 members in California, ALDF

1  includes lawyers, law professors, law students, and other similarly interested

2  individuals. *Id.* ¶ 2. Together they work peacefully and within legal boundaries to

3  stop animal abuse and encourage the protection of animals. ALDF has been active

4  in matters involving the protection and humane treatment of animals used for meat,

5  including ducks used for foie gras. ALDF files lawsuits to enforce existing animal

6  protection laws, provides free legal assistance to prosecutors handling cruelty cases,

7  works to strengthen state anti-cruelty statutes, and provides public education

8  through seminars, workshops, and other outreach efforts. *Id.*

9    Proposed Defendant-Intervenor The HSUS was a registered supporter of SB

10 1520 and an active proponent of the Foie Gras Law. Declaration of Jennifer

11 Fearing ("Fearing Decl."), ¶ 9. The HSUS is a national nonprofit animal protection

12 organization headquartered in Washington, D.C., with over 11 million members

13 and constituents, including over 1,450,000 members and constituents in California.

14 *Id.*, ¶ 2. The HSUS actively advocates against inhumane practices that harm farm

15 animals, including ducks and geese raised for foie gras, *id.* ¶ 3, and The HSUS'

16 Farm Animal Protection campaign works to inform its members and the public

17 about the threats caused by such practices. *Id.* ¶ 4. In recent months, The HSUS

18 has continued to spend substantial amounts of time and other resources working to

19 preserve this important legislation, including lobbying efforts to defend the Foie

20 Gras Law from attack. *Id.* ¶ 9.

21    Proposed Defendant-Intervenor MHS offers refuge, rehabilitation, and

22 support services to more than 10,000 animals each year, and has actively been

23 involved in the provision of sanctuary and adoption for hundreds of farm animals

24 used in agricultural production. Declaration of Cindy Machado ("Machado Decl."),

25 ¶ 2. MHS maintains an active anticruelty and advocacy program and routinely

26 supports legislation directed at reducing cruelty to all animals. *Id.* ¶ 3. MHS

27 supported the passage of the Foie Gras Law when it was passed in 2004. *Id.* In

28 addition, MHS's Animal Services Department provides law enforcement,

1    investigation, and rescue services for the County of Marin, and is responsible for

2    enforcement of animal cruelty laws, including the Foie Gras Law. *Id.* ¶¶ 4, 6.

3    **III.**    **ARGUMENT**

4        **A.**    **Proposed Defendant-Intervenors Are Entitled to Intervene as a**

5              **Matter of Right**.

6        The Proposed Defendant-Intervenors easily meet the standard for

7    intervention as of right. In the Ninth Circuit, an application for intervention under

8    Rule 24(a)(2) is governed by a four-part test:

9

10          (1) [T]he motion must be timely; (2) the applicant must
            claim a "significantly protectable" interest relating to the

11          property or transaction which is the subject of the action;
            (3) the applicant must be so situated that the disposition of

12          the action may as a practical matter impair or impede its
            ability to protect that interest; and (4) the applicant's

13          interest must be inadequately represented by the parties to

14          the action.

15

16    *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir.

17    2006) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated*

18    *on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir.

19    2011)). The requirements of Rule 24 are to be "construed broadly in favor of

20    intervention." *Greene v. U.S.*, 996 F.2d 973, 976 (9th Cir. 1993).

21          **1.**      **The Motion to Intervene is Timely**.

22        Proposed Defendant-Intervenors easily satisfy the "timeliness" factor, as the

23    motion to intervene was filed eight days after Plaintiffs commenced this action,

24    before the State Defendants have even filed a responsive pleading, and before any

25    substantive decisions have been entered. The Proposed Defendant-Intervenors

26    acted as quickly as possible through a federal holiday to seek party status so that

27    they might protect their substantial interests in this matter. Moreover, there is

28    clearly no prejudice to any party by granting Proposed Defendant-Intervenors'

1    motion to intervene at this early stage in the proceedings.  Plaintiffs filed this

2    lawsuit on July 2, 2012, and filed their TRO motion on July 5, 2012.  No hearing

3    has been held on the TRO, nor has the deadline for State Defendants to respond to

4    the TRO expired. [2]

5              **2.      Proposed Defendant-Intervenors Have a Significantly**

6                       **Protectable Interest in Defending Section 25982.**

7              Proposed Defendant-Intervenors also have a "significantly protectable

8    interest relating to the . . . transaction which is the subject of the action." *California*

9    *ex rel. Lockyer*, 450 F.3d 440-41, *abrogated on other grounds by Wilderness Soc'y*,

10   630 F.3d 1173.  The interest requirement "is primarily a practical guide to

11   disposing of lawsuits by involving as many apparently concerned persons as is

12   compatible with efficiency and due process," *S. Cal. Edison Co. v. Lynch*, 307 F.3d

13   794, 803 (9th Cir. 2002) (quotation omitted), and applicants need not demonstrate a

14   "specific legal or equitable interest" in the suit.  *United States v. City of Los*

15   *Angeles*, 288 F.3d 391, 398 (9th Cir. 2002).  Instead, a proposed intervenor need

16   only show: "(1) it asserts an interest that is protected under some law, and (2) there

17   is a 'relationship' between its legally protected interest and the plaintiff's claims,"

18   i.e., that the "resolution of the plaintiff's claims actually will affect the applicant."

19   *Id*. (quotation omitted).

20             Here, Proposed Defendant-Intervenors undeniably have a "significant

21   protectable interest" in upholding the Foie Gras Law because Proposed Defendant-

22   Intervenors were co-sponsors or strong supporters of the legislation.  *See* Kilsak

23   Decl., ¶ 9; Friedrich Decl., ¶¶ 7-8; Wells Decl., ¶ 6; Fearing Decl., ¶ 9; Machado

24   Decl., ¶ 3.  As the Ninth Circuit and other federal courts repeatedly held,

25   proponents and active supporters of legislative measures, like Proposed Defendant-

26   Intervenors here, have a sufficient "protectable interest" to intervene to defend

27

28

---

[2]   The State Defendants' response is due by July 11, 2012, based on the Court's grant of their ex parte application
for an extension of time to respond. *See* Dkt. No. 12.

1    those measures.  Specifically, a "public interest group [i]s entitled as a matter of

2    right to intervene in an action challenging the legality of a measure which it has

3    supported." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983);

4    *see also Prete v. Bradbury*, 438 F.3d 949, 955 (9th Cir. 2006) (same; "main

5    supporter" of legislation); *Wash. State Bldg. & Const. Trades Council, AFL-CIO v.*

6    *Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) ("public interest group that sponsored

7    the initiative, was entitled to intervention as a matter of right under Rule 24(a)").

8    There is no reason to depart from this Circuit's precedent here.

9         Proposed Defendant-Intervenors HSVMA and Farm Sanctuary, as sponsors

10   of the Foie Gras Law, were undoubtedly the "main supporter[s] and chief petitioner

11   for the measure." *Prete*, 438 F.3d at 955.  They directly assisted in both drafting

12   the language and promoting passage of the bill, and expended substantial resources

13   to assist in its passage. See Kilsak Decl., ¶ 8; Friedrich Decl., ¶¶ 7-8.  ALDF, The

14   HSUS, and MHS were all active supporters of the Foie Gras Law in the months

15   leading up to and well after the passage of the law. *See* Wells Decl., ¶ 6-7; Fearing

16   Decl., ¶¶ 7, 9; Machado Decl., ¶ 3.  Moreover, MHS is in the unique position of

17   being charged with enforcing violations of the Foie Gras Law in Marin County. *Id*.

18   ¶ 7.

19       **3.    Proposed Defendant-Intervenors' Interests Will Be**
20               **Impaired if Plaintiffs Succeed in Invalidating Section 25982.**

21       The "disposition of the action may as a practical matter impair or impede"

22   Proposed Defendant-Intervenors' "ability to protect [their] interest." *Wetlands*

23   *Action Network v. US Army Corps of Eng'rs*, 222 F.3d 1113 (9th Cir. 2000); Fed. R.

24   Civ. P. 24(a).  Rule 24(a) does not require that the applicant's interest be actually or

25   legally impaired, only that the applicant "be substantially affected in a practical

26   sense." *Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th

27   Cir. 2011) (quotation omitted).  Here, Plaintiffs' lawsuit threatens to undo the

28

1    results of Proposed Defendant-Intervenors' extensive and costly advocacy efforts

2    with respect to the Foie Gras Law.

3        If the Court enjoins section 25982, Proposed Defendant-Intervenors'

4    extensive advocacy, legal, staffing, and monetary commitments to the passage and

5    preservation of the Foie Gras Law would be nullified and their organizational

6    interests will be adversely affected   *See* Kilsak Decl., ¶¶ 9-10; Friedrich Decl.,

7    ¶¶ 8, 11; Wells Decl., ¶ 7; Fearing Decl., ¶¶ 4, 7; Machado Decl., ¶ 3. *See also*

8    *Sagebrush Rebellion*, 713 F.2d at 528 (finding there was "no serious dispute" that

9    applicant's interest might be impaired if proponents of measure were not allowed to

10    intervene in challenge to that measure); *see also Idaho Farm Bureau Fed'n v.*

11    *Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995) (finding impairment where action could

12    lead to reversal of administrative decision actively supported by applicants for

13    intervention).

14        Moreover, the current lawsuit could have a significant impact on MHS's

15    Animal Service Department, which enforces the law, and MHS's interest in doing

16    so. Machado Decl., ¶¶ 7-8.

17          **4.**     **Proposed Defendant-Intervenors Interests Are Not**

18                  **Adequately Represented by Any of the Parties**.

19        Proposed Defendant-Intervenors' interests diverge in important respects from

20    those of State Defendants, and are not "adequately represented by existing parties."

21    Fed. R. Civ. P. 24(a). Specifically, while the State Defendants' interest is in the

22    administration of their legal obligations on behalf of the general public, including

23    the meat industry, Proposed Defendant-Intervenors have a narrower interest in

24    advocating for prevention of cruelty to animals and the interests of their members.

25        This test is a low bar to intervention: an applicant need only demonstrate that

26    representation of its interest by existing parties "may be" inadequate. *Trbovich v.*

27    *United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). "The burden of

28    making this showing is minimal." *Sagebrush Rebellion*, 713 F.2d at 528. In

1  determining whether a proposed intervenor is adequately represented, the court
2  should

> consider whether the interest of a present party is such
> that it will undoubtedly make all the intervenor's
> arguments; whether the present party is capable and
> willing to make such arguments; and whether the
> intervenor would offer any necessary elements to the
> proceeding that other parties would neglect.

8  *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498-99 (9th Cir.
9  1995), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173.

10      The Ninth Circuit has granted intervention in many instances where, as here,
11  the proposed intervenors have an interest that is different than that of the
12  government, the result of which is that the government may not make all the
13  proposed intervenor's arguments. *California ex rel. Lockyer*, 450 F.3d at 440-41,
14  *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (granting
15  intervention where government defendant could offer limiting construction in
16  defense of state); *Southwest Ctr. For Biological Diversity*, 268 F.3d at 822
17  (government did not adequately represent interests of building trade association
18  because of government's broader range of considerations); *Forest Conservation
19  Council*, 66 F.3d at 1499, *abrogated on other grounds by Wilderness Soc'y*, 630
20  F.3d 1173 (noting that the federal government represents a "broader view" than the
21  interest of a state and county).

22      Proposed Defendant-Intervenors' interests are not coextensive with those of
23  State Defendants in this litigation. State Defendants' interests are in the
24  administration of their legal obligations, as they are charged with enforcing the laws
25  enacted by the California legislature on behalf of the public at large, which includes
26  the meat industry. But they have no specific mandate to advocate for the humane
27  treatment of animals, nor do they represent humane interests above others. State
28  Defendants' interests may also be motivated by unrelated factors, including

- 10 -

Case No. CV-12-5735-SVW (RZx)

1   financial, political, or other pressures.  On the other hand, defense of the Foie Gras

2   Law is central to the basic missions of Proposed Defendant-Intervenors to ensure

3   that egregious animal cruelty is prevented and prohibited.

4        Additionally, due to decades of experience both litigating and advocating for

5   the humane treatment of farm animals, and working to enforce anti-cruelty laws,

6   Proposed Defendant-Intervenors bring to bear extensive factual and legal

7   knowledge that may not be shared in full by State Defendants.  Since Proposed

8   Defendant-Intervenors meet the "minimal" showing necessary on this factor,

9   *Trbovich*, 404 U.S. at 538 n.10, and also satisfy all other requirements under Rule

10  24(a), this Court should grant their motion to intervene as of right.

11       **B.    In the Alternative, Proposed Defendant-Intervenors Should Be
            Granted Permissive Intervention**.

12

13       Although Proposed Defendant-Intervenors satisfy the criteria for intervention

14  of right under Rule 24(a), in the alternative, this Court should exercise its discretion

15  and allow the applicants to intervene permissively under Rule 24(b).  A court may

16  grant permissive intervention "where the applicant for intervention shows

17  (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the

18  applicant's claim or defense, and the main action, have a question of law or a

19  question of fact in common." *United States v. City of Los Angeles*, 288 F.3d at 403

20  (citations omitted).  This court has an independent ground for jurisdiction based on

21  the federal questions raised in the complaint, and as discussed above, Proposed

22  Defendant-Intervenors' application is timely and will not prejudice the parties or

23  cause any undue delay.  Most importantly, Proposed Defendant-Intervenors'

24  defenses and the main action have more than a "question of law or a question of

25  fact in common." *Id*.  Indeed, Proposed Defendant-Intervenors' defenses are based

26  solely on legal arguments as to the insufficiency of the claims raised by the

27  Plaintiff.

28

**IV.  CONCLUSION**

For the foregoing reasons, Proposed Defendant-Intervenors' motion to intervene should be granted.


Dated:  July 11, 2012                          Respectfully submitted,

                                               Initiative Legal Group APC

                                               By: _____
                                                   Melissa Grant
                                                   Valerie Kincaid
                                                   Arnab Banerjee

                                                   Attorneys for Proposed Defendant-
                                                   Intervenors