Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation;<br><br>                Plaintiffs,<br><br>– against –<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA;<br><br>                Defendants. | Case No. CV-12-5735-SVW (RZx)<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO INTERVENE**<br><br>Date:        August 13, 2012<br>Time:       1:30 p.m.<br>Courtroom: 6<br><br>Hon. Stephen V. Wilson |

Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec, HVFG LLC, and Hot's Restaurant Group, Inc., submit this brief in opposition to the motion of the five animal rights groups ("Applicants") seeking to intervene in this action.

## SUMMARY OF OPPOSITION

On the first day after section 25982 of the California Health & Safety Code took effect, Plaintiffs filed this action against the Attorney General, the Governor, and the State of California to declare unconstitutional and enjoin enforcement of the statute, which bans the sale of products from ducks not fed in accordance with California's duck dietary guidelines. Applicants seek to intervene "in order to submit the Proposed Answer (Ex. 1) and Opposition to Application for Temporary Restraining Order." (*See Notice of Motion and Motion for Leave to Intervene* p. 1, lns. 13-15.) Yet Applicants fail to establish that their proposed pleading — which consists of little more than their admissions that they "are without sufficient knowledge or information" about the allegations that form the basis of this lawsuit together with their six generic affirmative defenses — adds anything to the defense of the case by the three government Defendants.

Applicants seek to intervene as a matter of right under FRCP 24. Yet, even putting aside issues as to their standing to become parties to the case, they have not made the necessary "very compelling showing" that the existing Defendants — who include the government officials charged with upholding the law — are somehow "inadequate" to defend the statute's ban on sale. Indeed, the Ninth Circuit has repeatedly upheld the denial of intervention on adequacy grounds where the government is defending the constitutionality of its own laws. Because Applicants' interests are functionally no different than those of the existing government Defendants, this failure to establish the government's inadequacy is fatal to Applicants' request to intervene as of right.

Alternatively, in five sentences tacked on to the end of their opening brief, Applicants claim they are entitled to permissive intervention. But because Applicants

do not offer any argument as to how their intervention would not unduly delay this case or prejudice Plaintiffs (and because they cannot include new arguments in their reply), they should be denied permissive intervention based on the requirement of FRCP 24(b)(3).  While it is no doubt the subject of Applicants' deep concern, this case does not revolve around the welfare of any duck or other bird.  Rather, it challenges California's attempt to ban lawful, wholesome, USDA-approved articles of food in interstate commerce on the ground that the ducks from which they are produced might have been fed more than California's vague dietary guidelines allow.

As the court ruled in the only other known case involving a challenge to the constitutionality of a law concerning foie gras — a case in which two of the same Applicants here tried unsuccessfully to intervene — granting intervention "will not aid the court in adjudicating the legal questions at issue because this case is about whether the City's enactment of the foie gras ordinance is constitutional, not whether the production of foie gras is humane.  It thus follows that delay and distraction is the only likely effect of allowing intervention."  The same is true here, and intervention should be denied.

## ARGUMENT

### I. Applicants should not be allowed to intervene for purposes beyond the scope of their notice of motion and motion.

It is a basic rule of motion practice that a moving party is required to specify in its notice of motion the relief it seeks.  Under the rules of this Court, "The notice of motion shall contain a concise statement of the relief or Court action the movant seeks."  L.R. 7-4; *see also* FRCP 7(b)(1)(C) (requiring motion to "state the relief sought").  Here, Applicants state the relief they seek in their *Notice of Motion and Motion* as follows:  "[Applicants] seek to intervene in order to submit the Proposed Answer (Ex. 1) and Opposition to Application for Temporary Restraining Order."  (*See Notice of Motion and Motion for Leave to Intervene* [Docket Entry No. 21] p. 1, lns. 13-15.)  Based on the scope of Applicants' notice of motion and motion, this Court

should not evaluate their request to intervene except as to the filing of their Proposed Answer.[1]

## II. Applicants are not entitled to intervene as of right because they have not made a "very compelling showing" that the government Defendants will not adequately defend section 25982 of the California Health & Safety Code.

FRCP 24(a) provides for intervention as of right where a would-be party meets four critical requirements. Applicants must: (1) timely move to intervene; (2) have a "significantly protectable interest relating to the property or transaction that is the subject of the action"; (3) be situated such that the disposition of the action may impair or impede the ability to protect their interest; and (4) establish that their interest "must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). It is the applicant's burden to show that each of these elements has been met. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

Plaintiffs do not contest the timeliness of this motion. Moreover, while Plaintiffs dispute Applicants standing under Article III,[2] in light of the Ninth Circuit's broad test for an "interest" in the action, for purposes of this motion Plaintiffs do not even contest the second and third *Arakaki* requirements above. Rather, Applicants' motion to intervene as of right should be denied because they cannot establish that the existing Defendants — the Attorney General, the Governor, and the State of California itself — are somehow inadequate to defend the state law Plaintiffs challenge.

---

[1] Because this Court has already ruled on Plaintiffs' *Ex Parte Application for Temporary Restraining Order*, Applicants' motion to intervene in order to submit opposition to it is moot.

[2] *See Prete v. Bradbury*, 438 F.3d 949, 955 n.8 (9th Cir. 2006) (noting that Supreme Court has not yet settled, and Ninth Circuit has not yet ruled on, whether proposed intervenor must independently satisfy Article III standing requirement.

### A. The government Defendants have never contended that they are unable to adequately represent themselves.

Applicants cannot represent to this Court that the government Defendants have agreed that they (the government Defendants) are not up to the task of defending the California Health & Safety Code section at issue here. Instead, Applicants note only that counsel for the Attorney General and the Governor have indicated that they "do not oppose" this motion. (Applicants' Mem. p. 1, n.1.) It is hardly surprising that a party would not oppose intervention by five other groups who promise to consume the time and resources of the party's litigation adversaries. But the government Defendants have never contended that they cannot adequately represent themselves. Indeed, it would be ludicrous for the Attorney General, the Governor, and the State of California itself to take the position that they cannot effectively defend the very laws they are tasked with upholding.

### B. Applicants are required to make a "very compelling showing" to overcome the presumption that the government is able to adequately defend the constitutionality of its own laws.

Notwithstanding the absence of any statement from the government Defendants that they are unable to adequately represent themselves, Applicants insist that they are entitled to participate in this action as a matter of right. To support their argument, they first suggest that they have some intangible interest that will not be protected even if the government Defendants succeed in upholding the constitutionality of the statute Plaintiffs challenge. (Applicants' Mem. p. 10.) They then use that purported divergence of interests to claim that they only need to make a "minimal" showing that the state is unable to adequately protect its own interest in defending the law. These arguments have no merit.

The "most important factor in assessing the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties. If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. To rebut the presumption, an

1 applicant must make a 'compelling showing' of inadequacy of representation." *Citizens*
2 *for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)
3 (internal quotations and citations omitted).  Applicants acknowledge that the
4 government Defendants are already charged with upholding the laws enacted by the
5 Legislature for the general public, but they make the unsupported (and unseemly)
6 suggestion that Defendants will not adequately do so because the public includes "the
7 meat industry" and that Defendants will be "motivated by . . . financial, political, or
8 other pressures."  (Applicants' Mem. pp. 10-11.)  Despite this rank suspicion,
9 Applicants' interest is indistinguishable from the government Defendants' interest:  to
10 save the ban in section 25982 from being found unconstitutional.  *See Freedom from*
11 *Religion Found.*, 644 F.3d 836, 841-42 (9th Cir. 2011) (rejecting applicant's
12 unsupported arguments that government defendants might urge narrow construction of
13 statute and that conflict of interests existed).
14      Applicants' line of cases is easily distinguished based on the government's
15 conflicting interests in them.  *Cf., e.g., Southwest Ctr. for Biological Diversity v. Berg*,
16 268 F.3d 810, 822-23 (9th Cir. 2011) (permitting intervention where the defendant city
17 "acknowledge[d] that it '[would] not represent proposed intervenors' interests in this
18 action'"); *Citizens for Balanced Use*, 647 F.3d at 899 (finding that applicants for
19 intervention made "compelling showing" of Forest Service's inadequacy to defend
20 snowmobile restrictions where applicants had had to sue Forest Service to adopt
21 restrictions, and Forest service was appealing court's order forcing it to do so).
22      Because Applicants' interest mirrors that of a government defending the
23 constitutionality of its own laws, they cannot surmount the even higher burden that the
24 Ninth Circuit requires for intervention as of right.  *See Perry v. Proposition 8 Official*
25 *Proponents*, 587 F.3d 947, 951 (9th Cir. 2009) (holding that defendant and applicant
26 shared common goal where both sought to defend Proposition 8's constitutionality).
27 "In the absence of a '*very compelling showing* to the contrary,' it will be presumed that
28 a state adequately represents its citizens when the applicant shares the same interest."

*California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 443 (9th Cir. 2006); *Arakaki*, 324 F.3d at 1086 (quoting 7C Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 1909, at 332 (2d ed.1996)).  The unfounded suggestion that the Attorney General, the Governor, and the State of California will somehow pull their punches when it comes to defending Plaintiffs' claims out of some favoritism to the meat industry is a far cry from the "very compelling showing" of inadequacy required for intervention.  *Arakaki*, 324 F.3d 1078 (ruling that presumption had not been overcome despite applicant's specific examples of arguments only it could make); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997); *cf. Perry*, 587 F.3d 947 (noting that the defendant had been granted unopposed intervention after the State had refused to defend a ballot initiative, then denying intervention to a subsequent applicant despite allegations of distinct aims).

**III.   Applicants make no effort to explain why they should be allowed to permissively intervene or how their entry into the case would not delay the proceedings and prejudice Plaintiffs.**

On the last page of their brief, Applicants argue in a single paragraph that they should be allowed to intervene permissively under FRCP 24(b).  Applicants merely paraphrase the bare prerequisites of the rule and summarily claim that they satisfy them.[3]  Contrary to what Applicants state in their notice of motion and motion — that they "are *entitled* to permissive intervention" (Not. of Mot. and Mot. p. 1) — permissive intervention is wholly discretionary.  "Even if an applicant satisfies [the] threshold requirements, the district court has discretion to deny permissive intervention."  *Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005).

---

[3]   Plaintiffs do not dispute that, under FRCP 24(b)(1)(B), Applicants propose to assert a defense — failure to state a claim — that shares a common question of law with the government Defendants' same expected defense.  Indeed, the fact that Applicants' interest is identical to the government's is what precludes their intervention here.

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO INTERVENE

"In exercising its discretion, the district court *must consider* whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) (emphasis added); FRCP 24(b)(3). Here, the five Applicants do not even attempt to show how their involvement as parties will not inevitably multiply these proceedings or distract Plaintiffs (and the Court) with irrelevant animal welfare issues — because they can't. Yet "[t]he burden is on the prospective intervenor to demonstrate that the conditions for intervention are satisfied." *Citizens for Balanced Use*, 647 F.3d at 897. Applicants offer no argument for why they should be permitted to intervene, and their reply brief is not the place for it to show up. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

Here, permitting intervention would turn what promises to be straightforward, focused litigation by fully capable parties on important constitutional questions into a sprawling proceeding involving five fervent but unnecessary animal rights groups. "[A]dditional parties inevitably delay proceedings." *Athens Lumber Co., Inc. v. Federal Election Com'n*, 690 F.2d 1364, 1367 (6th Cir. 1982).[4] Applicants' motion to intervene alone consists of over 140 pages of supporting papers, including declarations that lack foundation, are replete with hearsay, and attempt to introduce matters entirely irrelevant to the criteria that a court must consider under FRCP 24 in deciding whether to permit intervention. They are also largely irrelevant to the constitutional issues raised by Plaintiffs in this case. *See McCulloch v. Maryland*, 17 U.S. 316, 407 (1819) ("[I]t is a *constitution* we are expounding.").

### A. Applicants bring no special knowledge to the issues that form the basis of Plaintiffs' constitutional claims.

---

[4] Intervention would give these five Applicants "full party status," allowing them to engage in discovery, participate at trial, and appeal the judgment. *U.S. v. California Mobile Home Park Management Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997) ("intervening parties have full party status in the litigation").

On the first page of their brief, Applicants argue they are entitled to intervention because they claim they can "provide critical and unique legal and factual perspectives on the matter." Yet insofar as they seek to intervene to file a Proposed Answer, Applicants fail to establish that their proposed pleading adds anything special to the defense of the case by the three existing government Defendants. In fact, their proposed pleading reveals more about what they are *not* able to bring to the table.

Applicants' Proposed Answer states at least 17 times that they "are without sufficient knowledge or information" about the allegations that form the basis of this lawsuit. For example, Applicants admit they lack knowledge or information about: any comparable ban on sale of duck products; the market for imports of foie gras and duck products from Canada; the application of the NAFTA to Plaintiffs' products; whether Plaintiffs' products could be freely sold in the United States until July 1, 2012; the requirement of USDA inspection for duck products sold as wholesome and unadulterated; the taxonomy and species of the mulard duck raised for foie gras; and the effect of section 25982 on restaurants' and distributors' sales in California. (Compl. ¶¶ 4, 7, 8, 21, 23, 28, 29; Proposed Answer ¶¶ 4, 7, 8, 21 23, 28 29.)

Apart from their denials of most other allegations that form the basis of Plaintiffs' claims, Applicants assert only six affirmative defenses, all of them part of a laundry list in virtually every lawsuit these days and pleaded here without any supporting facts: failure to state a claim, unclean hands, laches, adequate remedy at law, waiver, and estoppel. (Proposed Answer pp. 7-8.) There is nothing "unique" about either the "legal [or] factual perspectives" Applicants offer in defense of Plaintiffs' constitutional challenge to section 25982.

**B.     This case is not about whether the production of foie gras is humane.**

This case does not turn on the question of whether feeding ducks to produce foie gras is kind and loving or cruel and inhumane — or somewhere in between. It likewise does not require an answer to the question of whether the ducks love it or hate it — or don't have particularly strong feelings about it one way or the other. While clearly

passionate about these issues, even a cursory look at the papers they submit in support of this motion demonstrates that Applicants propose to delay the resolution of the constitutional issues and distract Plaintiffs (and the Court) with irrelevant "facts" about their fixation with the feelings of foie gras ducks.[5]

### IV. This Court should deny Applicants' request for intervention for the same reasons as the district court in the Chicago foie gras case did.

In 2006, the City of Chicago passed an ordinance banning the sale of foie gras. The law was promptly challenged by the Illinois Restaurant Association, and, when the action was removed to federal court, two of the same Applicants here — The Humane Society of the United States and Farm Sanctuary, Inc. — promptly moved to intervene. (*See* Ex. A to Plaintiffs' Request for Judicial Notice (in Opposition to Motion to Intervene) [*Memorandum and Order*].) As is the case with the California ban, these Applicants had been principal and active supporters of the Chicago ordinance, spent significant resources in doing so, and contended, in the words of the district court, "that they have a unique perspective on the issues presented by this case based on their history of advocacy and specialized knowledge regarding foie gras[.]" (*Id.* at p. 2; *compare* Applicants' Mem. § II.B., pp. 3-6)

In the Chicago case, the interests of Applicants and several other proposed intervenors were found to be "identical to" and "exactly parallel" the government's, as "all want the ordinance to be upheld" — just as the Court should conclude is the case here. (*Id.*) As this Court's *New Case Order* (Docket Entry No. 10) reminds the parties, the Court "fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires that the Rules be 'construed to secure the just, speedy and inexpensive determination of every action.'" Plaintiffs thus invite the Court to read the five-page *Memorandum and Order* of the district court in the Chicago case, as it squarely resolves the question of whether the same Applicants here offer anything to justify

---

[5] Between their brief and declarations, Applicants use the words "cruel," "inhumane, and "abuse" (or forms thereof) over 75 times.

permissive intervention.  Because they are so perfectly applicable to circumstances of this case, the two concluding paragraphs of the district court's decision in the Chicago case are worth quoting in full:

> It is thus unclear how the proposed intervenors, all of whom support the foie gras ban because they are proponents of animal rights, will provide meaningful help in determining if the ordinance is constitutional.  In fact, the only foreseeable consequence of adding the proposed intervenors into this action is to interject topics which are not germane to the constitutional issues before the court.  This will not help matters, and will also prejudice the plaintiffs by forcing them to devote portions of their briefs — which are subject to page limitations — to respond to all of the contentions on the table.  This problem could be solved by authorizing the plaintiffs to file oversized briefs, but this will only result in enlarging the number of pages spent discussing nonconstitutional issues.
>
> In sum, the court appreciates the proposed intervenors' desire to defend the foie gras ordinance and their willingness to expend time and resources to do so.  Nevertheless, their interests exactly mirror those of the City and there has been no showing that their interests will not be adequately represented by the City.  *Moreover, granting the motion for permissive intervention will not aid the court in adjudicating the legal questions at issue because this case is about whether the City's enactment of the foie gras ordinance is constitutional, not whether the production of foie gras is humane.*  It thus follows that delay and distraction is the only likely effect of allowing intervention.  Accordingly, after carefully considering all of the parties' arguments, the court exercises its discretion and denies the motion for permissive intervention.

(*Memorandum and Order* at p. 4 [emphasis added].)

## CONCLUSION

For the foregoing reasons, Applicants' motion to intervene should be denied.

Dated:     July 23, 2012                              THE TENENBAUM LAW FIRM

                                                     _____
                                                     Michael Tenenbaum, Esq.
                                                     *Counsel for Plaintiffs*