Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation;<br><br>Plaintiffs,<br><br>– against –<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA;<br><br>Defendants. | Case No. CV-12-5735-SVW (RZx)<br><br>**NOTICE OF OMITTED CONTROLLING AUTHORITY RE MOTION TO INTERVENE**<br><br><br>Date:          August 13, 2012<br>Time:         1:30 p.m.<br>Courtroom: 6<br><br>Hon. Stephen V. Wilson |

1       PLEASE TAKE NOTICE that the following controlling Ninth Circuit authority
2 — which was not cited in Proposed Defendant-Intervenors' *Memorandum of Points &*
3 *Authorities in Support of Motion to Intervene* — was inadvertently omitted from
4 Plaintiffs' opposition brief filed earlier today.  Plaintiffs call the Court's attention to this
5 case because it is dispositive of the issue of the government defendants' adequacy to
6 defend the constitutionality of a state law where supporters of the law seek to
7 intervene.[1]

8       *Gonzalez v. Arizona*, 485 F.3d 1041, 1051-52 (9th Cir. 2007) (affirming denial of intervention in action challenging constitutionality of state statute requiring proof of citizenship to register to vote where applicants had "put forth significant effort to ensure the passage" of ballot proposition that created statute;  "Where the government is acting on behalf of a constituency it represents, as it is here, this court assumes that the government will adequately represent that constituency," and "[i]n order to overcome this presumption, the would-be intervenor must make a 'very compelling showing' that the government will not adequately represent its interest"; confirming district court's application of correct precedent because nothing in record demonstrated that government defendants "are unwilling or unable to defend" proposition [citing *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) and *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)]).

Dated:    July 24, 2012                                          THE TENENBAUM LAW FIRM

                                                                                      Michael Tenenbaum, Esq.
                                                                                      *Counsel for Plaintiffs*

---

[1] "A court has a right to expect that counsel will state the controlling law fairly and fully; indeed, unless that is done the court cannot perform its task properly." *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1539 (9th Cir. 1986).

- 1 -
NOTICE OF OMITTED CONTROLLING AUTHORITY RE MOTION TO INTERVENE