UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | August 8, 2012 |
|---|---|---|---|
| Title | Association De Eleveurs De Canards Et D Oies Du Quebec et al v. Kamala J Harris et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re MOTION to Intervene filed by Proposed Defendant Intervenors Animal Legal Defense Fund, Farm Sanctuary Inc, Humane Society Veterinary Medical Association, Marin Humane Society, The Humane Society of the United States, Inc.[21]

### I. INTRODUCTION

Plaintiffs bring the instant action challenging the constitutionality of Section 25982 of the California Health & Safety Code ("Section 25982"), which bans the sale of products which are the "result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Cal. Health & Safety Code § 25982.

On July 11, 2012, the Humane Society Veterinary Medical Association, Farm Sanctuary Inc., the Animal Legal Defense Fund, the Humane Society of the United States, and Marin Humane Society (collectively, the "Proposed Intervenors") filed the instant Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Proposed Intervenors' Motion is DENIED for the reasons set forth in this Order. The hearing scheduled for Monday August 13, 2012 is hereby VACATED.

### II. LEGAL STANDARD

There are two types of intervention: mandatory intervention of right and permissive intervention. Fed. R. Civ. P. 24(a) requires that "the court **must** permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2) (emphasis added). Fed. R. Civ. P. 24(b) provides that "the court **may** permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | August 8, 2012 |
|---|---|---|---|
| Title | Association De Eleveurs De Canards Et D Oies Du Quebec et al v. Kamala J Harris et al | | |

   There are four requirements that must be satisfied in order for the Court to grant a motion to intervene.  See Arakaki v. Cayetano, 324 F.3d 1078, 1085 (9th Cir. 2003).  The motion must be (1) timely; (2) the potential intervenor must have a significant protectable interest in the suit in which he is seeking to intervene; (3) the disposition of the suit must potentially "impair or impede the applicant's ability to protect its interest," and (4) the potential intervenor's interest must not be adequately represented by those already parties to the suit.  See Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).  In applying these standards, the Court is "guided primarily by practical and equitable considerations."  Arakaki, 324 F.3d at 1083.

**III. DISCUSSION**

   The Court agrees with Plaintiffs that Proposed Intervenors' Motion should be denied because they cannot establish that the existing Defendants - the Attorney General, the Governor, and the State of California - are inadequate to defend the constitutionality of Section 25982.[1]

   The "most important factor" in assessing the adequacy of representation is "how the interest compares with the interests of existing parties."  If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises.  To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation.  "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," which must be rebutted with a compelling showing. Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 898 (9th Cir. 2011) (citing Arakaki, 324 F.3d at 1086; League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1305 (9th Cir.1997)).

   The Court finds that Proposed Intervenors' claim that Defendants, who are charged with upholding the laws enacted by the state legislature, cannot adequately represent their interests because the public includes "the meat industry" and that Defendants will be "motivated" by "financial, political or other pressures" is rank speculation.  More importantly, Proposed Intervenors' interests are entirely consistent with Defendants' interests in this action: to defend the constitutionality of Section 25982.  See, e.g. Freedom from Religion Found. Inc. v. Geithner, 644 F.3d 836, 841-42 (9th Cir. 2011) (rejecting proposed intervenor's argument that its interests were not adequately represented by government defendants based on speculation that government defendants might urge a narrow construction of the statute at issue).  Proposed Intervenors have fallen far short of the "compelling showing" they must make in order to demonstrate that Defendants cannot adequately represent their

---

   [1]The fact that Defendants do not oppose Proposed Intervenors' Motion to Intervene is immaterial.  Defendants do not contend that they cannot adequately represent themselves.

                                           :

                Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | August 8, 2012 |
|---|---|---|---|
| Title | Association De Eleveurs De Canards Et D Oies Du Quebec et al v. Kamala J Harris et al | | |

interests in this case.[2] Accordingly, the Court concludes that Proposed Intervenors are not entitled to mandatory intervention in this case.

This Court has discretion to deny permissive intervention. See, e.g. Canatella v. California, 404 F.3d 1106, 1117 (9th Cir. 2005). As noted above, the Court concludes that Proposed Intervenors have failed to make the requisite showing that Defendants are inadequate representatives for purposes of mandatory intervention. The Court likewise sees no reason to allow Proposed Intervenors to intervene in this action under permissive intervention. The Court agrees with Plaintiffs that allowing permissive intervention in this case will likely cause undue delay and inevitably multiply the proceedings. See Donnelly v. Glickman, 159 F.3d 405 (9th Cir. 1998); Fed. R. Civ. P. 24(b)(3). As Plaintiffs argue, it is Proposed Intervenors' burden to demonstrate that the conditions for intervention are satisfied. Citizens for Balanced Use, 647 F.3d at 897. They offer no argument on this point in their Motion, and "[i]ssues raised for the first time in the reply brief are waived." Bazuaye v. I.N.S., 79 F.3d 118, 120 (9th Cir. 1996). Accordingly, the Court denies Proposed Intervenors' request for permissive intervention.

## IV. CONCLUSION

Proposed Intervenors' Motion to Intervene is DENIED for the reasons set forth in this Order. The hearing scheduled for Monday August 13, 2012 is hereby VACATED.

---

[2]The Court agrees with Plaintiffs that the cases cited by Proposed Intervenors for the proposition that they should be allowed to intervene in this case are all easily distinguishable. For example, the Court in Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 822-23 (9th Cir. 2011) permitted intervention where the defendant city"acknowledge[ d] that it '[would] not represent proposed intervenors' interests" in the case. The Court in Citizens for Balanced Use found that the proposed Intervenors had made the required "compelling showing" of the Forest Service's inadequacy to defend the snowmobile restrictions at issue because the proposed intervenors had to sue the Forest Service to adopt the restrictions, and the Forest Service was appealing a district court order forcing it to do so. 647 F.3d at 899.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |