KAMALA D. HARRIS
Attorney General of California
CONSTANCE L. LELOUIS
Supervising Deputy Attorney General
State Bar No. 148821
STEPHANIE F. ZOOK
Deputy Attorney General
State Bar No. 238383
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-2512
  Fax: (916) 324-8835
  E-mail: Stephanie.Zook@doj.ca.gov
*Attorneys for Defendants State of California,*
*Governor of California, and Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian non-profit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**KAMALA D. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA,**<br><br>Defendants. | CV-12-05735-SVW-RZ<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT BY THE STATE OF CALIFORNIA, GOVERNOR OF CALIFORNIA, AND ATTORNEY GENERAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:          November 19, 2012<br>Time:          1:30 p.m.<br>Courtroom:  6<br>Judge:         Steven V. Wilson<br>Trial Date:   None<br>Action Filed: 7/3/2012 |

1

Notice of Motion and Motion to Dismiss First
Amended Complaint; Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 19, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of the above-entitled court, located at 312 North Spring Street, Los Angeles, California 90012, defendants Kamala D. Harris, as Attorney General of California, Edmund G. Brown Jr., as Governor of California, and the State of California (collectively, "Defendants"), shall move, and hereby do move this Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) dismissing the first amended complaint of Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec, HVFG LLC, Hot's Restaurant Group, Inc., and Gauge Outfitters, Inc. (collectively, "Plaintiffs").

Defendants move to dismiss the entire amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim upon which relief may be granted because the claims against them are barred by the Eleventh Amendment to the United States Constitution.

Additionally, pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants move to dismiss the entire amended complaint on the ground that this Court lacks jurisdiction over the subject matter because the claims are not justiciable.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants also move to dismiss the first cause of action, brought under the Due Process Clause, on the ground that it fails to state a claim upon which relief may be granted because California Health and Safety Code section 25982 provides reasonable notice of what conduct is prohibited by its terms and neither authorizes nor encourages discriminatory enforcement.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the second cause of action, brought under the Due Process Clause, on the ground that it fails to state a claim upon which relief may be granted because scienter is not required to impose civil penalties.

Notice of Motion and Motion to Dismiss First
Amended Complaint; Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to

2  dismiss the third cause of action, brought under the Commerce Clause, on the

3  ground that it fails to state a claim upon which relief may be granted because

4  section 25982 does not violate the Commerce Clause and does not regulate

5  extraterritorially.

6    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to

7  dismiss the fourth cause of action, brought under the Commerce Clause, on the

8  ground that it fails to state a claim upon which relief may be granted because

9  section 25982 does not violate the Commerce Clause and does not disrupt any

10  recognized need for national uniformity.

11    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to

12  dismiss the fifth cause of action for violation of the Supremacy Clause on the

13  ground that it fails to state a claim upon which relief may be granted because

14  section 25982 is not preempted by federal law.

15    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to

16  dismiss the sixth cause of action, brought under the Commerce Clause, on the

17  ground that it fails to state a claim upon which relief may be granted because

18  section 25982 does not violate the Commerce Clause and balancing under *Pike v.*

19  *Bruce Church, Inc.*, 397 U.S. 137, 90 S. Ct. 844, 25 L. Ed. 2d 174 (1970) is not

20  required.  Even if such balancing was required, section 25982 serves a legitimate

21  local purpose and its benefits outweigh any burden on interstate commerce.

22    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to

23  dismiss the seventh cause of action for injunctive relief on the ground that it fails to

24  state a claim upon which relief may be granted.  Because Plaintiffs other claims fail

25  as a matter of law, there is no basis for injunctive relief.

26    This motion is made following the conference of counsel pursuant to L.R. 7-3

27  which took place on August 31, 2012.

28

Notice of Motion and Motion to Dismiss First
Amended Complaint; Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1         This motion shall be based upon this notice of motion and motion, the

2    accompanying memorandum of points and authorities, request for judicial notice,

3    the pleadings and papers on file herein, and upon such further evidence, both oral

4    and documentary, as may be offered at the time of the hearing.

5

6    Dated:  September 6, 2012                    Respectfully submitted,

7                                                 KAMALA D. HARRIS
                                                  Attorney General of California
8                                                 CONSTANCE L. LeLOUIS
                                                  Supervising Deputy Attorney General
9
                                                  /s/ STEPHANIE F. ZOOK
10

11                                                STEPHANIE F. ZOOK
                                                  Deputy Attorney General
12                                                *Attorneys for Defendants State of
                                                  California, Governor of California,
13                                                and Attorney General*

     SA2012106936
14   10942654.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                 Notice of Motion and Motion to Dismiss First
                                                 Amended Complaint; Memorandum of Points and
                                                 Authorities in Support (CV-12-05735-SVW-RZ)

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................ 1

Statement of Facts ...................................................................................... 2

Argument .................................................................................................... 2

    I.     Legal Standards Applicable to Rule 12(b) Motions. ........................... 2

          A.    Rule 12(b)(6) ........................................................................ 2

          B.    Rule 12(b)(1) ........................................................................ 3

    II.    Defendants are immune from suit pursuant to the Eleventh Amendment. ....................................................................................... 3

    III.   The complaint must be dismissed because Plaintiffs' claims are not justiciable. ................................................................................... 7

    IV.   Plaintiffs' first cause of action must be dismissed because California Health and Safety Code section 25982 is not unconstitutionally vague. ..................................................................... 8

          A.    Plaintiffs cannot raise a facial challenge. ................................ 8

          B.    Plaintiffs' as applied challenge fails. ....................................... 8

    V.    Plaintiffs' second cause of action must be dismissed because scienter is not required to impose civil penalties. .............................. 11

    VI.   Plaintiffs' third, fourth, and sixth causes of action must be dismissed because Health and Safety Code section 25982 does not violate the Commerce Clause. ...................................................... 11

          A.    Plaintiffs' third cause of action must be dismissed because section 25982 does not regulate extraterritorially. .................. 13

          B.    Section 25982 has no discriminatory effects. ......................... 14

          C.    Plaintiffs' sixth cause of action fails because *Pike* balancing is not required. ........................................................ 15

          D.    Plaintiffs' fourth cause of action must be dismissed because section 25982 does not violate any federal interest in uniformity. .......................................................... 16

    VII.  Plaintiffs' fifth cause of action must be dismissed because Health and Safety Code section 25982 is not preempted by federal law. ...................................................................................... 17

    VIII. Plaintiffs' seventh cause of action must be dismissed because there is no basis for injunctive relief. ................................................ 19

Conclusion ................................................................................................. 19

Notice of Motion and Motion to Dismiss First
Amended Complaint; Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

# TABLE OF AUTHORITIES

**Page**

CASES

*Maine v. Taylor*
   477 U.S. 131, 106 S. Ct. 2440, 91 L. Ed. 2d 110 (1986) ........................................ 12

*Agua Caliente Band of Cahuilla Indians v. Hardin*
   223 F.3d 1041 (9th Cir. 2000) .................................................................................... 4

*Ashcroft v. Iqbal*
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................................ 3

*Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*
   476 U.S. 573, 106 S. Ct. 2080, 90 L. Ed. 2d 552 (1986) ........................................ 12

*C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*
   511 U.S. 383, 114 S. Ct. 1677, 128 L. Ed. 2d 399 (1994) ...................................... 12

*California v. ARC Am. Corp.*
   490 U.S. 93, 109 S. Ct. 1661, 104 L. Ed. 2d 86 (1989) ......................................... 17

*Chandler v. State Farm Mut. Auto. Ins. Co.*
   598 F.3d 1115 (9th Cir. 2010) .................................................................................... 3

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*
   508 U.S. 520, 113 S. Ct. 2217, 124 L. Ed. 2d 472 (1993) ...................................... 15

*Cipollone v. Liggett Group, Inc.*
   505 U.S. 504, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992) ................................. 17, 18

*Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*
   527 U.S. 666, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999) ........................................ 4

*Doe v. Lawrence Livermore Nat'l Lab.*
   131 F.3d 836 (9th Cir. 1997) ...................................................................................... 3

*Ex parte Young*
   209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) ................................................... 4

*Gerling Global Reinsurance Corp. of Am. v. Low*
   240 F.3d 739 (9th Cir. 2001) ................................................................................ 13, 14

*Grayned v. City of Rockford*
   408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972) ........................................... 9

*Healy v. Beer Inst.*
   491 U.S. 324, 109 S. Ct. 2491, 105 L. Ed. 2d 275 (1989) ................................. 11, 13

Notice of Motion and Motion to Dismiss First
Amended Complaint; Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1

2

## TABLE OF AUTHORITIES
### (continued)

Page

3

4

*Holder v. Humanitarian Law Project*
    130 S. Ct. 2705, 177 L. Ed. 2d 355 (2010) .......................................................... 8, 9

5

*Humanitarian Law Project v. U.S. Treasury Dep't*
    578 F.3d 1133 (9th Cir. 2009)........................................................................ 11

6

7

*Illinois Rest. Ass'n v. City of Chicago*
    492 F. Supp. 2d 891 (N.D. Ill. 2007) .......................................... 13, 15, 16

8

9

*Johnson v. Riverside Healthcare Sys., LP*
    534 F.3d 1116 (9th Cir. 2008).......................................................................... 3

10

*Lazy Y Ranch Ltd. v. Behrens*
    546 F.3d 580 (9th Cir. 2008).......................................................................... 3

11

12

*Long v. Van de Kamp*
    772 F. Supp. 1141 (C.D. Cal. 1991)................................................................ 6

13

14

*Long v. Van de Kamp*
    961 F.2d 151 (9th Cir. 1992)................................................................. 4, 5, 6

15

*Los Angeles Cnty. Bar Ass'n v. Eu*
    979 F.2d 697 (9th Cir. 1992)........................................................................... 4

16

17

*MedImmune, Inc. v. Genentech, Inc.*
    549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) ........................... 7

18

19

*Mehta v. Wells Fargo Bank, N.A.*
    737 F. Supp. 2d 1185 (S.D. Cal. 2010) ...................................................... 19

20

*NASD Dispute Resolution, Inc. v. Judicial Council*
    488 F.3d 1065 (9th Cir. 2007)....................................................................... 13

21

22

*National Meat Ass'n v. Harris*
    132 S. Ct. 965, 181 L. Ed. 2d 950 (2012) .......................................... 17, 18

23

24

*Nat'l Audubon Soc'y, Inc. v. Davis*
    307 F.3d 835, *amended by* 312 F.3d 416 (9th Cir. 2002) ......................... 5

25

*Nat'l Kerosene Heater Ass'n, Inc. v. Mass.*
    653 F. Supp. 1079 (D. Mass. 1986) ........................................................... 17

26

27

*North Star Int'l. v. Arizona Corp. Comm'n*
    720 F.2d 578 (9th Cir. 1983)........................................................................... 2

28

1

2

# TABLE OF AUTHORITIES
## (continued)

Page

3

4

*Northern Wind, Inc. v. Daley*
  200 F.3d 13 (1st Cir. 1999) ................................................................. 11

5

*Pacific Nw. Venison Producers v. Smitch*
  20 F.3d 1008 (9th Cir. 1994) ............................................................ 14, 16

6

7

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) ................................ 4

8

9

*People v. Speegle*
  53 Cal. App. 4th 1405, 62 Cal. Rptr. 2d 384 (1997) .............................. 10

10

*Pike v. Bruce Church, Inc.*
  397 U.S. 137, 90 S. Ct. 844, 25 L. Ed. 2d 174 (1970) ...................... 12, 15

11

12

*Sacks v. Office of Foreign Assets Control*
  466 F.3d 764 (9th Cir. 2006) ................................................................ 7

13

14

*Schollenberger v. Pennsylvania*
  171 U.S. 1, 18 S. Ct. 757, 43 L. Ed. 48 (1898) .................................... 17

15

*Sprewell v. Golden State Warriors*
  266 F.3d 979, *amended by* 275 F.3d 1187 (9th Cir. 2001) ...................... 3

16

17

*UFO Chuting of Hawaii, Inc. v. Smith*
  508 F.3d 1189 (9th Cir. 2007) ............................................................ 15

18

19

*United States v. Mazurie*
  419 U.S. 544, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975) ............................ 8

20

*United States v. Nat'l Dairy Products Corp.*
  372 U.S. 29, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963) ................................ 9

21

22

*United States v. Purdy*
  264 F.3d 809 (9th Cir. 2001) ................................................................ 8

23

24

*United States v. Ritchie*
  342 F.3d 903 (9th Cir. 2003) ................................................................ 3

25

*United States v. Stevens*
  130 S. Ct. 1577, 176 L. Ed. 2d 435 (2010) .......................................... 15

26

27

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*
  455 U.S. 489, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982) ........................ 9

28

# TABLE OF AUTHORITIES
## (continued)

Page

*Weinstein v. Edgar*
    826 F. Supp. 1165 (N.D. Ill. 1993) ............................................................. 5

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981) ................................................................... 3, 7

**STATUTES**

21 United States Code
    § 451 ........................................................................................................ 18

28 United States Code
    § 2201 ........................................................................................................ 7

42 United States Code
    § 1983 ........................................................................................................ 3

California Health & Safety Code
    § 25980(b) ................................................................................................. 9
    § 25981 ................................................................................................. 2, 14
    § 25982 ............................................................................................. *passim*
    § 25984 ...................................................................................................... 2
    § 25984(c) ................................................................................................. 14

**CONSTITUTIONAL PROVISIONS**

California Constitution
    art. I, § 8 ................................................................................................... 11
    art. III ........................................................................................................ 7
    art. V, § 13 ................................................................................................. 6

United States Constitution
    Eleventh Amendment ...................................................................... 1, 3, 4, 5
    First Amendment ........................................................................................ 8

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 12(b) .................................................................................................. 2
    Rule 12(b)(1) .......................................................................................... 2, 3
    Rule 12(b)(6) .......................................................................................... 2, 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

OTHER AUTHORITIES

15A American Jurisprudence 2d
    Commerce § 39 ........................................................................................................ 13

California Bill Analysis, S.B. 1520, 2003-2004 Regular Sess. (Cal. Aug. 17, 2004),
    *available at* http://leginfo.ca.gov/pub/03-04/bill/sen/sb_1501-
    1550/sb_1520_cfa_20040825_095126_sen_floor.html ........................................ 11

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

In their first amended complaint, Plaintiffs challenge the constitutionality of California Health and Safety Code section 25982 in an action against the State of California, the Governor of California, and the Attorney General.  But claims against the State in federal court are barred by the Eleventh Amendment.  Similarly, the Governor and the Attorney General have an insufficient role in administering and enforcing section 25982 to abrogate their Eleventh Amendment immunity.  As such, Plaintiffs' first amended complaint must be dismissed.

Even removing these defendants from the equation, Plaintiffs' first amended complaint also must be dismissed because Plaintiffs' claims are not justiciable as there is no genuine threat of imminent prosecution as to each Plaintiff.  Moreover, Plaintiffs fail to allege a viable claim under any theory alleged in the amended complaint.  Section 25982 overcomes Plaintiffs' vagueness challenge because it has yet to be applied to any Plaintiff.  Furthermore, the law provides notice of its prohibited conduct and does not authorize or encourage discriminatory law enforcement.  Section 25982 prohibits selling products that are the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size.

Section 25982 also does not violate the Commerce Clause.  The statute does not apply extraterritorially or discriminate against interstate commerce as it applies only to sales within California.  Further, the statute is facially neutral as it applies evenhandedly regardless of the origin of the product.  Finally, section 25982 is not preempted by federal law.

Therefore, Defendants request that the Court grant their motion to dismiss the amended complaint.

/ / /

/ / /

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

**STATEMENT OF FACTS**

California Health and Safety Code sections 25981 and 25982 have been on the books since January 1, 2005, but took effect on July 1, 2012.  Cal. Health & Safety Code § 25984.  Section 25981 prohibits, within California, force feeding a bird for the purpose of enlarging the bird's liver beyond normal size, or hiring another person to do so.  Section 25982, in turn, prevents selling these products in California.

Peace officers, officers of a humane society, and officers of an animal control or animal regulation department of a public agency may issue citations for violation of either the production or sale ban.  *Id.* § 25983(a).  Citations result in payment of civil penalties to the local agency initiating the proceedings to offset its costs.  *Id.* § 25983(b).  Individuals may also be prosecuted by the district attorney of the county in which the violation occurred, or by the city attorney of the city in which the violation occurred.  *Id.* § 25983(c).

Plaintiffs filed suit against the State of California, the Governor of California, and the Attorney General, seeking to declare section 25982 unconstitutional based on the Due Process Clause, Commerce Clause, and the Supremacy Clause, and to enjoin its enforcement against Plaintiffs for the sale of any products from Moulard ducks.  First Amended Complaint ("Compl.") 18.

**ARGUMENT**

I.   **LEGAL STANDARDS APPLICABLE TO RULE 12(B) MOTIONS.**

This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

A.   **Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *North Star Int'l. v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

1    *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

2    (2009) (citations and quotations omitted).

3         "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable

4    legal theory' or 'the absence of sufficient facts alleged under a cognizable legal

5    theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th

6    Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

7    1990)).  The court accepts as true all material allegations in the complaint and

8    construes the allegations in the complaint in the light most favorable to the plaintiff.

9    *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  However, the

10   court need not accept as true legal conclusions, conclusory allegations, unwarranted

11   deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*,

12   266 F.3d 979, 988, *amended by* 275 F.3d 1187 (9th Cir. 2001); *Western Mining

13   Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A court may also consider

14   certain materials outside of the complaint, such as matters of judicial notice.  *United

15   States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

16        **B.    Rule 12(b)(1)**

17        Rule 12(b)(1) allows a party to raise the defense that a court lacks jurisdiction

18   over the subject matter of a claim.  Like with a Rule 12(b)(6) motion, courts accept

19   as true all material allegations in the complaint, but, unlike with a Rule 12(b)(6)

20   motion, the burden of proof on a Rule 12(b)(1) motion is on the party seeking to

21   invoke the court's subject matter jurisdiction.  *Chandler v. State Farm Mut. Auto.

22   Ins. Co*., 598 F.3d 1115, 1121-22 (9th Cir. 2010).

23   **II.   DEFENDANTS ARE IMMUNE FROM SUIT PURSUANT TO THE ELEVENTH
24        AMENDMENT.**

25        Plaintiffs allege that their case arises under the Constitution of the United

26   States and 42 U.S.C. § 1983.  Compl. ¶ 1.  "Claims under § 1983 are limited by the

27   scope of the Eleventh Amendment." *Doe v. Lawrence Livermore Nat'l Lab*.,

28   131 F.3d 836, 839 (9th Cir. 1997).  The Eleventh Amendment bars suits against a

3        Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1  state in federal court for all types of legal or equitable relief in the absence of

2  consent by the state or abrogation of that immunity by Congress.  *Coll. Sav. Bank v.*

3  *Florida Prepaid Postsecondary Educ. Expense Bd*., 527 U.S. 666, 670, 119 S. Ct.

4  2219, 2223, 144 L. Ed. 2d 605 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*,

5  465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984) (citations omitted).

6  Thus, Plaintiffs' claims against the State of California itself are barred by the

7  Eleventh Amendment, and must be dismissed.

8       With respect to Plaintiffs' claims against the Governor and the Attorney

9  General, "[t]he Eleventh Amendment [also] bars a suit against state officials when

10  'the state is the real, substantial party in interest.'"  *Pennhurst State Sch. & Hosp*.,

11  465 U.S. at 101 (citation omitted).  The "'general rule is that relief sought

12  nominally against an officer is in fact against the sovereign if the decree would

13  operate against the latter.'"  *Id*. (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58,

14  83 S. Ct. 1052, 1053, 10 L. Ed. 2d 191 (1963) (per curiam)).  "And, as when the

15  State itself is named as the defendant, a suit against state officials that is in fact a

16  suit against a State is barred regardless of whether it seeks damages or injunctive

17  relief."  *Id*. at 101-02.

18       The Supreme Court recognized a limited exception to Eleventh Amendment

19  immunity in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

20  The *Ex parte Young* exception allows "suits for prospective declaratory and

21  injunctive relief against state officers, sued in their official capacities, to enjoin an

22  alleged ongoing violation of federal law."  *Agua Caliente Band of Cahuilla Indians*

23  *v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000).  For the *Ex parte Young* exception

24  to apply, however, the state officer must have a connection with the enforcement of

25  the allegedly unconstitutional statute.  *Long v. Van de Kamp*, 961 F.2d 151, 152

26  (9th Cir. 1992).  "This connection must be fairly direct; a generalized duty to

27  enforce state law or general supervisory power over the persons responsible for

28  enforcing the challenged provision will not subject an official to suit."  *Los Angeles*

4                Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1    *Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long*, 961 F.2d at

2    152; *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946,

3    953 (9th Cir. 1983)).  Further, "there must be a threat of enforcement."  *Long*, 961

4    F.2d at 152.  "Absent a real likelihood that the state official will employ his

5    supervisory powers against plaintiffs' interests, the Eleventh Amendment bars

6    federal court jurisdiction."  *Id.*

7            The Complaint contains no allegations establishing the Governor's or the

8    Attorney General's connection, direct or otherwise, to the enforcement of section

9    25982.  The only reference to enforcement in the entire complaint is an assertion in

10   Plaintiffs' cause of action for injunctive relief that "Defendants' enforcement of

11   section 25982 will cause harm that cannot be adequately compensated in damages,"

12   and thus they seek to enjoin Defendants from enforcing section 25982.  Compl.

13   ¶ 111.  There is no allegation that any defendant, let alone which defendant, has

14   actually threatened to enforce section 25982.  Thus, Plaintiffs' claims are barred by

15   the Eleventh Amendment because there is no threat of enforcement.

16           Additionally, Plaintiffs' claims are barred by the Eleventh Amendment

17   because there is no connection between the named state officers and any potential

18   enforcement.  The Legislature did not give the Governor or the Attorney General

19   any special role in administering or enforcing section 25982.  The allegations of the

20   complaint indicate they are named as defendants merely because of their general

21   duties and supervisory roles.  The Governor is named as the holder of the office

22   vested with the "supreme executive power" of the state.  Compl. ¶ 10 (quoting Cal.

23   Const. art. V, § 1).  But the Governor's general authority is an insufficient

24   connection and does not make him a proper defendant in this action.  *See Nat'l*

25   *Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847, *amended by* 312 F.3d 416 (9th

26   Cir. 2002) (holding suit was "barred against the Governor and the state Secretary of

27   Resources, as there is no showing that they have the requisite enforcement

28   connection to Proposition 4"); *see also Weinstein v. Edgar*, 826 F. Supp. 1165,

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1  1167 (N.D. Ill. 1993) (stating that if Governor's general obligation to faithfully

2  execute the laws was a sufficient connection to the enforcement of challenged

3  statute, "then the constitutionality of every statute enacted by the Illinois legislature

4  necessarily could be challenged by merely naming the Governor as a party

5  defendant").

6      Likewise, the Attorney General is sued in her official capacity apparently

7  because she is "the chief law officer of the State" and has "direct supervision over

8  every district attorney and sheriff and over such other law enforcement officers as

9  may be designated by law."  Cal. Const. art. V, § 13; *see* Compl. ¶ 9.  *Long*

10  supports dismissal of the Attorney General in the instant action.  In *Long*, the

11  plaintiffs challenged a California statute authorizing warrantless searches of

12  automobile repair shops without probable cause after being the subject of surprise

13  searches carried out by county deputy sheriffs and members of the California

14  Highway Patrol.  *Long v. Van de Kamp*, 772 F. Supp. 1141, 1142 (C.D. Cal. 1991).[1]

15  The Ninth Circuit held that "the general supervisory powers of the California

16  Attorney General" did not establish the connection with enforcement required by

17  *Ex parte Young*.  *Long*, 961 F.2d at 152.  There was also no threat that the statute

18  would be enforced by the Attorney General, who "ha[d] not in any way indicated

19  that he intend[ed] to enforce" the law.  *Id*.  Similarly, Plaintiffs have not established

20  any connection between the Attorney General and enforcement of section 25982,

21  nor a real likelihood that the Attorney General will employ her supervisory powers

22  against Plaintiffs' interests.  *Id*.

23      Each of the defendants must be dismissed from this action.

24  / / /

25  / / /

26

27  _____
   [1]  The court of appeals' decision incorporated by reference the facts of the
28  case as set forth in the district court's opinion.  *Long*, 961 F.2d at 152.

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

## III.  THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFFS' CLAIMS ARE NOT JUSTICIABLE.

A court's role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live "cases and controversies" consistent with the powers granted to the judiciary in Article III of the Constitution.  Plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.  Compl. 18.  The Declaratory Judgment Act provides in pertinent part that in "a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of any appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  The "actual controversy" requirement of section 2201 refers to the type of cases and controversies that are justiciable under Article III.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604 (2007).

In a declaratory judgment action, "[t]he mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a 'case or controversy' within the meaning of Article III, and is thus insufficient to satisfy the 'actual controversy' requirement of the Declaratory Judgment Act."  *Western Mining Council*, 643 F.2d at 627 (citations omitted).  Plaintiffs cannot challenge the validity of Health and Safety Code section 25982 because, although they make a conclusory allegation that they risk prosecution, they have not alleged imminent or even likely prosecution for violating the statute.  Compl. ¶¶ 7, 8.  Plaintiff Gauge Outfitters, Inc. raises even more speculative claims, as it is a ski and snowboard shop.  *Id*. ¶ 8.  The court can thus make no reasonable inference that Gauge Outfitters, Inc. would ever sell foie gras.  "[W]hile it is well-established that an individual need not await prosecution under a law or regulation before challenging it, we require a genuine threat of imminent prosecution and not merely an imaginary or speculative fear of prosecution."  *Sacks v. Office of Foreign Assets*

1   *Control*, 466 F.3d 764, 772-73 (9th Cir. 2006) (citations and quotations omitted).

2   Plaintiffs' speculative claims are not justiciable under this standard.

3   **IV.   PLAINTIFFS' FIRST CAUSE OF ACTION MUST BE DISMISSED BECAUSE CALIFORNIA HEALTH AND SAFETY CODE SECTION 25982 IS NOT UNCONSTITUTIONALLY VAGUE.**

4

5   **A.   Plaintiffs cannot raise a facial challenge.**

6   Plaintiffs seek a declaratory judgment that California Health and Safety Code

7   section 25982 is unconstitutional as applied to Plaintiffs and as to the sale of any

8   products from Moulard ducks.  Compl. 18.  Where a statute is challenged as

9   unconstitutionally vague in a cause of action not involving the First Amendment,

10  courts do not consider whether the statute is unconstitutional on its face, but

11  whether the statute is impermissibly vague as applied to the plaintiffs.  *United*

12  *States v. Mazurie*, 419 U.S. 544, 550, 95 S. Ct. 710, 714, 42 L. Ed. 2d 706 (1975);

13  *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001).  This is because "'a

14  plaintiff who engages in some conduct that is clearly proscribed cannot complain of

15  the vagueness of the law as applied to the conduct of others.'"  *Holder v.*

16  *Humanitarian Law Project*, 130 S. Ct. 2705, 2719, 177 L. Ed. 2d 355 (2010)

17  (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S.

18  489, 495, 102 S. Ct. 1186, 1191, 71 L. Ed. 2d 362 (1982)).  Thus, although their

19  pleading does not clearly define the nature and scope of the relief that they seek,

20  Plaintiffs cannot raise a facial challenge to section 25982 on vagueness grounds.

21  **B.   Plaintiffs' as applied challenge fails.**

22  Plaintiffs have failed to allege facts sufficient to state an as-applied claim.

23  Section 25982 does not prohibit sales of all foie gras per se, but rather sales of

24  products that are the result of force feeding a bird for the purpose of enlarging its

25  liver.  Plaintiffs have not alleged that they have been charged with violating the

26  statute, thus their assertion that Health and Safety Code section 25982 is

27  unconstitutionally vague as applied to them also fails.

28

1    Even if the Court were inclined to go further, section 25982 is not

2    unconstitutionally vague.  A law is unconstitutionally vague if it does not provide a

3    "person of ordinary intelligence a reasonable opportunity to know what is

4    prohibited, so that he may act accordingly."  *Grayned v. City of Rockford*, 408 U.S.

5    104, 108, 92 S. Ct. 2294, 2298-99, 33 L. Ed. 2d 222 (1972).  A law also runs afoul

6    of the Due Process Clause if it is "'so standardless that it authorizes or encourages

7    seriously discriminatory enforcement.'"  *Holder*, 130 S. Ct. at 2718 (quoting *United*

8    *States v. Williams*, 553 U.S. 285, 304, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008)).

9    Further, economic regulations and statutes with civil penalties are subject to less

10   strict vagueness tests than other laws.  *Village of Hoffman Estates*, 455 U.S. at 498-

11   99.  And "perfect clarity and precise guidance have never been required even of

12   regulations that restrict expressive activity."  *Holder*, 130 S. Ct. at 2719 (citations

13   and quotations omitted).  Statutes are presumptively valid and not automatically

14   invalidated simply because it is difficult to determine whether marginal offenses

15   fall within their language.  *United States v. Nat'l Dairy Products Corp*., 372 U.S.

16   29, 32, 83 S. Ct. 594, 597, 9 L. Ed. 2d 561 (1963).

17   Here, it is clear what conduct section 25982 prohibits.  It states that "[a]

18   product may not be sold in California if it is the result of force feeding a bird for the

19   purpose of enlarging the bird's liver beyond normal size."  Force feeding a bird is

20   further defined as:

21        a process that causes the bird to consume more food than a

22        typical bird of the same species would consume voluntarily.

23        Force feeding methods include, but are not limited to, delivering

24        feed through a tube or other device inserted into the bird's

25        esophagus.

26   Cal. Health & Safety Code § 25980(b).  Plaintiffs assert that the statute is

27   unconstitutionally vague because they allegedly cannot tell how much food they

28   can feed their ducks.  *See* Compl. ¶ 67.  Whether or not the Moulard duck qualifies

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1    as its own species for purposes of the statute or would be judged in comparison to

2    Muscovy and Pekin ducks is likewise irrelevant because violations do not depend

3    upon such minute differences in eating habits (if any).  *See* Compl. ¶¶ 23-26, 52, 67.

4    Plaintiffs' allegations ignore the whole of the statute, which, in context, makes clear

5    the conduct that section 25982 prohibits.  Farmers are not prohibited from leaving

6    out more food than usual for a particularly hungry duck.  Rather, California bans

7    the sale of products that are the result of *force feeding* for the purpose of enlarging

8    the bird's liver beyond a normal size.  Farmers know when they are trying to

9    enlarge a bird's liver, just as they know when they are using a *process* meant to

10   make a bird consume too much food.  A farmer who is putting a tube into a bird's

11   esophagus knows exactly what he or she is doing.

12        Force feeding processes are by definition not inadvertent or difficult to

13   identify.  With respect to the statute as a whole, a person of ordinary intelligence

14   can discern what is required of them based on the plain language of the statute and

15   its definitions.  A statute criminalizing depriving an animal of "necessary"

16   sustenance, drink, or shelter; subjecting an animal to "needless suffering;" or failing

17   to provide an animal with "proper" food or drink has been upheld after similar

18   challenges because the terms "necessary," "needless," and "proper" give fair notice

19   of an objective standard.  *People v. Speegle*, 53 Cal. App. 4th 1405, 1410-11,

20   62 Cal. Rptr. 2d 384 (1997).  This statute also did not articulate a "unit of measure,

21   a relevant time period, or an appropriate reference" animal.  *See* Compl. ¶ 67.  The

22   Legislature does not need to catalogue every action that would violate the statute.

23   *Speegle*, 53 Cal. App. 4th at 1411.  It is sufficient that the statute embodies an

24   objective concept.  *See id*.

25        Additionally, Plaintiffs' allegations that they cannot tell whether they may

26   continue to sell other duck products such as goose down jackets or other products

27   from geese that have been raised for their livers can also be resolved as a matter of

28   law.  *See* Compl. ¶¶ 68-69.  The statute is clear that the only products that can be

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1   the result of force feeding a bird for the purpose of enlarging its liver are enlarged

2   liver products, e.g. foie gras.  Even if the Court were to look at legislative intent, the

3   legislative history confirms the plain language of the statute.  *See* California Bill

4   Analysis, S.B. 1520, 2003-2004 Regular Sess. (Cal. Aug. 17, 2004), *available at*

5   http://leginfo.ca.gov/pub/03-04/bill/sen/sb_1501-

6   1550/sb_1520_cfa_20040825_095126_sen_floor.html (Exhibit 1 to Req. for

7   Judicial Notice in Supp. of Mot. to Dismiss First Am. Compl. by Defs., filed

8   herewith) (describing force feeding as the method of producing foie gras only).

9   **V.   PLAINTIFFS' SECOND CAUSE OF ACTION MUST BE DISMISSED BECAUSE
        SCIENTER IS NOT REQUIRED TO IMPOSE CIVIL PENALTIES.**

10

11          Plaintiffs' second cause of action alleges that section 25982 violates the Due

12   Process clause because it imposes a penalty without a scienter requirement.  Compl.

13   12-14.  This argument fails because scienter is not required to impose civil penalties

14   for statutory violations when the statute is silent as to state of mind.  *Humanitarian*

15   *Law Project v. U.S. Treasury Dep't*, 578 F.3d 1133, 1152 (9th Cir. 2009); *Northern*

16   *Wind, Inc. v. Daley*, 200 F.3d 13, 19 (1st Cir. 1999).  Additionally, the statute is

17   clear about what products cannot be sold in California—those that result from force

18   feeding a bird for the purpose of enlarging its liver beyond normal size.  A seller of

19   foie gras can figure out whether its supplier is force feeding a bird just by asking.

20   Likewise, a foie gras producer knows whether he or she is force feeding birds to

21   enlarge their livers.

22   **VI.  PLAINTIFFS' THIRD, FOURTH, AND SIXTH CAUSES OF ACTION MUST BE
         DISMISSED BECAUSE HEALTH AND SAFETY CODE SECTION 25982 DOES
         NOT VIOLATE THE COMMERCE CLAUSE.**

23

24          The Commerce Clause authorizes Congress to "regulate Commerce with

25   foreign Nations, and among the several States . . . ."  U.S. Const. art. I, § 8, cl. 3.

26   The Commerce Clause includes an implied limitation on the states' authority to

27   adopt legislation that affects commerce.  This implied limitation is often referred to

28   as the negative or dormant Commerce Clause.  *Healy v. Beer Inst.*, 491 U.S. 324,

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1   326 n.1, 109 S. Ct. 2491, 2499 n.1, 105 L. Ed. 2d 275 (1989) (emphasis added).

2   The purpose of the dormant Commerce Clause is to "prohibit state or municipal

3   laws whose object is local economic protectionism, laws that would excite those

4   jealousies and retaliatory measures the Constitution was designed to prevent."

5   *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383, 390, 114 S. Ct.

6   1677, 1682, 128 L. Ed. 2d 399 (1994).  However, its restrictions are "by no means

7   absolute" and "[s]tates retain authority under their general police powers to regulate

8   matters of legitimate local concern, even though interstate commerce may be

9   affected*." Maine v. Taylor*, 477 U.S. 131, 138, 106 S. Ct. 2440, 2447, 91 L. Ed. 2d

10  110 (1986) (citations and quotations omitted).  "As long as a State does not

11  needlessly obstruct interstate trade or attempt to place itself in a position of

12  economic isolation, it retains broad regulatory authority to protect the health and

13  safety of its citizens and the integrity of its natural resources." *Id*. at 151 (citations

14  and quotations omitted).

15          Whether state legislation violates the dormant Commerce Clause is generally

16  analyzed under a two-tiered approach.  *Brown-Forman Distillers Corp. v. N.Y.*

17  *State Liquor Auth*., 476 U.S. 573, 578-79, 106 S. Ct. 2080, 2084, 90 L. Ed. 2d 552

18  (1986).  A statute is essentially per se invalid if it directly regulates or discriminates

19  against interstate commerce or if its effect is to favor in-state economic interests

20  over out-of-state interests. *Id*. at 579.  On the other hand, when a statute is

21  nondiscriminatory and has only indirect effects on interstate commerce and

22  regulates evenhandedly, courts usually examine whether the state's interest is

23  legitimate and whether the burden on interstate commerce clearly exceeds the local

24  benefits under *Pike v. Bruce Church, Inc*., 397 U.S. 137, 142, 90 S. Ct. 844, 847, 25

25  L. Ed. 2d 174 (1970).  *Brown-Forman Distillers Corp*., 476 U.S. at 579.

26  / / /

27  / / /

28

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1
2

**A.    Plaintiffs' third cause of action must be dismissed because Section 25982 does not regulate extraterritorially.**

3    By its terms, section 25982 is not an extraterritorial regulation.  A statute

4    violates the Commerce Clause where it "directly controls commerce occurring

5    wholly outside the boundaries of the state."  *Healy*, 491 U.S. at 336 (emphasis

6    added).  Section 25982 only regulates the sale of foie gras under certain

7    circumstances within California.  It does not directly, or indirectly, control

8    commerce occurring wholly outside of California.  *See Gerling Global Reinsurance*

9    *Corp. of Am. v. Low*, 240 F.3d 739, 746 (9th Cir. 2001) (holding state law did not

10   violate Commerce Clause where statute "on its face, does not regulate foreign

11   insurance policies, or control the substantive conduct of a foreign insurer, or

12   otherwise affect 'the business of insurance' in any other country").  For instance, in

13   *Healy v. Beer Institute*, the Supreme Court struck down a Connecticut statute that

14   required out-of-state beer shippers to post their prices for beer sold in Connecticut

15   each month and certify that the prices would be no higher than prices at which the

16   same products were sold in bordering states for the rest of the month.  491 U.S. at

17   326-27.  The statute violated the Commerce Clause because it had the practical

18   effect of controlling prices of sales in other states.  *Id*. at 337-40.  By contrast,

19   section 25982 has no effect on any transactions that take place outside of California.

20   While section 25982 may impact the interstate market, it does not regulate out-of-

21   state conduct.  *Illinois Rest. Ass'n v. City of Chicago*, 492 F. Supp. 2d 891, 899

22   (N.D. Ill. 2007) ("The court finds that the fact that the Ordinance has an economic

23   effect on out-of-state foie gras production does not mean that it regulates or

24   discriminates against interstate commerce.").[2]

25   _____

26        [2]  Plaintiffs previously noted that the district court vacated the judgment as
     moot after Chicago repealed its foie gras ordinance.  The opinion itself is still good
     law and carries persuasive weight.  *See NASD Dispute Resolution, Inc. v. Judicial*
27   *Council*, 488 F.3d 1065, 1069 (9th Cir. 2007) ("No matter what we conclude, the
     opinion of the district court will not be ripped from Federal Supplement 2d.  It will
28   still be available and will still be citable for its persuasive weight."); *see also* 15A
                                                              (continued…)

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1    Previously, Plaintiffs noted that section 25984(c) states that it is the

2    Legislature's intent, by delaying the operative date of the foie gras statutes, to allow

3    persons engaged in agricultural practices that include raising and selling force fed

4    birds to modify their business practices.  The delayed operative date applies not

5    only to section 25982, but also section 25981.  Section 25981, the production ban,

6    only applies within California.  Thus, section 25984(c) does not suggest that it was

7    the Legislature's intent to operate beyond California.  The sale ban merely

8    reinforces the in-state production ban by removing the incentive for in-state

9    producers to force feed birds in contravention of the ban.  California also has an

10   interest in prohibiting sales involving animal cruelty within its borders.  Regardless,

11   "the legislature's stated purpose in enacting a statute is not dispositive of a dormant

12   Commerce Clause challenge."  *Gerling Global Reinsurance Corp. of Am.*, 240 F.3d

13   at 746.  "The Commerce Clause seeks to prevent extraterritorial economic 'effects,'

14   not purposes."  *Id*.

15       **B.    Section 25982 has no discriminatory effects.**

16       Health and Safety Code section 25982 also does not discriminate against

17   interstate commerce or favor in-state economic interests.  Section 25982 is facially

18   neutral and bans the sale of all products resulting from force feeding a bird for the

19   purpose of enlarging the bird's liver beyond normal size, regardless of origin.  "An

20   import ban that simply effectuates a complete ban on commerce in certain items is

21   not discriminatory, as long as the ban on commerce does not make distinctions

22   based on the origin of the items."  *Pacific Nw. Venison Producers v. Smitch*,

23   20  F.3d 1008, 1012 (9th Cir. 1994).  This is not legislation that protects California

24   foie gras producers at the expense of out-of-state producers.  *See id*. ("The guiding

25   principle in determining whether a state regulation discriminates against interstate

26   _____

27   (…continued)
     Am. Jur. 2d Commerce § 39 n.11 (citing *Illinois Rest. Ass'n v. City of Chicago*, 492
     F. Supp. 2d 891(N.D. Ill. 2007)).

28

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1    or foreign commerce is whether either the purpose or the effect of the regulation is

2    economic protectionism.").  In fact, Plaintiffs allege that the in-state foie gras

3    producer has closed.  Compl. ¶ 20.  Thus, section 25982 in no way discriminates

4    against interstate commerce.

5        **C.    Plaintiffs' sixth cause of action fails because Pike balancing is**
             **not required.**
6

7        An Illinois district court has upheld a City of Chicago ban on the sale of foie

8    gras where the state of Illinois did not even have any foie gras producers.  *Illinois*

9    *Rest. Ass'n*, 492 F. Supp. 2d. at 892-93.  In doing so, the district court held that the

10   ordinance did not regulate or discriminate against interstate commerce.  *Id*. at 901.

11   The court went on to hold that because the ordinance did not have any effect on in-

12   state interests since no foie gras was produced in Illinois, *Pike* balancing was not

13   necessary and the ordinance was found not to violate the dormant Commerce

14   Clause.  *Id*. at 904.  Similarly, Health and Safety Code section 25982 cannot have

15   any effect on in-state interests because its ban offers no benefit to any in-state foie

16   gras producers.  Indeed, foie gras is no longer produced in California.  Compl. ¶ 20.

17   Thus, *Pike* balancing is not required and section 25982 does not violate the dormant

18   Commerce Clause.

19       Even if the Court were to use *Pike* balancing, however, the state's interest is

20   legitimate and the burden on interstate commerce does not exceed the local benefits.

21   *See Pike*, 397 U.S. at 142.  "A facially neutral statute may violate the Commerce

22   Clause if 'the burdens of the statute . . . so outweigh the putative benefits as to

23   make the statute unreasonable or irrational.'"  *UFO Chuting of Hawaii, Inc. v.*

24   *Smith*, 508 F.3d 1189, 1196 (9th Cir. 2007) (quoting *Alaska Airlines, Inc. v. City of*

25   *Long Beach*, 951 F.2d 977, 983 (9th Cir. 1991) (per curiam)).  That is not the case

26   here.  Preventing cruelty to animals is a legitimate governmental interest.  *Church*

27   *of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 538, 113 S. Ct.

28   2217, 2229, 124 L. Ed. 2d 472 (1993); *see also United States v. Stevens*, 130 S. Ct.

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1   1577, 1585, 176 L. Ed. 2d 435 (2010) ("[T]he prohibition of animal cruelty itself

2   has a long history in American law, starting with the early settlement of the

3   Colonies.").  And the statute is narrowly tailored to the state's interest.  Section

4   25982 bans the sale of foie gras only if it is produced by means that are tantamount

5   to animal cruelty.  California has a legitimate interest in preventing sales related to

6   animal cruelty within its borders.  Further, with respect to balancing, "[e]ven in the

7   context of dormant commerce clause analysis, the Supreme Court has frequently

8   admonished that courts should not 'second-guess the empirical judgments of

9   lawmakers concerning the utility of legislation.'"  *Pacific Nw. Venison Producers*,

10  20 F.3d at 1017 (quoting *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 92,

11  107 S. Ct. 1637, 1651, 95 L. Ed. 2d 67 (1987)).  Therefore, Plaintiffs' allegations

12  fail as a matter of law.

13      **D.    Plaintiffs' fourth cause of action must be dismissed because
           section 25982 does not violate any federal interest in uniformity.**

14

15      Plaintiffs' fourth cause of action alleges that section 25982 violates the

16  Commerce Clause because it disrupts the federal interest in national uniformity in

17  the market for poultry products.  *See* Compl. 15.  The legal theory behind this claim

18  is somewhat unclear.

19      "The Supreme Court has indicated that when state regulations affect foreign

20  commerce, additional scrutiny is necessary to determine whether the regulations

21  may impair uniformity in an area where federal uniformity is essential, or may

22  implicate matters of concern to the whole nation such as the potential for

23  international retaliation."  *Pacific Nw. Venison Producers*, 20 F.3d at 1014

24  (citations and quotations omitted).  "Because the [law] treats domestic and foreign

25  foie gras equally, however, the dormant Foreign Commerce Clause is inapplicable."

26  *Illinois Rest. Ass'n*, 492 F. Supp. 2d. at 905.  Additionally, this is not a matter in

27  which national uniformity is important and thus additional scrutiny would be

28  appropriate.  *See Pacific Nw. Venison Producers*, 20 F.3d at 1014 (noting most

16

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1    states and Canadian provinces ban some species of wildlife and the lists vary

2    widely).  Congress has not recognized a need for national uniformity with respect to

3    foie gras.

4         As discussed further below, there are also no laws with which section 25982

5    conflicts.  To the extent that Plaintiffs base their claim on *Schollenberger v.*

6    *Pennsylvania*, 171 U.S. 1, 18 S. Ct. 757, 43 L. Ed. 48 (1898), that case is not

7    controlling and modern dormant commerce clause analysis applies to product bans.

8    *Nat'l Kerosene Heater Ass'n, Inc. v. Mass.*, 653 F. Supp. 1079, 1095-96 (D. Mass.

9    1986).

10   **VII. PLAINTIFFS' FIFTH CAUSE OF ACTION MUST BE DISMISSED BECAUSE
         HEALTH AND SAFETY CODE SECTION 25982 IS NOT PREEMPTED BY
11       FEDERAL LAW.**

12        Plaintiffs' preemption claim also fails as a matter of law.  Congress may

13   expressly state that it is preempting state law or preemption may be implied in one

14   of two ways.  *California v. ARC Am. Corp.*, 490 U.S. 93, 100, 109 S. Ct. 1661,

15   1665, 104 L. Ed. 2d 86 (1989).  First, Congress can occupy the field.  *Id*.  Second,

16   state law is preempted if it "actually conflicts with federal law, that is, when

17   compliance with both state and federal law is impossible, or when the state law

18   stands as an obstacle to the accomplishment and execution of the full purposes and

19   objectives of Congress."  *Id*. at 100-01 (citations and quotations omitted).

20   Additionally, "Congress' enactment of a provision defining the pre-emptive reach

21   of a statute implies that matters beyond that reach are not pre-empted."  *Cipollone v.*

22   *Liggett Group, Inc*., 505 U.S. 504, 517, 112 S. Ct. 2608, 2618, 120 L. Ed. 2d 407

23   (1992).  There is also a presumption against preemption of statutes involving a

24   state's police power.  *Id*. at 518.

25        In *National Meat Ass'n v. Harris*, the Supreme Court held that the Federal

26   Meat Inspection Act ("FMIA") preempted a California law dictating what

27   slaughterhouses must do with pigs that cannot walk.  132 S. Ct. 965, 968, 181 L. Ed.

28   2d 950 (2012).  FMIA regulates the inspection, handling, and slaughter of livestock

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1  for human consumption.  *Id.*  The California law at issue prevented slaughterhouses

2  from selling, processing, or butchering a nonambulatory animal, and required the

3  slaughterhouse to humanely euthanize any nonambulatory animals.  *Id.* at 970.  In

4  contrast, federal law and regulations allowed nonambulatory pigs to be set aside

5  and held without euthanizing them.  *Id.* at 969, 971.  FMIA's preemption clause

6  prevented a state from imposing any additional or different requirements

7  concerning a slaughterhouse's facilities or operations.  *Id.* at 970.  The Court held

8  that the California law imposed different requirements concerning the

9  slaughterhouse's facilities or operations.  *Id.* at 970, 975.

10      The Poultry Products Inspection Act, 21 U.S.C. § 451 et seq. ("PPIA")

11  regulates the inspection of poultry products to ensure that they are "wholesome, not

12  adulterated, and properly marked, labeled, and packaged."  21 U.S.C. § 451.

13  "Poultry products" "means any poultry carcass, or part thereof; or any product

14  which is made wholly or in part from any poultry carcass or part thereof" and thus

15  is broad enough to include foie gras.  *Id.* § 453(f).  Similar to FMIA's preemption

16  clause, PPIA prevents a state from imposing any additional or different

17  requirements concerning a slaughterhouse's facilities or operations.  *Id.* § 467(e).

18  Unlike the California statute at issue in *National Meat Ass'n v. Harris*, section

19  25982 "works at a remove from the sites and activities that the [federal law] most

20  directly governs."  *Nat'l Meat Ass'n*, 132 S. Ct. at 974.  Section 25982 regulates

21  sales and not slaughterhouse activity.  Meanwhile, PPIA regulates slaughterhouse

22  activity and makes no specific mention of sales of foie gras.  Therefore, section

23  25982 is not preempted by PPIA.

24      Similarly, federal materials defining foie gras do not conflict with or preempt

25  a state animal cruelty law.  *See* Compl. ¶¶ 35-40.

26  / / /

27  / / /

28

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)

1  **VIII.  PLAINTIFFS' SEVENTH CAUSE OF ACTION MUST BE DISMISSED BECAUSE THERE IS NO BASIS FOR INJUNCTIVE RELIEF.**

2

3        Plaintiffs' seventh cause of action must be dismissed because there is no basis

4  for injunctive relief where each of the plaintiff's other claims have failed.

5  "'Injunctive relief, like damages, is a remedy requested by the parties, not a

6  separate cause of action.'"  *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185,

7  1205 (S.D. Cal. 2010) (quoting *Cox Commc'ns PCS, L.P. v. City of San Marcos*,

8  204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002)).  When no claims remain to serve as

9  the basis for an injunction, the request for injunction must be dismissed as well.  *Id.*

10                                    **CONCLUSION**

11        For the foregoing reasons, Defendants respectfully request that the Court grant

12  their motion to dismiss Plaintiffs' first amended complaint in its entirety.

13

14

15  Dated:  September 6, 2012                 Respectfully submitted,

16                                            KAMALA D. HARRIS
                                              Attorney General of California
17                                            CONSTANCE L. LELOUIS
                                              Supervising Deputy Attorney General
18
                                              */s/* STEPHANIE F. ZOOK
19
                                              STEPHANIE F. ZOOK
20                                            Deputy Attorney General
                                              *Attorneys for Defendants State of*
21                                            *California, Governor of California,*
                                              *and Attorney General*
22  SA2012106936
    10942654.doc
23

24

25

26

27

28

Notice of Motion and Motion to Dismiss First
Amended Complaint, Memorandum of Points and
Authorities in Support (CV-12-05735-SVW-RZ)