BRYAN W. PEASE, ESQ. (SBN 239139)
1901 First Ave., Suite 219
San Diego, CA 92101
Telephone:  (619) 723-0369
Facsimile:   (619) 923-1001
E-mail: bryanpease@gmail.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>KAMALA J. HARRIS, in her official capacity as Attorney General of California; EDMUND G. BROWN, in his official capacity as Governor of California; and the STATE OF CALIFORNIA<br><br>          Defendants. | Case No. CV-12-5735-SVW (RZx)<br><br>**DECLARATION OF BRYAN PEASE REGARDING CONFLICT OF INTEREST**<br><br>Date: Sept. 19, 2012<br>Time: 12:00 p.m.<br>Courtroom: 6<br>Judge: Hon. Steven V. Wilson |

1

CV12-5735
DECLARATION REGARDING CONFLICT OF INTEREST

I, Bryan Pease, declare as follows:

1. I am a resident of California, over the age of 18 years, and competent to testify as a witness. I state the following of my own personal knowledge, except those matters stated on information or belief, and as to those matters, I believe them to be true.

2. I do not represent any party in this matter but am fulfilling my duty as an officer of the Court to notify the Court of an actual conflict of interest existing between one of the plaintiffs and the other plaintiffs in this case.

3. On September 14, 2012 at approximately 1:00 p.m., I had a conversation with David Craycraft, owner of plaintiff Gauge Outfitters.

4. Mr. Craycraft told me he is not in favor of force feeding ducks and is not in favor of the sale of foie gras, and that he only joined the present lawsuit because the Plaintiffs' attorney approached him and convinced him that the law could be construed to apply to the feathers he sells in down jackets.

5. Mr. Craycraft also told me that had received no indication from anyone other than Plaintiffs' counsel that the Foie Gras Law could be applied to down feathers, and that there had been no threat of any such enforcement.

6. I explained to Mr. Craycraft that the Foie Gras Law only applies to products which are the "result of" force feeding a bird for the purpose of enlarging the bird's liver beyond normal size, and that feathers grow the same regardless of the feeding method used so would not fall into this category.

7. The other Plaintiffs in this case are foie gras producers and sellers who are engaged in the practice of force feeding ducks with long metal pipes—pumping them full of massive quantities of food to enlarge their livers to over 10 times normal size—and they want this Court to entirely deny the State of California its sovereign power to protect the health and morals of its citizens in banning the sale of these grotesquely enlarged livers from cruelly force fed birds.

8. Mr. Craycraft, on the other hand, only wants clarity that the law does not apply to the feathers that he sells—a concern manufactured by Plaintiffs' attorney—and he is not in favor of striking down the entire law.

9. California Rules of Professional Conduct Rule 3-310(C) prohibits representation of multiple clients in a matter in which the interests of the clients potentially or actually conflict. Mr. Craycraft was not even advised about this conflict, let alone waived it in writing as the rules require.

10. There is an actual conflict of interest here because Plaintiff Gauge Outfitters does not wish to see the entire Foie Gras Law struck down, whereas the other plaintiffs stand to gain financially and are paying their attorney to seek exactly this result.

11. After my conversation with Mr. Craycraft, I immediately called and left a message for the Deputy Attorney General handling this case. However, I still have not heard back from the Deputy Attorney General and have no other means to bring this matter to the attention of the Court other than filing this declaration.

12. I make this declaration to inform the Court of an actual conflict and potential violation of the Rules of Professional Conduct, so that the Court may inquire further into this matter if it so desires prior to ruling on any of Plaintiffs' motions.

I declare under penalty of perjury the foregoing is true and correct.

Dated: September 18, 2012            By:   /s/ Bryan Pease
                                           Bryan Pease

## CERTIFICATE OF SERVICE

I, Bryan Pease, hereby certify that on September 18, 2012, I electronically filed the foregoing DECLARATION OF BRYAN PEASE REGARDING CONFLICT OF INTEREST by using the CM/ECF system. All parties to this case were then served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 18, 2012                By:   _/s/ Bryan Pease_____
                                                Bryan Pease