1  KAMALA D. HARRIS
   Attorney General of California
2  CONSTANCE L. LELOUIS
   Supervising Deputy Attorney General
3  State Bar No. 148821
   PETER H. CHANG
4  Deputy Attorney General
   State Bar No. 241467
5  STEPHANIE F. ZOOK
   Deputy Attorney General
6  State Bar No. 238383
     1300 I Street, Suite 125
7    P.O. Box 944255
     Sacramento, CA 94244-2550
8    Telephone: (916) 324-2512
     Fax: (916) 324-8835
9    E-mail: Stephanie.Zook@doj.ca.gov
   *Attorneys for Defendant Attorney General*

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                      WESTERN DIVISION

14

| | |
|---|---|
| 15 **ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC**, a Canadian non-profit corporation; **HVFG LLC**, a New York limited liability company; and **HOT'S RESTAURANT GROUP, INC.**, a California corporation, | Case No. CV-12-05735-SVW-RZ **ATTORNEY GENERAL'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

15  **ASSOCIATION DES ÉLEVEURS
16  DE CANARDS ET D'OIES DU
    QUÉBEC**, a Canadian non-profit
    corporation; **HVFG LLC**, a New
17  York limited liability company; and
    **HOT'S RESTAURANT GROUP,
18  INC.**, a California corporation,

19                              Plaintiffs,

20                 v.

21  **KAMALA D. HARRIS**, in her official
22  capacity as Attorney General of
    California,

23                              Defendant.

24

Case No. CV-12-05735-SVW-RZ

**ATTORNEY GENERAL'S
NOTICE OF MOTION AND
MOTION TO DISMISS SECOND
AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND
AUTHORITIES**

Date:          July 14, 2014
Time:          1:30 p.m.
Courtroom:  6
Judge:         Stephen V. Wilson
Trial Date:   None
Action Filed: July 2, 2012

25

26

27

28

1

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1   **TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

2       PLEASE TAKE NOTICE that on July 14, 2014, at 1:30 p.m., or as soon

3   thereafter as the matter may be heard, in Courtroom 6 of the above-entitled court,

4   located at 312 North Spring Street, Los Angeles, California 90012, defendant

5   Kamala D. Harris ("Defendant"), shall move, and hereby does move this Court for

6   an order under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) dismissing

7   the Second Amended Complaint of Plaintiffs Association des Éleveurs de Canards

8   et d'Oies du Québec, HVFG LLC, and Hot's Restaurant Group, Inc. (collectively,

9   "Plaintiffs").

10       Defendant moves to dismiss the entire Second Amended Complaint, under

11   Federal Rule of Civil Procedure 12(b)(1), on the ground that this Court lacks

12   jurisdiction over the subject matter because the claims are not justiciable.

13       Under Federal Rule of Civil Procedure 12(b)(6), Defendant also moves to

14   dismiss the first cause of action for declaratory relief on the ground that it fails to

15   state a claim upon which relief may be granted because California Health and

16   Safety Code section 25982 bans the sale of all products resulting from force feeding

17   a bird for the purpose of enlarging the bird's liver beyond normal size, regardless of

18   origin.

19       Under Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss

20   the second cause of action for declaratory relief on the ground that it fails to state a

21   claim upon which relief may be granted because there is no live controversy.

22       Under Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss

23   the third cause of action for violation of the Supremacy Clause on the ground that it

24   fails to state a claim upon which relief may be granted because section 25982 is not

25   preempted by federal law.

26       Under Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss

27   the fourth cause of action, brought under the Commerce Clause, on the ground that

28

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1  it fails to state a claim upon which relief may be granted because section 25982

2  does not violate the Commerce Clause and does not regulate extraterritorially.

3       Under Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss

4  the fifth cause of action, brought under the Commerce Clause, on the ground that it

5  fails to state a claim upon which relief may be granted because section 25982 does

6  not violate the Commerce Clause and balancing under *Pike v. Bruce Church, Inc.*,

7  397 U.S. 137, 90 S. Ct. 844, 25 L. Ed. 2d 174 (1970) is not required.  Even if such

8  balancing was required, section 25982 serves a legitimate local purpose and its

9  putative benefits outweigh any burden on interstate commerce.

10      Under Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss

11 the sixth cause of action, brought under the Due Process Clause, on the ground that

12 it fails to state a claim upon which relief may be granted because California Health

13 and Safety Code section 25982 provides reasonable notice of what conduct is

14 prohibited by its terms and scienter is not required to impose civil penalties.

15      This motion is made following the conference of counsel under C.D. Cal. R.

16 7-3, which took place on April 14, 2014.

17 ///

18 ///

19 ///

20

21

22

23

24

25

26

27

28

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1    This motion is based upon this notice of motion and motion, the

2 accompanying memorandum of points and authorities, the pleadings and papers on

3 file, and upon such further evidence, both oral and documentary, as may be offered

4 at the time of the hearing.

5

6 Dated: May 2, 2014                         Respectfully submitted,

7                                            KAMALA D. HARRIS
                                             Attorney General of California
8                                            CONSTANCE L. LeLOUIS
                                             Supervising Deputy Attorney General
9                                            PETER H. CHANG
                                             Deputy Attorney General
10

11                                           /s/ STEPHANIE F. ZOOK

12                                           STEPHANIE F. ZOOK
                                             Deputy Attorney General
13   SA2012106936                            *Attorneys for Defendant Attorney General*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................. 1

Statement of Facts ...................................................................... 2

Procedural History ...................................................................... 2

Argument ...................................................................................... 3

I.     Legal standard ................................................................ 3

       A.    Rule 12(b)(1) ...................................................... 3

       B.    Rule 12(b)(6) ...................................................... 3

II.    All causes of action must be dismissed under rule 12(b)(1) because Plaintiffs' claims are not justiciable. ............................ 4

III.   Plaintiffs have failed to state a claim as a matter of law ........... 6

       A.    Plaintiffs' first cause of action must be dismissed because California Health and Safety Code section 25982 applies regardless of the origin of the product. ....................... 6

       B.    Plaintiffs' second cause of action must be dismissed because there is no live controversy between the Attorney General and Plaintiffs surrounding the application of section 25982. .............................................................. 6

       C.    Plaintiffs' third cause of action must be dismissed because section 25982 is not preempted by federal law. ....................... 7

       D.    Plaintiffs' fourth and fifth causes of action must be dismissed because section 25982 does not violate the Commerce Clause. ............................................................. 9

            1.    Plaintiffs' fourth cause of action must be dismissed because section 25982 does not regulate extraterritorially. ....................................................... 10

            2.    Plaintiffs' fifth cause of action must be dismissed because *Pike* balancing is not required, but even if it were, section 25982 serves a legitimate local purpose and its benefits outweigh any burden on interstate commerce. ......................................... 13

                  a.    Section 25982 does not substantially burden interstate commerce. ..................................... 13

                  b.    Section 25982 would pass any *Pike* balancing because any burden does not "clearly exceed" its benefits. .............................. 14

       E.    Plaintiffs' sixth cause of action must be dismissed because section 25982 does not violate the Due Process Clause. ..................................................................... 16

            1.    Section 25982 is not unconstitutionally vague. .............. 16

                  a.    Plaintiffs cannot raise a facial challenge. ............. 16

                  b.    Plaintiffs' as-applied challenge fails. ................... 17

Attorney General's Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities (CV-12-05735-SVW-RZ)

1

2

**TABLE OF CONTENTS**
**(continued)**

Page

3    c. It is clear what conduct section 25982
     prohibits..............................................................17

4   2. Scienter is not required to impose civil penalties...........20

5 IV. Plaintiffs should be denied leave to amend.........................................20

6 Conclusion ...................................................................................................21

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

# TABLE OF AUTHORITIES

**Page**

CASES

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
   300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937).................................... 6

*Allen v. City of Beverly Hills*
   911 F.2d 367 (9th Cir. 1990)......................................................................... 20

*Ashcroft v. Iqbal*
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)...................... 3

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
   729 F.3d 937 (9th Cir. 2013)............................................................*passim*

*Barnes v. Glen Theatre, Inc.*
   501 U.S. 560, 111 S. Ct. 2456, 115 L. Ed. 2d 504 (1991)..................... 15

*Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*
   476 U.S. 573, 106 S. Ct. 2080, 90 L. Ed. 2d 552 (1986) ....................... 10

*California v. ARC Am. Corp.*
   490 U.S. 93, 109 S. Ct. 1661, 104 L. Ed. 2d 86 (1989)............................ 7

*Cavel Int'l, Inc. v. Madigan*
   500 F.3d 551 (7th Cir. 2007)..................................................................... 8, 15

*Chandler v. State Farm Mut. Auto. Ins. Co.*
   598 F.3d 1115 (9th Cir. 2010)........................................................................ 3

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*
   508 U.S. 520, 113 S. Ct. 2217, 124 L. Ed. 2d 472 (1993).................... 14

*Cipollone v. Liggett Group, Inc.*
   505 U.S. 504, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992)...................... 7

*Empacadora de Carnes de Fresnillo, S.A. de C.V. v. Curry*
   476 F.3d 326 (5th Cir. 2007).................................................................... 9, 16

*Grayned v. City of Rockford*
   408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972)..................... 17, 19

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Healy v. Beer Inst.*
   491 U.S. 324, 109 S. Ct. 2491, 105 L. Ed. 2d 275 (1989)................................... 9, 11

4

5

*Holder v. Humanitarian Law Project*
   561 U.S. 1, 130 S. Ct. 2705, 177 L. Ed. 2d 355 (2010)..................................... 16, 17

6

7

*Humanitarian Law Project v. U.S. Treasury Dep't*
   578 F.3d 1133 (9th Cir. 2009)...................................................................... 20

8

9

*Illinois Rest. Ass'n v. City of Chicago*
   492 F. Supp. 2d 891 (N.D. Ill. 2007)............................................................. 12, 13

10

11

*Johnson v. Riverside Healthcare Sys., LP*
   534 F.3d 1116 (9th Cir. 2008)........................................................................ 4

12

13

*Lazy Y Ranch Ltd. v. Behrens*
   546 F.3d 580 (9th Cir. 2008)........................................................................ 4

14

15

*Long v. Van de Kamp*
   961 F.2d 151 (9th Cir. 1992)........................................................................ 5

16

17

*Maine v. Taylor*
   477 U.S. 131, 106 S. Ct. 2440, 91 L. Ed. 2d 110 (1986) ............................... 9

18

19

*MedImmune, Inc. v. Genentech, Inc.*
   549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)............................... 4

20

*NASD Dispute Resolution, Inc. v. Judicial Council*
   488 F.3d 1065 (9th Cir. 2007) .................................................................... 12

21

22

*Nat'l Ass'n of Optometrists & Opticians v. Brown*
   567 F.3d 521 (9th Cir. 2009)...................................................................... 10, 12

23

24

*Nat'l Ass'n of Optometrists & Opticians v. Harris*
   682 F.3d 1144 (9th Cir. 2012)................................................................ 9, 10, 13, 14

25

26

*NCAA v. Miller*
   10 F.3d 633 (9th Cir. 1993) ........................................................................ 11

27

28

*North Star Int'l v. Ariz. Corp. Comm'n*
   720 F.2d 578 (9th Cir. 1983)........................................................................ 3

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

# TABLE OF AUTHORITIES
## (continued)

Page

*Northern Wind, Inc. v. Daley*
200 F.3d 13 (1st Cir. 1999)........................................................................ 20

*Pac. Nw. Venison Producers v. Smitch*
20 F.3d 1008 (1994) .......................................................................... 14, 15

*Pharm. Research & Mfrs. of Am. v. Walsh*
538 U.S. 644, 123 S. Ct. 1855, 155 L. Ed. 2d 889 (2003) ............................ 7, 11, 12

*Pike v. Bruce Church, Inc.*
397 U.S. 137, 90 S. Ct. 844, 25 L. Ed. 2d 174 (1970) .................................... *passim*

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S.*
*Dep't of Agric.*
499 F.3d 1108 (9th Cir. 2007).......................................................................... 3

*Rocky Mountain Farmers Union v. Corey*
730 F.3d 1070 (9th Cir. 2013)................................................................... 10, 12

*Sacks v. Office of Foreign Assets Control*
466 F.3d 764 (9th Cir. 2006)............................................................................ 5

*Sprewell v. Golden State Warriors*
266 F.3d 979, *amended by* 275 F.3d 1187 (9th Cir. 2001) ........................................ 4

*UFO Chuting of Haw., Inc. v. Smith*
508 F.3d 1189 (9th Cir. 2007)........................................................................ 14

*United States v. Mazurie*
419 U.S. 544, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975)............................................ 16

*United States v. Nat'l Dairy Products Corp.*
372 U.S. 29, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963)............................................... 17

*United States v. Petrillo*
332 U.S. 1, 67 S. Ct. 1538, 91 L. Ed. 1877 (1947)............................................... 17

*United States v. Purdy*
264 F.3d 809 (9th Cir. 2001)......................................................................... 16

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

**TABLE OF AUTHORITIES**
(continued)

<div align="right">

**Page**

</div>

*United States v. Salerno*
   481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) ................................ 3

*United States v. Stevens*
   559 U.S. 460, 130 S. Ct. 1577, 176 L. Ed. 2d 435 (2010) ......................... 8, 14

*United States v. Williams*
   553 U.S. 285, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008) ............................ 20

*Valley Bank of Nev. v. Plus Sys., Inc.*
   914 F.2d 1186 (9th Cir. 1990) ........................................................................ 12

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*
   455 U.S. 489, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982) ................... 16, 17, 18

*Wash. State Grange v. Wash. State Republican Party*
   552 U.S. 442, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008) ............................. 3

*Western Mining Council v. Watt*
   643 F.2d 618 (9th Cir. 1981) .......................................................................... 4

*Wyeth v. Levine*
   555 U.S. 555, 129 S. Ct. 1187, 173 L. Ed. 2d 51 (2009) ............................... 7

**STATUTES**

21 United States Code
   § 451 .............................................................................................................. 8
   § 453 .............................................................................................................. 8
   § 467(e) .......................................................................................................... 8

28 United States Code
   § 2201 ............................................................................................................ 4
   § 2201(a) ........................................................................................................ 4

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

# TABLE OF AUTHORITIES
## (continued)

<div align="right">Page</div>

California Health & Safety Code
   § 25980(b) .................................................................................. 18
   § 25981 .................................................................................. 2, 14
   § 25982 .................................................................................. *passim*
   § 25983(a) .................................................................................. 2
   § 25983(b) .................................................................................. 2
   § 25983(c) .................................................................................. 2
   § 25984 .................................................................................. 2

CONSTITUTIONAL PROVISIONS

California Constitution
   Article V, § 13 .................................................................................. 5

United States Constitution
   Article I, § 8 .................................................................................. 9
   Article III .................................................................................. 4, 5, 6

COURT RULES

Federal Rules of Civil Procedure
   Rule 12(b)(1) .................................................................................. 3, 4
   Rule 12(b)(6) .................................................................................. 3, 4

REGULATIONS

9 Code of Federal Regulations
   § 381.1 (2013) .................................................................................. 8

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

## MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION

In their Second Amended Complaint, Plaintiffs challenge the constitutionality of California Health and Safety Code section 25982 in an action against the California Attorney General. Section 25982 narrowly protects California's legitimate interest in preventing, within its own borders, the sale of products resulting from force feeding a bird to abnormally enlarge its liver. As a threshold matter, this complaint must be dismissed because Plaintiffs' claims are not justiciable as there is no genuine threat of imminent prosecution by the Attorney General. Even after amending their complaint for a second time, Plaintiffs fail to allege a viable claim under any theory.

Plaintiffs are not entitled to declaratory relief regarding whether section 25982 applies to foie gras products made from livers of ducks that are fed entirely outside of California because the Ninth Circuit has already ruled it does. Plaintiffs' claim for declaratory relief regarding the scope of what constitutes a sale under the statute is also improper because it seeks an unconstitutional advisory opinion not based on any concrete facts or threatened prosecution by Defendant.

Section 25982 is not preempted by any federal law, nor does it violate the Commerce Clause. As this Court and the Ninth Circuit have already held, this statute does not apply extraterritorially because it applies only to sales in California. No balancing under *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S. Ct. 844, 847, 25 L. Ed. 2d 174 (1970) is warranted because section 25982 does not substantially burden interstate commerce. Finally, section 25982 overcomes all of Plaintiffs' due process and vagueness challenges.

Because Plaintiffs cannot demonstrate section 25982 is unconstitutional, they cannot state a claim upon which relief can be granted. Therefore, Defendant requests that the Court grant her motion to dismiss the Second Amended Complaint.

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

## STATEMENT OF FACTS

California Health and Safety Code sections 25981 and 25982 have been on the books since January 1, 2005, but their effective date was delayed until July 1, 2012 to give foie gras producers an opportunity to modify their business practices. Cal. Health & Safety Code § 25984. Section 25981 prohibits, within California, force feeding a bird to enlarge the bird's liver beyond normal size, or hiring another person to do so. Section 25982, in turn, prevents selling such products in California. Only section 25982 is challenged by Plaintiffs' lawsuit.

Peace officers, officers of a humane society, and officers of an animal control or animal regulation department of a public agency may issue citations for violation of either the production or sale ban. *Id.* § 25983(a). Citations result in payment of civil penalties to the local agency initiating the proceedings, to offset its costs. *Id.* § 25983(b). Individuals may also be prosecuted by the district attorney of the county in which the violation occurred, or by the city attorney of the city in which the violation occurred. *Id.* § 25983(c).

## PROCEDURAL HISTORY

On July 2, 2012, Plaintiffs filed a Complaint seeking declaratory and injunctive relief. (Dckt. 1.) A few days later, they filed an ex parte application for a temporary restraining order that was denied, followed by a motion for a preliminary injunction that this court also denied. (Dckt. 3, 35, 51, 87.) Plaintiffs appealed the latter ruling and the Ninth Circuit Court of Appeals affirmed this Court's order denying the preliminary injunction. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris,* 729 F.3d 937 (9th Cir. 2013). The Ninth Circuit affirmed this Court's holding that "Plaintiffs failed to raise a serious question that they are likely to succeed on the merits." *Id.* at 953. After this case was restored to this Court's active calendar, Plaintiffs filed the Second Amended Complaint ("SAC"). (Dckt. 107, 112.)

/ / /

Attorney General's Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities (CV-12-05735-SVW-RZ)

# ARGUMENT

## I. LEGAL STANDARD

This motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  As an initial matter, the Ninth Circuit's conclusions on pure issues of law are binding in this action, even though those issues were decided at the preliminary injunction phase.  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007).  Plaintiffs' complaint appears to raise both facial and as applied challenges.  *See* SAC 34.  "A facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100, 95 L. Ed. 2d 697 (1987).  In other words, "the law is unconstitutional in all of its applications."  *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449, 128 S. Ct. 1184, 1190, 170 L. Ed. 2d 151 (2008).  "[A] facial challenge must fail where the statute has a 'plainly legitimate sweep.'"  *Id.* (citation omitted).

### A. Rule 12(b)(1)

Rule 12(b)(1) allows a party to raise the defense that a court lacks jurisdiction over the subject matter of a claim.  The burden of proof on a Rule 12(b)(1) motion is on the party seeking to invoke the court's subject matter jurisdiction.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations and quotations omitted).

Attorney General's Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities (CV-12-05735-SVW-RZ)

1    "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable

2    legal theory' or 'the absence of sufficient facts alleged under a cognizable legal

3    theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th

4    Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

5    1990)).  Like with a Rule 12(b)(1) motion, the court accepts as true all material

6    allegations in the complaint and construes those allegations in the light most

7    favorable to the plaintiff.  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir.

8    2008).  However, the court need not accept as true legal conclusions, conclusory

9    allegations, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v.*

10   *Golden State Warriors*, 266 F.3d 979, 988, *amended by* 275 F.3d 1187 (9th Cir.

11   2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

12   **II.   ALL CAUSES OF ACTION MUST BE DISMISSED UNDER RULE 12(B)(1)
         BECAUSE PLAINTIFFS' CLAIMS ARE NOT JUSTICIABLE.**

13

14   A court's role is neither to issue advisory opinions nor to declare rights in

15   hypothetical cases, but to adjudicate live cases and controversies consistent with the

16   powers granted to the judiciary in Article III of the U.S. Constitution.  Plaintiffs

17   seek a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201

18   et seq.  SAC 34.  The Declaratory Judgment Act provides that "[i]n a case of actual

19   controversy within its jurisdiction, . . . any court of the United States, upon filing of

20   any appropriate pleading, may declare the rights and other legal relations of any

21   interested party seeking such declaration."  28 U.S.C. § 2201(a).  The "actual

22   controversy" requirement of section 2201 refers to the type of cases and

23   controversies that are justiciable under Article III.  *MedImmune, Inc. v. Genentech,*

24   *Inc.*, 549 U.S. 118, 126-27, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604 (2007).

25   In a declaratory judgment action, "[t]he mere existence of a statute, which may

26   or may not ever be applied to plaintiffs, is not sufficient to create a 'case or

27   controversy' within the meaning of Article III, and is thus insufficient to satisfy the

28   'actual controversy' requirement of the Declaratory Judgment Act." *Western*

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1    *Mining Council*, 643 F.2d at 627 (citations omitted).  And "while it is well-

2    established that an individual need not await prosecution under a law or regulation

3    before challenging it, we require a genuine threat of imminent prosecution and not

4    merely an imaginary or speculative fear of prosecution." *Sacks v. Office of Foreign*

5    *Assets Control*, 466 F.3d 764, 772-73 (9th Cir. 2006) (citations and quotations

6    omitted).  Here, the Attorney General is sued in her official capacity apparently

7    because she is "the chief law officer of the State" and has "direct supervision over

8    every district attorney and sheriff and over such other law enforcement officers as

9    may be designated by law." Cal. Const. art. V, § 13; *see* SAC ¶ 15.  Plaintiffs have

10   not alleged imminent or even likely prosecution by the Attorney General for

11   violating the statute. *See* SAC ¶¶ 15, 89.  Instead, they allege that various district

12   attorneys have sent letters to Plaintiffs threatening to prosecute them for alleged

13   violations of California Health and Safety Code section 25982. SAC ¶ 89.  The

14   "case or controversy" requirement of Article III is not satisfied where there is a lack

15   of threatened enforcement by the only defendant. *Long v. Van de Kamp*, 961 F.2d

16   151, 152 (9th Cir. 1992); *see also Ass'n des Eleveurs de Canards et d'Oies du*

17   *Quebec*, 729 F.3d at 944 ("[A] state official who contends that he or she will not

18   enforce the law may challenge plaintiff's Article III standing based on 'an unripe

19   controversy.'")  Additionally, because the alleged threatened enforcement was not

20   the result of any action traceable to the Attorney General, an injunction against the

21   Attorney General will forestall no future enforcement actions because "there is no

22   indication that the Attorney General intends to pursue, or encourage local law

23   enforcement agencies to pursue" enforcement actions under section 25982. *Long*,

24   961 F.2d at 152.  The Second Amended Complaint must be dismissed because it

25   does not satisfy the "case or controversy" requirement of Article III.

26   / / /

27   / / /

28   / / /

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

III. **PLAINTIFFS HAVE FAILED TO STATE A CLAIM AS A MATTER OF LAW.**

   A. **Plaintiffs' First Cause of Action Must Be Dismissed Because California Health and Safety Code Section 25982 Applies Regardless of the Origin of the Product.**

Plaintiffs' first cause of action asserts there is a dispute whether section 25982 applies to foie gras products made from the livers of ducks fed outside of California. SAC ¶ 91. The Ninth Circuit has already answered this question. *Ass'n des Eleveurs de Canards et d'Oies du Quebec*, 729 F.3d at 953 (refusing Plaintiffs' request to "rewrite § 25982 by restricting the statute to 'sales of products from ducks that have been *force fed in California*'"). The plain language of section 25982 applies to all products sold in California regardless of origin. *Id.* at 948. Plaintiffs are not entitled to declaratory relief on a purely legal question already answered by the Ninth Circuit.

   B. **Plaintiffs' Second Cause of Action Must Be Dismissed Because There Is No Live Controversy Between the Attorney General and Plaintiffs Surrounding the Application of Section 25982.**

Plaintiffs' second cause of action further demonstrates Article III is not satisfied and Plaintiffs' claims against the Attorney General are not justiciable. To state a claim for declaratory relief, Plaintiffs must establish a judiciable controversy, one that is "definite and concrete, touching the legal relations of parties having adverse legal interests" and not "a difference or dispute of a hypothetical or abstract character." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41, 57 S. Ct. 461, 464, 81 L. Ed. 617 (1937). "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 241. Again, the most that Plaintiffs allege is that various *district attorneys* have sent letters to Plaintiffs threatening to prosecute them for alleged violations of California Health and Safety Code section 25982 "for selling foie gras products from outside California to consumers in California." SAC ¶ 89. There is no live controversy between the Attorney General and

1    Plaintiffs surrounding the application of section 25982 and no concrete facts for the

2    Court to apply because the Attorney General has threatened no particular

3    application of the law to Plaintiffs.  Plaintiffs may not seek an advisory opinion on

4    what hypothetical facts regarding how title passed or the contract for sale was

5    structured would be sufficient to establish that a product was not "sold in

6    California" within the meaning of section 25982.  Plaintiffs' second cause of action

7    seeks an unconstitutional advisory opinion and must be dismissed.

8    **C.   Plaintiffs' Third Cause of Action Must Be Dismissed Because
         Section 25982 Is Not Preempted by Federal Law.**
9

10   Plaintiffs' preemption claim also fails as a matter of law.  Congress may

11   expressly state it is preempting state law, or preemption may be implied in one of

12   two ways. *California v. ARC Am. Corp.*, 490 U.S. 93, 100, 109 S. Ct. 1661, 1665,

13   104 L. Ed. 2d 86 (1989).  First, Congress can occupy the field.  *Id*.  Second, state

14   law is preempted if it "actually conflicts with federal law, that is, when compliance

15   with both state and federal law is impossible, or when the state law stands as an

16   obstacle to the accomplishment and execution of the full purposes and objectives of

17   Congress." *Id*. at 100-01 (citations and quotations omitted).   "Congress' enactment

18   of a provision defining the pre-emptive reach of a statute implies that matters

19   beyond that reach are not pre-empted." *Cipollone v. Liggett Group, Inc.*, 505 U.S.

20   504, 517, 112 S. Ct. 2608, 2618, 120 L. Ed. 2d 407 (1992).

21   "'[T]he purpose of Congress is the ultimate touchstone in every pre-emption

22   case.'" *Wyeth v. Levine*, 555 U.S. 555, 565, 129 S. Ct. 1187, 1194, 173 L. Ed. 2d

23   51 (2009) (citations omitted).  A court must presume a state statute is not

24   preempted. *Pharm. Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 661, 123

25   S. Ct. 1855, 1867, 155 L. Ed. 2d 889 (2003).  This is particularly true where the

26   state law concerns traditional areas for state regulation, such as laws regarding

27   animal cruelty. *Wyeth*, 555 U.S. at 565 ("[I]n all pre-emption cases, and

28   particularly in those in which Congress has legislated . . . in a field which the States

7

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1   have traditionally occupied, . . . we start with the assumption that the historic police

2   powers of the States were not to be superseded by the Federal Act unless that was

3   the clear and manifest purpose of Congress.") (citations and quotations omitted);

4   *see also United States v. Stevens*, 559 U.S. 460, 469, 130 S. Ct. 1577, 1585, 176

5   L. Ed. 2d 435 (2010) (states have a long history of regulating animal cruelty).

6          There is no evidence that Congress intended to preempt state regulation of or

7   relating to local sales involving animal cruelty.  The Poultry Products Inspection

8   Act, 21 U.S.C. § 451 et seq. ("PPIA") regulates the inspection of poultry products

9   to ensure they are "wholesome, not adulterated, and properly marked, labeled, and

10  packaged."  21 U.S.C. § 451.  "Poultry products" "means any poultry carcass, or

11  part thereof; or any product which is made wholly or in part from any poultry

12  carcass or part thereof" and is broad enough to include foie gras.  *Id.* § 453(f).  The

13  PPIA prevents a state from imposing any additional or different requirements for

14  slaughterhouses regarding "[m]arking, labeling, packaging, or ingredient

15  requirements."  *Id.* § 467e.  Section 25982 imposes no such requirements and is

16  silent as to how foie gras should be labeled or how much goose or duck liver it may

17  contain.  Section 25982 regulates sales and not slaughterhouse activity, and limits

18  its regulation of sales to those involving animal cruelty.  Meanwhile, the PPIA

19  regulates slaughterhouse activity and neither it nor its regulations make specific

20  mention of sales of foie gras or animal cruelty.  *See* 9 C.F.R. § 381.1 et seq (2013)

21  (promulgated May 16, 1972).  While the Ninth Circuit did not address Plaintiffs'

22  preemption argument directly, it has already evaluated the PPIA and its regulations

23  and concluded they say "nothing about the force feeding of geese and ducks."

24  *Ass'n des Eleveurs de Canards et d'Oies du Quebec*, 729 F.3d at 950 & n.8.  It is

25  not impossible to comply with both laws, and section 25982 does not impede

26  Congress's intent in enacting the PPIA.  Nothing in the PPIA requires a state to

27  allow sales of foie gras that involve animal cruelty.  *See Cavel Int'l, Inc. v.*

28  *Madigan*, 500 F.3d 551, 554 (7th Cir. 2007) (federal Meat Inspection Act did not

8

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1    preempt state ban on selling, importing, or exporting horse meat for human

2    consumption; the fact federal law applied to horse meat "was not a decision that

3    states must allow horses to be slaughtered for human consumption"); *Empacadora*

4    *de Carnes de Fresnillo, S.A. de C.V. v. Curry*, 476 F.3d 326, 333-34 (5th Cir. 2007)

5    (federal law did not preempt state ban on selling or transporting horsemeat for

6    human consumption; complying with state law "by not selling, possessing, or

7    transferring horsemeat for human consumption would not breach any provision in

8    the FMIA"). Likewise, no federal memorandums conflict with or preempt this state

9    animal cruelty law. *See* SAC ¶¶ 23-32. Therefore, section 25982 is not preempted.

> ### D.   Plaintiffs' Fourth and Fifth Causes of Action Must Be Dismissed Because Section 25982 Does Not Violate the Commerce Clause.

12       The Commerce Clause authorizes Congress to "regulate Commerce with

13   foreign Nations, and among the several States . . . ." U.S. Const. art. I, § 8, cl. 3.

14   The Commerce Clause includes an implied limitation on the states' authority to

15   adopt legislation that affects commerce. This implied limitation is often referred to

16   as the negative or dormant Commerce Clause. *Healy v. Beer Inst.*, 491 U.S. 324,

17   326 n.1, 109 S. Ct. 2491, 2494 n.1, 105 L. Ed. 2d 275 (1989) (emphasis added).

18   "Modern dormant Commerce Clause jurisprudence primarily 'is driven by concern

19   about economic protectionism—that is, regulatory measures designed to benefit in-

20   state economic interests by burdening out-of-state competitors.'" *Nat'l Ass'n of*

21   *Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1148 (9th Cir. 2012) (quoting

22   *Dep't of Revenue v. Davis*, 553 U.S. 328, 337-38, 128 S. Ct. 1801, 1808, 170 L. Ed.

23   2d 685 (2008)).

24       Commerce Clause restrictions are "by no means absolute" and "[s]tates retain

25   authority under their general police powers to regulate matters of legitimate local

26   concern, even though interstate commerce may be affected." *Maine v. Taylor*, 477

27   U.S. 131, 138, 106 S. Ct. 2440, 2447, 91 L. Ed. 2d 110 (1986) (citations and

28   quotations omitted). Most regulations that violate the dormant Commerce Clause

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1   do so because of discrimination. *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d

2   at 1148. Discriminatory laws are subject to strict scrutiny. *Nat'l Ass'n of*

3   *Optometrists & Opticians v. Brown*, 567 F.3d 521, 524 (9th Cir. 2009). Similarly, a

4   statute that directly regulates interstate commerce is usually struck down. *Brown-*

5   *Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579, 106 S. Ct.

6   2080, 2084, 90 L. Ed. 2d 552 (1986). When a statute is nondiscriminatory, has

7   only indirect effects on interstate commerce, and regulates evenhandedly, courts

8   may examine whether the state's interest is legitimate and whether the burden on

9   interstate commerce clearly exceeds the local benefits under *Pike*. *Brown-Forman*

10  *Distillers Corp.*, 476 U.S. at 579. However, "[a] critical requirement for proving a

11  violation of the dormant Commerce Clause is that there must be a *substantial*

12  *burden* on *interstate commerce*." *Nat'l Ass'n of Optometrists & Opticians*, 682

13  F.3d at 1148 (emphasis in original). Therefore, as a threshold matter, where there is

14  no substantial burden on interstate commerce, courts do not even engage in *Pike*

15  balancing. *See id.* at 1156-57. In the small number of dormant Commerce Clause

16  cases where courts have invalidated nondiscriminatory statutes that imposed other

17  substantial burdens on interstate commerce, the other substantial burdens on

18  interstate commerce weighed in the *Pike* balancing generally arose from

19  "inconsistent regulation of activities that are inherently national or require a

20  uniform system of regulation," such as one that imposes significant burdens on

21  interstate transportation. *Id.* at 1148.

         **1.**   **Plaintiffs' fourth cause of action must be dismissed because**
22
              **Section 25982 does not regulate extraterritorially.**
23

24       Plaintiffs no longer allege that section 25982 discriminates against interstate

25  commerce, but they still allege that it constitutes an extraterritorial regulation.

26  However, the Supreme Court has rarely held that statutes violate the

27  extraterritoriality doctrine. *See Rocky Mountain Farmers Union v. Corey*, 730 F.3d

28  1070, 1101 (9th Cir. 2013). A statute violates the Commerce Clause where it

10      Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1    "*directly* controls commerce occurring *wholly* outside the boundaries of a State."

2    *Healy*, 491 U.S. at 336 (emphasis added).  States may not control commerce in

3    *other* markets through "projection of one state regulatory regime into the

4    jurisdiction of another State." *Id*. at 337.  This rule does not prohibit a state from

5    regulating transactions in its own market, as California does with section 25982.

6    Section 25982 only regulates the sale of foie gras under certain circumstances

7    within California.  It does not directly, or indirectly, control commerce occurring

8    wholly outside of California and other states remain free to regulate foie gras sales

9    and production in their states however they see fit. *Ass'n des Eleveurs de Canards*

10   *et d'Oies du Quebec*, 729 F.3d at 948-49.

11       In *Healy v. Beer Institute*, the Supreme Court struck down a Connecticut

12   statute that required out-of-state beer shippers to post their prices for beer sold in

13   Connecticut each month and certify that the prices would be no higher than prices

14   at which the same products were sold in bordering states for the rest of the month.

15   491 U.S. at 326-27.  The statute violated the Commerce Clause because it had the

16   practical effect of controlling prices of sales in other states. *Id*. at 337-40.  The U.S.

17   Supreme Court recently explained that *Healy* and cases like it are limited to price

18   control laws that dictate the price of a product or tie the price of in-state products to

19   out-of-state prices. *Pharm. Research & Mfrs. of Am.*, 538 U.S. at 669.  By contrast,

20   section 25982 is not a price control statute and does not affect any transactions

21   outside California.

22       To be considered extraterritorial regulation a statute must directly regulate

23   transactions that occur wholly out of state.  For instance, the Ninth Circuit has

24   struck down a Nevada statute that would have required the NCAA to conduct its

25   enforcement proceedings according to Nevada law in every state, even when both

26   the subject recruiting practices and proceedings took place entirely outside of

27   Nevada. *NCAA v. Miller*, 10 F.3d 633, 639 (9th Cir. 1993).  The Court held that

28   "[t]hat sort of extraterritorial effect is forbidden by the Commerce Clause." *Id*.

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1    Conversely, the Ninth Circuit has upheld a Nevada statute that required ATM

2    networks to allow Nevada banks to charge a transaction fee to individuals who

3    withdraw money from the Nevada bank's ATM but whose account is with another

4    bank. *Valley Bank of Nev. v. Plus Sys., Inc.*, 914 F.2d 1186, 1188, 1192 (9th Cir.

5    1990) ("the commerce clause does not exist to protect a business's right to do

6    business according to whatever rules it wants").

7    　　　Section 25982 is in keeping with these authorities. A foie gras producer may

8    force feed a bird outside California without violating section 25982; the producer

9    just cannot sell the product inside California. While section 25982 may have an

10   economic effect on certain out-of-state foie gras producers, it does not regulate

11   wholly out-of-state conduct. *See Illinois Rest. Ass'n v. City of Chicago*, 492

12   F. Supp. 2d 891, 899 (N.D. Ill. 2007) ("The court finds that the fact that the

13   Ordinance has an economic effect on out-of-state foie gras production does not

14   mean that it regulates or discriminates against interstate commerce.").[1]  By

15   requiring compliance with section 25982 to sell enlarged duck liver products in

16   California, the "practical effect" of section 25982 is not to regulate wholly out-of-

17   state conduct. SAC ¶ 124. While section 25982 may encourage out-of-state

18   producers to change their production methods, encouraging individuals to change

19   their behavior is not the kind of extraterritorial impact that offends the dormant

20   Commerce Clause. *Cf. Pharm. Research & Mfrs. of Am.*, 538 U.S. at 669; *Nat'l*

21   *Ass'n of Optometrists & Opticians*, 567 F.3d at 527. "States may not mandate

22   compliance with their preferred policies in wholly out-of-state transactions, but they

23   are free to regulate commerce and contracts within their boundaries with the goal of

24   influencing the out-of-state choices of market participants." *Rocky Mountain*

25   　　　[1]  Plaintiffs previously noted that the district court vacated the judgment as
26   moot after Chicago repealed its foie gras ordinance. The opinion itself is still good
     law and carries persuasive weight. *See NASD Dispute Resolution, Inc. v. Judicial*
27   *Council*, 488 F.3d 1065, 1069 (9th Cir. 2007) ("No matter what we conclude, the
     opinion of the district court will not be ripped from Federal Supplement 2d. It will
28   still be available and will still be citable for its persuasive weight.").

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1  *Farmers Union*, 730 F.3d at 1103.  Section 25982 is not an extraterritorial

2  regulation.

3         **2.**     **Plaintiffs' fifth cause of action must be dismissed because**

4               *Pike* **balancing is not required, but even if it were, section**
             **25982 serves a legitimate local purpose and its benefits**

5               **outweigh any burden on interstate commerce.**

6            **a.**    **Section 25982 does not substantially burden interstate**
               **commerce.**

7        Plaintiffs must show a statute imposes a substantial burden on interstate

8  commerce to require *Pike* balancing.  *Nat'l Ass'n of Optometrists & Opticians*, 682

9  F.3d at 1156-57.  Plaintiffs' sole allegation to support the claim that section 25982

10  substantially burdens interstate commerce is it bans the sale of foie gras products

11  from out of state.  SAC ¶ 134.  This is insufficient.  *See Illinois Rest. Ass'n*, 492

12  F. Supp. 2d. at 904-05 (granting motion to dismiss regarding City of Chicago foie

13  gras ordinance without performing any *Pike* balancing).  First, "most statutes that

14  impose a substantial burden on interstate commerce do so because they are

15  discriminatory" and section 25982 is not discriminatory.  *See Ass'n des Eleveurs de*

16  *Canards et d'Oies du Quebec*, 729 F.3d at 952.  Second, as explained above, the

17  foie gras market is not inherently national and does not require a uniform system of

18  regulation.  *Id.*  The mere fact that Congress also regulates the poultry industry does

19  not elevate the market for foie gras into one that requires national uniformity.  The

20  SAC contains no factual allegation that regulating the sale of foie gras is inherently

21  national.  Plaintiffs provide only a conclusory statement that it does.  *See* SAC

22  ¶ 127.  Third, even a complete ban would not create a substantial burden on

23  interstate commerce because only sales in California of a single specialty food item

24  are impacted and the Ninth Circuit previously found these alleged sales losses

25  insufficient to raise serious questions that section 25982 imposes a substantial

26  burden on interstate activity.  *Ass'n des Eleveurs de Canards et d'Oies du Quebec*,

27  729 F.3d at 952.  Section 25982 does not ban the sale of all foie gras, but only the

28  sale of foie gras produced by means of prohibited animal cruelty.  *See id.*

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

Plaintiffs' allegation that "[t]here is no known method of producing foie gras from ducks without using a tube" (SAC ¶ 5), even if accepted as true, does not establish section 25982 is a complete ban on foie gras because it does not foreclose production methods that do not use a tube. That was the intent of the Legislature when it drafted sections 25981 and 25982. A plaintiff cannot establish a substantial burden on interstate commerce "merely because a non-discriminatory regulation precludes a preferred, more profitable method of operating in a retail market." *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1154. *Pike* balancing is not required, and section 25982 does not violate the dormant Commerce Clause.

**b. Section 25982 would pass any *Pike* balancing because any burden does not "clearly exceed" its benefits.**

Even if the Court used *Pike* balancing, however, the state's interest is legitimate and the burden on interstate commerce is not "clearly excessive in relation to the putative local benefits." *See Pike*, 397 U.S. at 142. "Evidence that interstate and foreign commerce is in some way affected by the regulations is not enough to meet [plaintiffs'] burden." *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1015 (1994). "A facially neutral statute may violate the Commerce Clause if 'the burdens of the statute . . . so outweigh the putative benefits as to make the statute unreasonable or irrational.'" *UFO Chuting of Haw., Inc. v. Smith*, 508 F.3d 1189, 1196 (9th Cir. 2007) (quoting *Alaska Airlines, Inc. v. City of Long Beach*, 951 F.2d 977, 983 (9th Cir. 1991) (per curiam)). A statute is unreasonable or irrational when "the asserted benefits of the statute are in fact illusory or relate to goals that evidence an impermissible favoritism of in-state industry over out-of-state industry." *Id.* That is not the case here.

First, preventing cruelty to animals and sales involving animal cruelty is unquestionably a legitimate state interest. *See Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 538, 113 S. Ct. 2217, 2229, 124 L. Ed. 2d 472 (1993); *United States v. Stevens*, 559 U.S. at 469 ("the prohibition of animal cruelty

1   itself has a long history in American law, starting with the early settlement of the

2   Colonies"). The state also has a substantial interest in providing for public health

3   and morals. *See Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 569, 111 S. Ct. 2456,

4   2462, 115 L. Ed. 2d 504 (1991) ("The traditional police power of the States is

5   defined as the authority to provide for the public health, safety, and morals, and we

6   have upheld such a basis for legislation."). Plaintiffs contend that force feeding to

7   produce foie gras does not constitute animal cruelty because they claim that at one

8   time the California Department of Food and Agriculture stated that foie gras

9   production in California did not involve cruelty. SAC ¶ 134. Whether using a tube

10  to force a duck to consume enough food to cause its liver to enlarge to several times

11  its normal size constitutes animal cruelty worthy of prohibition is a decision for the

12  Legislature, and a disagreement on this point does not render the benefits of section

13  25982 illusory. "Even in the context of dormant commerce clause analysis, the

14  Supreme Court has frequently admonished that courts should not 'second-guess the

15  empirical judgments of lawmakers concerning the utility of legislation.'" *Pac. Nw.*

16  *Venison Producers*, 20 F.3d at 1017 (quoting *CTS Corp. v. Dynamics Corp. of Am.*,

17  481 U.S. 69, 92, 107 S. Ct. 1637, 1651, 95 L. Ed. 2d 67 (1987)).

18       Second, the benefits from section 25982 in advancement of these interests are

19  well worth any minor burden on interstate commerce. The scope of the ban on foie

20  gras sale is limited—the sale is prohibited only if the foie gras is produced via

21  animal cruelty. Even if it were true that foie gras could only be produced via

22  animal cruelty and no alternative could ever be invented, that would only suggest a

23  complete ban of the product is warranted, and this Court has previously upheld

24  complete bans on items as not being clearly excessive in relation to the state's

25  interest. *See Pac. Nw. Venison Producers*, 20 F.3d at 1015 (banning sale and

26  importation of certain wildlife). While expressing doubts *Pike* balancing was even

27  required, circuit courts have also consistently upheld state laws ridding a state's

28  own market of products based on animal cruelty concerns. *See Cavel Int'l, Inc.*,

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1    500 F.3d at 555-59 (upholding ban on selling, importing, or exporting horsemeat

2    for human consumption); *Empacadora de Carnes de Fresnillo, S.A. de C.V.*, 476

3    F.3d at 336-37 (upholding ban on selling or transporting horsemeat for human

4    consumption).  Section 25982 would likewise pass any *Pike* balancing because any

5    burden does not "clearly exceed" its benefits.

6          **E.    Plaintiffs' Sixth Cause of Action Must Be Dismissed Because**

7             **Section 25982 Does Not Violate the Due Process Clause.**

8               **1.    Section 25982 is not unconstitutionally vague.**

9                    **a.    Plaintiffs cannot raise a facial challenge.**

10   Plaintiffs seek a declaratory judgment that California Health and Safety Code

11   section 25982 is unconstitutionally vague and therefore violates the Due Process

12   Clause.  SAC 34.  Where a statute is challenged as unconstitutionally vague in

13   violation of the Due Process Clause, unless the challenge involves the First

14   Amendment, courts do not consider whether the statute is unconstitutional on its

15   face, but whether the statute is impermissibly vague as applied to the plaintiffs.

16   *United States v. Mazurie*, 419 U.S. 544, 550, 95 S. Ct. 710, 714, 42 L. Ed. 2d 706

17   (1975); *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001).  This is because

18   "'a plaintiff who engages in some conduct that is clearly proscribed cannot

19   complain of the vagueness of the law as applied to the conduct of others.'" *Holder*

20   *v. Humanitarian Law Project*, 561 U.S. 1, 18-19, 130 S. Ct. 2705, 2719, 177 L. Ed.

21   2d 355 (2010) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates,*

22   *Inc.*, 455 U.S. 489, 495, 102 S. Ct. 1186, 1191, 71 L. Ed. 2d 362 (1982)).  To raise

23   a facial challenge, "the complainant must demonstrate that the law is impermissibly

24   vague in all of its applications." *Village of Hoffman Estates*, 455 U.S. at 497.

25   Plaintiffs cannot raise a facial challenge to section 25982 on vagueness grounds.

26   ///

27   ///

28

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1    **b.    Plaintiffs' as-applied challenge fails.**

2        Plaintiffs have failed to allege facts sufficient to state an as-applied claim.

3    Plaintiffs use a tube to "specially feed their ducks."  SAC ¶ 5.  "The specific

4    example of force feeding under the statute—feeding a bird using a tube so that the

5    bird will consume more food than it would consume voluntarily—is how Plaintiffs

6    feed their ducks during the gavage stage."  *Ass'n des Eleveurs de Canards et d'Oies*

7    *du Quebec*, 729 F.3d at 946.  Therefore, as applied to Plaintiffs, the definition of

8    force feeding is not vague.  *Id.*  This ends the vagueness inquiry.

9    **c.    It is clear what conduct section 25982 prohibits.**

10       Even if the Court were inclined to go further, section 25982 is not vague.  A

11   law is unconstitutionally vague if it does not provide a "person of ordinary

12   intelligence a reasonable opportunity to know what is prohibited, so that he may act

13   accordingly."  *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S. Ct. 2294,

14   2298-99, 33 L. Ed. 2d 222 (1972).  A law also runs afoul of the Due Process Clause

15   if it is "'so standardless that it authorizes or encourages seriously discriminatory

16   enforcement.'"  *Holder*, 130 S. Ct. at 2718 (quoting *United States v. Williams*,

17   553 U.S. 285, 304, 128 S. Ct. 1830, 1845, 170 L. Ed. 2d 650 (2008)).  Courts are

18   careful to remind that the Due Process Clause does not create an "insuperable

19   obstacle to legislation."  *United States v. Petrillo*, 332 U.S. 1, 7, 67 S. Ct. 1538,

20   1542, 91 L. Ed. 1877 (1947).  Statutes are presumptively valid and not

21   automatically invalidated because it is difficult to determine whether marginal

22   offenses fall within their language.  *United States v. Nat'l Dairy Products Corp.*,

23   372 U.S. 29, 32, 83 S. Ct. 594, 597, 9 L. Ed. 2d 561 (1963).  Further, economic

24   regulations and statutes with civil penalties are subject to less strict vagueness tests

25   than other laws.  *Village of Hoffman Estates*, 455 U.S. at 498-99.  And "perfect

26   clarity and precise guidance have never been required even of regulations that

27   restrict expressive activity."  *Holder*, 130 S. Ct. at 2719 (citations and quotations

28   omitted).  Economic regulations such as the one at issue in this case are narrow in

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1   subject matter, and "businesses, which face economic demands to plan behavior

2   carefully, can be expected to consult relevant legislation in advance of action."

3   *Village of Hoffman Estates*, 455 U.S. at 498.  Plaintiffs had years to plan for section

4   25982 and determine what it applies to.

5        Here, it is clear what conduct section 25982 prohibits.  It states that "[a]

6   product may not be sold in California if it is the result of force feeding a bird for the

7   purpose of enlarging the bird's liver beyond normal size."  Force feeding a bird is

8   further defined as:

9            a process that causes the bird to consume more food than a

10           typical bird of the same species would consume voluntarily.

11           Force feeding methods include, but are not limited to, delivering

12           feed through a tube or other device inserted into the bird's

13           esophagus.

14   Cal. Health & Safety Code § 25980(b).  Plaintiffs incorrectly contend that the

15   statute is unconstitutionally vague because they allegedly cannot tell how much

16   food they can feed their ducks.  *See* SAC ¶¶ 143-144.  "Plaintiffs' argument ignores

17   key terms that define the process of force feeding" that demonstrate the statute

18   covers Plaintiffs' conduct.  *Ass'n des Eleveurs de Canards et d'Oies du Quebec*,

19   729 F.3d at 946.  The statute gives fair notice of the prohibited conduct.  *Id.* at 947.

20        Plaintiffs give the impression that farmers will be stuck weighing ducks' food

21   and puzzling over how much to give them—that violations will turn on minor

22   differences in how much food a duck eats—not how it is fed.  *See* SAC ¶¶ 63-64,

23   144.  But California bans the sale of products that result from *force feeding* to

24   enlarge the bird's liver beyond normal size.  This is the key language of the statute

25   and the term force feeding is self-explanatory, as it involves the forcible

26   administration of food.  Plaintiffs feign confusion by focusing on the "more food

27   than a typical bird of the same species would consume voluntarily" language in the

28   added identification of what it means to "force feed."  *See* SAC ¶¶ 63-64.  Farmers

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1   already know when they are "force feeding" under section 25982 because they

2   know when they are trying to enlarge a bird's liver, just as they know when they are

3   using a process meant to make a bird consume too much food.  Indeed, "[h]ere,

4   Plaintiffs do not contest that force feeding a bird through a tube inserted into the

5   bird's esophagus is for the purpose of enlarging the duck's liver." *Ass'n des*

6   *Eleveurs de Canards et d'Oies du Quebec*, 729 F.3d at 947.  The challenged

7   language, read in context rather than isolation, adds to an already clear prohibition.

8   A person of ordinary intelligence can discern what is required of them based on the

9   plain language of the statute and its definitions.  *See Grayned*, 408 U.S. at 108.

10      Plaintiffs' invention of various hypothetical vagueness problems does not

11   advance their arguments, but to the contrary illustrates why they should not be

12   permitted to bring an as-applied challenge to a statute that has yet to be applied to

13   them.  None of their theoretical issues are real.  Plaintiffs allege they "are unable to

14   ascertain from section 25982 any clear standard in the form of a meaningful unit of

15   measure, a relevant time period, or an appropriate reference bird or other standard

16   of comparison that would allow them to know how to determine how much food

17   they can feed their ducks." SAC ¶ 144.  It does not matter whether the Moulard

18   qualifies as its own species for purposes of the statute or would be judged in

19   comparison to Muscovy and Pekin ducks, because violations do not depend upon

20   such minute differences in eating habits (if any).  *See SAC* ¶¶ 73-77, 144.  Likewise,

21   Plaintiffs' assertion that someone using a tube to feed a duck needs greater clarity

22   on how much food a typical duck of the same species would voluntarily consume

23   ignores the point of the statute.  No one forces a tube down an otherwise healthy

24   duck's throat to make it consume a normal amount of food.

25      Plaintiffs' allegations regarding whether a peace officer or seller of foie gras

26   can know how much food a duck was fed have nothing to do with whether the

27   statute is unconstitutionally vague.  *See SAC* ¶ 148.  "What renders a statute vague

28   is not the possibility that it will sometimes be difficult to determine whether the

19

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

1 | incriminating fact it establishes has been proved; but rather the indeterminacy of

2 | precisely what that fact is." *United States v. Williams*, 553 U.S. at 306. Here, the

3 | incriminating fact is whether the product resulted from force feeding.

4 |      Plaintiffs have failed to allege facts to support their claim, and therefore their

5 | assertion that section 25982 is unconstitutionally vague as applied to them also fails.

6 |      **2.    Scienter is not required to impose civil penalties.**

7 |      Plaintiffs also allege that section 25982 violates the Due Process Clause

8 | because it imposes a penalty without a scienter requirement. SAC ¶¶ 142, 149-150.

9 | But this argument proves too much, because scienter is not a due process

10 | prerequisite to imposition of civil penalties for statutory violations. *Humanitarian*

11 | *Law Project v. U.S. Treasury Dep't*, 578 F.3d 1133, 1152 (9th Cir. 2009); *Northern*

12 | *Wind, Inc. v. Daley*, 200 F.3d 13, 19 (1st Cir. 1999). As the Ninth Circuit has

13 | already ruled, "Plaintiffs' description of § 25982 as invidious because it imposes

14 | strict liability is without merit." *Ass'n des Eleveurs de Canards et d'Oies du*

15 | *Quebec*, 729 F.3d at 947.

16 | **IV.  PLAINTIFFS SHOULD BE DENIED LEAVE TO AMEND.**

17 |      Plaintiffs have already amended their complaint twice, and further amendment

18 | would be futile because there are no plausible facts, consistent with Plaintiffs'

19 | current allegations, that would cure the deficiencies in the SAC. *See Allen v. City*

20 | *of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming district court's denial

21 | of leave to amend based on "futility of amendment" and the fact that "plaintiff has

22 | previously amended his complaint" multiple times). Plaintiffs should be denied

23 | leave to amend.

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

Attorney General's Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities (CV-12-05735-SVW-RZ)

1

**CONCLUSION**

2      Defendant respectfully requests that the Court grant her motion to dismiss

3  Plaintiffs' second amended complaint in its entirety without leave to amend.

4

5  Dated:  May 2, 2014                    Respectfully submitted,

6                                         KAMALA D. HARRIS
                                          Attorney General of California
7                                         CONSTANCE L. LELOUIS
                                          Supervising Deputy Attorney General
8                                         PETER H. CHANG
                                          Deputy Attorney General
9
                                          /s/ STEPHANIE F. ZOOK
10
                                          STEPHANIE F. ZOOK
11                                        Deputy Attorney General
                                          *Attorneys for Defendant Attorney*
12     SA2012106936                       *General*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

# CERTIFICATE OF SERVICE

Case Name:   **Association des éleveurs de**   No.  **CV-12-05735-SVW-RZ**
**canards et d'oies du Québec v.**
**Harris (foie gras)**

I hereby certify that on <u>May 2, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**1) ATTORNEY GENERAL'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES;**

**2) [PROPOSED] ORDER GRANTING ATTORNEY GENERAL'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>May 2, 2014</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Valerie E Kincaid
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 2, 2014</u>, at Sacramento, California.

| Brenda Apodaca | /s/ Brenda Apodaca |
|---|---|
| Declarant | Signature |

SA2012106936