Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel  (310) 919-3194
Fax  (310) 919-3727

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation; <br><br>            Plaintiffs, <br><br>       – against – <br><br> KAMALA D. HARRIS, in her official capacity as Attorney General of California; <br><br>            Defendant. | Case No. 2:12-cv-05735-SVW-RZ <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF GENUINE DISPUTES** <br><br> Date:          July 14, 2014 <br> Time:         1:30 p.m. <br> Courtroom:  6 <br><br> Hon. Stephen V. Wilson |

1   In support of their motion for summary judgment on their federal preemption claim under the Supremacy Clause, Plaintiffs filed a required "Statement of Uncontroverted Facts and Conclusions of Law." (Dckt. 118-6.) Local Rule 56-2 requires that any party who opposes the motion shall file a "Statement of Genuine Disputes" setting forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." Local Rule 56-3 further provides that, "[i]n determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' *and* (b) controverted by declaration or other written evidence filed in opposition to the motion."

Here, Defendant purported to question six of the uncontroverted facts from Plaintiffs' Statement (nos. 2, 4, 5, 6, 9, and 10). (These facts include, for example, that every one of Plaintiffs' foie gras products is prepared at an official establishment and certified as wholesome by the USDA for sale in the United States, which Plaintiffs adequately supported through declarations from the farmer Plaintiffs.) Yet the Court should recognize that Defendant completely failed to controvert any these facts "by declaration or other written evidence," as required under Local Rule 56-3. Indeed, Defendant did not file *any* evidence in opposition to Plaintiffs' motion. Accordingly, in light of Defendant's failure to controvert Plaintiffs' uncontroverted facts, the Court should adhere to Local Rule 56-3 and "assume the that the materials facts as claimed and adequately supported by the moving party [i.e., Plaintiffs] are admitted to exist without controversy."

Dated:     June 30, 2014            THE TENENBAUM LAW FIRM

                                    _____
                                    Michael Tenenbaum, Esq.
                                    *Counsel for Plaintiffs*