Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation;<br><br>                    Plaintiffs,<br><br>– against –<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California;<br><br>                    Defendant. | Case No. 2:12-cv-05735-SVW-RZ<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON FEDERAL PREEMPTION CLAIM**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>Date:        July 14, 2014<br>Time:        1:30 p.m.<br>Courtroom:   6<br><br>Hon. Stephen V. Wilson |

Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec, HVFG LLC, and Hot's Restaurant Group, Inc., respond to Defendant's opposition to the request for judicial notice that Plaintiffs submitted in support of their motion for summary judgment based on federal preemption as follows:

1.  **The United States Department of Agriculture's Food Standards and Labeling Policy Book**

Plaintiffs' request for judicial notice requests that, pursuant to FRE 201, this Court take judicial of the cover and relevant pages of the Food Standards and Labeling Policy Book issued by the United States Department of Agriculture, which provides the standards of identity and composition for "Foie Gras Products, Duck Liver and/or Goose Liver" and which explains that foie gras is "obtained exclusively from specially fed and fattened geese and ducks." The request for judicial notice attaches a true and correct copy of the cover and relevant pages. (The USDA's entire Food Standards and Labeling Policy Book is available on the USDA's website and can be readily accessed at http://www.fsis.usda.gov/OPPDE/larc/Policies/Labeling_ Policy_Book_082005.pdf.)

Defendant's primary opposition to this request is based on her claim that "[p]olicy statements, agency manuals, and enforcement guidelines all lack the force of law and thus *are irrelevant* to the question of whether California Health and Safety Code section 25982 is preempted by federal law." (Dckt. at p. 2, lns. 10-13.) This couldn't be further from the truth. Indeed, the Ninth Circuit explained in *National Broiler Council v. Voss*, 44 F.3d 740, 747 (9th Cir. 1994), that an agency's interpretation of its own regulations must be given controlling weight — and granted summary judgment to the plaintiffs based on PPIA preemption and the "controlling weight" of the USDA's policy memos regarding poultry. The USDA's Food Standards and Labeling Policy Book is readily accessible on the USDA's website, is intended for use by food manufacturers, and thus, under FRE 201, is "generally known within the

1  trial court's territorial jurisdiction" or "can be accurately and readily determined from
2  sources whose accuracy cannot reasonably be questioned."
3       It is also disingenuous for the California Attorney General to claim that the
4  Court should not take judicial notice of the USDA's Food Standards and Labeling
5  Policy Book, or that she does not know how to obtain it, when California's own
6  regulations refer specifically to this document. *See* 3 Cal. Admin. Code § 911
7  (requiring that "[p]roduct definitions and standards of identity or composition shall be
8  in accordance with," *inter alia*, the USDA's Food Standards and Labeling Policy Book).
9  In any event, the federal case law is clear that courts may take judicial notice of federal
10 agency materials (even those available on government websites). *Gustavson v. Wrigley*
11 *Sales Co.*, 961 F.Supp.2d 1100, 1113 n.1 (N.D. Cal. 2013) ("The Court may take
12 judicial notice of materials available on government websites"; taking judicial notice of
13 FDA "Guidance Document" and "response letter" on FDA website); *Labrador v.*
14 *Seattle Mortg. Co.*, 618 F.Supp.2d 1106, 1116 (N.D. Cal. 2010) (taking judicial notice
15 of material on HUD website); *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009
16 WL 6597891 at *2 (S.D. Cal. Dec. 23, 2009) (courts may take judicial notice of
17 documents available through government agency websites).

## 2. USDA Policy Memo No. 076, dated September 21, 1984

19      Plaintiffs' request for judicial notice further requests that, pursuant to FRE 201,
20 this Court take judicial of USDA Policy Memo No. 076, issued by the Director of the
21 USDA's Standards and Labeling Division on September 21, 1984, which reflects the
22 standards for duck liver foie gras and explains that the standards were adopted as a
23 result of an agreement reached between the USDA and the French government decades
24 ago. The request for judicial notice attaches a true and correct copy of the policy
25 memo. (A collection of the USDA's Food Safety and Inspection Service's policy memos
26 is available on the USDA's website and can be readily accessed at
27 http://www.fsis.usda.gov/OPPDE/larc/Policies/Policy_Memos_082005.pdf.)

1    Defendant's primary opposition to this request is also based on her claim that
2 "[p]olicy statements, agency manuals, and enforcement guidelines all lack the force of
3 law and thus *are irrelevant* to the question of whether California Health and Safety
4 Code section 25982 is preempted by federal law."  (Dckt. at p. 3, lns. 5-17.)  For the
5 reasons explained above, Defendant's opposition is without merit.  Moreover, this
6 Policy Memo is specifically referenced in the USDA's Food Standards and Labeling
7 Policy Book.  The USDA Policy Memo No. 76 is readily accessible on the USDA's
8 website, is intended for use by food manufacturers, and thus, under FRE 201, is
9 "generally known within the trial court's territorial jurisdiction" or "can be accurately
10 and readily determined from sources whose accuracy cannot reasonably be questioned."

11   3.   Article L654-27-1 of France's *Code rural et de la pêche maritime*

12    Plaintiffs' request for judicial notice further requests that, pursuant to FRE 201
13 and FRCP 44.1, the Court take judicial notice of a single provision of French statutory
14 law which defines foie gras as the liver of a duck or of a goose specially fattened by
15 *gavage*.  The request for judicial notice attaches a true and correct copy of the provision
16 of France's *Code rural et de la pêche maritime*, and this provision is translated in the
17 accompanying Declaration of Michael Tenenbaum.
18    Defendant's primary opposition to this request is based on her objection to the
19 translation provided the accompanying Declaration of Michael Tenenbaum.  The
20 statute is readily accessible on the website of Legifrance, which is the French
21 government entity responsible for publishing statutes online, and can be viewed at the
22 following (shortened) URL: bit.ly/1rSP8k4.  Moreover, Defendant does not identify any
23 discrepancy in Plaintiffs' provided translation.  Under FRCP 44.1, "[i]n determining
24 foreign law, the court may consider any relevant material or source, including
25 testimony, whether or not submitted by a party or admissible under the Federal Rules
26 of Evidence."  In any event, Plaintiffs are concurrently filing a declaration from a
27 certified translator that confirms the accuracy of the undersigned's original translation.
28

1    The Court should thus take judicial notice of this simple provision of French law.

2                          \*    \*    \*

3       Plaintiffs respectfully request that the Court reject Defendant's opposition and grant Plaintiffs' request for judicial notice.

Dated:     June 30, 2014                 THE TENENBAUM LAW FIRM

                                            _____
                                            Michael Tenenbaum, Esq.
                                            *Counsel for Plaintiffs*

- 4 -
PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON FEDERAL PREEMPTION CLAIM