1  KAMALA D. HARRIS
   Attorney General of California
2  CONSTANCE L. LELOUIS
   Supervising Deputy Attorney General
3  State Bar No. 148821
   PETER H. CHANG
4  Deputy Attorney General
   State Bar No. 241467
5  STEPHANIE F. ZOOK
   Deputy Attorney General
6  State Bar No. 238383
    1300 I Street, Suite 125
7   P.O. Box 944255
    Sacramento, CA 94244-2550
8   Telephone: (916) 324-2512
    Fax: (916) 324-8835
9   E-mail: Stephanie.Zook@doj.ca.gov
   *Attorneys for Defendant Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian non-profit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS, in her official capacity as Attorney General of California,**<br><br>Defendant. | Case No. CV-12-05735-SVW-RZ<br><br>**ATTORNEY GENERAL'S SUPPLEMENTAL BRIEF RE MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: September 8, 2014<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Judge: Stephen V. Wilson<br>Trial Date: None<br>Action Filed: July 2, 2012 |

# INTRODUCTION

At the July 14, 2014 hearing on Defendant's motion to dismiss and Plaintiffs' motion for partial summary judgment on their preemption claim, the Court requested further briefing on the issue of ripeness and the Attorney General's authority to prosecute local crimes.

# ARGUMENT

California Health and Safety Code section 25982 is designed to be prosecuted at the local level and not by the Attorney General. Peace officers, officers of a humane society, and officers of an animal control or animal regulation department of a public agency may issue citations for violation of section 25982. Cal. Health & Safety Code § 25983(a). Citations result in payment of civil penalties "to the *local* agency initiating the proceedings," to offset its costs. *Id*. § 25983(b) (emphasis added). Individuals may also "be prosecuted by the district attorney of the county in which the violation occurred, or by the city attorney of the city in which the violation occurred." *Id*. § 25983(c). Meanwhile, other California statutes that are designed to be enforced concurrently or exclusively by the Attorney General specifically state that the Attorney General has enforcement powers. *E.g.*, Cal. Bus. & Prof. Code §§ 321, 16750(c), 17204, 17508; Cal. Civ. Code § 52; Cal. Gov't Code §§ 12591, 12607; Cal. Ins. Code § 790.06(b); Cal. Penal Code §§ 423.4(b), 653.59; Cal. Pub. Res. Code § 4603.

Here, the Attorney General is sued in her official capacity apparently because she is "the chief law officer of the State" and has "direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law." Cal. Const. art. V, § 13; *see* Second Amended Complaint ("SAC") ¶ 15 (Dckt. 112). The Attorney General's "direct supervision over every district attorney and sheriff . . . is quite limited" and "does not contemplate absolute control and direction of the officials subject to the Attorney General's supervision."

*Goldstein v. City of Long Beach*, 715 F.3d 750, 756 (9th Cir. 2013) (citations and quotations omitted).

Plaintiffs have not alleged imminent or even likely prosecution by the Attorney General herself for violations of California Health and Safety Code section 25982. *See* SAC ¶¶ 15, 89. In fact, they allege that Defendant has effectively allowed certain sales of foie gras by not prosecuting them. SAC ¶ 4. In contrast, Plaintiffs allege that various district attorneys have sent letters to Plaintiffs threatening to prosecute them for alleged violations of section 25982. SAC ¶ 89.

On appeal of the Court's denial of Plaintiffs' motion for a preliminary injunction in this action, the Ninth Circuit held that the combination of article V, section 13 of the California Constitution and California Health and Safety Code section 25983, "which gives district attorneys the authority to prosecute violations of § 25982, . . . establishes sufficient enforcement power for *Ex Parte Young*," 209 U.S. 123 (1908). *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943-44 (9th Cir. 2013). Article V, section 13 of the California Constitution provides:

> [w]henever in the opinion of the Attorney General any law of the State is not being adequately enforced in any county, it shall be the duty of the Attorney General to prosecute any violations of law of which the superior court shall have jurisdiction, and in such cases the Attorney General shall have all the powers of a district attorney.

*See also* Cal. Gov't Code § 12550 (providing that Attorney General "may, where [s]he deems it necessary, take full charge of any investigation or prosecution of violations of law of which the superior court has jurisdiction"). "[T]he Attorney General does not have those powers unless and until he or she steps in to conduct a particular prosecution himself or herself." *Goldstein*, 715 F.3d at 757. It is also a discretionary, rather than mandatory, duty to enforce the law. *State of Cal. ex rel. Dep't of Rehab. v. Superior Court*, 137 Cal. App. 3d 282, 287 (1982). Additionally, when required by the public interest or directed by the Governor, the Attorney General may assist the district attorney. Cal. Const. art. V, § 13; Cal.

1  Gov't Code § 12550.  Further, "[i]f a district attorney is disqualified to conduct any
2  criminal prosecution within the county, the Attorney General may employ special
3  counsel to conduct the prosecution." Cal. Gov't Code § 12553.
4        In each instance, specific circumstances must exist for the Attorney General to
5  step into the shoes of a district attorney, and the default under section 25982 is that
6  the statute will be principally enforced at the local level.  *See* Cal. Health & Safety
7  Code § 25983; *see also Goldstein*, 715 F.3d at 759 n.6 ("The County was also
8  unable to offer and we have been unable to find any example of the Attorney
9  General stepping in to take over a prosecution or dictating any sort of policy to a
10 district attorney's office without a request from the district attorney's office that he
11 or she do so.").  At this time, the Attorney General has made no determination that
12 section 25982 is not being adequately enforced and Plaintiffs' allegations suggest
13 the law is being adequately enforced.  *See* SAC ¶¶ 4, 89.  Plaintiffs do not allege
14 any other circumstances are present that would require the Attorney General to step
15 into the shoes of the local district attorney.  Thus, Plaintiffs' claims against the
16 Attorney General are not ripe.
17       The Ninth Circuit has stated that "a state official who contends that he or she
18 will not enforce the law may challenge plaintiff's Article III standing based on 'an
19 unripe controversy.'"  *Ass'n des Eleveurs de Canards et d'Oies du Quebec*, 729
20 F.3d at 944 (quoting *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th
21 Cir. 2002)).  Specifically, the "case or controversy" requirement of Article III of the
22 U.S. Constitution is not satisfied where there is a lack of threatened enforcement by
23 the only defendant.  *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992).
24 Therefore, in order to establish that this case is not currently ripe, the Attorney
25 General does not need to commit to never prosecuting an action under section
26 25982 in the future.  Instead, it is sufficient that "[t]he Attorney General has not in
27 any way indicated that [s]he intends to enforce [the statute]."  *Id.*
28

1  Furthermore, because the alleged threatened enforcement was not the result of
2  any action traceable to the Attorney General, an injunction against the Attorney
3  General will forestall no future enforcement actions because "there is no indication
4  that the Attorney General intends to pursue, or encourage local law enforcement
5  agencies to pursue" enforcement actions under section 25982. *Long*, 961 F.2d at
6  152. An injunction against the Attorney General would have no legal effect against
7  the District Attorneys and would serve only as an improper advisory opinion.
8  Thus, the second amended complaint must be dismissed because it does not satisfy
9  the "case or controversy" requirement of Article III.

## CONCLUSION

Defendant respectfully requests that the Court grant her motion to dismiss Plaintiffs' second amended complaint in its entirety without leave to amend.

Dated: July 28, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
CONSTANCE L. LELOUIS
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General

/s/ STEPHANIE F. ZOOK

STEPHANIE F. ZOOK
Deputy Attorney General
*Attorneys for Defendant*

SA2012106936
32032092.doc