Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation; | Case No. 2:12-cv-05735-SVW-RZ <br><br> **PLAINTIFFS' <u>RESPONSE</u> TO DEFENDANT'S SUPPLEMENTAL BRIEF RE MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| Plaintiffs, | |
| – against – | |
| KAMALA D. HARRIS, in her official capacity as Attorney General of California; | Date:          September 8, 2014 <br> Time:          1:30 p.m. <br> Courtroom:  6 |
| Defendant. | Hon. Stephen V. Wilson |

As ordered by the Court during the July 14, 2014, hearing on Defendant's motion to dismiss (Dckt. 116) and on Plaintiffs' motion for summary judgment (Dckt. 117), Plaintiffs submit this response to Defendant's supplemental brief on the issue of whether her various contentions about enforcing § 25982 could deprive this Court of subject-matter jurisdiction on the ground of ripeness (Dckt. 140).

## THE SCOPE OF THE ISSUE BEFORE THE COURT

The Ninth Circuit has previously rejected the Attorney General's argument that she is not a proper defendant based on her suggestion that she does not presently intend to enforce Section 25982 of the California Health and Safety Code.  The Ninth Circuit held:

> The Attorney General's argument that she is entitled to Eleventh Amendment immunity because she has not shown she intends to enforce § 25982 is foreclosed by our decision in *National Audubon Society, Inc. v. Davis.*, 307 F.3d at 846.  There, we held that a plaintiff need not show that a "present threat of enforcement" exists before invoking the *Ex Parte Young* exception.  *Id.*

*Ass'n des Éleveurs de Canards et d'Oies du Québec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013).  In a single sentence of dicta, the Ninth Circuit added that a challenge based on **ripeness** could be raised by a government defendant who contends that she will not enforce the law:

> Instead, a state official who contends that he or she will not enforce the law may challenge plaintiff's Article III standing based on "an **unripe** controversy."  *Id.* at 847.  The State makes no such challenge.

*Id.* (emphasis added).

On remand, Defendant seized upon this dicta and argued in her motion to dismiss that "[t]he 'case or controversy' requirement of Article III is not satisfied where there is a lack of threatened enforcement by the only defendant."  (Motion [Dckt. 116] at p. 15, lns. 13-19.)  Defendant claimed that an injunction against her "will forestall no future enforcement actions because there is no indication that the Attorney General intends to pursue, or encourage law enforcement agencies to pursue enforcement

- 1 -

1  actions under section 25982." (Def. Motion at p. 15, lns. 20-23 [citation and

2  quotation marks omitted].)

3      This supplemental round of briefing on the issue of ripeness arises out of

4  Defendant's new — but highly equivocal — representations concerning her present

5  intention to enforce § 25982. (Transcript of Jul. 14, 2014 [Dckt. 141] at p. 8, lns. 1-4

6  ["[T]he issue was observed by the Ninth Circuit, and we are revisiting that, and I don't

7  know that I should decide it on this record. I'm going to order further briefing on

8  it."].) For the following reasons — as well as those set forth in Plaintiffs' opposition to

9  Defendant's motion (Dckt. 129) — the Court should deny Defendant's motion to

10  dismiss under Fed. R. Civ. P. 12(b)(1). This case presents a ripe controversy. Section

11  25982 has already caused Plaintiffs millions of dollars in lost sales in California, and it

12  will continue to do so unless this Court enjoins statewide enforcement of it against the

13  sale of Plaintiffs' products.

14              **THE RELEVANT PROCEDURAL BACKGROUND**

15      For the Court's convenience — and because it readily demonstrates the invalidity

16  of Defendant's objection that this action is somehow unripe — Plaintiffs briefly

17  summarize here the relevant procedural background over the past two years as it

18  pertains to Defendant's ripeness argument:

19      At the very outset of this action in July 2012, when Plaintiffs moved for a TRO

20  and preliminary injunction, Defendant opposed it on the ground, among others, that

21  Plaintiffs' claims were not yet justiciable. (*E.g.*, Dckt. 57 at ECF p. 13.) But, as early as

22  the TRO hearing, this Court recognized the fallacy in that notion:

23  The Court:   How do those thoughts come together, and why isn't there imminent
24              threat of enforcement? I mean, is the presumption that California passes
                statutes which require enforcement, and the presumption is that they won't
25              be enforced? Do you know something I don't know, that this statute is
                just sort of embroidery, and no one is going to bother to enforce it?
26

27  Ms. Zook:   Two responses to that. The first one is that — our point is that with
              respect to their claims, no, we don't think they're ripe at this point because
28            there hasn't been a threat of enforcement, but their position —

PLAINTIFFS' <u>RESPONSE</u> TO DEFENDANT'S SUPPLEMENTAL BRIEF RE MOTION TO DISMISS SECOND
AMENDED COMPLAINT

The Court:   I don't understand that at all.  Can you — if a statute is on the books, your view of the law of injunctions is that unless the enforcer comes to your door and threatens you or takes other action, there's no threat of enforcement?

…

Are you debating that the statute is not designed to deal with foie gras growers?

Ms. Zook:   No.

(Transcript of Jul. 18, 2012 [Dckt. 71-1] at ECF p. 3, ln. 20 – ECF p. 5, ln. 13.)

Defendant repeated her ripeness argument in her opposition to Plaintiffs' motion for a preliminary injunction, and this Court squarely rejected it.  In a section of its order entitled "Ripeness," the Court analyzed an analogous Ninth Circuit precedent and provided reasoning that, for the Court's convenience, bears reproducing in full here:

> Defendants further argue that Plaintiffs' claims are not ripe because they have not shown "imminent or even likely prosecution for violating the statue."  Opp'n of the State of Cal., Governor of Cal., and Att'y Gen. to Pl.'s Mot. For Prelim. Inj. 6.  Defendants' argument lacks merit.  Facing almost identical facts, the Ninth Circuit found the claims at issue to be ripe in *National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 856 (9th Cir. 2002). The plaintiffs in *Davis* challenged California's Proposition 4, which banned the use of certain traps and poisons to capture or kill wildlife in the state. *Id.* at 843.  As a result of Proposition 4, many private trappers stopped using "leghold traps," which the court observed, caused them "actual, ongoing economic harm resulting from their cessation of trapping."  *Id.* at 855. ***Thus, the Ninth Circuit found the trappers' claim ripe because the "gravamen of the suit is economic injury rather than threatened prosecution."*** *Id.*  Moreover, the "prudential" requirements of Article III– fitness for judicial resolution and the hardship suffered by the trappers-were satisfied.  *Id.* at 857.  The court reasoned that "more specific facts surrounding possible actions to enforce the statute will not aid resolution" of the case and the trappers' economic injury would continue "[f]or so long as they refrained from trapping."  *Id.*
>
> ***Plaintiffs are in exactly the same situation that the trappers in Davis were.***  Each day, they are losing sales because of Section 25982.  Moreover, this is not a case in which specific facts from an enforcement action would aid resolution.  Thus, Plaintiffs' claims are ripe and this Court properly has jurisdiction.

(Order [Dckt. 87] at pp. 10-11 [emphasis added].)

The Court went on to find that, because they cannot recover damages from the government defendants for their lost sales, Plaintiffs were likely to suffer irreparable harm if a preliminary injunction is not granted.  (Order [Dckt 87] at p. 7.)  The Court nevertheless denied the motion based on its initial assessment of the likelihood of success on the merits at that early stage.  When Plaintiffs appealed, Defendant continued to claim that she was not a proper defendant, *but she never cross-appealed this Court's ruling on the issue of ripeness, and she never even raised the issue in her answering brief on appeal.*  As noted on page 1 above, the Ninth Circuit rejected Defendant's immunity argument and — citing the *Audubon* case on which this Court had relied — included the dicta (quoted on page 1 above) that "a state official who contends that he or she will not enforce the law may challenge plaintiff's Article III standing based on 'an unripe controversy.'"  *Ass'n des Éleveurs*, 729 F.3d at 944.

On remand, Defendant filed her current motion to dismiss Plaintiffs' complaint.  (Dckt. 116.)  In her motion, Defendant renews her argument that this case is somehow not justiciable because, she claimed, "Plaintiffs have not alleged imminent or even likely prosecution by the Attorney General for violating the statute."  (Def. Motion [Dckt. 116] at p. 5, lns. 9-11.)  This claim, however, ignores the actual allegations of the operative complaint, which squarely allege that Plaintiffs and their distributor and restaurant customers in California fear the current threat of prosecution by Defendant herself.  *See* SAC [Dckt. 112] ¶ 91 ("The resolution of this dispute in Plaintiffs' favor will provide Plaintiffs relief from . . . the threat of prosecution by Defendant Harris."); ¶ 97 ("Hudson Valley itself and the sellers of the Plaintiff farmers' foie gras products in California now face prosecution by Defendant Harris"); ¶ 106 (same).

Defendant's motion to dismiss further suggests that "there is no indication that the Attorney General intends to pursue, or encourage local law enforcement agencies to pursue enforcement actions under section 25982."  (Def. Motion at p. 15, lns. 20-23 [citation and quotation marks omitted].)  On June 9, 2014, in response to her curious claim that Plaintiffs and sellers in California are somehow now free to violate the

- 4 -

statute without risk of prosecution from the Attorney General — or even from local law enforcement acting on her encouragement — Plaintiffs' counsel sought a stipulation from Defendant to clarify her position.  The proposed stipulation was very simple.  It asked Defendant, based on the above-quoted statements from her motion, to agree as follows:

> 1.    Consistent with her foregoing arguments to the Court, Defendant shall not enforce Section 25982 of the California Health and Safety Code against the sale of Plaintiffs' products that are the result of feeding ducks or geese where the feeding takes place entirely outside California;

> 2.    Consistent with her direct supervisory powers under article V, section 13, of the California Constitution and her powers under sections 12500 et seq. of the California Government Code, Defendant shall ensure that "every district attorney and sheriff and [] such other law enforcement officers as may be designated by law" shall likewise not enforce Section 25982 of the California Health and Safety Code against the sale of Plaintiffs' products that are the result of feeding ducks or geese where the feeding takes place entirely outside California; and

> 3.    Based on the foregoing, within seven days of the entry of an order by the Court approving this stipulation, Plaintiffs shall dismiss this action against Defendant without prejudice, with each side to bear its own costs.

(*See* Tenenbaum Decl. [Dckt. 143-1] ¶ 2 & Ex. A.)[1]  Yet Defendant refused to stipulate.

At the hearing on July 14, 2014, Defendant represented to the Court that she had "no present intention" to prosecute violations of § 25982.  The relevant colloquy was as follows:

The Court:   And in terms of your representation that your office does not intend to pursue prosecution under this Health and Safety Code Section,

---

[1]    Defendant's ripeness argument is part of her motion to dismiss under FRCP 12(b)(1).  The Court may thus properly consider counsel's declaration concerning Defendant's representations.  "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

1    what assurance can you provide other than your representation?  In
2    other words, you're a deputy attorney general, correct?

3    Mr. Chang:  Yes, Your Honor.

4    The Court:  And so beyond your representation, what other representation could
     the court consider?

5    Mr. Chang:  Well, in this case, Your Honor, there's no -- the attorney general does
6    have the authority to step into the shoes of a district attorney and
     prosecute certain crimes.  There's no present intention to do so.

7    (Transcript of Jul. 14, 2014 [Dckt. 141] at p. 5, ln. 25 – p. 6, ln. 11 [emphasis added].)

8        The Court summarized the situation as follows:

9            So as of now, from what I've learned from the attorney general today,
10   the factual background is that the attorney general does not intend to pursue
     a prosecution under this Health and Safety Code Section; however, the
11   attorney general is unwilling to enter into a stipulation to that effect.  The
12   attorney general acknowledges that it could be in a position to pursue this
     violation if a district attorney in the state pursues a prosecution but is
13   ultimately conflicted.

14   (*Id.* at p. 8, lns. 7-14.)  Before Defendant was cut off by the Court, Defendant had

15   represented not just that she would assume responsibility for a prosecution where a

16   district attorney had a conflict but also that she may prosecute even where a district

17   attorney may *choose* not to.  Defendant stated, "Now, I can't say we will never do it

18   because — as Your Honor pointed out — there could be a situation in the future where

19   there is a conflict *or a local D.A. may choose not to prosecute but the attorney*

20   *general may choose to step over* — " (*Id.* at p. 6, lns. 12-16.)

21                          ARGUMENT

22   I.   **Both This Court and the Ninth Circuit Have Already Found that the**
23        **Attorney General is a Proper Defendant in this Case.**

24       In her supplemental brief, Defendant first notes that, among those expressly

25   authorized to prosecute violations of § 25982 — such as "peace officers" and "district

26   attorneys" — § 25983 does not also specifically name the "Attorney General."  (Supp.

27   Brief at p. 1, lns. 7-18.)  Defendant then suggests that, because she is not identified in

28   § 25983 in her capacity as Attorney General — i.e., the chief law enforcer in California

- 6 -

1  — this Court somehow does not have subject-matter jurisdiction because "the statute

2  will be *principally* enforced at the local level."  (*Id.* at p. 1, lns. 15-18, & p. [emphasis

3  added].)  To the extent that Defendant is trying to re-argue that she is not a proper

4  defendant, that issue was already soundly decided by this Court in Plaintiffs' favor and

5  affirmed by the Ninth Circuit.

6       This Court has already held that "California's own statutes indicate that, at a

7  minimum, the Attorney General has the power to enforce Section 25982" because:

8  (1) § 25983 provides that "[a] peace officer" may enforce § 25982 and (2) "[t]he

9  Attorney General herself is a peace officer under California law."  (Dckt. 87 at p. 8, ln.

10  23 – p. 9, ln. 1, citing Cal. Penal Code § 830.1(b) ["The Attorney General and special

11  agents and investigators of the Department of Justice are peace officers[.]"].)  Similarly,

12  the Ninth Circuit recognized that, under the California Constitution, "the Attorney

13  General not only has 'direct supervision over every district attorney,' but also has the

14  duty 'to prosecute any violations of law . . . [and] shall have all the powers of a district

15  attorney,' whenever she believes that the law is not being adequately enforced.  Cal.

16  Const. art. V, § 13."  *Ass'n des Éleveurs*, 729 F.3d at 943.  As the Ninth Circuit

17  concluded in finding the Attorney General a proper defendant in this case, it the

18  "combination of § 25983, which gives district attorneys the authority to prosecute

19  violations of § 25982, and the Attorney General's duty to prosecute as a district

20  attorney establishes sufficient enforcement power for *Ex Parte Young*."  *Id.* at 943-44.

21       There is thus no reasonable question as to *who* may be properly named as a

22  defendant in this case.  What Defendant now suggests is that there is some question as

23  to *when*.  In other words, as the Ninth Circuit observed in the language that triggered

24  the Court's concern in the first place, a government defendant "who contends that he or

25  she will not enforce the law may challenge plaintiff's Article III standing based on an

26  '*unripe* controversy.'"  *Id.* at 944 (emphasis added).

27

28

PLAINTIFFS' <u>RESPONSE</u> TO DEFENDANT'S SUPPLEMENTAL BRIEF RE MOTION TO DISMISS SECOND
AMENDED COMPLAINT

II.   **The Ninth Circuit Suggested that a State Official Who Contends that "He or She *Will Not Enforce the Law*" May Raise a Ripeness Challenge — But Defendant Refuses to Agree Not to Prosecute Violations of § 25982.**

As quoted on page 1 above, the Ninth Circuit's dicta that led to this round of briefing said that "a state official who contends that he or she **will not enforce the law** may challenge plaintiff's Article III standing based on "an unripe controversy." *Ass'n des Éleveurs*, 729 F.3d at 944.  As the Ninth Circuit noted, no such contention was made at that time, and, much as she would like to avoid an adjudication of this case on the merits, Defendant continues to refuse to commit to not enforcing § 25982.

As she acknowledges throughout her supplemental brief, Defendant of course has the power — and both the statutory and constitutional *duty* — to enforce § 25982. Defendant coyly suggests that this action is unripe because, "[a]t this time, the Attorney General has made no determination that section 25982 is not being adequately enforced[.]"  (Supp. Brief at p. 3, lns. 11-16.)  But that is far from the contention that the Ninth Circuit said she would have to make to even raise a question of ripeness. Saying "I will not enforce § 25982" is very different from all that Defendant has suggested so far, which is that she is not doing so **for the moment**.  Moreover, Defendant's strategic representations to the Court may be readily contrasted with her refusal to actually stipulate to what she would have the Court believe.

The Supreme Court has long held, and oft reiterated, that pre-enforcement statutory challenges are ripe for adjudication when the statute itself has injured the challenging party.  *See Doe v. Bolton*, 410 U.S. 179, 188 (1973) (finding that physician-appellants challenging law criminalizing abortion "present a justiciable controversy and have standing despite fact that record does not disclose that any one of them has been prosecuted, *or threatened with prosecution*") (emphasis added); *see also Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (finding that being "subject to such a threat [of enforcement]" is sufficient to create Article III injury).

Beyond her powers to enforce § 25982, Defendant has full — and express — authority to enforce section 17200 of the Business and Professions Code.  Section

- 8 -

17206(a), for example, authorizes civil penalties of $2,500 per violation of any law in California to be assessed and recovered in "a civil action brought in the name of the people of the State of California *by the Attorney General*." Cal. Bus. & Prof. Code § 17206(a) (emphasis added). Defendant has notably never so much as suggested that she will not enforce that law against Plaintiffs or California sellers of foie gras products based on an alleged predicate violation of § 25982.

Finally, this Court should review the basis for the Ninth Circuit's dicta on appeal, for which it relied on *National Audubon Society v. Davis*, 307 F.3d 835 (9th Cir. 2002). In evaluating the ripeness issue in *Audubon*, the Ninth Circuit recognized that the trappers claim was justiciable despite the fact that there was no imminent risk of prosecution. "In this case, however, the core of the trappers' injuries is not a hypothetical risk of prosecution but rather actual, ongoing economic harm resulting from their cessation of trapping. That is, the trappers allege direct financial loss caused by 14935 Proposition 4. When such tangible economic injury is alleged, we need not rely on the three-factor test applied in Thomas and San Diego Guns, for the gravamen of the suit is economic injury rather than threatened prosecution." *Id.* at 855. Here, Plaintiffs have amply alleged that, like the trappers in *Audubon*, they are suffering economic injury in the form of lost sales to restaurants like Hot's Kitchen and countless others who cannot afford the crippling penalties of $1,000 per sale that SB 1520 provided for a violation of § 25982.

Accordingly, regardless of what Defendant has tried to tell this Court — and she has never committed to *not* enforcing § 25982 — this case has been ripe for review ever since the day it was filed, which was when Plaintiffs first began to suffer irreparable harm from this unconstitutional statute.

## III.  Plaintiffs' Claims are Justiciable Because, As This Court Previously Found, the *Economic Effects* of § 25982 Create a Ripe Case or Controversy.

In the current complaint, Plaintiffs allege that they fear the threat of prosecution from Defendant Harris herself. *See* SAC [Dckt. 112] ¶ 91 ("The resolution of this

dispute in Plaintiffs' favor will provide Plaintiffs relief from . . . the threat of prosecution by Defendant Harris."); ¶ 97 ("Hudson Valley itself and the sellers of the Plaintiff farmers' foie gras products in California now face prosecution by Defendant Harris"); ¶ 106 (same).  Even more consequentially, Plaintiffs allege that the threat of enforcement of § 25982 has caused them to suffer millions of dollars in lost sales.  (*E.g.*, SAC ¶¶ 85-88.)

The cases are clear that Plaintiffs do not need to flout the law and suffer SB 1520's draconian punishments in order to challenge the constitutionality of § 25982.  *See Ex parte Young*, 209 U.S. 123, 165 (1908) ("To await proceedings against the company in a state court, grounded upon a disobedience of the act, and then, if necessary, obtain a review in this court … would place the company in peril of large loss … if it should be finally determined that the act was valid."); *Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 187 (9th Cir. 1993) (rejecting claim of "no case or controversy" where PUC rule had not yet been enforced because rule compelled plaintiff to conform business to allegedly unconstitutional standard).  For this reason, among others, this Court has already recognized that Defendant's ripeness argument "lacks merit."  (*See* Dckt. 87 at ECF pp. 10-11.)  Quoting the Ninth Circuit in *National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 836 (9th Cir. 2002) — on "almost identical" facts — this Court observed that the trappers' claim in that case was ripe because the "*gravamen of the suit is economic injury rather than threatened prosecution.*"  (*Id.*)

Moreover, the "prudential" requirements of Article III — fitness for judicial resolution and the hardship suffered by the trappers — were satisfied because the trappers' economic injury would continue "[f]or so long as they refrained from trapping.  *Id.* at 857.  As this Court concluded, "Plaintiffs are in exactly the same situation that the trappers in *Davis* were.  Each day, they are losing sales because of Section 25982.  Moreover, this is not a case in which specific facts from an enforcement

1   action would aid resolution.  Thus, Plaintiffs' claims are ripe and this Court properly

2   has jurisdiction."  (Dckt. 87 at ECF p. 11.)

3        Finally, this Court should know that another federal court recently rejected the

4   same kind of argument that Defendant makes here.  In *Free Speech Coalition, Inc. v.*

5   *Holder*, 957 F. Supp. 2d 564, 570 (E.D. Pa. 2013), United States Attorney General Eric

6   Holder argued that the case was not ripe because, although he had the *authority* to

7   enforce the challenged statute, he had not done so in five years.  But the court rejected

8   this contention and held that the "direct impact of the statute on the regulated entities

9   and their potential for prosecution if they choose not to comply establishes ripeness,"

10  despite the Attorney General's purported lack of intent to enforce.  *Id.* at 571.  As this

11  Court previously recognized, Defendant's claim that this case is somehow not ripe is

12  similarly without merit here.

## CONCLUSION

14       Defendant's motion to dismiss should be denied because Plaintiffs' claims are ripe

15  for this Court's review.  The complaint's well-pleaded allegations concerning the clear

16  and present unconstitutional harm that § 25982 is causing to Plaintiffs are more than

17  sufficient to state claims upon which the relief that Plaintiffs seek should be granted.[2]

18  Dated:      August 11, 2014          THE TENENBAUM LAW FIRM

20                                       _____

21                                       Michael Tenenbaum, Esq.

22                                       *Counsel for Plaintiffs*

24  [2]      Plaintiffs have a pending motion for summary judgment on their preemption
    claim that was set for hearing at the same time as Defendant's motion to dismiss.  In the
25  meantime, Plaintiffs' petition for certiorari has now been distributed for consideration
    at the United States Supreme Court's conference on September 29, 2015, which should
26  result in an order from the high court by October 6, 2015.  Plaintiffs thus reiterate their
27  request that, for prudential reasons, this Court defer ruling on either Plaintiffs' or
    Defendant's pending motions until after the Supreme Court has ruled on the cert
28  petition.

- 11 -