Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel     (310) 919-3194
Fax    (310) 919-3727

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and HOT'S RESTAURANT GROUP, INC., a California corporation;<br><br>          Plaintiffs,<br><br>    – against –<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California;<br><br>          Defendant. | Case No. 2:12-cv-05735-SVW-RZ<br><br>**PLAINTIFFS' NOTICE OF NINTH CIRCUIT PANEL ORDER REQUESTING BRIEFING FOR POTENTIAL EN BANC REVIEW OF CONFLICT GENERATED BY PANEL DECISION IN THIS CASE ON ISSUE OF APPLICATION OF SUPREME COURT DORMANT COMMERCE CLAUSE PRECEDENT**<br><br>Date:      September 8, 2014<br>Time:      1:30 p.m.<br>Courtroom:  6<br><br>Hon. Stephen V. Wilson |

Plaintiffs wish to inform the Court that, on August 29, 2014, a panel of the United States Court of Appeals for the Ninth Circuit issued an order in the case of *Sam Francis Foundation v. Christies, Inc.*, et al. (Nos. 12-56067, 12-56068, and 12-56077), directing the parties in that appeal to file supplemental briefing by September 19, 2014, setting forth their positions on whether it should be heard *en banc*, and, in particular, to address:

> whether there is a conflict in our case law regarding the applicability of *Healy v. Beer Inst.*, 491 U.S. 324 (1989). *Compare Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1101 (9th Cir. 2013) ("[T]he dormant Commerce Clause holds that any 'statute that directly controls commerce occurring wholly outside the boundaries of a State exceeds the inherent limits of the enacting State's authority.'" (quoting *Healy*, 491 U.S. at 336)), *with **Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris***, 729 F.3d 937, 951 (9th Cir. 2013) ("[T]he [Supreme] Court has held that *Healy* . . . [is] not applicable to a statute that does not dictate the price of a product and does not 't[ie] the price of its in-state products to out-of-state prices.'" (quoting *Pharm. Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 669 (2003)).

*Id.* (emphasis added). For the Court's convenience, a copy of that order is attached hereto as Exhibit A.

The issue identified by the Ninth Circuit panel in the above-quoted order is the same as that at the heart of the parties' briefing on Defendant's pending motion to dismiss Plaintiffs' Dormant Commerce Clause claims in our case. *See, e.g.,* Dckt. 116 at p. 11 (Defendant's brief arguing that Supreme Court "limited *Healy*" to "price control laws"); Dckt. 129 at pp. 13-14 n.9 (Plaintiffs' brief arguing that Supreme Court "said nothing to limit (let alone overrule) *Healy*" beyond pricing context); and Dckt. 133 at p. 14 n.4 (Defendant's reply brief arguing that "the Ninth Circuit's decision in both cases" — i.e., *Rocky Mountain* and our case, as to which the panel quoted above had noted an ostensible conflict — "is binding precedent").

In *Healy*, the Supreme Court explained: "The Commerce Clause … precludes the application of a state statute to commerce that takes place wholly outside of the State's

borders, whether or not the commerce has effects within the State." *Healy*, 491 U.S. at 336. The "critical inquiry is whether the ***practical effect*** of the regulation is to control conduct beyond the boundaries of the State." *Id.* (emphasis added). Here, the same impermissible heavy-handedness that Connecticut used to try to control the price at which beer was sold in bordering states is inherent in the way Section 25982 of the California Health and Safety Code (a provision that concerns neither health nor safety) tries to control the quantity of food that ducks are fed beyond California's borders.

As a condition of access to the Connecticut market, the statute in *Healy* told beer producers in *other* States that, if they wanted to continue selling in Connecticut, they would could not sell beer in *other* States at prices lower than those they posted for sales in Connecticut. Here, as a condition of access to the California market, section 25982 tells the out-of-state duck farmer Plaintiffs that, if they want to continue selling in California, they cannot feed their ducks in *other* States "more food" than California dictates. In other words, the "Hobson's choice" in *Healy* was the same as the one Plaintiffs face here:  use only the agricultural practices that California allows — even on your out-of-state farms — or lose access to the largest market in the union. To use the words emphasized by the Supreme Court in *Healy*, the "practical effect" of applying section 25982 to the wholesome, USDA-approved poultry products from the farmer Plaintiffs in New York and in Canada is to unconstitutionally regulate commerce in that state and country.

The  issue identified by the Ninth Circuit panel in the above-quoted order is also a major subject of Plaintiffs' pending petition for certiorari in the United States Supreme Court, where 13 other States have taken issue with California's attempt to project its legislation into other States and have filed an amicus brief in support of Plaintiffs' position on the Dormant Commerce Clause issue. As Plaintiffs have previously noted, the cert petition has been distributed for consideration at the Supreme Court's conference on September 29th — i.e., just a few weeks from today — with a ruling

PLAINTIFFS' NOTICE OF NINTH CIRCUIT PANEL ORDER REQUESTING BRIEFING FOR POTENTIAL
EN BANC REVIEW OF CONFLICT GENERATED BY PANEL DECISION IN THIS CASE ON ISSUE OF
APPLICATION OF SUPREME COURT DORMANT COMMERCE CLAUSE PRECEDENT

expected the following week.  (The Court may find all of the briefing on the cert petition at http://www.scotusblog.com/case-files/cases/association-des-eleveurs-de-canards-et-doies-du-quebec-v-harris/.)

Plaintiffs bring this development to the Court's attention so that it may take the Ninth Circuit's above-quoted order into consideration in ruling on Defendant's motion to dismiss Plaintiffs' Commerce Clause claims (or in deferring a ruling on her motion).[1]

Dated:      September 4, 2014          THE TENENBAUM LAW FIRM

_____

Michael Tenenbaum, Esq.
*Counsel for Plaintiffs*

---

[1]     In any event, because this development does not affect Plaintiffs' motion for summary judgment on their federal preemption claim — which is based on the Supremacy Clause — there is no reason to defer a ruling on *Plaintiffs' motion*, which is set for hearing this coming Monday, September 8th.

PLAINTIFFS' NOTICE OF NINTH CIRCUIT PANEL ORDER REQUESTING BRIEFING FOR POTENTIAL EN BANC REVIEW OF CONFLICT GENERATED BY PANEL DECISION IN THIS CASE ON ISSUE OF APPLICATION OF SUPREME COURT DORMANT COMMERCE CLAUSE PRECEDENT