1   XAVIER BECERRA
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   PETER H. CHANG
    Deputy Attorney General
4   State Bar No. 241467
       455 Golden Gate Avenue, Suite 11000
5      San Francisco, CA  94102-7004
       Telephone:  (415) 510-3776
6      Fax:  (415) 703-1234
       E-mail:  Peter.Chang@doj.ca.gov
7   *Attorneys for Defendant*
    *California Attorney General*
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                      WESTERN DIVISION

12

| | |
|---|---|
| 13 **ASSOCIATION DES ELEVEURS DE CANARDS ET D'OIES DU QUEBEC, et al.,** | Case No. CV-12-05735-SVW-RZ |
| 14 | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 15                                    Plaintiffs, | |
| 16                          v. | |
| 17 | Judge:          Hon. Stephen V. Wilson |
| 18 **XAVIER BECERRA**, in his official capacity as Attorney General of California; | Date:            June 24, 2019 |
| 19 | Time:            1:30 p.m. |
| 20                          Defendant. | Courtroom:   10A |
| 21 | Trial Date:    None |
|    | Action Filed: July 2, 2012 |

22

23

24

25

26

27

28

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 24, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, defendant Xavier Becerra ("Defendant"), shall move, and hereby does move this Court for an order under Federal Rule of Civil Procedure 12(b)(6) dismissing the Third Amended Complaint of Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec, HVFG LLC, and Sean "Hot" Chaney (collectively, "Plaintiffs").

Defendant moves to dismiss the first cause of action on the ground that it fails to state a claim upon which relief may be granted because the application of California Health and Safety Code section 25982 to products "sold in California" does not turn on whether title passes in California.

Defendant moves to dismiss the second cause of action on the ground that it fails to state a claim upon which relief may be granted because there is no conflict or inconsistency between the federal Poultry Products Inspection Act and section 25982; therefore, it is not impossible for Plaintiffs to comply with both federal and state law.

Defendant moves to dismiss the third cause of action on the ground that it fails to state a claim upon which relief may be granted because section 25982 does not regulate wholly out-of-state conduct and is not an extraterritorial regulation.

Defendant moves to dismiss the fourth cause of action on the ground that it fails to state a claim upon which relief may be granted because section 25982 does not violate the Commerce Clause and balancing under *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970) is not required.  Even if such balancing was required, section 25982 serves a legitimate local purpose and its putative benefits outweigh any burden on interstate commerce.

Defendant's Motion to Dismiss Third Amended
Complaint  (CV-12-05735-SVW-RZ)

1    This motion is made following the conference of counsel under C.D. Cal. R.

2  7-3, which took place from April 17, 2019, through April 23, 2019.

3    This motion is based upon this notice of motion and motion, the

4  accompanying memorandum of points and authorities, the pleadings and papers on

5  file, and upon such further evidence, both oral and documentary, as may be offered

6  at the time of the hearing.

7

8  Dated:  April 24, 2019                    Respectfully submitted,

9                                            XAVIER BECERRA
                                             Attorney General of California
10                                           TAMAR PACHTER
                                             Supervising Deputy Attorney General
11
                                             /s Peter H. Chang
12
                                             PETER H. CHANG
13                                           Deputy Attorney General
                                             *Attorneys for Defendant California*
14                                           *Attorney General*

15  SA2012106936

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           Defendant's Motion to Dismiss Third Amended
                                           Complaint  (CV-12-05735-SVW-RZ)

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................1

Procedural History .............................................................................................2

Argument.............................................................................................................3

     I.    Legal Standard ....................................................................3

     II.   Plaintiffs Have Failed to State a Claim as a Matter of Law ................4

          A.    Plaintiffs' First Cause of Action Must Be Dismissed ...............4

          B.    Plaintiffs' Second Cause of Action Must Be Dismissed
              Because Section 25982 Is Not Preempted by Federal Law........6

          C.    Plaintiffs' Third and Fourth Causes of Action Must Be
              Dismissed Because Section 25982 Does Not Violate the
              Commerce Clause .....................................................................9

              1.    Plaintiffs' third cause of action must be dismissed
                   because Section 25982 does not regulate
                   extraterritorially ...........................................................10

              2.    Plaintiffs' fourth cause of action must be dismissed
                     because Pike balancing is not required, but even if
                     it were, section 25982 serves a legitimate local
                     purpose and its benefits outweigh any burden on
                     interstate commerce .......................................................12

                     a.    Section 25982 does not substantially burden
                         interstate commerce ............................................12

                     b.    Section 25982 would survive Pike balancing
                         because any burden does not "clearly
                         exceed" its benefits. ............................................14

     III.  Plaintiffs Should Be Denied Leave to Amend. ...............................16

Conclusion.........................................................................................................16

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

# TABLE OF AUTHORITIES

**Page**

CASES

*Allen v. City of Beverly Hills*
911 F.2d 367 (9th Cir. 1990) ............................................................... 16

*Ansagay v. Dow Agrosciences LLC*
153 F. Supp. 3d 1270 (D. Haw. 2015) .................................................. 8

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................. 3

*Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Becerra*
870 F.3d 1140 (9th Cir. 2017) (*Canards II*) ................................. *passim*

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
729 F.3d 937 (9th Cir. 2013) (*Canards I*) .................................... *passim*

*Assn. des Eleveurs de Canards et d'Oies du Quebec v. Becerra*
139 S. Ct. 862 (2019) ........................................................................... 3

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1990) ............................................................... 3

*Barnes v. Glen Theatre, Inc.*
501 U.S. 560 (1991) ........................................................................... 14

*Brown-Forman Distillers Corp. v. New York State Liquor Auth.*
476 U.S. 573 (1986) ........................................................................... 12

*California v. ARC America Corp.*
490 U.S. 93 (1989) ............................................................................... 7

*Cavel Int'l, Inc. v. Madigan*
500 F.3d 551 (7th Cir. 2007) ............................................................. 15

*Chinatown Neighborhood Ass'n v. Harris*
794 F.3d 1136 (9th Cir. 2015) ...................................................... 9, 15

*CTS Corp. v. Dynamics Corp. of Am.*
481 U.S. 69 (1987) ............................................................................. 15

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

**TABLE OF AUTHORITIES**
(continued)

Page

*Empacadora de Carnes de Fresnillo, S.A. de C.V. v. Curry*
    476 F.3d 326 (5th Cir. 2007)...............................................................15

*Ishikawa v. Delta Airlines, Inc.*
    343 F.3d 1129 (9th Cir. 2003)..............................................................7

*Johnson v. Riverside Healthcare Sys., LP*
    534 F.3d 1116 (9th Cir. 2008)..............................................................3

*Lazy Y Ranch Ltd. v. Behrens*
    546 F.3d 580 (9th Cir. 2008)...............................................................3

*Maine v. Taylor*
    477 U.S. 131 (1986).........................................................................9

*National Ass'n of Optometrists & Opticians v. Harris*
    682 F.3d 1144 (9th Cir. 2012)..........................................................9, 12

*NCAA v. Miller*
    10 F.3d 633 (9th Cir. 1993)...............................................................11

*North Star Int'l v. Ariz. Corp. Comm'n*
    720 F.2d 578 (9th Cir. 1983)..............................................................3

*Pac. Nw. Venison Producers v. Smitch*
    20 F.3d 1008 (1994)....................................................................14, 15

*People v. Rubalcava*
    1 P.3d 52 (Cal. 2000)........................................................................5

*People v. Walker*
    59 P.3d 150 (Cal. 2002) .....................................................................5

*Pike v. Bruce Church, Inc.*
    397 U.S. 137 (1970).......................................................................9, 14

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v.*
    *U.S. Dep't of Agric.*
    499 F.3d 1108 (9th Cir. 2007).........................................................10

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

**TABLE OF AUTHORITIES**
(continued)

Page

*Rocky Mt. Farmers Union v. Corey*
913 F.3d 940 (9th Cir. 2019) (*Rocky Mountain II*) .............................................11

*Rocky Mtn. Farmers Union v. Corey*
730 F.3d 1070 (9th Cir. 2013) (*Rocky Mountain I*) ....................................10, 11

*South Dakota v. Wayfair*
138 S. Ct. 2080 (2018) ..............................................................................................6

*Sprewell v. Golden State Warriors*
266 F.3d 979 ............................................................................................................3

*Topa Equities, Ltd. v. City of Los Angeles*
342 F.3d 1065 (9th Cir. 2003) ...............................................................................7

*UFO Chuting of Haw., Inc. v. Smith*
508 F.3d 1189 (9th Cir. 2007) .............................................................................14

*United States v. Stevens*
559 U.S. 466 (2010 ...............................................................................................14

*Valley Bank of Nev. V. Plus Sys., Inc.*
914 F.2d 1186 (9th Cir. 1990) .............................................................................13

*Wyeth v. Levine*
555 U.S. 555 (2009) ................................................................................................8

**STATUTES**

21 U.S. Code
§ 451 ..................................................................................................................7, 13
§ 467e ...........................................................................................................*passim*

California Commercial Code
§ 2102 ................................................................................................................4, 5
§ 2106(1) ................................................................................................................4
§ 2401 .....................................................................................................................4
§ 2401(1) ................................................................................................................5
§ 2401(2) ................................................................................................................5

California Health and Safety Code § 25982 ......................................................*passim*

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

**TABLE OF AUTHORITIES**
**(continued)**

Page

California Uniform Commercial Code ..................................................................4, 5

**COURT RULES**

Federal Rule of Civil Procedue, Rule 12(b)(6) ........................................................3

Attorney General's Notice of Motion and Motion to
Dismiss Second Amended Complaint; Memorandum
of Points and Authorities (CV-12-05735-SVW-RZ)

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

California Health and Safety Code section 25982 protects California's legitimate interest in preventing, within its own borders, the sale of products resulting from force feeding a bird to abnormally enlarge its liver.  For almost seven years, Plaintiffs have been litigating their challenge to section 25982.  The Ninth Circuit has twice ruled against Plaintiffs, and the Supreme Court has twice denied certiorari.  Plaintiffs' third attempt to allege actionable claims also fails.

The Third Amended Complaint challenges the constitutionality of  section 25982.  Each of Plaintiffs' claims should be dismissed as a matter of law.  First, Plaintiffs are not entitled to a declaration that section 25982 does not apply to sales of Plaintiffs' products made to persons in California and shipped to California but where the title passes outside the state.  Section 25982 applies to those sales of Plaintiffs' product to persons in California.

Second, section 25982 is not preempted by the Poultry Products Inspection Act (PPIA), 21 U.S.C. § 467e, because there is no conflict or inconsistency between section 25982 and the PPIA.  As the Ninth Circuit held, the PPIA "does not mandate that particular types of poultry be produced for people to eat."  *Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Becerra*, 870 F.3d 1140, 1150 (9th Cir. 2017) (*Canards II*), *cert. denied*, No. 17-1285, 138 S.Ct. 862 (U.S. Jan. 7, 2019).

Third, section 25982 does not violate the Commerce Clause.  As this Court found in denying Plaintiffs' motion for a preliminary injunction, which the Ninth Circuit affirmed, Plaintiffs' Commerce Clause claims do not raise a serious question on the merits.  This statute does not apply extraterritorially because it applies only to sales in California's market.  Section 25982 also does not substantially burden interstate commerce and even a complete ban on foie gras would not constitute a substantial burden on interstate commerce.  *See Ass'n des*

1   *Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 952 (9th Cir.

2   2013) (*Canards I*).  Even if section 25982 imposes some minor burden, its

3   legitimate sweep – preventing sales in California of products produced by cruelty to

4   animals – would outweigh any such burden.

5       Because Plaintiffs cannot demonstrate section 25982 is unconstitutional, they

6   cannot state a claim upon which relief can be granted.  The Court should therefore

7   grant this motion to dismiss the Third Amended Complaint.

8                                **PROCEDURAL HISTORY**

9       Plaintiffs filed this case on July 2, 2012, challenging the validity of California

10  Health and Safety Code section 25982 under the Commerce Clause and Due

11  Process Clause.  ECF No. 1.  This Court denied both an ex parte application for a

12  temporary restraining order and a motion for a preliminary injunction.  ECF Nos. 3,

13  35, 51, 87.[1]  On appeal, the Ninth Circuit affirmed denial of the motion for

14  preliminary injunction, holding that "Plaintiffs failed to raise a serious question that

15  they are likely to succeed on the merits" of their claims.  *Canards I*, 729 F.3d at

16  953.

17      After this case was restored to this Court's active calendar, Plaintiffs filed the

18  Second Amended Complaint, raising, among others, claims of preemption under

19  the PPIA and the dormant Commerce Clause.  ECF No. 112.  Defendant moved to

20  dismiss all claims, ECF No. 116, and Plaintiffs filed a motion for partial summary

21  judgment on their PPIA preemption claim, ECF No. 117.  The Court granted

22  Plaintiffs' motion, denied Defendant's motion, and permanently enjoined

23  Defendant from enforcing section 25982.  ECF No. 155.  On appeal, the Ninth

24  Circuit reversed and remanded for further proceedings consistent with its opinion.

25  *Canards II*, 870 F.3d at 1150.  The Ninth Circuit squarely held that section 25982 is

26  not expressly preempted by the PPIA, or preempted under theories of field or

27  ───────────
          [1] Defendant's motion to dismiss the First Amended Complaint was stayed
28  pending resolution of Plaintiffs' preliminary injunction appeal.  ECF Nos. 77, 95.

1    obstacle preemption. *Id.* at 1151. The court further held that section 25982 is not

2    preempted "even if [it] results in the total ban of foie gras." *Id.* at 1150. Plaintiffs

3    petitioned for writ of certiorari, which was denied by the Supreme Court. *Assn. des*

4    *Eleveurs de Canards et d'Oies du Quebec v. Becerra*, 139 S. Ct. 862 (2019).

5    Plaintiffs then sought leave to further amend the complaint. ECF No. 178. The

6    court granted the motion in part but denied leave to plead claims of express,

7    obstacle, or field preemption as those were foreclosed by *Canards II*. ECF No.

8    184.

9                                    **ARGUMENT**

10   **I.    LEGAL STANDARD**

11          A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

12   complaint. *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

13   1983). "To survive a motion to dismiss, a complaint must contain sufficient factual

14   matter, accepted as true, to state a claim to relief that is plausible on its face."

15   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). "A

16   Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory'

17   or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

18   *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008)

19   (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

20   The court accepts as true all material allegations in the complaint and construes

21   those allegations in the light most favorable to the plaintiff. *Lazy Y Ranch Ltd. v.*

22   *Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, the court need not accept as

23   true legal conclusions, conclusory allegations, unwarranted deductions of fact, or

24   unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988,

25   *amended by* 275 F.3d 1187 (9th Cir. 2001).

26

27

28

II.   **Plaintiffs Have Failed to State a Claim As a Matter of Law**

A.   **Plaintiffs' First Cause of Action Must Be Dismissed**

Section 25982 provides that "[a] product may not be sold in California if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Cal. Health & Saf. Code § 25982. By their First Cause of Action, Plaintiffs seek a declaration that section 25982 does not apply to "out-of-state sales of foie gras products that are shipped to persons in California after title passed from a seller outside the State of California." TAC at ¶ 113 (emphasis omitted); *see id.* at 42, ¶ A.1. Plaintiffs' claim must be dismissed because, as a matter of law, the application of section 25982 does not turn on where title passes for purposes of the Uniform Commercial Code.

Plaintiffs rely on the California Uniform Commercial Code (California UCC) to suggest that a product is not "sold in California" within the meaning of section 25982 if title passes outside of California. TAC at ¶ 116 (citing Cal. Comm. Code §§ 2106(1) ("a 'sale' consists in passing of title from the seller to the buyer for a price") & 2401(2)(a) ("If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at designation, title passes to the buyer at the time and place of shipment"). Plaintiffs' reliance on the California UCC is misplaced.

Whether a product is "sold in California" for purposes of section 25982 is not governed by the California UCC. Significantly, the California UCC—by its express terms—does not "impair or repeal any statute regulating sales to consumers." Cal. Comm. Code § 2102. That is because the California UCC addresses the "rights, obligations and remedies" between buyers and sellers in transactions to sells goods that can be sold in California, but does not govern what can be sold. *See id.* § 2401.

Section 25982, on the other hand, governs what can be sold. It prohibits a product from being "sold in California" if the product "is the result of force feeding

Attorney General's Motion to Dismiss Third
Amended Complaint (CV-12-05735-SVW-RZ)

a bird for the purpose of enlarging the bird's liver beyond normal size." Cal. Health & Safety Code § 25982. It is a statute "regulating sales to consumers" that is expressly outside the scope of the California UCC. Cal. Comm. Code § 2102.

Illustrating the fallacy in Plaintiffs' claim is that the section of the California UCC on which they rely also provides that where the title of goods passes can be dictated by contract between the parties. Cal. Comm. Code § 2401(1) ("Subject to these provisions . . . title to goods passes from the seller to the buy in any manner and on any conditions explicitly agreed on by the parties.").[2] Under Plaintiffs' theory, therefore, a buyer and a seller can circumvent section 25982 simply by agreeing between them that title to the product passes outside of California, even if the product is sold to a buyer in California for use in California, or even if both the buyer and seller are located in the state. That would lead to an absurd result where private parties can contract out of their obligation to comply with a law that regulates whether those sales can even occur within the state's borders, and cannot be the correct interpretation of section 25982. *See People v. Walker*, 59 P.3d 150, 152 (Cal. 2002) (courts must "avoid any interpretation that would lead to absurd consequences"); *People v. Rubalcava*, 1 P.3d 52, 56 (Cal. 2000) (courts "must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences."). Section 25982 must apply to "out-of-state entities and precludes sales within California of products produced by force feeding birds regardless of where the force feeding occurred. Otherwise, California entities could obtain foie gras produced out-of-state and sell it in California." *Canards I*, 729 F.3d at 949.

---

[2] The provision of the California UCC on which Plaintiffs rely states that title of goods passes at the seller's location only if the parties do not agree to a different location. *See* Cal. Comm. Code ¶ 2401(2) ("*Unless otherwise explicitly agreed* title passes to the buyer at the time and place at which seller completes his performance with reference to the physical delivery of the goods") (emphasis added).

Attorney General's Motion to Dismiss Third
                                                                                     Amended Complaint (CV-12-05735-SVW-RZ)

California has the authority to regulate all sales in the state, including sales from out-of-state sellers to buyers in the state.  *Cf. South Dakota v. Wayfair*, 138 S. Ct. 2080 (2018) (holding that states may require out-of-state sellers of goods to collect and remit sales tax on sales into the state).  Contrary to Plaintiffs' claim, therefore, Section 25982 applies to sales of products sold by out-of-state sellers to buyers in California, regardless of where title passes.

**B.    Plaintiffs' Second Cause of Action Must Be Dismissed Because Section 25982 Is Not Preempted by Federal Law**

This Court granted Plaintiffs leave to amend based on their intent to assert a new legal theory of preemption—that section 25982 is preempted due to the impossibility of complying with both state and federal law.  ECF No. 184.  The legal foundation of Plaintiffs' new impossibility preemption theory, as alleged in the now-filed TAC, has been rejected by the Ninth Circuit, and thus must be dismissed as a matter of law.  While Plaintiffs continue to allege that section 25982 stands as an obstacle to and in conflict with Congress's objectives in enacting the PPIA, TAC ¶¶ 123-34, the Ninth Circuit has squarely rejected that claim.  *See Canards II*, 870 F.3d at 1153 ("Health and Safety Code section 25982 is not preempted by the PPIA"); *id.* at 1152 ("Congress clearly did not intend to occupy the field of poultry products"); *id.* at 1153 ("we conclude that section 25982 does not stand as an obstacle to accomplishing the PPIA's purposes").  Although Plaintiffs claim to disavow alleging the express, obstacle, and field preemption claims squarely rejected in *Canards II*, their purportedly "new" theory of impossibility preemption relies substantially on legal conclusions that the Ninth Circuit rejected.  TAC at ¶¶ 123-133.

Plaintiffs now allege that it is "impossible" for them to comply with both federal and state law.  TAC ¶ 135.  According to Plaintiffs, under the PPIA, they are approved to sell products containing foie gras made from livers of birds that

1   were force fed, but, under section 25982, cannot sell those products in California.

2   *Id.*, ¶¶ 136-38.  Plaintiffs' preemption claim fails once more.

3        Impossibility preemption is a form of implied conflict preemption.  *Ishikawa*

4   *v. Delta Airlines, Inc.*, 343 F.3d 1129, 1133-34 (9th Cir. 2003).  Under this theory, a

5   state law is preempted when it "actually conflicts with federal law, that is, when

6   compliance with both state and federal law is impossible."  *California v. ARC*

7   *America Corp.*, 490 U.S. 93, 100 (1989).  If a state law is not inconsistent with

8   federal law, "it cannot be impossible to comply with."  *Ishikawa*, 343 F.3d at 1134.

9   As with all preemption claims, Congressional intent remains "the ultimate

10   touchstone" of analysis.  *Topa Equities, Ltd. v. City of Los Angeles*, 342 F.3d 1065,

11   1072 (9th Cir. 2003) (quotation omitted).  And courts "should not seek out conflicts

12   between state and federal regulations where none clearly exists."  *Canards II*, at

13   1153 (citation and internal quotation omitted).

14        Here, there exists no conflict or inconsistency between the PPIA and section

15   25982.  *See Canards I*, 729 F.3d at 950.  The PPIA regulates "ingredient

16   requirements" for the purpose of ensuring that poultry products are "wholesome,

17   not adulterated, and properly marked, labeled, and packaged."  *Canards II*, 729

18   F.3d at 1148 (citing 21 U.S.C. § 451).  *Canards II* squarely held that section 25982

19   does not impose an ingredient requirement preempted by the PPIA.  870 F.3d at

20   1148-50.  As the court held in *Canards II*, Congress made clear that the PPIA's

21   "ingredient requirements" are limited to the physical components of poultry

22   products, and do not reach the subjects of animal husbandry or feeding practices.

23   *Id.* at 1147-48.  The USDA itself has stated that the PPIA is "wholly silent" on the

24   treatment of farm animals, including "feeding procedures."  *Id.* at 1148 (citation

25   omitted).  Section 25982, on the other hand, "addresses a subject entirely separate

26   from any 'ingredient requirement.'"  *Id.*

27        Significantly, the PPIA does not require foie gras to be produced by force-

28   feeding, as the Ninth Circuit has twice concluded.  Federal standards relating to foie

7

gras "merely state that '[g]oose liver and duck liver foie gras (fat liver) are obtained exclusively from specially fed and fattened geese and ducks. . . . It says nothing about the force feeding of geese and ducks." *Canards I*, 729 F.3d at 950; *see Canards II*, 870 F.3d at 1148, n.3 ("We again reject Plaintiffs' assertion that the USDA's Policy Book *requires* foie gras to come from force-fed birds.") (emphasis in original); TAC at ¶ 2. The PPIA "does not mandate that particular types of poultry be produced for people to eat." *Canards II*, 870 F.3d at 1150. There is, therefore, is no conflict or inconsistency between the PPIA and section 25982, and no preemption.

Plaintiffs' allegation that their products have been approved for sale by the USDA is irrelevant to the conflict preemption analysis. *See* TAC at ¶¶ 135-36. The mere fact that a producer has federal approval to sell a product does not mean that the producer has "unfettered right, for all time, to market its [product] that was federally approved." *Wyeth v. Levine*, 555 U.S. 555, 592 (2009) (Thomas J., concurring in judgment); *see Ansagay v. Dow Agrosciences LLC*, 153 F. Supp. 3d 1270, 1282-83 (D. Haw. 2015) (finding that the state's ban of an EPA-approved pesticide is not preempted by applicable federal law). Throughout the seven-year history of this litigation, the parties have not disputed that the USDA had approved Plaintiffs' products produced from birds that were force fed when they were alive. Yet, that allegation did not preclude the Ninth Circuit from upholding section 25982's prohibition against selling those products in California.

Plaintiffs' allegation that force feeding is the only way they know to produce foie gras is also irrelevant. TAC at ¶ 4. To the extent Plaintiffs are (again) arguing that section 25982 is functionally a ban on all foie gras, that argument was addressed and rejected by the Ninth Circuit in *Canards II*, which held that "even if section 25982 results in the total ban of foie gras regardless of its production method, it would still not run afoul of the PPIA's preemption clause." *Canards II*, 870 F.3d at 1150; *id.* ("Like the state bans on horsemeat . . . , section 25982 is not

preempted by the PPIA even if it functions as a total ban on foie gras.").  The Ninth Circuit reasoned that the PPIA does not require any particular type of poultry product to be produced, and if a state bans a poultry product like foie gras, "there is nothing for the PPIA to regulate."  *Id.*  "Nothing in the [PPIA] or its implementing regulations limit a state's ability to regulate the *types* of poultry that may be sold for human consumption."  *Id.* (emphasis in original).

### C.   Plaintiffs' Third and Fourth Causes of Action Must Be Dismissed Because Section 25982 Does Not Violate the Commerce Clause

Under the dormant Commerce Clause, States may not directly regulate or discriminates against interstate commerce.  *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1145 (9th Cir. 2015) (citation omitted).  A law that only indirectly affects interstate commerce and regulates evenhandedly will be upheld unless the burden imposed on such commerce is substantial and clearly excessive in relation to the putative local benefits.  *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970); *National Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1148 (9th Cir. 2012) ("A critical requirement for proving a violation of the dormant Commerce Clause is that there must be a substantial burden on interstate commerce.") (emphasis in original) (quotation omitted).  "Modern dormant Commerce Clause jurisprudence primarily 'is driven by concern about economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'"  *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1148 (quotation omitted).  Commerce Clause restrictions are "by no means absolute," and "[s]tates retain authority under their general police powers to regulate matters of legitimate local concern, even though interstate commerce may be affected."  *Maine v. Taylor*, 477 U.S. 131, 138 (1986) (citations and quotations omitted).

Plaintiffs claim that section 25982 violates the Commerce Clause both by regulating out-of-state conduct (Third Cause of Action) and by placing excessive

Attorney General's Motion to Dismiss Third Amended Complaint (CV-12-05735-SVW-RZ)

1  burdens on out-of-state commerce (Fourth Cause of Action).  TAC at ¶¶ 146, 157.
2  The Ninth Circuit held in *Canards I* that Plaintiffs "failed to raise serious
3  questions" concerning these Commerce Clause causes of action.  *Canards I*, 729
4  F.3d at 951 ("The district court correctly determined that Plaintiffs failed to raise
5  serious questions that § 25982 discriminates or directly regulates interstate
6  commerce."); *id.* at 952 ("Plaintiffs failed to raise serious questions that § 25982
7  imposes a substantial burden on interstate activity."); *id.* ("We likewise affirm the
8  district court's holding that Plaintiffs failed to raise a serious question that
9  § 25982's burden clearly exceeds its local benefits.").  While *Canards I* reviewed
10  the denial of a preliminary injunction under an abuse of discretion standard, the
11  analysis nevertheless applies and confirms these claims fail as a matter of law.
12  Furthermore, the Ninth Circuit's conclusions on pure issues of law in *Canards I* are
13  binding.  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v.*
14  *U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007).  The new allegations in
15  the TAC do not change the result the Court reached in denying preliminary relief,
16  which was affirmed by the Ninth Circuit in *Canards I.  See* ECF No. 87 at 18-27.

17              **1.   Plaintiffs' third cause of action must be dismissed because**
                        **Section 25982 does not regulate extraterritorially**
18

19      Plaintiffs claim that section 25982 constitutes an extraterritorial regulation.
20  This claim must be dismissed as a matter of law because section 25982 does not
21  regulate wholly out-of-state conduct.

22      A statute violates the Commerce Clause if it "*directly* controls commerce
23  occurring *wholly* outside the boundaries of a State." *Rocky Mtn. Farmers Union v.*
24  *Corey*, 730 F.3d 1070, 1101 (9th Cir. 2013) (*Rocky Mountain I*) (quotation omitted
25  and emphasis added) ("In the modern era, the Supreme Court has rarely held that
26  statutes violate the extraterritoriality doctrine.").  As the Ninth Circuit held, section
27  25982 does not directly, or indirectly, control commerce occurring wholly outside
28  of California.  *Canards I*, 729 F.3d at 948-49.

Attorney General's Motion to Dismiss Third
Amended Complaint (CV-12-05735-SVW-RZ)

Plaintiffs assert that section 25982 is an extraterritorial regulation because its "practical effect" is to condition the sale of Plaintiffs' foie gras products on how they feed ducks outside of California.  TAC at ¶ 146.  But the established case law is clear—states may seek to regulate products sold in their own markets without violating the Commerce Clause even if doing so affects upstream out-of-state producers.  *Rocky Mt. Farmers Union v. Corey*, 913 F.3d 940, 952 (9th Cir. 2019) (*Rocky Mountain II*); *Rocky Mountain I*, 730 F.3d at 1103 ("States may not mandate compliance with their preferred policies in wholly out-of-state transactions, but they are free to regulate commerce and contracts within their boundaries with the goal of influencing the out-of-state choices of market participants.").   Subjecting both in and out-of-state entities to the same regulatory scheme so that all are subject to the same consistent standards with respect to products sold in the state "is a traditional use of the State's police power."  *Id.*

It is clear, therefore, that Section 25982 is not an extraterritorial regulation. Other states remain free to regulate foie gras sales and production in their states however they see fit.  *See Canards I*, 729 F.3d at 948-49.  This is distinguished from regulations that directly regulate transaction that occur wholly out of state. *See Rocky Mountain II*, 913 F.3d at 952 (distinguishing impermissible statutes that directly regulate out-of-state parties from those that regulate contractual relationships in which at least one party is located in the regulating state).  For instance, the Ninth Circuit struck down a Nevada statute that would have required the NCAA to conduct its enforcement proceedings according to Nevada law in every state, even when both the subject recruiting practices and proceedings took place entirely outside of Nevada.  *NCAA v. Miller*, 10 F.3d 633, 639 (9th Cir. 1993).  The Court held that "[t]hat sort of extraterritorial effect is forbidden by the Commerce Clause."  *Id*.  Here, in contrast, section 25982 regulates only sales in California and is not an extraterritorial regulation.

**2.  Plaintiffs' fourth cause of action must be dismissed because Pike balancing is not required, but even if it were, section 25982 serves a legitimate local purpose and its benefits outweigh any burden on interstate commerce**

Most regulations that violate the dormant Commerce Clause discriminate in favor of in-state interests at the expense of out-of-state interests. *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1148. When a statute is nondiscriminatory, has only indirect effects on interstate commerce, and regulates evenhandedly, courts ask whether the state's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits under *Pike*. *Brown-Forman Distillers Corp. v. New York State Liquor Auth.*, 476 U.S. 573, 579 (1986). However, "[a] critical requirement for proving a violation of the dormant Commerce Clause is that there must be a *substantial burden* on *interstate commerce*." *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1148 (emphasis in original). Therefore, as a threshold matter, where, as here, there is no substantial burden on interstate commerce, courts do not even engage in *Pike* balancing. *See id.* at 1156-57. In the small number of dormant Commerce Clause cases where courts have invalidated nondiscriminatory statutes that imposed substantial burdens on interstate commerce, the substantial burdens generally arose from "inconsistent regulation of activities that are inherently national or require a uniform system of regulation," such as one that imposes significant burdens on interstate transportation. *Id.* at 1148. Such burden does not exist here because, unlike interstate transportation, foie gras production does not require a uniform national system of regulation.

**a.  Section 25982 does not substantially burden interstate commerce**

Plaintiffs must sufficiently plead a substantial burden on interstate commerce to require *Pike* balancing. *See Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1156-57. They fail to do so. Plaintiffs' sole allegation to support the claim that

section 25982 substantially burdens interstate commerce is that it assertedly bans the sale in California of foie gras products from out of state. TAC at ¶ 158. This is insufficient. Even a complete ban on the sale of foie gras, as Plaintiffs allege here, would not create a substantial burden on interstate commerce because only sales in California of a single specialty food item are impacted, and the Ninth Circuit previously held these alleged sales losses insufficient to raise serious questions that section 25982 imposes a substantial burden on interstate activity. *Canard I*, 729 F.3d at 952.

Less typically, statutes could impose significant burdens on interstate commerce as a consequence of inconsistent regulation of activities that are inherently national or require a uniform system of regulation. The foie gras market, however, is not inherently national and does not require a uniform system of regulation. *See Canards I*, 729 F.3d at 951; *id*. at 952 (citing *Valley Bank of Nev. V. Plus Sys., Inc.*, 914 F.2d 1186, 1192 (9th Cir. 1990) (noting that examples of "courts finding uniformity necessary" fall into the categories of "transportation" or "professional sports league[s]")). Plaintiffs' allegation that the sale of foie gras requires national uniformity is based solely on the PPIA. *See* TAC ¶¶ 12, 30. The PPIA, however, does not set forth a uniform national standard for producing foie gras by force feeding. *See Canards I*, 729 F.3d at 950. As the Ninth Circuit held, the PPIA "does not mandate that particular types of poultry be produced for people to eat." *Canards II*, 870 F.3d at 1150. Instead, the PPIA was intended to ensure that the nation's poultry products "are wholesome, not adulterated, and properly marked, labeled, and packaged." *Id.* at 1144 (citing 21 U.S.C. § 451). Congress did not establish, by the PPIA, a national framework of regulation addressing sales of products made by a particular bird feeding practice. *See Canards II*, 870 F.3d at 1143.

Attorney General's Motion to Dismiss Third
Amended Complaint (CV-12-05735-SVW-RZ)

For these reasons, as a matter of law, section 25982 does not impose the kind of substantial burden on interstate commerce that would justify *Pike* balancing and does not violate the dormant Commerce Clause.

### b. Section 25982 would survive *Pike* balancing because any burden does not "clearly exceed" its benefits.

Even if the Court engages in *Pike* balancing, the state's interest is legitimate and the burden on interstate commerce is not "clearly excessive in relation to the putative local benefits." *See Pike*, 397 U.S. at 142. "Evidence that interstate and foreign commerce is in some way affected by the regulations is not enough to meet [plaintiffs'] burden." *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1015 (1994). "A facially neutral statute may violate the Commerce Clause if 'the burdens of the statute . . . so outweigh the putative benefits as to make the statute unreasonable or irrational.'" *UFO Chuting of Haw., Inc. v. Smith*, 508 F.3d 1189, 1196 (9th Cir. 2007) (quotation omitted). A statute is unreasonable or irrational when "the asserted benefits of the statute are in fact illusory or relate to goals that evidence an impermissible favoritism of in-state industry over out-of-state industry." *Id*. That is not the case here.

First, preventing sales involving animal cruelty is unquestionably a legitimate state interest and within the scope of California's historic police powers. *See United States v. Stevens*, 559 U.S. 466, 469 (2010) ("the prohibition of animal cruelty itself has a long history in American law, starting with the early settlement of the Colonies"); *Canards II*, 870 F.3d at 1146. The California Legislature enacted section 25982 because it "believed that the sales ban in California may discourage the consumption of products produced by force feeding birds and prevent complicity in a practice that it deemed cruel to animals." *Canards I*, 729 F.3d at 952. Section 25982 furthers the State's substantial interest in providing for public health and morals. *See Barnes v. Glen Theatre, Inc*., 501 U.S. 560, 569 (1991) ("The traditional police power of the States is defined as the authority to

Attorney General's Motion to Dismiss Third
Amended Complaint (CV-12-05735-SVW-RZ)

provide for the public health, safety, and morals, and we have upheld such a basis for legislation."). Plaintiffs contend that force feeding birds to produce foie gras does not constitute animal cruelty because at one time the California Department of Food and Agriculture allegedly stated that foie gras production in California did not involve cruelty. TAC at ¶ 158. Whether using a tube to force a duck to consume enough food to cause its liver to enlarge to several times its normal size constitutes animal cruelty worthy of a prohibition on sales of products using that method is a decision for the Legislature, and a disagreement on this point does not render the benefits of section 25982 illusory. "Even in the context of dormant commerce clause analysis, the Supreme Court has frequently admonished that courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of legislation.'" *Pac. Nw. Venison Producers*, 20 F.3d at 1017 (quoting *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 92 (1987)).

Second, the benefits from section 25982 in advancement of these interests outweigh any minor burden on interstate commerce. The scope of section 25982 is limited—a sale is prohibited in California only if the product is produced by force feeding. Even if it were true that foie gras could only be produced by force feeding and no alternative could ever be invented, the Ninth Circuit has previously upheld complete bans on items as not being clearly excessive in relation to the state's interest. *See Pac. Nw. Venison Producers*, 20 F.3d at 1015 (upholding Washington's ban on the sale of certain wildlife); *Chinatown Neighborhood Ass'n*, 794 F.3d at 1147 (upholding California's ban on shark fins). Circuit courts have also consistently upheld state laws ridding a state's own market of products based on animal cruelty concerns. *See Cavel Int'l, Inc. v. Madigan*, 500 F.3d 551, 555-59 (7th Cir. 2007) (upholding ban on selling, importing, or exporting horsemeat for human consumption); *Empacadora de Carnes de Fresnillo, S.A. de C.V. v. Curry*, 476 F.3d 326, 336-37 (5th Cir. 2007) (upholding ban on selling or transporting

Attorney General's Motion to Dismiss Third
Amended Complaint (CV-12-05735-SVW-RZ)

horsemeat for human consumption).  Section 25982 would likewise pass any *Pike* balancing because any burden does not "clearly exceed" its benefits.

## III.   PLAINTIFFS SHOULD BE DENIED LEAVE TO AMEND.

Plaintiffs have amended their complaint three times, and further amendment would be futile because there are no plausible facts, consistent with Plaintiffs' current allegations, that would cure the legal deficiencies in the TAC.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming district court's denial of leave to amend based on "futility of amendment" and the fact that "plaintiff has previously amended his complaint" multiple times).  Plaintiffs should be denied further leave to amend.

## CONCLUSION

Defendant respectfully requests that the Court grant the motion to dismiss Plaintiffs' Third Amended Complaint in its entirety, without leave to amend.

Dated:  April 24, 2019                              Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/s/* PETER H. CHANG

PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Attorney General*

SA2012106936

Attorney General's Motion to Dismiss Third
Amended Complaint (CV-12-05735-SVW-RZ)