UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [202] AND GRANTING DEFENDANT'S MOTION TO DISMISS [190]

Plaintiffs have moved for partial summary judgment on their second cause of action, impossibility preemption, and in the alternative, on their first cause of action for declaratory relief. Defendant has moved to dismiss the complaint.

**I. FACTS**

The facts of this case have been outlined extensively in this Court's two previous Orders and in two subsequent appellate Opinions from the Ninth Circuit. *See Ass'n Des Éleveurs De Canards et D'Oies Du Québec v. Harris*, No. 2:12-CV-05735-SVW-RZ, 2012 WL 12842942, at *1 (C.D. Cal. Sept. 28, 2012) ("*Canards District I*"), *aff'd sub nom. Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937 (9th Cir. 2013) ("*Canards I*"); *Ass'n des Eleveurs de Canards et D'Oies du Quebec v. Harris*, 79 F. Supp. 3d 1136, 1138 (C.D. Cal. 2015) ("*Canards District II*"), *rev'd in part, vacated in part sub nom. Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Becerra*, 870 F.3d 1140 (9th Cir. 2017) ("*Canards II*").

To briefly recap, in 2012, California enacted California Health and Safety Code § 25982 ("§ 25982"), which states in pertinent part: "A product may not be sold in California if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Force feeding is defined as "a process that causes the bird to consume more food than a typical bird of the same species would consume voluntarily. Force feeding methods include, but are not limited to, delivering feed

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

through a tube or other device inserted into the bird's esophagus." § 25980. Since its inception, Plaintiffs have challenged the law as unconstitutional under various theories. Plaintiffs now move the Court to grant partial summary judgment finding the law unconstitutional as preempted by the Poultry Products Inspection Act (PPIA), or in the alternative, a declaratory judgment finding § 25982 does not apply to sales of foie gras with delivery into California when the title passes outside the state. Defendant has moved to dismiss the complaint in its entirety.

**II. PROCEDURAL HISTORY**

In *Canards I*, 729 F.3d 937 (9th Cir. 2013), the Ninth Circuit affirmed this Court's denial of a preliminary injunction of § 25982. The Ninth Circuit agreed, among other issues, that § 25982 was not unconstitutionally vague and did not violate the dormant Commerce Clause. *Id.* In the subsequent decision on the second amended complaint, this Court concluded § 25982 was an "ingredient requirement" as used in PPIA and therefore expressly preempted by PPIA. *Canards District II*, 79 F. Supp. 3d at 1138. The Ninth Circuit reversed, concluding § 25982 was not an ingredient requirement and was also not impliedly preempted under the doctrines of field or obstacle preemption. *Canards II*, 870 F.3d 1140 (9th Cir. 2017). Plaintiffs now bring their Third Amended Complaint ("TAC") on the novel theory § 25982 is preempted under the doctrine of impossibility preemption and the not-as-novel theory that § 25982 violates the dormant Commerce Clause. Plaintiffs have moved for partial summary judgment and declaratory relief defining the applicable scope of § 25982. Defendant has opposed the motion and has moved to dismiss the entire complaint. For the reasons stated below, the Court GRANTS Defendant's motion to dismiss. Plaintiffs' motion for partial summary judgment is consequently DENIED. Finally, the Court DENIES Plaintiffs' request for declaratory relief. As explained below, Plaintiffs are given leave to amend their motion for declaratory relief but not their constitutional challenge.

**III. Legal Standard**

    a.  **Motion for Summary Judgment**

A motion for summary judgment under Federal Rule of Civil Procedure 56(a) is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record that] demonstrates the absence of a genuine issue of material fact." *Celotex*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the plaintiff meets this initial burden, the burden shifts to the non-movant to demonstrate with admissible evidence that genuine issues of material fact remain and preclude summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Any inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

    b. **Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007).

**IV. Dormant Commerce Clause Challenge**

    This Court previously concluded that § 25982 did not violate the dormant Commerce Clause, *Canards District I*, 2012 WL 12842942, and the decision was affirmed by the Ninth Circuit. *Canards I*, 729 F.3d 937. As we previously noted, "the Ninth Circuit has observed that most regulations that run afoul of the dormant Commerce Clause 'do so because of discrimination'; that is, they 'impose disparate treatment on similarly situated in-state and out-of-state interests.'" *Canards District I*, 2012 WL 12842942 at *7 (quoting *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1150 (9th Cir. 2012)). As with the previous complaints, Plaintiffs have raised no issue as to whether § 25982 discriminates against out-of-state interests. To the extent § 25982 imposes a burden on commerce (if any), it does so without discriminating against out-of-state commerce. Plaintiffs ask for reconsideration under the dormant Commerce Clause in light of the more-developed factual record available on summary judgment. However, Plaintiffs now bring substantially the same challenges they brought in the

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

first case, *see id.*, and the developed record does little to change our previous analysis.

### A. Extraterritorial Regulation

Plaintiffs now claim that § 25982 violates the dormant commerce clause because of its extraterritorial effect. To support this theory, Plaintiffs assert the Court must accept three new allegations as true: "1) that § 25982 constitutes a total ban, i.e., a complete import and sales ban, on foie gras; (2) that foie gras may be produced only by force feeding; and (3) that Congress intended to ordain the sole standards for foie gras products to ensure 'national uniformity'." Dkt. 205 at 17. It is correct that the Court must accept factual allegations as true, but, as alleged, these points are legal conclusions based on the same operative facts that produced both *Canards I* and *Canards II*.

Neither this Court nor the Ninth Circuit has ever concluded that § 25982 constitutes a total ban on foie gras—that is a legal conclusion not ascertainable from a conclusory allegation. Next, even if we accept Plaintiffs' declarations that foie gras is impossible produce without force feeding as a new factual allegation, that allegation does not significantly change our previous dormant Commerce Clause analysis. Assuming foie gras cannot be produced without force-feeding, § 25982 still only bans foie gras *sales in California*. It does not prevent *any* conduct outside of California; it prevents products that are a result of certain conduct (even out-of-state) from being sold *within* California. § 25982 says nothing of how other states must regulate force-feeding. Further, Congress' intent in setting foie gras labeling standards is a legal conclusion as applied to this case, and the Court is not bound by Plaintiffs' interpretation in the complaint. Again, even accepting Plaintiffs' interpretation, the dormant Commerce Clause analysis remains fundamentally unchanged—there is still no conflict between PPIA and § 25982. In light of the lack of new, non-conclusory *factual* allegations in the Third Amended Complaint and summary judgment record, this Court remains bound by the previous Ninth Circuit decisions, which determined that § 25982 does not constitute extraterritorial regulation and does not violate the dormant Commerce Clause. *Canards I*, 729 F.3d at 949.

### B. *Pike* Balancing

This Court previously determined that Plaintiffs had "not raised a serious question" that § 25982 substantially burdened interstate commerce under *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142 (1970). *Canards District I*, 2012 WL 12842942, at *9. We noted that "[m]ost laws that impose a substantial burden on interstate commerce do so because they are discriminatory." *Id.* The Ninth Circuit agreed. *Canards I*, 729 F.3d at 951. Again, there is nothing in the Third Amended Complaint to significantly

| | | : | |
|---|---|---|---|
| | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

change our analysis. Even if we accept Plaintiffs' contention that § 25982 constitutes a total ban on foie gras, collectively costing Plaintiffs millions over the past seven years, Plaintiffs' have not met their burden in showing the "burden on interstate commerce *clearly exceed[s]* its local benefits . . . ." *Canards District I*, 2012 WL 12842942, at *10 (emphasis added). Again, we note that "[p]reventing animal cruelty in California is clearly a legitimate state interest. *Id.* (citing *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 538 (1993)). Like in the earlier decision, Plaintiffs "have presented no evidence that Section 25982 is an ineffective means of advancing that goal." *Id.*

Even accepting Plaintiffs' new allegations as factual and true, the Court cannot conclude our previous dormant Commerce Clause analysis is altered in any significant way. Plaintiffs have therefore failed to state a dormant Commerce Clause claim as a matter of law, and Defendant's motion to dismiss is GRANTED.

**V. IMPOSSIBILITY PREEMPTION**

This Court previously concluded that § 25982 was an ingredient requirement expressly preempted by PPIA. *Canards District II*, 79 F.Supp. 3d at 1147. But the Ninth Circuit reversed, finding "[t]he fact that Congress established 'ingredient requirements' for poultry products that are produced does not preclude a state from banning products—here, for example, on the basis of animal cruelty—well before the birds are slaughtered." *Canards II*, 870 F.3d at 1150. Significantly, the Ninth Circuit noted that "even if section 25982 results in the total ban of foie gras regardless of its production method, it would still not run afoul of the PPIA's preemption clause. The PPIA targets the slaughtering, processing, and distribution of poultry products, 21 U.S.C. §§ 451–452, but it does not mandate that particular types of poultry be produced for people to eat." *Id.* Further, the Ninth Circuit concluded PPIA did not impliedly preempt § 25982 under the doctrines of field or obstacles preemption. *Id.* at 1153. We are bound by the Ninth Circuit's holding that § 25982 is neither expressly or impliedly preempted by PPIA on these grounds. Plaintiffs now contend, however, that § 25982 is preempted by PPIA under the doctrine of "impossibility preemption."

Impossibility preemption exists when "state and federal law conflict" and "it is 'impossible for a private party to comply with both state and federal requirements.'" *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) (citing *Freightliner Corp. v. Myrick,* 514 U.S. 280, 287 (1995)). If the two requirements are in conflict, the federal mandate must prevail, as "[t]he Supremacy Clause establishes that federal law 'shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.'" *Id.* (citing U.S. Const. Art. IV, cl. 2.). Impossibility preemption applies

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

whenever the private party would have to ask the federal government for permission or relief to comply with state law. *See Mensing*, 564 U.S. at 623–24 ("when a party cannot satisfy its state duties without the Federal Government's special permission and assistance . . . that party cannot independently satisfy those state duties for pre-emption purposes."). "Impossibility pre-emption is a demanding defense." *Wyeth v. Levine*, 555 U.S. 555, 573 (2009). The movant must "demonstrate that it was impossible for it to comply with both federal and state requirements." *Id.*

 a. **Applying Impossibility Preemption**

  The Supreme Court has recently acknowledged impossibility preemption in context of drug labelling. *See Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668 (2019); *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013); *Mensing*, 564 U.S. at 617. In each of these cases, the Supreme Court concluded that the federal drug-labelling law preempted a conflicting state decision. But courts have been reluctant to extend *Mensing*'s holding beyond "generic manufacturers of pharmaceuticals," even to the similar issue of "*brand* name medication whose manufacturer was permitted to make modifications to the warning label through the CBE ("changes being effected") process . . . ." *J.F. ex rel. Moore v. McKesson Corp.*, No. 1:13-CV-01699-LJO, 2014 WL 202737, at *9 (E.D. Cal. Jan. 17, 2014). Similarly, another district court declined to extend *Mensing*'s holding to the related issue of "designers of medical products." *Harmon v. DePuy Orthopaedics, Inc.*, No. CV 12-7905 PA PJWX, 2012 WL 4107710, at *3 (C.D. Cal. Sept. 18, 2012) ("Defendants have cited no case law making such a leap, and the Court has found none."). Courts have found that *Mensing* applies to distributors of generic drugs, *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1169 (E.D. Cal. 2019), but there has been no authority to suggest *Mensing*'s narrow holding should be extended to food producers and distributors. Drug labeling is particularly susceptible to impossibility preemption because "only the holder of a New Drug Application (NDA) or the FDA itself can make any change to an FDA approved prescription drug label." *Id.* Therefore any conflicting labelling requirement imposed by a state leaves interested parties (such as generic manufacturers or distributors) powerless to comply. "'Impossibility' is determined by asking 'whether the private party could independently do under federal law what state law requires it to do.'" *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1169 (E.D. Cal. 2019) (quoting *Mensing*, 564 U.S. at 620).

  In this case, Plaintiffs do not need permission from California to comply with PPIA, nor do they need permission from the federal government to not sell force-fed foie gras in California. Impossibility preemption is only found when state law requires the movant *do* something that potentially conflicts with a corresponding federal mandate to *do something else*. Here, Defendant is requiring Plaintiffs *not* to

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

sell foi gras within California, and the federal government is requiring Plaintiffs to properly label foi gras whenever and wherever it is sold. Plaintiffs can satisfy both requirements without assistance from the federal government by correctly labeling their products under PPIA and refraining from selling those products in California. Unlike in *Mensing*, the Plaintiffs here do not need to seek the federal government's permission to *not* sell foi gras in California. Of course, as the Ninth Circuit previously held, PPIA "does not mandate that particular types of poultry be produced for people to eat." *Canards II*, 870 F.3d at 1150. The negative mandate from California does not require *any* interaction with the affirmative labelling mandate under PPIA. In layman's terms, PPIA says "if you are going to do it, do it right," while § 25982 says "do not do it in California."

Plaintiffs' reliance on the Supreme Court's decision in *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132 (1963) ("*Florida Lime*") is also misplaced. Although *Florida Lime* was instrumental in establishing the doctrine of impossibility preemption, its holding is inapposite to Plaintiffs' claim. In *Florida Lime*, the Supreme Court wrote in dicta that "no State may completely exclude federally licensed commerce," but immediately noted that the "principle has no application to this case." *Florida Lime*, 373 U.S. at 142. The Court in *Florida Lime* held "that federal regulation of a field of commerce should not be deemed preemptive of state regulatory power in the absence of persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained." *Id.* Impossibility preemption was not established because the "record demonstrate[d] no inevitable collision between the two schemes of regulation . . . ." *Id.* at 143. Through PPIA, Congress has neither unmistakably required the sale of foie gras within every state nor has it regulated which animal cruelty laws a state is permitted to pass. There is no conflict between PPIA's labeling requirement and California's force-feeding ban—so there is no impossibility preemption.

    b. **Stop Selling**

Plaintiffs argue that forcing them to "stop selling" is incompatible with Supreme Court impossibility preemption precedent. *Bartlett*, 570 U.S. at 488. As explained above, *Bartlett* involved a set of directly conflicting state and federal mandates on drug labels. *Id.* In that case, the Supreme Court rejected the argument that the plaintiff could simply "stop selling" to avoid running afoul of either regulation. There is no such conflict when the *purpose* of the state statute is to prevent sales within the state's borders. Plaintiffs do not need to "stop selling" to prevent a conflict or escape federal liability; they need to stop selling in California to directly comply with a negative mandate of California law. "Stop selling" is simply a rejected defense to a claim of impossibility preemption. The argument has no application where there is no conflict between the statutes.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

**VI. Declaratory Relief**

Finally, Plaintiffs request a declaratory judgment defining the application and scope of § 25982. Dkt. 205 at 13. Plaintiffs assert that the law should be read not to capture circumstances where an offending product is "shipped to the California consumer from an out-of-state location, [but] title passed out of state . . . ." *Id.* Through its responsive pleadings, California has demonstrated that it would seek to enforce § 25982 against such a sale. Dkt. 205 at 4–6; Dkt. 206 at 14–16.

"A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40 (1937)). Even so, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act (Act), even when the suit otherwise satisfies subject matter jurisdiction." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). This Court previously concluded that Plaintiffs' claims were justiciable because there was a genuine showing Plaintiffs' might suffer legal injury by not adhering to § 25982—Plaintiffs needed "certainty that Defendant won't prosecute them for selling their foie gras products." *Canards District II*, 79 F. Supp. 3d at 1143. Determining if the law could be constitutionally enforced against Plaintiffs was "purely a question of statutory interpretation; its resolution would not vary based on the specific facts surrounding enforcement." *Id.* Rather than determine if § 25982 is constitutional as a whole, Plaintiffs now asks the Court to determine if their hypothetical sale can avoid the grasp of § 25982 by delivering foie gras to Californians after passing title to the goods outside of California.

Under the discretion granted to the Court under the Declaratory Judgment Act, we decline to provide declaratory relief to Plaintiffs' hypothetical distribution method. Plaintiffs' motion asks the Court to decide an issue that in not properly before us. The exact circumstances of the sale (including how, when, and where title is passed or the goods are delivered) are not properly before us because they have not been presented with sufficient specificity. In their summary judgment reply, to demonstrate their need for declaratory relief, Plaintiffs invite the Court to imagine a hypothetical seller named "Cal" who *might attempt* to effectuate a sale a foie gras where title passes out-of-state but is delivered within California. Dkt. 209 at 17. However, this is not a factual allegation upon which this Court may grant relief. At this point, how the Plaintiffs may or may not attempt to circumvent § 25982 is entirely the subject of imagination.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | January 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

    Plaintiffs' hypothetical is just one of many circumstances the Court can envision wherein title to the foie gras would pass outside of California, but the offending product would be delivered within the state. The facts of the transfer might require drastically different analysis. For example, one spouse may buy foie gras for the other spouse in a state that permits the sale of foie gras and then return to California with the product. Would that constitute delivery under Plaintiffs' theory? Or a different buyer may drive to a permitting state and buy a quantity of foie gras in the store (with the contract signing and exchange of payment taking place in the store), but have the entire shipment delivered to California. Would that constitute a sale in California under Defendant's view? Even more nebulous, what if a seller in California delivers foie gras to a buyer in California, but the entire sale is effectuated via an online transaction occurring out-of-state? The variance between these circumstances demonstrates that Plaintiffs' request represents the exact "hypothetical state of facts" courts are admonished to avoid when granting declaratory relief. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40 (1937)) (the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment.) (emphasis added).

    For this Court to properly grant declaratory relief, Plaintiffs must present declarations or other evidence which establish sufficient facts for the Court to determine Plaintiffs' proposed course of action. The Court cannot address the potential future conduct of Plaintiffs without concrete factual allegations to adjudicate. It would be inappropriate to offer declaratory relief on the hypothetical controversy presented by Plaintiffs, and the request for a declaratory judgment is therefore DENIED. Plaintiffs are given twenty-one days amend their motion for declaratory relief.

## VII. Conclusion

    Plaintiffs' motion for partial summary judgment and motion for declaratory relief are DENIED. Defendant's motion to dismiss is GRANTED. Plaintiffs' claims are DISMISSED without prejudice, but Plaintiffs' are DENIED leave to amend their constitutional challenge. However, Plaintiffs are GRANTED leave to amend their motion for declaratory relief within twenty-one days.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |