1  XAVIER BECERRA
   Attorney General of California
2  TAMAR PACHTER
   Supervising Deputy Attorney General
3  PETER H. CHANG
   Deputy Attorney General
4  State Bar No. 241467
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 510-3776
6     Fax:  (415) 703-1234
      E-mail:  Peter.Chang@doj.ca.gov
7  *Attorneys for Defendant*
   *California Attorney General*
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                      WESTERN DIVISION

12

| 13 | **ASSOCIATION DES ELEVEURS DE CANARDS ET D'OIES DU QUEBEC, et al.,** | Case No. CV-12-05735-SVW-RZ |
|---|---|---|
| 14 | | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO** |
| 15 | Plaintiffs, | **DISMISS FOURTH AMENDED COMPLAINT; MEMORANDUM** |
| 16 | v. | **OF POINTS AND AUTHORITIES** |
| 17 | | Judge:        Hon. Stephen V. Wilson |
| 18 | **XAVIER BECERRA**, in his official capacity as Attorney General of | Date:         April 13, 2020 |
| 19 | California; | Time:         1:30 p.m. |
| 20 | Defendant. | Courtroom:  10A |
| 21 | | Trial Date:   None |
| | | Action Filed: July 2, 2012 |

22

23

24

25

26

27

28

Def.'s Notice of Mot. and Mot. to Dismiss Fourth
Amended Complaint  (CV-12-05735-SVW-RZ)

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 13, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, defendant Xavier Becerra ("Defendant"), shall move, and hereby does move this Court for an order under Federal Rules of Civil Procedure 12(b)(6) dismissing the Fourth Amended Complaint of Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec, HVFG LLC, and Sean "Hot" Chaney (collectively, "Plaintiffs").

Defendant moves to dismiss the complaint in its entirety, without leave to amend, on the ground that it fails to state a claim upon which relief may be granted.

This motion is made following the conference of counsel under C.D. Cal. R. 7-3, which took place on February 11, 2020.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and papers on file, and upon such further evidence, both oral and documentary, as may be offered at the time of the hearing.

Dated:  February 18, 2020                    Respectfully submitted,

                                             XAVIER BECERRA
                                             Attorney General of California
                                             TAMAR PACHTER
                                             Supervising Deputy Attorney General

                                             /s Peter H. Chang

                                             PETER H. CHANG
                                             Deputy Attorney General
                                             *Attorneys for Defendant California*
                                             *Attorney General*

SA2012106936

Def.'s Notice of Mot. and Mot. to Dismiss Fourth
Amended Complaint  (CV-12-05735-SVW-RZ)

## MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

California Health and Safety Code section 25982 protects California's legitimate interest in preventing, within its own borders, the sale of products resulting from force feeding a bird to abnormally enlarge its liver. For almost eight years, Plaintiffs have been litigating their challenge to section 25982. The Ninth Circuit has twice ruled against Plaintiffs, and the Supreme Court has twice denied certiorari. On remand, this Court dismissed all three of Plaintiffs' constitutional claims without leave to amend. Plaintiffs' latest attempt to allege an actionable claim also fails.

In the Fourth Amended Complaint (4AC), Plaintiffs seek a declaration that section 25982 does not apply to sellers outside California who sell foie gras to persons in California, because under the California Uniform Commercial Code (UCC), title passes outside the state, so the sale is not in California within the meaning of the law.[1] This attempt to avoid the law fails because the application of section 25982 does not turn on where title passes under the UCC. Both the text and legislative history show that the Legislature intended to bar force-fed liver products from California commerce to "discourage the consumption of products produced by force feeding birds and prevent complicity in a practice that it deemed cruel to animals." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 952 (9th Cir. 2013) (*Canards I*). The fact that title may pass under the UCC in

---

[1] Plaintiffs' Second, Third, and Fourth Causes of Actions were previously dismissed without leave to amend. ECF No. 212. Plaintiffs have realleged these claims, just as previously dismissed, in the 4AC "to preserve [their] appellate rights," stating that "Defendant thus need not move to dismiss the unamended claims." ECF No. 213 at 1. Relying on the dismissal of the claims previously dismissed without leave to amend, this brief addresses only the First Cause of Action, *id.* at 31-36, but notwithstanding Plaintiffs' direction, and to assure clarity in the event of an appeal, Defendant moves to dismiss the complaint in its entirety.

the state where the seller delivers the product to FedEx or UPS for delivery in California does not make the law any less applicable than if the seller delivered the product directly to the buyer in California.  Moreover, the UCC does not apply to laws regulating sales of products to consumers, such as section 25982.  Because section 25982 applies to sales of force-fed bird liver products by out-of-state sellers to persons in California, regardless of where title passes under the UCC, Plaintiffs' First Cause of Action fails, the entire complaint should be dismissed, and judgment entered for Defendant.

## PROCEDURAL HISTORY

Plaintiffs filed this case on July 2, 2012, challenging the validity of California Health and Safety Code section 25982 under the dormant Commerce Clause and Due Process Clause.  ECF No. 1.  This Court denied both an ex parte application for a temporary restraining order and a motion for a preliminary injunction.  ECF Nos. 3, 35, 51, 87.[2]  On appeal, the Ninth Circuit affirmed the denial of the preliminary injunction motion, holding that "Plaintiffs failed to raise a serious question that they are likely to succeed on the merits" of their claims.  *Canards I*, 729 F.3d at 953.

Plaintiffs subsequently filed the Second Amended Complaint, raising, among others, claims of preemption under the Poultry Productions Inspection Act and the dormant Commerce Clause, and a claim for declaratory relief relating to sales where title passes outside of California.  ECF No. 112.  Defendant moved to dismiss all claims, ECF No. 116, and Plaintiffs filed a motion for partial summary judgment on their PPIA preemption claim, ECF No. 117.  The Court granted Plaintiffs' motion, denied Defendant's motion, and permanently enjoined Defendant from enforcing section 25982.  ECF No. 155.  On appeal, the Ninth Circuit reversed and remanded for further proceedings consistent with its opinion.

---

[2] Defendant's motion to dismiss the First Amended Complaint was stayed pending resolution of Plaintiffs' preliminary injunction appeal.  ECF Nos. 77, 95.

1  *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Becerra*, 870 F.3d 1140,

2  1150 (9th Cir. 2017) (*Canards II*).  The Ninth Circuit held that section 25982 is not

3  expressly preempted by the PPIA, or preempted under theories of field or obstacle

4  preemption.  *Id.* at 1151.  The court further held that section 25982 is not preempted

5  "even if [it] results in the total ban of foie gras."  *Id.* at 1150.  Plaintiffs

6  unsuccessfully petitioned the U.S. Supreme Court for a writ of certiorari.  *Ass'n des*

7  *Eleveurs de Canards et d'Oies du Quebec v. Becerra*, 139 S. Ct. 862 (2019).

8      On remand, this Court granted Plaintiffs' motion for leave to amend the

9  complaint to amend the Commerce Clause claims and add a new claim based on

10  "impossibility preemption," but denied leave to plead claims of express, obstacle,

11  or field preemption, as foreclosed by *Canards II*.  ECF Nos. 178, 184.  Plaintiffs

12  then filed the Third Amendment Complaint.  ECF No. 185.  Defendant moved to

13  dismiss all claims, ECF No. 190, and Plaintiffs moved for partial summary

14  judgment on their Commerce Clause and "impossibility preemption" claims.  ECF

15  No. 202.  The Court denied Plaintiffs' motion and granted Defendant's motion as to

16  Plaintiffs' constitutional challenges, but granted Plaintiffs leave to amend their

17  claim for declaratory relief.  ECF No. 212.

18      On February 5, 2020, Plaintiffs filed the 4AC.  ECF No. 213; *see id.* ¶¶ 113-

19  132.  Plaintiffs realleged claims previously dismissed without leave to amend by

20  this Court to preserve their appellate rights only.  4AC, Cover.

21              **RELEVANT FACTUAL BACKGROUND**

22      As relevant here, Plaintiffs allege that plaintiff Hudson Valley is based in New

23  York.  4AC ¶ 18.  Hudson Valley makes its foie gras products for purchase through

24  its website and through orders it receives by email, telephone, and fax.  4AC, ¶ 114.

25  Sales made through its website are given a shipping address.  *Id.*  When an order for

26  a foie gras product is completed by Hudson Valley, it "undertakes to send the

27  product to the buyer."  *Id.* ¶ 120; *see also id.* ¶ 125.  Specifically, Hudson Valley

28

1   delivers the purchased product to a third-party shipper, which then delivers it to the

2   address designated by the purchaser.  *Id.* ¶ 120.

3       According to Plaintiffs, nonparty sellers located outside California also sell

4   foie gras, including foie gras made by Hudson Valley and members of Plaintiff

5   Association des Eleveurs de Canards et d'Oies du Quebec ("Canadian

6   Association").  4AC ¶ 122.  These nonparty sellers (who are not identified in the

7   4AC) sell their products through their websites, email, and telephone.  *Id.* ¶ 123.

8   The 4AC's allegations regarding the unnamed nonparty sellers' sales practices are

9   made on "information and belief."  *See id.* ¶¶ 124-125.

10       Plaintiff Canadian Association is a non-profit corporation that represents the

11   interests of producers and exporters of duck products, including foie gras, from

12   Canada.  4AC ¶ 17.  Plaintiffs do not allege that plaintiff Canadian Association

13   itself sells foie gras.

14       Plaintiff Sean "Hot" Chaney is the former executive chef of Hot's Restaurant

15   Group, Inc., who now provides catering and private chef services.  4AC ¶ 19.

16   Plaintiffs do not allege that Chaney is located outside of California.

17   **ARGUMENT**

18   **I.**   **LEGAL STANDARD**

19       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

20   complaint.  *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

21   1983).  "To survive a motion to dismiss, a complaint must contain sufficient factual

22   matter, accepted as true, to state a claim to relief that is plausible on its face."

23   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).  "A

24   Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory'

25   or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

26   *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008)

27   (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

28   The court accepts as true all material allegations in the complaint and construes

those allegations in the light most favorable to the plaintiff. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, the court need not accept as true legal conclusions, conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended by* 275 F.3d 1187 (9th Cir. 2001).

## II.   PLAINTIFFS FAIL TO ALLEGE A VIABLE CLAIM FOR RELIEF

Section 25982 provides that "[a] product may not be sold in California if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Cal. Health & Saf. Code § 25982. By their First Cause of Action—the sole remaining claim in this case—Plaintiffs seek a declaration that section 25982 does not apply to "out-of-state sales of Plaintiffs' foie gras products that are shipped to persons in California after title has passed from a seller outside the State of California." 4AC, Prayer for Relief ¶ A.1; *see id.* at ¶ 113.[3] The First Cause of Action fails because, as a matter of law, the application of section 25982 does not turn on where title passes under the UCC. Rather, section 25982 applies to all sales in California, including all sales of force-fed foie gras products purchased from an out-of-state seller that are delivered to a buyer in California.

Section 25982 proscribes, within the state's borders, the sale of products resulting from force feeding a bird. The Legislature enacted section 25982 to "discourage the consumption of products produced by force feeding birds and prevent complicity in a practice that it deemed cruel to animals." *Canards I*, 729

---

[3] Although the 4AC does not make this clear, the First Cause of Action can only be asserted by Hudson Valley, because Plaintiffs Canadian Association and Chaney do not allege that they sell force-fed foie gras products from outside California to buyers in California. Canadian Association also cannot assert this claim on behalf of its members, because it cannot demonstrate that "neither the claim asserted nor the relief requested require the participation of individual members in the lawsuit." *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013). This Court's requirement that Plaintiffs make "concrete fact allegations" regarding their "potential future conduct" in selling force-fed foie gras to buyers in California would require member participation. ECF No. 212 at 9; *see United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1400 (9th Cir. 1990).

F.3d at 952.  Section 25982's proscription on in-state sales applies regardless of whether the seller is in-state or out-of-state.  *See id.* at 948 (holding that section 25982 is not discriminatory because it "bans the sale of both intrastate and interstate products that are the result of force feeding a bird"); *id.* at 953 (holding that "[s]ection 25982 applies to both California entities and out-of-state entities"); Order Denying Pls.' Mot. for Prelim. Inj., ECF No. 87, at 17 ("[s]ection 25982's economic impact does not depend on *where* the items were produced, but rather *how* they were produced") (emphasis in original).  It is beyond question that California has the authority to regulate all sales in the state, including sales from out-of-state sellers to buyers in the state.  *See Canards I*, 729 F.3d at 949; Order Denying Mot. for Sum. J., ECF No. 212 at 4; *cf. South Dakota v. Wayfair*, 138 S. Ct. 2080 (2018) (holding that states may require out-of-state sellers of goods to collect and remit sales tax on sales into the state).  Both the plain language of the law and legislative intent establish that section 25982 applies to force-fed foie gras products sold by out-of-state sellers, such as plaintiff Hudson Valley, to buyers in California.

Plaintiffs ask this Court to sanction an end-run around the law that would permit force-fed foie gras products to be sold to buyers in California, based on unrelated rules governing where title passes under the UCC.  4AC ¶ 127.  This novel theory fails for two reasons.

First, Plaintiffs are incorrect in arguing that a sale of foie gras for purposes of section 25982 takes place where the title passes as provided in Division 2 of the UCC, specifically sections 2106 and 2401.  4AC ¶ 127.  Whether a product is "sold in California" within the meaning of section 25982 is not governed by the UCC.

Division 2 of the UCC regulates "sales" to address the "rights, obligations and remedies" between buyers and sellers in transactions to sells goods in California, but it does not govern what *can* be sold.  *See* Cal. Comm. Code § 2401.  It is section 25982 that governs what *can* be sold in California.  UCC section 2102

expressly provides that Division 2 does not "impair or repeal any statute regulating sales to consumers" or any "specified classes of buyers." *Id.* § 2102.  For example, California courts have applied UCC section 2102 to exclude motor vehicle sales from the UCC, even though motor vehicles qualify as "goods," because motor vehicle sales are regulated by the California Vehicle Code.  *Quartz of Southern California, Inc. v. Mullen Bros., Inc.*, 151 Cal. App. 4th 901, 907 (Cal. Ct. App. 2007); *English v. Ralph Williams Ford*, 17 Cal. App. 3d 1038, 1046 (Cal. Ct. App. 1971) ("sales of automobiles are clearly subject to the sales division of the Uniform Commercial Code unless the remaining language in section 2102 excludes them").

Similarly here, while force-fed foie gras products may qualify as "goods" under the UCC, *whether* they may be sold in California is governed by section 25982.  The statutory comments confirm in the clearest terms that the UCC cannot properly be used to interpret section 25982: UCC section 2401 is "in no way intend[ed] to indicate which line of interpretation should be followed in cases where the applicability of 'public' regulation depends upon a 'sale' or upon location of 'title' without further definition."  Uniform Com. Code Comment, 23A West's Ann. Cal. U. Com. Code, § 2401 (2002).  Section 25982 is such a "public regulation" regulating sale of force-fed foie gras to California consumers and other California buyers that is expressly "excluded" from the UCC.  *Id.*; Cal. Comm. Code § 2102.

Second, Plaintiffs fail to grapple with the various absurdities that would result if the UCC could be used, as they suggest, to avoid operation of section 25982. Plaintiffs offer no reason to believe that the Legislature intended to ban sales by out-of-state sellers who ship their product directly to California customers, but permit sales of the same product from out-of-state sellers who happen to use FedEx, UPS, or the like to deliver to California customers.  There is no basis to interpret the law in this way.  Plaintiffs' proposed construction, if adopted, would enable the sale of the proscribed products in the California market.  This is plainly contrary to

1   the intent of the California Legislature to "discourage the consumption of products

2   produced by force feeding birds and prevent complicity in a practice that it deemed

3   cruel to animals." *Canards I*, 729 F.3d at 952.  Similarly, under Plaintiffs'

4   proposed construction, a buyer and a seller could easily circumvent section 25982

5   simply by agreeing between them that title to an otherwise-prohibited product

6   passes outside of California, even if both the buyer and the seller are in California.

7   This is because the UCC also permits a buyer and seller to agree, by contract, where

8   title passes. *See generally* Cal. Comm. Code § 2401.  Interpretations of section

9   25982 that lead to such absurd results cannot be correct.  *See People v. Walker*, 59

10  P.3d 150, 152 (Cal. 2002) (courts must "avoid any interpretation that would lead to

11  absurd consequences"); *People v. Rubalcava*, 1 P.3d 52, 56 (Cal. 2000) (courts

12  "must select the construction that comports most closely with the apparent intent of

13  the Legislature, with a view to promoting rather than defeating the general purpose

14  of the statute, and avoid an interpretation that would lead to absurd consequences").

15      To the extent Plaintiffs perceive any ambiguity as to the scope and application

16  of section 25982, it should be resolved in light of the Legislature's intent to remove

17  products produced by force feeding birds from the California market.  *See Canards*

18  *I*, 729 F.3d at 952.  The language of section 25982 should be construed "according

19  to the usual, ordinary import of the words employed, but in context, keeping in

20  mind the nature and obvious purpose of the statute." *Prunty v. Bank of Am.*, 37 Cal.

21  App. 3d 430, 436 (Cal. Ct. App. 1974) (internal citations and quotations omitted);

22  *see People v. Prunty*, 355 P.3d 480, 486 (Cal. 2015) (the court's "task in construing

23  the Act, of course, is to ascertain and effectuate the intended legislative purpose").

24  In the proper context, section 25982 should be construed to apply to force-fed foie

25  gras products sold and shipped to buyers in California.

26      Section 25982 applies to all sales of products sold by out-of-state sellers to

27  buyers in California, regardless of where title passes under the UCC.  For these

28  reasons, Plaintiffs' First Cause of Action should be dismissed.

Def.'s Mem. of P. and A. ISO Mot. to Dismiss Fourth
Amended Complaint (CV-12-05735-SVW-RZ)

1    **III.  LEAVE TO AMEND SHOULD BE DENIED.**

2         Plaintiffs have amended their complaint four times, and further amendment

3    would be futile because there are no plausible facts, consistent with Plaintiffs'

4    current allegations, that would cure the legal deficiencies in the 4AC.  *See Allen v.*

5    *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming district court's

6    denial of leave to amend based on "futility of amendment" and the fact that

7    "plaintiff has previously amended his complaint" multiple times).  Plaintiffs should

8    be denied further leave to amend.

9                                **CONCLUSION**

10        Defendant respectfully requests that the Court grant the motion to dismiss the

11   Fourth Amended Complaint in its entirety, without leave to amend, and enter

12   judgment in his favor.

13

14    Dated:  February 18, 2020                Respectfully submitted,

15                                             XAVIER BECERRA
                                               Attorney General of California
16                                             TAMAR PACHTER
                                               Supervising Deputy Attorney General
17
                                               */s/* PETER H. CHANG
18
                                               PETER H. CHANG
19                                             Deputy Attorney General
                                               *Attorneys for Defendant Attorney*
20                                             *General*
      SA2012106936
21

22

23

24

25

26

27

28

                                    9        Def.'s Mem. of P. and A. ISO Mot. to Dismiss Fourth
                                             Amended Complaint (CV-12-05735-SVW-RZ)