Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE OFFICE OF MICHAEL TENENBAUM, ESQ.
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401-2136
Tel   (424) 246-8685
Fax   (424) 203-4285

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and SEAN "HOT" CHANEY, an individual;<br><br>                Plaintiffs,<br><br>   – against –<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California;<br><br>                Defendant. | Case No. 2:12-cv-05735-SVW-RZ<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER [Dkt. 212] ON DEFENDANT'S MOTION TO DISMISS**<br><br>Date:       April 13, 2020<br>Time:      1:30 p.m.<br>Courtroom: 10A<br><br>Hon. Stephen V. Wilson<br><br><u>ORAL ARGUMENT REQUESTED</u> |

NOTICE OF MOTION AND MOTION

TO DEFENDANT AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, on April 13, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Stephen V. Wilson in courtroom 10A of the above-entitled court, located at 350 W. 1st St., Los Angeles, CA 90012, Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec (the "Canadian Farmers"), HVFG LLC ("Hudson Valley"), and Sean "Hot" Chaney will and hereby do move this Court pursuant to Rule 7-18 of the Local Rules of this Court for an order granting reconsideration of its order of January 14, 2020 (Dkt. 212) (the "January Order"), and holding a first hearing on Defendant's motion to dismiss.

This motion is and will be made on the grounds that, following the issuance of the January Order, a new decision from another chambers of this Court was issued in *North American Meat Institute v. Becerra*, No. 2:19-cv-08569-CAS (FFMx), 2020 WL 919153 (C.D. Cal. Feb. 24, 2020), which addresses — and reaches a different result as to — a principal issue raised by Plaintiffs in establishing their "*Pike* balancing" claim under the Commerce Clause, as discussed more fully in the following brief. In addition, in finding that "[p]reventing animal cruelty in California is clearly a legitimate state interest," the January Order failed to consider the material (and uncontroverted) fact that none of Plaintiffs' foie gras products comes from any animals in California — which is the very basis for their challenge to § 25982 *as applied* to USDA-approved foie gras products made from ducks raised entirely beyond California's borders (in Canada and New York), as also discussed more fully in the following brief.

Plaintiffs' motion is and will be based upon the following Memorandum of Points and Authorities; upon the pleadings and papers on file in this action; and upon such other evidence or argument as may be presented to the Court in connection with the hearing on the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 11, 2019 (as well as related communications on other

dates).

Dated: March 11, 2020

Respectfully submitted,

*/s/ Michael Tenenbaum*
Michael Tenenbaum, Esq.
THE OFFICE OF MICHAEL TENENBAUM, ESQ.

*Counsel for Plaintiffs*

- 2 -
PLAINTIFFS' MOTION FOR RECONSIDERATION

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully request reconsideration of the Court's order of January 14, 2020 [Dkt. 212 (the "January Order")], on two grounds authorized by L.R. 7-18.

I. **A New Decision from Another Chambers of this Court in a Similar Case Recognizes that the Allegation that California Has No Legitimate Local Interest in Farming Conditions in *Other States* Is Sufficient to State a Claim under the Commerce Clause's *Pike* Balancing Test.**

Just two weeks ago, another chambers of this Court issued a ruling on Defendant's motion to dismiss in *North American Meat Institute v. Becerra*, No. 2:19-cv-08569-CAS (FFMx), 2020 WL 919153 (C.D. Cal. Feb. 24, 2020) ("*NAMI*"). In *NAMI*, an association of meat producers is challenging the constitutionality of a California initiative statute ("Proposition 12") that prohibits the sale of "whole" pork and veal meat if it comes from an animal — even an animal raised in another state — that was confined in ways in which California prohibits its own animals from being confined. *Id.* at *2. One of the pork producers' main Commerce Clause claims is that Proposition 12 is unconstitutional under the test established in *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970), because "the burden [it] impose[s] on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Id.* at *8 (quoting *Pike*, 397 U.S. at 142).

Like in our case, Defendant moved in *NAMI* to dismiss this claim, which is alleged in our Third Amended Complaint as "Violation of the Commerce Clause — Substantial Burden on Commerce Exceeding Putative Local Benefits." (*See* Dkt. 185 [3AC] at pp. 39-41.) In response, the meat producers in *NAMI* alleged and argued (as do Plaintiffs here) that California has no legitimate local interest in farming conditions *in other states*. The Court in *NAMI* agreed:

> "In addition, NAMI alleges facts that, if proven, would **plausibly establish the absence of any legitimate local interest justifying the burden.** Specifically, NAMI alleges that **California has no legitimate local interest in farming conditions in other states**, and that there is no scientific data connecting Proposition 12's

confinement standards to the prevention of foodborne illness within California."

*NAMI*, 2020 WL 919153, at *8 (emphasis added). Accepting NAMI's allegations as true for purposes of the motion to dismiss, the Court in *NAMI* concluded that NAMI had "***adequately pled facts that plausibly suggest the absence of any benefits that would justify Proposition 12's alleged burden on interstate commerce.***" *Id.* (emphasis added).

Plaintiffs here alleged that § 25982 operates as a **complete** ban on interstate and foreign commerce in foie gras products and — just like in *NAMI* — further alleged:

> Moreover, while a general interest in preventing cruelty to animals in California may be a legitimate local interest, ***no such interest supports the application of section 25982 to ducks that are fed and processed into poultry commodities in other states and countries*** in full compliance with the laws in effect in those jurisdictions.

(Dkt. 185 (3AC) at ¶ 158.)[1] Thus, based on the same sound reasoning as in *NAMI*, Plaintiffs here have "adequately pled facts that plausibly suggest the absence of any benefits that would justify [§ 25982's] alleged burden on interstate commerce." If this Court reconsiders its January Order under the same analysis, it will be compelled to reach the same result as in *NAMI* — and revise its January Order so as to **deny** Defendant's motion to dismiss Plaintiffs' Fourth Cause of Action.

II. **In Addition, the January Order Failed to Consider the Material Fact that, in This As-Applied Challenge, None of Plaintiffs' Foie Gras Products Comes from Any Animal Raised in California.**

The January Order dismissed Plaintiffs' dormant Commerce Clause claim based on *Pike* balancing on the ground that, even accepting as true Plaintiffs' allegation that § 25982 constitutes a total ban of foie gras because it is impossible to produce foie gras

---

[1] As for the prevention of foodborne illness such as California raised in *NAMI*, Defendant has never contended that this was the legislative interest behind § 25982 — nor could it be, since every poultry product sold in interstate commerce must undergo USDA inspection and cannot enter the food supply if it is adulterated, e.g., "unsound, unhealthful, unwholesome, or otherwise unfit for human food." 21 U.S.C. § 453(g)(3).

without force feeding, "Plaintiffs' [sic] have not met their burden in showing the 'burden on interstate commerce *clearly exceed[s]* its local benefits'" because "[p]reventing animal cruelty *in California* is clearly a legitimate state interest." (Dkt. 212 at p.5 [first emphasis and brackets in original].) To be sure, Plaintiffs have never contested California's right to prevent cruelty to all living animals *in California.*

Yet the January Order failed to consider the material (and uncontroverted) fact that the poultry products that are the subject of this case *do not come from any animals in California*. This fact is clearly set forth in Plaintiffs' Third Amended Complaint: "Plaintiffs do not raise or feed any ducks in California." (Dkt. 185 at ¶ 13.) Indeed, as a result of the closure of the only foie gras farm in California, "there have not been any ducks (or geese for that matter) raised for foie gras in California since July 1, 2012," because — separate from its sales ban — California banned the actual practice of force feeding as of that date. (*Id.* at ¶ 107.) This fact is critical to Plaintiffs' *as-applied* challenge to the constitutionality of § 25982.[2]

Plaintiffs' pleadings make clear that this is an as-applied challenge: § 25982 bans Plaintiffs' foie gras products "in the name of a purported local interest, i.e., the prevention of animal cruelty, that … is neither local nor legitimate *as applied* to products from ducks that are raised entirely in other states and countries." (Dkt. 185 (3AC) at ¶ 14 (emphasis added); *see also id.* at ¶¶ 16, 82.) It is thus no answer to say that "[p]reventing animal cruelty in California is clearly a legitimate state interest" that could justify the ban on Plaintiffs' foie gras products when Plaintiffs do not even raise any animals in California. Indeed, the whole point of Plaintiffs' challenge under the Commerce Clause is that — as recognized by the Court in *NAMI*—a California ban on products that are the result of what the California Legislature perceives to be animal cruelty is unconstitutional *as applied to* animals that are raised, slaughtered, and processed into USDA-approved poultry products entirely *outside California.*

---

[2] Plaintiffs do not challenge the application of § 25982 to any foie gras products that might have come from ducks in California.

  While preventing cruelty to animals *within the state* is a legitimate local interest, a purported interest in the comfort of Plaintiffs' ducks *in other states and countries* does not justify an embargo on wholesome, USDA-certified poultry products that Congress declared to be an important part of the food supply in interstate and foreign commerce. 21 U.S.C. § 451. Reconsideration is therefore necessary for the Court to address a key issue in this case head-on and either: (a) hold that California's police power extends to legislating to prevent animal cruelty in *other* states and countries, such as through bans on wholesome products that it perceives to be the result of animal cruelty; or (b) conclude that § 25982 is unconstitutional *as applied* to Plaintiffs' products from animals raised beyond California's borders (where standards for the animals' health, safety, and welfare are for the legislatures of those other states and countries to legislate).

  Plaintiffs are confident that, once the Court reconsiders its January Order in light of the new decision in *NAMI* and recognizes that the prevention of animal cruelty in California cannot be a "legitimate local interest" as applied to Plaintiffs' foie gras products from ducks raised in other states and countries, the Court's *Pike* balancing analysis will result in a ruling in Plaintiffs' favor.

*   *   *

  Plaintiffs request a hearing to allow fuller consideration of the foundational constitutional principles at stake. This case raises serious issues under both the Supremacy Clause and the Commerce Clause, and it has already resulted in two published opinions from the Court of Appeals as well as a call for the views of the Solicitor General from the Supreme Court. Yet this Court dismissed Plaintiffs' constitutional claims in January without even a hearing. The rulings generated by the opinions in this case have affected — and continue to affect — other cases in the Ninth Circuit (and beyond) involving eggs, pork, veal, and even fuels. Plaintiffs believe that oral argument will assist the Court in the resolution of this motion, as these issues of constitutional dimension deserve to be tested in the crucible that only oral argument can provide.

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its January Order and set a hearing for the parties to address Plaintiffs' *Pike* balancing claim under the Commerce Clause in light of the above.[3]

Dated: March 11, 2020                    Respectfully submitted,

*/s/ Michael Tenenbaum*
Michael Tenenbaum, Esq.
THE OFFICE OF MICHAEL TENENBAUM, ESQ.
*Counsel for Plaintiffs*

---

[3] In accordance with L.R. 7-18, Plaintiffs do not repeat any arguments made in connection with the original motions. Plaintiffs instead respectfully request that, at the time the Court reconsiders its January Order, it do so with the benefit of the relevant briefing from Plaintiffs' opposition [Dkt. 205 at pp. 23-25] to Defendant's motion to dismiss — or any supplemental briefing the Court may request.