Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE OFFICE OF MICHAEL TENENBAUM, ESQ.
1431 Ocean Ave., Ste. 400
Santa Monica, CA 90401-2136
Tel   (424) 246-8685
Fax   (424) 203-4285

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and SEAN "HOT" CHANEY, an individual;<br><br>Plaintiffs,<br><br>– against –<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California;<br><br>Defendant. | Case No. 2:12-cv-05735-SVW-RZ<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**<br><br>Date:           April 13, 2020<br>Time:          1:30 p.m.<br>Courtroom: 10A<br><br>Hon. Stephen V. Wilson<br><br><u>ORAL ARGUMENT REQUESTED</u> |

Pursuant to L.R. 56-1, Plaintiffs Association des Éleveurs de Canards et d'Oies du Québec (the "Canadian Farmers"), HVFG LLC ("Hudson Valley"), and Sean "Hot" Chaney submit this Statement of Uncontroverted Facts and Conclusions of Law (this "Statement") in support of their Motion for Summary Judgment on their First Cause of Action for Declaratory Relief.

To provide the Court with the appropriate context for understanding California's unique ban in section 25892 of the California Health and Safety Code, Plaintiffs' Memorandum of Points and Authorities sets forth many relevant facts in the section entitled "The Relevant Factual and Legal Background," and each of these facts is supported with a citation to an appropriate legal source or to Plaintiffs' evidence. So as not to burden the Court by duplicating each of these hundreds of facts in this Statement, Plaintiffs include here only the subset of facts that is essential to the a grant of declaratory relief against the threat by Defendant and several of the District Attorneys he supervises to prosecute Plaintiff Hudson Valley and other out-of-state sellers of Plaintiffs' foie gras products for their out-of-state sales when the products are sent to a recipient in California.

## UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1. Section 25982 of the California Health and Safety Code provides: "A product may not be sold in California if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Cal. Health & Safety Code § 25982.

2. Plaintiffs Hudson Valley and the Canadian Farmers (specifically, the Canadian Farmers' members and/or their parent and subsidiary businesses, such as Palmex, Inc. ("Palmex") and Aurpal Inc. ("Aurpal"), produce, and they and third-party sellers of their foie gras products (such as Laurel Pine, Living Luxury, LLC ("Laurel Pine"), and D'Artagnan, LLC ("D'Artagnan")), sell in commerce finished poultry products made from foie gras, i.e., products that are "the result of force feeding a bird

for the purpose of enlarging the bird's liver beyond normal size." (Henley Decl. ¶¶ 1, 4-15; Smatrakalev Decl. ¶¶ 1-8; Pine Decl. ¶¶ 2-3; Wertheim Decl. ¶¶ 2-3.)

3. Hudson Valley, which is based in New York, receives orders for foie gras through its website, which can be accessed from anywhere in the world (including California). (Henley Decl ¶¶ 10-11.)

4. Hudson Valley's website (which is hosted outside California) collects a credit card billing address and a shipping address, but Hudson Valley cannot determine whether the purchaser is actually in California or not (or anywhere, for that matter) at the time of the purchase. (*Id.* ¶ 10.)

5. When Hudson Valley receives a completed order for a foie gras product through its website (or by email, telephone, or fax), Hudson Valley personnel in Sullivan County, New York, fulfill the order from Hudson Valley's facilities in Sullivan County, New York. (*Id.* ¶ 12.)

6. Hudson Valley physically delivers the product to a third-party shipping company, typically UPS or FedEx, and typically for overnight delivery, at its facilities in Sullivan County, New York. The shipping company thereafter transports the product to the recipient designated by the purchaser, which, until as recently as January 2019, included recipients in California. (*Id.*)

7. Since this Court's injunction against enforcement of section 25982 was vacated in January 2019, Hudson Valley has been forced, out of fear of prosecution, to refrain from engaging in non-California sales of foie gras products for shipment to California. (Henley Decl. ¶¶ 9, 18.)

8. Foie gras products produced or sold by the Canadian Farmers' members, their parent and subsidiary businesses, or third party retailers, such as Aurpal, Palmex, Laurel Pine, and D'Artagnan, have been sold through numerous third-party sellers that are not located in California but that have (before January 8, 2019) shipped to recipients in California and that have been forced to refrain from doing so based on

1 | threats of prosecution under § 25982 from Defendant the District Attorneys he
2 | supervises. (Smatrakalev Decl. ¶¶ 8-9; Pine Decl. ¶ 4; Wertheim Decl. ¶ 4.)

3 |     9.    These sales similarly take place through the out-of-state sellers' websites as well as through orders placed by email, telephone, and fax, all outside of California. The sellers' personnel outside California fulfill the orders from their facilities outside California. (Smatrakalev Decl. ¶¶ 6-8; Pine Decl. ¶¶ 2-3; Wertheim Decl. ¶¶ 2-3.)

    10.    Laurel Pine (which sells Palmex's foie gras products) processes orders at its facility in Nevada and physically delivers the foie gras products to third-party shipping companies, typically FedEx, at their facilities in Nevada. (Pine Decl. ¶ 3.)

    11.    D'Artagnan (which sells Hudson Valley's foie gras products) processes orders at its facility in New Jersey and physically delivers the foie gras products to FedEx in New Jersey. (Wertheim Decl. ¶ 3.)

    12.    The shipping companies thereafter transport the products to the recipients designated by the purchasers, which, until as recently as January 2019, included recipients with shipping addresses in California. (Smatrakalev Decl. ¶¶ 6-8; Pine Decl. ¶¶ 2-3; Wertheim Decl. ¶¶ 2-3.)

    13.    Plaintiff Sean Chaney is the former executive chef of Hot's Restaurant Group, Inc. ("Hot's"), a California corporation that previously operated Hot's Kitchen, a restaurant in Hermosa Beach, California, which was well-known for its sale of foie gras products. (Chaney Decl. ¶ 1.)

    14.    Before California's ban on foie gras took effect on July 1, 2012, and during the times when enforcement of § 25982 was permanently enjoined by this Court, Chef Chaney used to buy foie gras products from sellers outside California, including directly from Hudson Valley itself in New York. (*Id.* ¶ 3.)

    15.    Although Chef Chaney closed Hot's Kitchen in January 2018, he has continued to provide catering and private chef services for events at which he has sold foie gras products — but, out of fear of prosecution, he has refrained from selling foie

- 3 -
PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

gras products since January 8, 2019, when this Court's injunction was vacated by a ruling from the Ninth Circuit. (*Id.* ¶ 4.)

16. Chef Chaney would still like to purchase foie gras products to prepare and serve for his friends and family in California, and for himself. (*Id.* ¶ 5.)

17. Insofar as there are no longer any sellers of foie gras products in California, Chef Chaney has attempted to purchase foie gras products from various sellers located outside California for shipment to him in California, including from Hudson Valley Foie Gras. (*Id.*)

18. These sellers have informed Chef Chaney that they will not even ship foie gras products to addresses in California out of fear that California will attempt to enforce its ban against them. (*Id.*)

19. Out of fear of prosecution under section 25982, Chef Chaney has forgone even purchases of foie gras from outside California for delivery to California. (Chaney Decl. ¶ 6.)

20. Prior to the issuance of this Court's permanent injunction in January 2015, at least three county District Attorneys offices in California were threatening Hudson Valley and other out-of-state sellers of its foie gras products for even sending these products to anyone in California. (Henley Decl. ¶¶ 16-19; Smatrakalev Decl. ¶¶ 8-9; Pine Decl. ¶ 4; Wertheim Decl. ¶ 4; Chaney Decl. ¶¶ 4-6; Tenenbaum Decl. ¶ 3.)

21. Prosecutors from each of these offices took the position that, even if these out-of-state sellers consummated a sale of a foie gras product outside California such that the product was delivered to the shipper, and thus title passed, outside California, this would somehow result in the product being "sold in California" for purposes of § 25982 if the product was shipped to anyone in California. (Henley Decl. ¶ 16; Tenenbaum Decl. ¶ 3.)

22. Plaintiffs and other out-of-state sellers of Plaintiffs' foie gras products fear prosecution from Defendant and the prosecutors he supervises if these sellers ship foie gras products to recipients in California, and Plaintiffs have therefore been forced to

- 4 -
PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

adopt a policy (in addition to refraining from selling *in* California) of not even sending foie gras to shipping addresses in California.  (Henley Decl. ¶¶ 16-19; Smatrakalev Decl. ¶¶ 8-9; Pine Decl. ¶ 4; Wertheim Decl. ¶ 4.)

Dated:     March 16, 2020            Respectfully submitted,

*/s/ Michael Tenenbaum*
Michael Tenenbaum, Esq.
THE OFFICE OF MICHAEL TENENBAUM, ESQ.
*Counsel for Plaintiffs*