XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3776
  Fax:  (415) 703-1234
  E-mail:  Peter.Chang@doj.ca.gov
*Attorneys for Defendant*
*California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUEBEC, et al.,**<br><br>                    Plaintiffs,<br><br>**v.**<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of California,**<br><br>                    Defendant. | CV-12-05735-SVW-RZ<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Date:         April 13, 2020<br>Time:        1:30 p.m.<br>Courtroom:  6<br>Judge:       Hon. Stephen V. Wilson<br>Trial Date:  None<br>Action Filed: 7/2/2012 |

## INTRODUCTION

Plaintiffs seek reconsideration of this Court's order dismissing their dormant Commerce Clause claim. They rely on an unpublished district court decision and the erroneous assertion that the Court neglected to consider the out-of-state provenance of Plaintiffs' foie gras products. As relevant here, reconsideration is proper only if there is an intervening change in controlling law or if the Court failed to consider material facts. Neither ground is present here. There has been no change in Ninth Circuit law regarding the dormant Commerce Clause since this Court dismissed Plaintiffs' claim. And there is no question that, in ruling on Plaintiffs' dormant Commerce Clause claim, this Court understood and considered that Plaintiffs' products come from birds raised outside California. The fact that Plaintiffs produce their products outside of California is, and has been, the central premise of their dormant Commerce Clause claim since they filed their original complaint nearly eight years ago. Accordingly, the Court should deny Plaintiffs' motion for reconsideration.

## PROCEDURAL HISTORY AND THE CHALLENGED ORDER

Defendant does not repeat here the nearly eight-year procedural history of this case, *see* Order Denying Pls.' Mot. Summ. J. [202] and Granting Def.'s Mot. to Dismiss [190] (Order), ECF No. 212 at 1-2; Def. Mot. to Dismiss 4AC, ECF No. 214 at 2-3, but will discuss it only as relevant to the Court's consideration of this motion. As relevant here, this Court "previously concluded that § 25982 did not violate the dormant Commerce Clause, and the decision was affirmed by the Ninth Circuit." Order, ECF No. 212 at 3 (citing *Ass'n des Eleveurs de Canards et D'Oies du Quebec v. Harris*, 729 F.3d 937 (9th Cir. 2013) (*Canards I*)) (internal citation omitted).

In ruling on the parties' latest cross motions on Plaintiffs' dormant Commerce Clause claim, this Court noted that Plaintiffs had brought "substantially the same

challenges they brought in the first case, and the developed record does little to change our previous analysis." Order, ECF No. 212 at 3-4 (internal citation omitted). Thus, this Court again concluded that it was bound by *Canards I*, which held that "§ 25982 does not constitute extraterritorial regulation and does not violate the dormant Commerce Clause." *Id.* at 4 (citing *Canards I*, 729 F.3d at 949). This Court further concluded that "even if [it] were to accept Plaintiffs' contention that § 25982 constitutes a total ban on foie gras . . . Plaintiffs have not met their burden in showing the 'burden on interstate commerce *clearly exceed[s]* its local benefits . . . .'" *Id.* at 5 (emphasis in original). The Court thus granted Defendant's motion to dismiss Plaintiffs' dormant Commerce Clause claim. *Id.* at 5, 9.

## ARGUMENT

### I. LEGAL STANDARD

A district court may reconsider its decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the Central District of California, "a motion for reconsideration may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." Civ. L.R. 7-18; *see Doe v. Regents of the Univ. of California*, No. 2:15-CV-02478-SVW, 2016 WL 11504216, at *4 (C.D. Cal. Dec. 1, 2016).

The party moving for reconsideration bears the burden to demonstrate that reconsideration is proper. *See Madrid v. Vivint, Inc.*, Case No. 5:17-cv-00298-

SVW, 2017 WL 6942730, *3 (C.D. Cal. Dec. 7, 2017).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## II. PLAINTIFFS' MOTION FAILS TO SATISFY THE CRITERIA FOR RECONSIDERATION

Plaintiffs base their motion for reconsideration on an unpublished district court decision, and the incorrect assertion that, in issuing the challenged Order, this Court failed to consider the out-of-state provenance of Plaintiffs' foie gras products.  Neither is an appropriate basis for reconsideration.

### A. There Has Been No Intervening Change in Controlling Law

Plaintiffs' motion must be denied because there has been no intervening change in controlling law since this Court issued the Order.  As relevant here, Ninth Circuit precedent holds that a district court may reconsider its decision when "there is an intervening change in *controlling* law."  *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263 (emphasis added).  This Court's Local Rule 7-18 also limits a motion for reconsideration to be made only when there is a "change in law."  *See* Civ. L.R. 7-18.  Here, there has been no intervening change in the law to warrant reconsideration.  *See Greenburg v. Roberts Properties, Ltd.*, 246 Fed. Appx. 500 (9th Cir. 2007) (holding that the district court did not abuse its discretion in denying plaintiff's motion for reconsideration because "there was no change in controlling law").

Plaintiffs do not suggest that there has been any change in controlling law or that the Court incorrectly applied *Canards I*.  Rather, Plaintiffs identify as the basis of their motion an unpublished district court decision in *North American Meat Institute v. Becerra*, No. 2:19-cv-08569-CAS, 2020 WL 919153 (C.D. Cal. Feb. 24, 2020) (*NAMI*).  That case, however, did not change the Ninth Circuit's law on the

dormant Commerce Clause, or in any way affect the Ninth Circuit's holding in *Canards I*, and therefore is not grounds for reconsideration.

In addition, the part of the *NAMI* district court decision on which Plaintiffs rely is inapplicable here because it addressed different factual allegations. In *NAMI*, the district court considered, among other claims, a dormant Commerce Clause challenge to California's restrictions on the in-state sale of certain "whole veal meat" and "whole pork meat." *NAMI*, 2020 WL 919153 at *2. That district court denied the motions to dismiss and for judgment on the pleadings because it found that the plaintiff had sufficiently alleged an unconstitutional *discriminatory effect* based on "the potential difference in compliance 'lead time' given to in-state producers relative to out-of-state producers," and an alleged in-state advantage for a specific type of veal exempt from the challenged restrictions. *Id.* at *6. Thus, that court found that the "allegations regarding *discrimination*, if proven, would also establish a 'substantial burden' pursuant to *Pike*." *Id.* at *8 (emphasis added).[1]

In contrast here, as the Ninth Circuit has held, "§ 25982 is not discriminatory." *Canards I*, 729 F.3d at 952. This Court has also previously determined—as affirmed by the Ninth Circuit—that Plaintiffs did not raise a serious question that § 25982 substantially burdens interstate commerce. Order, ECF No. 212 at 4 (citing *Ass'n Des Éleveurs De Canards et D'Oies Du Québec v. Harris*, No. 2:12-CV-05735-SVW-RZ, 2012 WL 12842942, at *1 (C.D. Cal. Sept. 28, 2012), aff'd sub nom. *Canards I*); *Canards I*, 729 F.3d at 952. Neither of these holdings are disturbed by the district court's ruling in *NAMI*.

Finally, the district court's conclusion in *NAMI* relating to the local benefits of Proposition 12 is irrelevant here. Under *Pike*, a plaintiff must first show that a statute imposes a substantial burden before the court can reach the issue of the

---

[1] In any event, Ninth Circuit precedent clearly establishes that it is proper to consider and dismiss a Pike claim on the pleadings. *See*, *e.g.*, *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1146-47 (9th Cir. 2015).

putative benefits of the challenged law. *Canards I*, 729 F.3d at 951-52. Since both this Court and the Ninth Circuit have held that Plaintiffs failed to raise a serious question that § 25982 substantially burdens interstate commerce, the Court needed not have addressed the putative local benefits of § 25982 in granting Defendant's motion to dismiss.

Accordingly, the district court decision in *NAMI v. Becerra* is not a proper basis for reconsideration.

### B. The Court Did Not Neglect to Consider the Origin of Plaintiffs' Foie Gras Products

Plaintiffs assert that, in dismissing their dormant Commerce Clause claim, the Court failed to consider the fact that the foie gras products at issue are produced outside California. *See* Mot. for Reconsideration, ECF No. 215 at 2-3. This assertion is puzzling, to say the least. Throughout the nearly eight-year history of this case, there has been no question that both this Court and the Ninth Circuit accounted for the out-of-state provenance of Plaintiffs' products in addressing Plaintiffs' claims.

This Court and the Ninth Circuit both clearly understood that Plaintiffs' foie gras comes from birds raised outside California, and addressed Plaintiffs' dormant Commerce Clause claim accordingly. As the challenged Order noted, "§ 25982 still only bans foie gras sales in California. It does not prevent any conduct *outside of California*; it prevents products that are a result of certain conduct (*even out of state*) from being sold within California. § 25982 says nothing of how other states must regulate force-feeding." ECF No. 212 at 4 (emphasis added and omitted). And the Ninth Circuit's earlier ruling affirming this Court's denial of the Plaintiffs' motion of preliminary injunction, which this Court cited in the challenged Order, held that § 25982 does not discriminate against out-of-state businesses "because it bans the sale of both intrastate and *interstate* products that are the result of force feeding a bird." *Canards I*, 729 F.3d at 948 (emphasis added). As the Ninth

1  Circuit further held, section 25982 "applies to both California entities and *out-of-*
2  *state entities* and precludes sales within California of products produced by force
3  feeding birds *regardless of where the force feeding occurred.*" *Id.* at 949 (emphasis
4  added).  Accordingly, this basis for Plaintiffs' motion also fails.

## CONCLUSION

For these reasons, the Court should deny reconsideration.

Dated:  March 23, 2020                    Respectfully submitted,

                                                  XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

/s/ PETER H. CHANG

PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant*
*California Attorney General*