1   XAVIER BECERRA
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   PETER H. CHANG
    Deputy Attorney General
4   State Bar No. 241467
       455 Golden Gate Avenue, Suite 11000
5      San Francisco, CA  94102-7004
       Telephone:  (415) 510-3776
6      Fax:  (415) 703-1234
       E-mail:  Peter.Chang@doj.ca.gov
7   *Attorneys for Defendant*
    *California Attorney General*
8

9                  IN THE UNITED STATES DISTRICT COURT

10               FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                          WESTERN DIVISION

12

13
    **ASSOCIATION DES ÉLEVEURS**          CV-12-05735-SVW-RZ
14  **DE CANARDS ET D'OIES DU**
    **QUEBEC, et al.,**                   **DEFENDANT'S OPPOSITION TO**
15                                        **PLAINTIFFS' PARTIAL**
                            Plaintiffs,   **SUMMARY JUDGMENT MOTION**
16

17                  v.                    Date:        April 13, 2020
                                          Time:        1:30 p.m.
18  **XAVIER BECERRA, in his official**   Courtroom:   10A
    **capacity as Attorney General of**   Judge:       Hon. Stephen V. Wilson
19  **California,**                       Trial Date:  None
                                          Action Filed: July 2, 2012
20                          Defendant.

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction .................................................................................................. 1

Background ................................................................................................... 1

Procedural History ....................................................................................... 2

Argument ...................................................................................................... 3

    I.      Legal Standard .................................................................................. 3

    II.     The Court Should Again Deny Plaintiffs' Motion for a Summary
          Declaratory Judgment. ..................................................................... 4

          A.    The Court Should Deny Summary Declaratory Judgment
               Because Section 25982 Applies to Foie Gras Sold and
               Shipped to California Consumers Regardless of Where
               Title Passes ............................................................................ 4

               1.    Section 25982 Is Not Limited by UCC Rules
                      Governing Where Title Passes ................................... 5

               2.    Plaintiffs' Other Arguments Also Fail ........................... 8

          B.    If the Court Determines Where Title Passes Might be
               Relevant in Some Factual Circumstances, the Court
               Should Decline to Exercise Jurisdiction ................................. 10

          C.    If Facts Are Relevant to Plaintiffs' Declaratory Relief
                Claim, Resolution of this Motion Should Be Deferred to
               Allow for Discovery ............................................................... 11

Conclusion ................................................................................................. 13

1

**TABLE OF AUTHORITIES**

2

Page

3

Cᴀꜱᴇꜱ

4

*Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Becerra*
5
    870 F.3d 1140 (9th Cir. 2017)................................................................1

6

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
7
    729 F.3d 937 (9th Cir. 2013).........................................................*passim*

8

*Associated Gen. Contractors of Am., San Diego Chapter, Inc. v.*
    *California Dep't of Transp.*
9
    713 F.3d 1187 (9th Cir. 2013)...........................................................10

10

*Celotex Corp. v. Catrett*
11
    477 U.S. 317 (1986).............................................................................3

12

*City of South San Francisco v. Board of Equalization*
13
    181 Cal. Rptr.3d 656 (Cal. Ct. App. 2014) ..........................................9

14

*Clicks Billiards, Inc. v. Sixshooters, Inc.*
15
    251 F.3d 1252 (9th Cir. 2001).............................................................3

16

*English v. Ralph Williams Ford*
17
    17 Cal. App. 3d 1038 (Cal. Ct. App. 1971) ........................................6

18

*Missouri ex rel. Koster v. Harris*
19
    847 F.3d 646 (9th Cir. 2017)...............................................................8

20

*Mysel v. Gross*
    138 Cal. Rptr. 873 (Sup. Ct. App. Dep't 1977) ..................................8
21

22

*People v. Prunty*
    355 P.3d 480 (Cal. 2015) ....................................................................7

23

*People v. Rubalcava*
24
    1 P.3d 52 (Cal. 2000) ..........................................................................7

25

*People v. Walker*
26
    59 P.3d 150 (Cal. 2002) ......................................................................7

27

*Prunty v. Bank of Am.*
28
    37 Cal. App. 3d 430 (Cal. Ct. App. 1974) ..........................................7

1

2

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Quartz of Southern California, Inc. v. Mullen Bros., Inc.*
151 Cal. App. 4th 901 (Cal. Ct. App. 2007) ...................................................... 5

*South Dakota v. Wayfair*
138 S. Ct. 2080 (2018) ........................................................................................ 4

*United Union of Roofters, Waterproofers, and Allied Trades No. 40 v.*
*Ins. Corp. of Am.*
919 F.2d 1398 (9th Cir. 1990) .......................................................................... 10

**STATUTES**

California Commercial Code
§ 2102 .......................................................................................... 5, 6, 8, 9
§ 2106 ................................................................................................... 8
§ 2401 .......................................................................................... 5, 7, 8

California Health & Safety Code
§ 25980(b) .............................................................................................. 1
§ 25982 ......................................................................................... *passim*
§ 25996 ................................................................................................. 8

Uniform Commercial Code
§ 2401 ................................................................................................... 6
§ 2725 ................................................................................................... 8

**COURT RULES**

Federal Rules of Civil Procedures
Rule 56(a) .............................................................................................. 3
Rule 56(d) .............................................................................................. 1

**OTHER AUTHORITIES**

Senate Bill 1520 ................................................................................ 2, 6, 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

The Attorney General opposes Plaintiffs' motion for partial summary judgment, and has separately moved to dismiss as a matter of law the Fourth Amended Complaint and Plaintiffs' declaratory judgment claim (First Cause of Action) that is the subject of this partial summary judgment motion.  ECF No. 214. If the Court grants the Attorney General's motion to dismiss the Fourth Amended Complaint, Plaintiffs' partial summary judgment motion will be moot.

If the Court reaches Plaintiffs' partial summary judgment motion, the Court should deny it, either on the ground that the First Cause of Action fails as a matter of law, or on the ground that Plaintiffs once again failed to provide sufficient factual basis for the Court to exercise its discretion to provide declaratory relief to Plaintiffs.

If the Court is not inclined either to dismiss the case or deny Plaintiffs' motion, it should grant the Attorney General's request under Federal Rule of Civil Procedure 56(d) to defer consideration of Plaintiffs' motion to provide the Attorney General an opportunity to conduct discovery before the Court rules on Plaintiffs' motion.

**BACKGROUND**

Under California law, "[a] product may not be sold in California if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size."  Cal. Health & Saf. Code, § 25982 (section 25982).  "Force feeding a bird" means "a process that causes the bird to consume more food than a typical bird of the same species would consume voluntarily.  Force feeding methods include, but are not limited to, delivering feed through a tube or other devices inserted into the bird's esophagus."  *Id.* § 25980(b).  The Ninth Circuit has ruled that Section 25982 is in the nature of animal cruelty laws traditionally regulated by the states.  *Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Becerra*, 870 F.3d

1140, 1146, 1148 (9th Cir. 2017) (*Canards II*), *cert. denied*, No. 17-1285, 138 S. Ct. 862 (U.S. Jan. 7, 2019).  In enacting section 25982, the Legislature considered extensive evidence demonstrating the inhumane practice of force-feeding a bird to produce foie gras.  *See* California Bill Analysis, Senate Bill 1520, Sen. (May 6, 2004).  The legislative history acknowledged that the Legislature "has already made the sale of meat of horses and cats and dogs for human consumption a Penal Code violation[, and it] is a tiny step to prohibit the sale of livers of birds produced under conditions that cause the birds tremendous suffering." *Id*.  As the Ninth Circuit found, "there is no reason to doubt that the State believed that the sales ban in California may discourage the consumption of products produced by force feeding birds and prevent complicity in a practice that it deemed cruel to animals." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 952 (9th Cir. 2013) (*Canards I*).  "Section 25982 applies to both California entities and out-of-state entities"; it precludes sales within California "of products produced by force feeding regardless of where the force feeding occurred." *Id.* at 949.  Plaintiffs challenge section 25982, and as relevant here, seek a declaration that it does not apply to products sold by Plaintiff Hudson Valley.

## PROCEDURAL HISTORY

Defendant does not repeat here the nearly eight-year procedural history of this case, *see* Order Denying Mot. for Sum. J. (Order), ECF No. 212 at 1-2; Def.'s Mot. to Dismiss 4AC, ECF No. 214 at 2-3, but will discuss it only as relevant to the Court's consideration of this motion.  As relevant here, Plaintiffs filed the Third Amended Complaint (TAC) on March 11, 2019, asserting claims for declaratory relief, impossibility preemption, and violation of the dormant Commerce Clause. ECF No. 185.  Defendant moved to dismiss the TAC on April 24, 2019.  ECF No. 190.  Plaintiffs moved for summary judgment on their second cause of action, impossibility preemption, and in the alternative, on their first cause of action for declaratory relief.  ECF No. 202.

On January 14, 2020, this Court denied Plaintiffs' partial summary judgment motion and motion for declaratory relief, and granted Defendant's motion to dismiss.  Order, ECF No. 212 at 9.  The Court dismissed Plaintiffs' impossibility preemption and dormant Commerce Clause claims without leave to amend but granted Plaintiffs leave to amend their claim for declaratory relief.  *Id.*  Specifically, the Court ruled that "Plaintiffs must present declarations or other evidence which establish sufficient facts for the Court to determine Plaintiffs' proposed course of action." *Id*.

On February 5, 2020, Plaintiffs filed the Fourth Amended Complaint (4AC).  ECF No. 213; *see id*. ¶¶ 113-132.  Plaintiffs realleged claims previously dismissed without leave to amend by this Court to preserve their appellate rights only.  *Id.*, Cover.  Thus, the only live claim remaining is the cause of action for declaratory relief.  On February 18, 2020, Defendant moved to dismissed the 4AC.  ECF No. 214.

Defendant has not answered any of Plaintiffs' complaints.  To date, the Court has not issued a case scheduling order, and neither party has conducted discovery.  See ECF Nos. 95, 107.

## ARGUMENT

### I.   LEGAL STANDARD

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party has the burden of establishing the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor.  *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

Def.'s Opp. to Pls' Partial MSJ
(CV-12-05735-SVW-RZ)

1
2

## II. THE COURT SHOULD AGAIN DENY PLAINTIFFS' MOTION FOR A SUMMARY DECLARATORY JUDGMENT.

3
4

### A. The Court Should Deny Summary Declaratory Judgment Because Section 25982 Applies to Foie Gras Sold and Shipped to California Consumers Regardless of Where Title Passes

5

Plaintiffs seek a declaration that section 25982 does not apply to foie gras

6

products they sell and ship to consumers in California.  4AC at ¶ 132 (emphasis

7

omitted); *see id.* at 46, Prayer ¶ A.1.  Plaintiffs assert that they are entitled to such

8

relief when title to those products passes outside of California.  Pls.' Mot., ECF No.

9

216, at 16-20.  However, as a matter of law, the application of section 25982 does

10

not turn on where title passes.  *See* Def.' Mot. to Dismiss, ECF No. 214, at 5-9.

11

Section 25982 applies to all sales in California, including all sales of products

12

resulting from force feeding purchased from an out-of-state seller that are delivered

13

to a buyer in California.

14

Section 25982 proscribes, within the state's borders, the sale of products

15

resulting from force feeding a bird.  The Legislature enacted section 25982 to

16

"discourage the consumption of products produced by force feeding birds and

17

prevent complicity in a practice that it deemed cruel to animals."  *Canards I*, 729

18

F.3d at 952.  Section 25982's prohibition on in-state sales applies regardless of

19

whether the seller is in-state or out-of-state.  *See id*. at 948 (holding that section

20

25982 is not discriminatory because it "bans the sale of both intrastate and interstate

21

products that are the result of force feeding a bird"); *id*. at 953 (holding that

22

"[s]ection 25982 applies to both California entities and out-of-state entities"); Order

23

Denying Pls.' Mot. for Prelim. Inj., ECF No. 87, at 17 ("[s]ection 25982's

24

economic impact does not depend on where the items were produced, but rather

25

how they were produced").  It is beyond question that California has the authority

26

to regulate ales in the state, including sales from out-of-state sellers to buyers in the

27

state.  *See Canards I*, 729 F.3d at 949; *Order*, ECF No. 212 at 4; *cf. South Dakota*

28

*v. Wayfair*, 138 S. Ct. 2080 (2018) (holding that states may require out-of-state

Def.'s Opp. to Pls' Partial MSJ
(CV-12-05735-SVW-RZ)

sellers of goods to collect and remit sales tax on sales into the state).  Thus, both the plain language of the law and legislative intent establish that section 25982 applies to foie gras products resulting from force feeding sold by out-of-state sellers, such as plaintiff Hudson Valley, to buyers in California.

### 1. Section 25982 Is Not Limited by UCC Rules Governing Where Title Passes

Plaintiffs ask this Court to sanction an end-run around the law that would permit foie gras products resulting from force feeding to be sold to buyers in California, if title passes outside of California under the California Uniform Commercial Code (UCC).  4AC ¶ 127; Pls.' Mot. at 19 (citing Cal. Comm. Code §§ 2106(1) ("a 'sale' consists in passing of title from the seller to the buyer for a price") & 2401(2)(a) ("If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at designation, title passes to the buyer at the time and place of shipment").  This novel theory fails for two reasons.

First, the UCC does not govern where a product is "sold in California" for purposes of section 25982.  By its terms, the UCC does not "impair or repeal any statute regulating sales to consumers."  Cal. Comm. Code § 2102.  Section 25982 is such a statute regulating sales to consumers in California.  In contrast, Division 2 of the UCC regulates "sales" to address the "rights, obligations and remedies" between buyers and sellers in transactions to sells goods in California, but does not govern what can be sold.  *See* Cal. Comm. Code § 2401.  UCC section 2102 provides that Division 2 does not "impair or repeal any statute regulating sales to consumers" or any "specified classes of buyers."  *Id*. § 2102.  For example, California courts have applied UCC section 2102 to exclude motor vehicle sales from the UCC, even though motor vehicles qualify as "goods," because motor vehicle sales are regulated by the California Vehicle Code.  *Quartz of Southern California, Inc. v. Mullen Bros., Inc*., 151 Cal. App. 4th 901, 907 (Cal. Ct. App.

Def.'s Opp. to Pls' Partial MSJ
(CV-12-05735-SVW-RZ)

2007); *English v. Ralph Williams Ford*, 17 Cal. App. 3d 1038, 1046 (Cal. Ct. App. 1971) ("sales of automobiles are clearly subject to the sales division of the Uniform Commercial Code unless the remaining language in section 2102 excludes them").

Similarly here, while foie gras products resulting from force feeding may qualify as "goods" under the UCC, whether they may be sold in California is governed by section 25982.  The comments confirm in the clearest terms that the UCC cannot properly be used to interpret section 25982:  UCC section 2401 is "in no way intend[ed] to indicate which line of interpretation should be followed in cases where the applicability of 'public' regulation depends upon a 'sale' or upon location of 'title' without further definition."  Uniform Com. Code Comment, 23A West's Ann. Cal. U. Com. Code, § 2401 (2002).  Section 25982 is such a "public regulation" regulating sale of foie gras products resulting from force feeding to California consumers and other California buyers that is expressly "excluded" from the UCC.  *Id.*; Cal. Comm. Code § 2102.

Second, Plaintiffs fail to grapple with the various absurdities that would result if the UCC could be used, as they suggest, to avoid operation of section 25982. Plaintiffs offer no reason to believe that the Legislature intended to ban sales by out-of-state sellers who ship their product directly to California customers, but permit sales of the same product from out-of-state sellers who happen to use FedEx, UPS, or the like to deliver to California customers.  Plaintiffs' interpretation, if adopted, would enable the sale of the proscribed products in the California market. This plainly would be contrary to the intent of the California Legislature to "discourage the consumption of products produced by force feeding birds and prevent complicity in a practice that it deemed cruel to animals."  *Canards I*, 729 F.3d at 952; *see* California Bill Analysis, Senate Bill 1520, Sen. (May 6, 2004).

Similarly, under Plaintiffs' interpretation, a buyer and a seller could easily circumvent section 25982 simply by agreeing between them that title to an otherwise-prohibited product passes outside of California, even if both the buyer

Def.'s Opp. to Pls' Partial MSJ
(CV-12-05735-SVW-RZ)

and the seller are in California.  This is because the UCC also permits a buyer and seller to agree, by contract, where title passes.  *See generally* Cal. Comm. Code § 2401.  As this Court envisioned, a seller and buyer could both be in California and enter into a transaction in which the seller purchases the foie gras products from Hudson Valley for delivery to the buyer, *see* Order, ECF No. 212, at 9, but agree pursuant to the UCC that title shall pass in another state.  Under Plaintiffs' interpretation, this type of end-run around section 25982 would be permissible. Interpretations of section 25982 that lead to such absurd results cannot be correct. *See People v. Walker*, 59 P.3d 150, 152 (Cal. 2002) (courts must "avoid any interpretation that would lead to absurd consequences"); *People v. Rubalcava*, 1 P.3d 52, 56 (Cal. 2000) (courts "must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences").

To the extent Plaintiffs perceive any ambiguity as to the scope and application of section 25982, it should be resolved in light of the Legislature's intent to remove products produced by force feeding birds from the California market.  *See Canards I*, 729 F.3d at 952; *see* California Bill Analysis, Senate Bill 1520, Sen. (May 6, 2004).  The language of section 25982 should be construed "according to the usual, ordinary import of the words employed, but in context, keeping in mind the nature and obvious purpose of the statute."  *Prunty v. Bank of Am*., 37 Cal. App. 3d 430, 436 (Cal. Ct. App. 1974) (internal citations and quotations omitted); *see People v. Prunty*, 355 P.3d 480, 486 (Cal. 2015) (the court's "task in construing the Act, of course, is to ascertain and effectuate the intended legislative purpose").

Section 25982 should properly be construed to apply to foie gras products resulting from force feeding sold and shipped to buyers in California.  Like other California laws that eliminate the California market for inhumanely produced products, section 25982 reaches all sales of the product to California purchasers that

are delivered to them in California.  It "bans the sale of both intrastate and *interstate* products that are the result of force feeding a bird."  *Canards I*, 729 F.3d at 948 (emphasis added); *see also id.* at 945 n.4 ("Section 25982 . . . bans the sale of foie gras produced through force feeding").  The statutory language prohibiting sales of foie gras  "in California" is similar to the language in other statutes that prohibit sales of certain products to consumers in the state regardless of where the seller is located.  For example, California's Shelled Egg Laws provide that "a shelled egg shall not be *sold* or contracted for sale for human consumption *in California*" if it is the product of a hen that is confined in a manner that does not comply with specified animal care standards.  Cal. Health & Saf. Code § 25996 (emphasis added); *see Missouri ex rel. Koster v. Harris*, 847 F.3d 646 (9th Cir. 2017). Plaintiffs appear to acknowledge that this law applies to sales of eggs by an out-of-state producer to an in-state purchaser.  *See* Pls.' Opp. to Mot. to Dismiss, ECF No. 205, at 6; Pls.' Mot., ECF No. 216, at 20-21.

### 2.    Plaintiffs' Other Arguments Also Fail

Plaintiffs mistakenly argue that UCC section 2102 applies only to statutes regulating sales to "unique groups of buyers."  Pls.' Mot., ECF No. 216, at 19-20.  UCC section 2102 is not so limited, but broadly provides that provisions of Division 2, which includes sections 2106 and 2401, do not "impair or repeal any statute regulating sales to *consumers*, farmers, or other specified classes of buyers."  Cal. Comm. Code § 2102 (emphasis added).  Plaintiffs misread *Mysel v. Gross*, 138 Cal. Rptr. 873, 875 n.2 (Sup. Ct. App. Dep't 1977).  Pls.' Mot., ECF No. 216, at 20.  In *Mysel*, the court analyzed, in a footnote, whether UCC section 2102 rendered inapplicable UCC section 2725 addressing the statute of limitations in contracts for sale.  *Mysel*, 138 Cal. Rptr. at 875 n.2.  The court construed the last clause of UCC section 2102, "specified classes of buyers," to mean "unique groups of buyers," only after it first determined that UCC section 2725 did not regulate "sales to consumers."  *Id*.  In this case, section 25982 is a statute that unambiguously

1  regulates "sales to consumers."  UCC section 2102 thus applies, and the UCC
2  cannot be used to limit the scope of section 25982.

3       Plaintiffs' reliance on *City of South San Francisco v. Board of Equalization*,
4  181 Cal. Rptr.3d 656 (Cal. Ct. App. 2014), is also misplaced.  *See* Pls.' Mot., ECF
5  No. 216, at 19.  That case addressed whether the Board of Equalization properly
6  relied on the UCC to determine where title passes for the sale of goods for purposes
7  of applying a state sales tax under state and local tax laws.  *Id.* at 658.  As discussed
8  above, application of section 25982 does not turn on where title passes.

9       Plaintiffs argue unpersuasively that there is no evidence that the Legislature
10  intended section 25982 to reach sales by out-of-state producers to consumers in
11  California.  Pls.' Mot. at 18.  There is little doubt that section 25982 applies to both
12  California entities and out-of-state entities that choose to sell their products to
13  people or entities in California.  *See Canards I*, 729 F.3d at 949.  And it certainly
14  could not have been the Legislature's intent for section 25982 to be circumvented
15  simply by structuring sales of foie gras resulting from force feeding by producers,
16  whether in-state or out-of-state, to consumers in the state so that title passes outside
17  the state.  *See also Canards I*, 729 F.3d at 949 (rejecting a scenario in which
18  California entities could obtain foie gras produced out-of-state and sell it in
19  California).

20       Plaintiffs' argument that their interpretation of section 25982 would avoid the
21  constitutional burden that section 25982 places on interstate commerce is also
22  without merit.  Pls.' Mot. at 23-24.  It presupposes that there is any merit to
23  Plaintiffs' dormant Commerce Clause claim, when—as this Court determined—
24  there is none.  *See* Order Granting Mot. to Dismiss, ECF No. 212, at 3-5; *see also*
25  *Canards I*, 729 F.3d at 947 (affirming district court determination that "Plaintiffs
26  failed to raise serious questions concerning their Commerce Clause challenge").

27       Finally, Plaintiffs' argument that the presumption against extraterritoriality
28  applies is misplaced because section 25982's application to sales *in California* by

Def.'s Opp. to Pls' Partial MSJ
(CV-12-05735-SVW-RZ)

out-of-state sellers has no extraterritorial reach.  *See* Order, ECF No. 212, at 4

("§ 25982 still only bans foie gras *sales in California*.  It does not prevent *any*

conduct outside of California; it prevents products that are a result of certain

conduct (even out-of-state) from being sold *within* California.") (emphasis in

original).

> **B.   Alternatively, the Court Should Decline to Grant Declaratory Relief**

Alternatively, rather than reaching the issue addressed above, the Court may

decline to exercise its authority under the Declaratory Judgment Act for the same

reasons it stated in denying the previous summary judgment motion because

Plaintiffs have failed to cure the defects identified by the Court.  *See* Order, ECF

No. 212, at 8-9.

In denying Plaintiffs' previous motion, the Court declined to exercised its

discretion to provide declaratory relief because Plaintiffs failed to present "[t]he

exact circumstances (including how, when and where title is passed or goods are

delivered)" before the Court for resolution.  Order, ECF No. 212, at 8.  Plaintiffs

have failed to cure the defect that the Court identified.  According to Plaintiffs,

plaintiff Hudson Valley receives orders for foie gras products through its website,

which can be accessed from anywhere, including in California.  Pls.' Mot. at 14.[1]

---

[1] Plaintiffs' motion asserts that non-parties, including members of Plaintiff Canadian Association, sell and deliver foie gras products into California, but these allegations are irrelevant to the cause of action for declaratory relief which forms the basis for the motion.  The First Cause of Action is an as-applied challenge that can only be asserted by plaintiff Hudson Valley.  *See* 4AC, ¶¶ 16, 132; *id.* at *Prayer for Relief*, ¶ A.1.  Plaintiffs Canadian Association and Chaney do not allege that they sell foie gras products resulting from force feeding from outside California to buyers in California.  Canadian Association could not assert this claim on behalf of its members, because it cannot demonstrate that "neither the claim asserted nor the relief requested require the participation of individual members in the lawsuit." *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013).  This Court's requirement that Plaintiffs make "concrete fact allegations" regarding their "potential future conduct" in selling foie gras resulting from force feeding to buyers in California require member participation in this case.  ECF No. 212 at 9; *see United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1400 (9th Cir. 1990).

1   Hudson Valley also receives orders by email, telephone, or fax. *Id.* It alleges that it

2   collects both a credit card billing address and a shipping address from the

3   purchaser, but cannot determine whether the purchaser is physically located in

4   California at the time of purchase. *Id.* Hudson Valley personnel then fulfill the

5   order by delivering the product to a third-party shipping company, which then

6   transports the product to the recipient. *Id.* at 14-15.

7         These allegations, however, are virtually the same as those this Court found

8   deficient in denying Plaintiffs' prior motion for summary judgment. *See* Pls.'

9   Reply in Supp. of Mot. for Summ. J., ECF No. 209, at 14 ("Plaintiffs' evidence

10  shows that their products are sold through pre-paid telephone and Internet orders

11  placed with Plaintiffs and other sellers outside California . . . ."); Pls.' Mot. for

12  Summ. J., ECF No. 202, at 24 (arguing that "foie gras products sold by Hudson

13  Valley and other sellers outside California by physically delivering them only to a

14  shipping company outside California to be sent to a buyer (or other recipient) in

15  California" should not be considered "sold in California"). Plaintiffs have thus

16  failed to cure the defect identified by this Court in declining to exercise its authority

17  over Plaintiffs' claim for declaratory relief.

18      **C.   If Facts Are Relevant to Plaintiffs' Declaratory Relief Claim,**

19              **Resolution of this Motion Should Be Deferred to Allow for Discovery**

20

21        If the Court does not dismiss the case or deny Plaintiffs' motion, then the

22  Court should defer consideration of Plaintiffs' motion to permit Defendant

23  discovery on the following issues:

24          a.  Whether and how Plaintiffs market foie gras products resulting from

25              force feeding to be sold in California;[2]

26

27        [2] As discussed above, Plaintiffs Canadian Association and Chaney should be

28  dismissed. *See*, *supra*, n.2. Any discovery would be tailored to the party or parties remaining in the case.

Def.'s Opp. to Pls' Partial MSJ
(CV-12-05735-SVW-RZ)

    b.  The contractual terms of sales relating to Plaintiffs' sales of foie gras products resulting from force feeding to customers in California;

    c.  The contractual terms of sales relating to third-parties that sell and/or distribute or deliver Plaintiffs' foie gras products resulting from force feeding to customers in California;

    d.  The type of information that Plaintiffs, and third-parties that sell and/or distribute Plaintiffs' foie gras products resulting from force feeding to customers in California, collect or are able to collect from purchasers, including the location of the purchasers;

    e.  The specific type of sales transactions against which the District Attorneys allegedly threatened enforcement of section 25982; and

    f.  Whether Plaintiffs' products were and/or are sold in California through third-party vendors, and if so, how the sales are arranged and structured.

Chang Decl. at ¶ 5.

These issues of fact are essential to Defendant's opposition to the summary judgment of this claim, to the extent that disputed material facts are necessary to resolve Plaintiffs' declaratory judgment claim concerning (1) where title passes on sale by Plaintiffs and their distributors and resellers of foie gras products resulting from force feeding to customers in California, (2) the nature of Plaintiffs' sales transactions with California purchasers and the location where the products are delivered, (3) the type of transaction against which District Attorneys have threatened prosecution, and (4) the availability of information regarding purchasers, including physical location, that Plaintiffs and their distributors and resellers have or are able to obtain.

Establishing these facts will require discovery from Plaintiffs, and potentially third-party vendors or distributors of Plaintiffs' products. Chang Decl. at ¶ 6. Defendant would seek discovery of the facts set forth above through various means, including document requests, interrogatories, and requests for admission; depositions of Plaintiffs' employees and their corporate representatives; depositions

1   of relevant third-parties' employees and their corporate representatives; discovery
2   involving other sources, such as third-party subpoenas, as necessary. *Id.* at ¶ 7.
3       Therefore, if the Court does not outright deny Plaintiffs' motion, the Court
4   should defer consideration of the motion to permit Defendant an opportunity to
5   conduct discovery and develop evidence to oppose Plaintiffs' motion.

6                          **CONCLUSION**

7       For the foregoing reasons, the Court should deny Plaintiffs' motion for partial
8   summary judgment, or defer consideration of the motion until Defendant has had an
9   opportunity to conduct fact and expert discovery.

10   Dated:  March 23, 2020                    Respectfully submitted,

11                                             XAVIER BECERRA
12                                             Attorney General of California
                                               TAMAR PACHTER
13                                             Supervising Deputy Attorney General

14                                             /s/ PETER H. CHANG

15                                             PETER H. CHANG
                                               Deputy Attorney General
16                                             *Attorneys for Defendant*
                                               *California Attorney General*

17

18

19

20

21

22

23

24

25

26

27

28