XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3776
 Fax:  (415) 703-1234
 E-mail:  Peter.Chang@doj.ca.gov
*Attorneys for Defendant*
*California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ASSOCIATION DES ELEVEURS DE CANARDS ET D'OIES DU QUEBEC, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California,**<br><br>Defendant. | CV-12-05735-SVW-RZ<br><br>**DEFENDANT'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**<br><br>Date:           April 13, 2020<br>Time:          1:30 p.m.<br>Courtroom:  6<br>Judge:         Hon. Stephen V. Wilson<br>Trial Date:   None<br><br><br>Action Filed: July 2, 2012 |

In accordance with Local Rule 56-2 and this Court's procedures, Defendant Xavier Becerra, Attorney General of the State of California, sued in his official capacity ("Defendant"), submits the following Statement of Genuine Disputes of Material Fact in support of the Opposition to Plaintiffs' Motion for Partial Summary Judgment, filed concurrently herewith.

| | Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law | Defendant's Genuine Disputes of Material Fact and Objections |
|---|---|---|
| 2 | Plaintiffs Hudson Valley and the Canadian Farmers (specifically, the Canadian Farmers' members and/or their parent and subsidiary businesses, such as Palmex, Inc. ("Palmex") and Aurpal Inc. ("Aurpal"), produce, and they and third-party sellers of their foie gras products (such as Laurel Pine, Living Luxury, LLC ("Laurel Pine"), and D'Artagnan, LLC ("D'Artagnan")), sell in commerce finished poultry products made from foie gras, i.e., products that are "the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." (Henley Decl. ¶¶ 1, 4-15; Smatrakalev Decl. ¶¶ 1-8; Pine Decl. ¶¶ 2-3; Wertheim Decl. ¶¶ 2-3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 3 | Hudson Valley, which is based in New York, receives orders for foie gras through its website, which can be accessed from anywhere in the world (including California). (Henley Decl ¶¶ 10-11.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a |

1

| | | | |
|---|---|---|---|
| 1 2 | | | genuine dispute necessary to be litigated. |
| 3 4 5 6 7 8 9 10 | 4 | Hudson Valley's website (which is hosted outside California) collects a credit card billing address and a shipping address, but Hudson Valley cannot determine whether the purchaser is actually in California or not (or anywhere, for that matter) at the time of the purchase. (Id. ¶ 10.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 11 12 13 14 15 16 17 18 19 | 5 | When Hudson Valley receives a completed order for a foie gras product through its website (or by email, telephone, or fax), Hudson Valley personnel in Sullivan County, New York, fulfill the order from Hudson Valley's facilities in Sullivan County, New York. (Id. ¶ 12.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 20 21 22 23 24 25 26 27 | 6 | Hudson Valley physically delivers the product to a third-party shipping company, typically UPS or FedEx, and typically for overnight delivery, at its facilities in Sullivan County, New York. The shipping company thereafter transports the product to the recipient designated by the purchaser, which, until as recently as January 2019, included recipients in California. (Id.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a |

28

| | | | |
|---|---|---|---|
| 1 | | | genuine dispute necessary to be litigated. |
| 2 | 7 | Since this Court's injunction against enforcement of section 25982 was vacated in January 2019, Hudson Valley has been forced, out of fear of prosecution, to refrain from engaging in non-California sales of foie gras products for shipment to California. (Henley Decl. ¶¶ 9, 18.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 8 | Foie gras products produced or sold by the Canadian Farmers' members, their parent and subsidiary businesses, or third party retailers, such as Aurpal, Palmex, Laurel Pine, and D'Artagnan, have been sold through numerous third-party sellers that are not located in California but that have (before January 8, 2019) shipped to recipients in California and that have been forced to refrain from doing so based on threats of prosecution under § 25982 from Defendant the District Attorneys he supervises. (Smatrakalev Decl. ¶¶ 8-9; Pine Decl. ¶ 4; Wertheim Decl. ¶ 4.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 9 | These sales similarly take place through the out-of-state sellers' websites as well as through orders placed by email, telephone, and fax, all outside of California.  The sellers' personnel outside California fulfill the orders from their facilities outside California. (Smatrakalev Decl. ¶¶ 6-8; Pine Decl. ¶¶ 2-3; Wertheim Decl. ¶¶ 2-3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a |

| | | | |
|---|---|---|---|
| 1 2 | | | genuine dispute necessary to be litigated. |
| 3 4 5 6 7 8 9 10 | 10 | Laurel Pine (which sells Palmex's foie gras products) processes orders at its facility in Nevada and physically delivers the foie gras products to third-party shipping companies, typically FedEx, at their facilities in Nevada. (Pine Decl. ¶ 3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses. Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 11 12 13 14 15 16 17 18 19 | 11 | D'Artagnan (which sells Hudson Valley's foie gras products) processes orders at its facility in New Jersey and physically delivers the foie gras products to FedEx in New Jersey. (Wertheim Decl. ¶ 3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses. Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 20 21 22 23 24 25 26 27 | 12 | The shipping companies thereafter transport the products to the recipients designated by the purchasers, which, until as recently as January 2019, included recipients with shipping addresses in California. (Smatrakalev Decl. ¶¶ 6-8; Pine Decl. ¶¶ 2-3; Wertheim Decl. ¶¶ 2-3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses. Therefore, Defendant has not had an opportunity to determine whether this statement presents a |

4

| | | | |
|---|---|---|---|
| | | | genuine dispute necessary to be litigated. |
| | 13 | Plaintiff Sean Chaney is the former executive chef of Hot's Restaurant Group, Inc. ("Hot's"), a California corporation that previously operated Hot's Kitchen, a restaurant in Hermosa Beach, California, which was well-known for its sale of foie gras products. (Chaney Decl. ¶ 1.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| | 14 | Before California's ban on foie gras took effect on July 1, 2012, and during the times when enforcement of § 25982 was permanently enjoined by this Court, Chef Chaney used to buy foie gras products from sellers outside California, including directly from Hudson Valley itself in New York. (Id. ¶ 3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| | 15 | Although Chef Chaney closed Hot's Kitchen in January 2018, he has continued to provide catering and private chef services for events at which he has sold foie gras products — but, out of fear of prosecution, he has refrained from selling foie gras products since January 8, 2019, when this Court's injunction was vacated by a ruling from the Ninth Circuit. (Id. ¶ 4.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a |

5

| | | |
|---|---|---|
| | | genuine dispute necessary to be litigated. |
| 16 | Chef Chaney would still like to purchase foie gras products to prepare and serve for his friends and family in California, and for himself. (Id. ¶ 5.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 17 | Insofar as there are no longer any sellers of foie gras products in California, Chef Chaney has attempted to purchase foie gras products from various sellers located outside California for shipment to him in California, including from Hudson Valley Foie Gras. (Id.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| 18 | These sellers have informed Chef Chaney that they will not even ship foie gras products to addresses in California out of fear that California will attempt to enforce its ban against them. (Id.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a |

6

| | | | |
|---|---|---|---|
| | | | genuine dispute necessary to be litigated. |
| | 19 | Out of fear of prosecution under section 25982, Chef Chaney has forgone even purchases of foie gras from outside California for delivery to California. (Chaney Decl. ¶ 6.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| | 20 | Prior to the issuance of this Court's permanent injunction in January 2015, at least three county District Attorneys offices in California were threatening Hudson Valley and other out-of-state sellers of its foie gras products for even sending these products to anyone in California. (Henley Decl. ¶¶ 16-19; Smatrakalev Decl. ¶¶ 8-9; Pine Decl. ¶ 4; Wertheim Decl. ¶ 4; Chaney Decl. ¶¶ 4-6; Tenenbaum Decl. ¶ 3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |
| | 21 | Prosecutors from each of these offices took the position that, even if these out-of-state sellers consummated a sale of a foie gras product outside California such that the product was delivered to the shipper, and thus title passed, outside California, this would somehow result in the product being "sold in California" for purposes of § 25982 if the product was shipped to anyone in California. (Henley Decl. ¶ 16; Tenenbaum Decl. ¶ 3.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a |

| | | | genuine dispute necessary to be litigated. |
|---|---|---|---|
| | 22 | Plaintiffs and other out-of-state sellers of Plaintiffs' foie gras products fear prosecution from Defendant and the prosecutors he supervises if these sellers ship foie gras products to recipients in California, and Plaintiffs have therefore been forced to adopt a policy (in addition to refraining from selling in California) of not even sending foie gras to shipping addresses in California. (Henley Decl. ¶¶ 16-19; Smatrakalev Decl. ¶¶ 8-9; Pine Decl. ¶ 4; Wertheim Decl. ¶ 4.) | To the extent this statement is relevant to the pending claim, discovery is required, including discovery from the witnesses whose declarations on which Plaintiffs rely for their motion and this statement. Discovery has not opened and no discovery has been taken on these witnesses.  Therefore, Defendant has not had an opportunity to determine whether this statement presents a genuine dispute necessary to be litigated. |

Dated:  March 23, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General


/s/ Peter H. Chang

PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant California Attorney General*

8