1  XAVIER BECERRA
   Attorney General of California
2  TAMAR PACHTER
   Supervising Deputy Attorney General
3  PETER H. CHANG
   Deputy Attorney General
4  State Bar No. 241467
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 510-3776
6   Fax:  (415) 703-1234
    E-mail:  Peter.Chang@doj.ca.gov
7  *Attorneys for Defendant*
   *California Attorney General*
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                       WESTERN DIVISION

12

| | |
|---|---|
| 13  **ASSOCIATION DES ELEVEURS DE CANARDS ET D'OIES DU QUEBEC, et al.,** | Case No. CV-12-05735-SVW-RZ |
| 15                             Plaintiffs, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT** |
| 16  v. | |
| 17 | Judge:      Hon. Stephen V. Wilson |
|    | Date:       April 13, 2020 |
| 18  **XAVIER BECERRA**, in his official capacity as Attorney General of California; | Time:       1:30 p.m. |
|    | Courtroom:  10A |
| 19 | Trial Date: None |
| 20                             Defendant. | Action Filed: July 2, 2012 |

21

22

23

24

25

26

27

28

## ARGUMENT

The Court should dismiss Plaintiffs' declaratory judgment claim because both the text and legislative intent of section 25982 show that it applies to all sales in California of foie gras resulting from force feeding, regardless of where the seller is located. If the foie gras was produced by force feeding a bird, it may not be sold to California consumers, no matter where the foie gras was produced, and no matter where title passed for purposes of the California UCC. There is no merit to Plaintiffs' argument that the UCC limits the scope of section 25982 because the UCC expressly excludes from its scope statutes regulating what can be sold, such as section 25982. Plaintiffs also fail to grapple with the various absurd results that would occur if the Court adopts their proposed construction of section 25982— results contrary to the Legislature's clear intent to discourage the consumption in California of foie gras inhumanely produced by force feeding birds.

### I. PLAINTIFFS' FIRST CAUSE OF ACTION MUST BE DISMISSED

#### A. The Scope of Section 25982 Does Not Turn on Where Title Passes

Plaintiffs' declaratory relief claim, as pled in the 4AC, seeks a declaration that section 25982 does not apply to sales of Plaintiffs' foie gras products where title passes outside of California. 4AC, ECF No. 213, ¶ 132, *Prayer for Relief*, ¶ A.1. Plaintiffs argue that because section 25982 does not define what constitutes a "sale" under the statute, the UCC's definition of "sale" applies, and under that definition, a "sale" takes place where the title passes. Pls.' Opp. to Mot. to Dismiss (Pls.' Opp), ECF No. 222, at 12-13. However, the UCC does not apply to laws that regulate what can be sold, such as section 25982. The UCC expressly provides that Division 2 regulating sales does not "impair or repeal any statute regulating sales to *consumers*, farmers or other specified classes of buyers." Cal. Comm. Code § 2102 (emphasis added). In spite of this plain text, Plaintiffs argue that this exclusion applies only to "unique groups of buyers" and not consumers. *See* Pls.' Opp., ECF

1  No. 222, at 13.  They argue that "the official California Code Comment to section
2  2102 explains[] that provision was intended to 'exclude special statutes pertaining
3  to sales to *unique groups of buyers*.'"  Pls.' Mot., ECF No. 222, at 13 (quoting Cal.
4  Code Comment to Cal. Comm. Code § 2102) (emphasis in original).  But the full
5  text states "This section [2102] *would also exclude* certain special statutes
6  pertaining to sales to unique groups of buyers."  Cal. Code Comment to Cal.
7  Comm. Code § 2102 (emphasis added).  Contrary to Plaintiffs' characterization,
8  UCC section 2102 excludes from its scope statutes regulating sales to consumers,
9  such as section 25982.  Where title passes for purposes of the UCC has no bearing
10 on the scope of section 25982.  The law bars all sales of foie gras in the state,
11 regardless of where it is produced, and regardless of where title passes, if it was
12 inhumanely produced by force feeding a bird.

13     Plaintiffs raise an alarm that this plain interpretation of UCC section 2102
14 would "repeal" the UCC.  Pls.' Mot., ECF No. 222, at 13 (citing Cal. Comm. Code
15 § 1104 ("no part of [UCC] shall be deemed to be impliedly repealed by subsequent
16 legislation").  Not so.  Under UCC section 2102, section 25982 is simply excluded
17 from the scope of the UCC; section 25982 does not "repeal" any provision of the
18 UCC.  *See English v. Ralph Williams Ford*, 17 Cal. App. 3d 1038, 1046 (Cal. Ct.
19 App. 1971) ("sales of automobiles are clearly subject to the sales division of the
20 Uniform Commercial Code unless the remaining language in section 2102 excludes
21 them").

22     Plaintiffs' reliance on *City of South San Francisco v. Board of Equalization*,
23 232 Cal.App.4th 707 (Cal. Ct. App. 2014), is misplaced.  *See* Pls.' Opp., ECF No.
24 222, at 12.  That case addressed whether the Board of Equalization properly relied
25 on the UCC to determine where title passes for the sale of goods for purposes of
26 applying a state sales tax under state and local tax laws.  *Id.* at 658.  *City of Fontana*
27 *v. California Department of Tax and Fee Administration*, 17 Cal. App. 5th 899
28 (Cal. Ct. App. 2017), is similarly distinguishable as it also relates to the

determination where title passes for purposes of taxation, which is not relevant here.

Notably, Plaintiffs do not address the various absurdities that would ensue under their theory. *See* Def.'s Mot., ECF No. 214, at 7-8. In one of Defendant's examples, a buyer and a seller could both be in California but circumvent section 25982 by agreeing between them that title passes outside California. *Id.*[1] Rather than grapple with all the ramifications of their argument that the UCC applies to limit the scope of section 25982, Plaintiffs argue that they do not seek a declaration that governs when both buyer and seller are in California, but only where the seller is outside California. Pls.' Opp., ECF No. 222, at 17. However, Plaintiffs' theory hinges on the application of the UCC to section 25982, and if the UCC applies, it would necessarily apply in both circumstances. That is precisely the flaw in Plaintiffs' reasoning.

Plaintiffs also argue that if section 25982 can be enforced against out-of-state sellers that sell to purchasers in California, then third-party delivery companies would allegedly "become accomplices to violations of § 25982." Pls.' Opp., ECF No. 222, at 16-17. But this argument is a red herring. There is no allegation of any threats of enforcement against delivery companies. Furthermore, Plaintiffs are not third-party delivery companies, and cannot assert claims on behalf of delivery companies; they are sellers of products made by force-feeding birds that use third-party delivery companies to ship their products to California consumers, and are clearly subject to section 25982 with respect to products they sell to purchasers in California.

---

[1] Or, in the similar scenario this Court envisioned, a seller and buyer could both be in California and enter into a transaction in which the seller purchases the foie gras products from Hudson Valley in an internet transaction for delivery to the buyer. *See* Order, ECF No. 212, at 9.

**B. Defendant's Construction of Section 25982 Comports with the Legislature's Intent to Prohibit the Sale of Products Resulting From Force Feeding Birds to Consumers in California**

Contrary to Plaintiffs' argument, *see* Pls.' Opp., ECF No. 222, at 8-14, there are ample grounds to conclude that the Legislature intended to proscribe sales of inhumanely produced foie gras in California, regardless of whether the seller is in-state or out-of-state. Both the plain language of section 25982 and legislative history establish that section 25982 bars plaintiff Hudson Valley from selling foie gras in California if it is produced by force feeding birds. Like other California laws that eliminate the California market for inhumanely produced products, section 25982 reaches all sales to California purchasers that are shipped to them in California. The law "bans the sale of both intrastate and *interstate* products that are the result of force feeding a bird." *Canards I*, 729 F.3d at 948 (emphasis added); *id.* at 953 (holding that "[s]ection 25982 applies to both California entities and out-of-state entities"); *see also id.* at 945 n.4 ("Section 25982 . . . bans the sale of foie gras produced through force feeding").

The statutory language prohibiting sales of foie gras "in California" is similar to the language in other California statutes that prohibit sales of certain products to consumers in the state regardless of where the seller is located. For example, California's Shelled Egg Laws provide that "a shelled egg shall not be *sold* or contracted for sale for human consumption *in California*" if it is the product of a hen that is confined in a manner that does not comply with specified animal care standards. Cal. Health & Saf. Code § 25996 (emphasis added); *see Missouri ex rel. Koster v. Harris*, 847 F.3d 646 (9th Cir. 2017). Plaintiffs appear to acknowledge that this provision applies to the sales of eggs by an out-of-state producer to an in-state purchaser. *See* Pls.' Opp. to Mot. to Dismiss, ECF No. 205, at 6; Pls.' Mot., ECF No. 216, at 20-21.[2]

---

[2] Plaintiffs cite other statutes, each of which uses different language to
(continued…)

In enacting section 25982, the California Legislature intended to "discourage the consumption of products produced by force feeding birds and prevent complicity in a practice that it deemed cruel to animals." *Canards I*, 729 F.3d at 952; *see* California Bill Analysis, Senate Bill 1520, Sen. (May 6, 2004). An interpretation of section 25982 that permits sellers, including those in another state, to sell products produced by force feeding birds to consumers in California would be clearly contrary to the Legislature's intent. And it certainly could not have been the Legislature's intent for section 25982 to be circumvented simply by structuring sales so that title passes outside the state. *See also Canards I*, 729 F.3d at 949 (rejecting a scenario in which California entities could obtain foie gras produced out-of-state and sell it in California).

To the extent Plaintiffs perceive any ambiguity as to the scope and application of section 25982, it should be resolved in light of the Legislature's intent to remove products produced by force feeding birds from the California market. *See Canards I*, 729 F.3d at 952; *People v. Prunty*, 355 P.3d 480, 486 (Cal. 2015) (the court's "task in construing the Act, of course, is to ascertain and effectuate the intended legislative purpose").

### C. Plaintiffs' Other Arguments Similarly Fail

Plaintiffs' argument that their interpretation of section 25982 would avoid the constitutional burden that section 25982 places on interstate commerce is also without merit. Pls.' Opp., ECF No. 222, at 15-16. It presupposes that there is merit to Plaintiffs' dormant Commerce Clause claim, when—as this Court determined—there is none. *See* Order Granting Mot. to Dismiss, ECF No. 212, at 3-5; *see also Canards I*, 729 F.3d at 947 (affirming this Court's determination that "Plaintiffs failed to raise serious questions concerning their Commerce Clause challenge").

---

restrict the sale of other products in California. *See* Pls.' Opp., ECF No. 222, at 9, 14. These examples, however, simply show that the California Legislature has used a variety of language to restrict sales in California. They do not suggest any limitation on the scope of section 25982.

Finally, Plaintiffs' argument that the presumption against extraterritoriality applies, *see* Pls.' Opp. at 15, is misplaced because section 25982's application to sales *in California* by out-of-state sellers has no extraterritorial reach. *See* Order, ECF No. 212, at 4 ("§ 25982 still only bans foie gras *sales in California*. It does not prevent *any* conduct outside of California; it prevents products that are a result of certain conduct (even out-of-state) from being sold *within* California.") (emphasis in original).

Therefore, the Court should hold that the application of section 25982 does not turn on where title passes as a matter of law, and dismiss Plaintiffs' declaratory relief claim without further leave to amend.

## II. PLAINTIFFS CHANEY AND CANADIAN ASSOCIATION CANNOT ASSERT THE FIRST CAUSE OF ACTION

The First Cause of Action is an as-applied claim seeking a declaration from the Court that section 25982 does not apply to sales of Plaintiffs' foie gras products where title of the products passes outside the state. 4AC, ECF No. 213, ¶¶ 16, 132, *Prayer for Relief*, ¶ A.1. This claim can only be asserted by plaintiff Hudson Valley, because plaintiffs Canadian Association and Chaney do not allege that they sell foie gras products resulting from force-feeding from outside California to buyers in California. Def.'s Mot., ECF No. 214, at 5 n.3.

Plaintiffs' argue in opposition that plaintiff Chaney may assert the declaratory judgment claim because he is a "ready buyer" of foie gras products from out-of-state sellers, but this lacks merit. Pls.' Opp., ECF No. 222, at 4 n.2 (citing 4AC ¶¶ 5, 19). The First Cause of Action relates only to the application of section 25982 to out-of-state sellers that sell the restricted products to buyers in California, which Chaney does not purport to do. *See* 4AC ¶¶ 5, 19. There is no basis to suggest that Chaney is asserting, or can assert, some form of third-party right on behalf of sellers, particularly since the First Cause of Action does not implicate any asserted constitutional rights.

1    Plaintiffs' argument that the Canadian Association has associational standing
2  to assert the First Cause of Action on behalf of its members also lacks merit.  To
3  assert associational standing, it must demonstrate that "neither the claim asserted
4  nor the relief requested require the participation of individual members in the
5  lawsuit."  *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v.*
6  *California Dep't of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013).  This Court has
7  required Plaintiffs to make "concrete fact allegations" regarding their "potential
8  future conduct" in selling to buyers in California foie gras products resulting from
9  force feeding.  Order, ECF No. 212 at 9.  Plaintiff Canadian Association has not
10 done so, and likely cannot do so, on behalf of all of its members, and thus cannot
11 assert the declaratory judgment claim.  See *United Union of Roofers,*
12 *Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1400
13 (9th Cir. 1990) (dismissing union plaintiff for lacking associational standing under
14 both federal and California law because individual union members would have had
15 to participate at the proof of damages stage).

## CONCLUSION

Accordingly, the Court should dismiss Plaintiffs' Fourth Amended Complaint in its entirety, without further leave to amend.

Dated: March 30, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/s/* PETER H. CHANG

PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Attorney General*

SA2012106936