1 | Michael Tenenbaum, Esq. (No. 186850)
2 | *mt@post.harvard.edu*
THE OFFICE OF MICHAEL TENENBAUM, ESQ.
3 | 1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401-2136
4 | Tel   (424) 246-8685
5 | Fax   (424) 203-4285
6 | *Counsel for Plaintiffs*
7 |
8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10 | WESTERN DIVISION
11 |

| | |
|---|---|
| ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC, a Canadian nonprofit corporation; HVFG LLC, a New York limited liability company; and SEAN "HOT" CHANEY, an individual; | Case No. 2:12-cv-05735-SVW-RZ |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER [Dkt. 212] ON DEFENDANT'S MOTION TO DISMISS** |
| – against – | |
| XAVIER BECERRA, in his official capacity as Attorney General of California; | Date:          April 13, 2020<br>Time:          1:30 p.m.<br>Courtroom: 10A |
| Defendant. | Hon. Stephen V. Wilson |
| | <u>ORAL ARGUMENT REQUESTED</u> |

1    Defendant's opposition tells the Court to gloss over perhaps the most important

2 point of Plaintiffs' dormant Commerce Clause challenge — and to ignore that, after

3 years of litigation in this case, in which over a dozen other States have implored the

4 Supreme Court about the consequences of California's overreach — another chambers

5 of this very Court has just recognized that a similar allegation that "California has no

6 legitimate local interest in farming conditions in other states" compels the denial of

7 Defendant's motion to dismiss Plaintiffs' *Pike* balancing claim.  *North American Meat*

8 *Institute v. Becerra*, No. 2:19-cv-08569-CAS(FFMx), 2020 WL 919153, at *8 (C.D.

9 Cal. Feb. 24, 2020) ("*NAMI*"); Dkt. 185 (3AC) at ¶ 158.

10    As explained below, reconsideration is fully warranted under the circumstances

11 here, and, while the matter of course rests within the Court's discretion, Defendant's

12 opposition provides no valid reason for the Court to deny reconsideration.

13    **I.    The Recent Ruling by Another Chambers of This Court in *NAMI* Is Highly**

14    **Persuasive Authority Recognizing that the Allegation that California Has No**
       **Legitimate Local Interest in Farming Conditions in *Other States* Is Sufficient**

15    **to State a Claim under the Commerce Clause's *Pike* Balancing Test.**

16    Defendant insists the Court must deny reconsideration — and disregard the deci-

17 sion of another chambers of this Court in *NAMI* — on the ground that the new ruling

18 in *NAMI* is from a district court and not from the Ninth Circuit itself.  Yet, contrary to

19 Defendant's suggestion, courts in the Ninth Circuit — and specifically in the Central

20 District — recognize that a motion for reconsideration does *not* require that the new

21 legal authority be controlling.  "[S]uccessful Rule 54(b) motions for reconsideration in

22 the Central District need not be premised on binding precedent," and "[n]owhere does

23 [C.D. Cal. L.R. 7-18] mention that 'controlling' or 'binding' law is needed for reconsi-

24 deration."  *See, e.g., Nat'l Credit Union Admin. Board v. Goldman Sachs & Co.*, No.

25 CV 11-6521-GW(JEMx), 2013 WL 12306438, at *3-4 (C.D. Cal. Jul. 11, 2013) (ex-

26 plaining that district court has inherent power to reconsider, even in light of "merely

27 persuasive" recent case law from outside Ninth Circuit).

28    Defendant's citation to *Doe v. Regents of the Univ. of Calif.*, No. 2:15-cv-02478-

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

1 SVW-JEM, 2016 WL 11504216 (C.D. Cal. Dec. 1, 2016) (Dkt. 219 at p. 2, lns. 25-26),

2 is puzzling because, in that case, this very Court *granted* reconsideration of a defense

3 motion to dismiss in light of an obviously non-controlling case from a different circuit.

4 *Id.* at *4.  As this Court recognized in *Doe*, "[t]he Court's analysis of the motion to

5 dismiss the [federal claim at issue] may have differed significantly if it had analyzed the

6 motion with the benefit of considering the [Second Circuit] decision."  *Id.* at *4-5

7 (granting reconsideration and rescinding previous order of dismissal).

8 　　　　The same result should obtain here.  The *NAMI* decision is especially persuasive

9 legal authority here because it addresses a similar ban of animal food products — i.e.,

10 pork and veal from animals raised in other States but not according to California's

11 dictates — litigated by the same Defendant as in our case on a claim under *Pike* that

12 makes the same essential argument as Plaintiffs have made here.  Plaintiffs are confident

13 that, if the Court reconsiders with the benefit of *NAMI* — and with the benefit of oral

14 argument — it will result in a ruling denying Defendant's motion to dismiss Plaintiffs'

15 similar dormant Commerce Clause claim.

16 　　　　Defendant attempts to re-argue the merits of Plaintiffs' claim, going so far as to

17 try to distinguish *NAMI* on the ground that, on the element of a "substantial burden"

18 on commerce, *NAMI* involved "allegations regarding discrimination."  (Dkt. 219 at pp.

19 4-5.)  But *requiring* discrimination to make out a *Pike* claim would be illogical.  Under

20 Supreme Court precedent, state laws that discriminate against commerce are virtually

21 *per se* unconstitutional.  *South Dakota v. Wayfair, Inc.*, 138 S.Ct. 2080, 2091 (2018).

22 Even under the Ninth Circuit's cases, *Pike* balancing applies where there is *no* discrimi-

23 nation.  *Rocky Mtn. Farmers Union v. Corey*, 730 F.3d 1070, 1078 (9th Cir. 2013)

24 (holding that, if limitations on out-of-state ethanol *do not* discriminate, "then the

25 district court should apply the balancing test established in *Pike*").  Just look at how the

26 Supreme Court stated the "general rule" in *Pike*, which it said applies in cases "[w]here

27 the statute regulates evenhandedly."  *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142

28 (1970).

1    The balance of Defendant's opposition argues that this Court is forever glued to

2  what it (and the Ninth Circuit) had to say based on the very different state of the plead-

3  ings at the preliminary injunction stage back in 2012, when the allegations in support

4  of Plaintiffs' claim under *Pike* were limited to a few paragraphs.  (Compare Dkt. 54

5  [FAC] at ¶¶ 3, 105 *with* Dkt. 185 [3AC] at ¶¶ 3, 6, 14-15, 122-123, 157-164.)  Impos-

6  ing an even greater burden than in *NAMI*, as alleged in the Third Amended Complaint

7  (and evidenced by Plaintiffs' uncontradicted declarations [Dkts. 202-4, 202-5, 202-6]),

8  § 25982 operates not merely to burden the market in foie gras products but to effectu-

9  ate a **complete ban** on interstate and foreign commerce in them.  (*E.g.*, Dkt. 185 [3AC]

10  at ¶¶ 13-15, 70.)  (What more substantial burden could there be?)

11    In any event, the merits of Plaintiffs' *Pike* balancing claim — and whether its alle-

12  gations are sufficient at the pleading stage — deserve to be reconsidered in light of

13  *NAMI* and Plaintiffs' further ground for reconsideration below.

14
**II.   The Court Should Grant Reconsideration to Squarely Address How**
15  **"Preventing Animal Cruelty *in California*" Could Justify § 25982 *as Applied***
16  **to Wholesome Poultry Products from Animals Raised Entirely *Outside* *California*.**

17    In its January Order dismissing Plaintiffs' *Pike* balancing claim, the Court held

18  that, even accepting as true the allegation that § 25982 constitutes a complete ban on

19  commerce in foie gras products — e.g., because it is impossible to produce foie gras

20  without force feeding under California's definition — "Plaintiffs' [sic] have not met

21  their burden in showing the 'burden on interstate commerce *clearly exceed[s]* its local

22  benefits" because "[p]reventing animal cruelty *in California* is clearly a legitimate state

23  interest."  (Dkt. 212 at p. 5 [first emphasis and brackets in original].)

24    Instead of addressing the holding at issue, Defendant's opposition merely reiter-

25  ates that this Court and the Ninth Circuit have interpreted § 25982 as applicable to all

26  foie gras products, regardless of their origin.  Yet, describing the application of § 25982

27  is one thing; evaluating its constitutionality is quite another.  As to the latter, Defen-

28  dant's opposition never deals with the fact that a key premise of the dismissal of Plain-

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

1  tiffs' *Pike* balancing claim was that California's "legitimate state interest" was "[p]re-

2  venting animal cruelty *in California*." (*Id.*) (Defendant curiously avoids so much as

3  mentioning this portion of the January Order at issue, no doubt because even Defen-

4  dant himself cannot defend it.) In this as-applied challenge, Plaintiffs are not even

5  questioning California's authority to legislate as to the farming of all ducks *within*

6  *California*, as it has done in a separate statute that bans the force feeding of ducks in

7  California, i.e., § 25981 — which is *not* the subject of Plaintiffs' challenge.[1]

8      If the Court in fact carefully considered the allegation that *none of Plaintiffs'*

9  *foie gras products are made from ducks raised in California* — since they all come

10  from Canada and New York (Dkt. 185 at ¶¶ 13, 107) — then it is perplexing that the

11  portion of the January Order addressing Plaintiffs' *Pike* balancing claim dismissed it by

12  saying that "[p]reventing animal cruelty *in California* is clearly a legitimate state inter-

13  est." As a matter of basic logic — and as the court recognized in *NAMI* — California's

14  interest in "[p]reventing animal cruelty *in California*" cannot support a ban on whole-

15  some foie gras products from animals raised in *other States and countries* (because

16  "California has no legitimate local interest in farming conditions in other states").

17      If the January Order intended to hold that California's interest in "[p]reventing

18  animal cruelty *in California*" (Dkt. 212 at p. 5) not only justifies a ban on sales of foie

19  gras products from ducks raised in California but also somehow allows California to

20  ban wholesome poultry products from ducks raised entirely *outside California* —

21  which is the precise threat that Plaintiffs face in this case — then the Court should grant

22  reconsideration to make such a holding explicit for purposes of appeal. If, on the other

23  hand, the Court is willing to recognize that (as in *NAMI*) even a legitimate local interest

24  in the welfare of animals in California cannot constitutionally justify a ban on whole-

25  some food products made from animals that were raised entirely beyond California's

26

27  ---

   [1]    Nor are Plaintiffs challenging § 25892 as applied to any imagined foie gras pro-

28  ducts from ducks that could have been force-fed in California — which do not even exist in light of § 25981's ban on the practice of force feeding. (Dkt. 185 at ¶ 107.)

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

1   borders based on the treatment of animals in *other* States (and countries), then it

2   should grant reconsideration, rescind its January Order as to the dismissal Plaintiffs'

3   Fourth Cause of Action, and, at minimum, hold a (first) hearing on that claim.

4                                         CONCLUSION

5          As now recognized by another chambers of this Court in *NAMI,* Plaintiffs' alle-

6   gations in support of their dormant Commerce Clause claim under *Pike* are sufficient to

7   at least move past the pleading stage.  Plaintiffs respectfully reiterate their request that

8   the Court hold oral argument on this motion together with the parties' pending, poten-

9   tially dispositive cross-motions to dismiss (Dkt. 214) and for summary judgment (Dkt.

10  216).  The Court has not had the parties in front of it since November 2014, i.e., in

11  more than five years.  (Dkt. 154)  Even if oral argument has to be scheduled at a time

12  when only appearance by telephone is possible, it is essential for a fair resolution of the

13  critical issues in this case.

14
    Dated:        March 30, 2020               Respectfully submitted,
15
                                               */s/ Michael Tenenbaum*
16                                             Michael Tenenbaum, Esq.
                                               THE OFFICE OF MICHAEL TENENBAUM, ESQ.
17                                             *Counsel for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION