UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

| **Proceedings:** | IN CHAMBERS ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [215] , DENYING DEFENDANTS' MOTION TO DISMISS [214], AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [216] |
|---|---|

Plaintiffs have moved for reconsideration of this Court's previous Order, dkt. 212, and for summary judgment on their first cause of action for declaratory relief. Defendants have again moved to dismiss the complaint and opposed both the summary judgment and reconsideration motion. For the reasons provided below, the Court GRANTS Plaintiffs' motion for summary judgment but DENIES Plaintiffs' motion for reconsideration. Defendants' motion to dismiss is DENIED.

**I.    Background**

The facts of this case have been outlined extensively in this Court's three previous Orders and in two appellate Opinions from the Ninth Circuit. *See Ass'n Des Éleveurs De Canards et D'Oies Du Québec v. Harris*, No. 2:12-CV-05735-SVW-RZ, 2012 WL 12842942, at *1 (C.D. Cal. Sept. 28, 2012) ("*Canards District I*"), *aff'd*, *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937 (9th Cir. 2013) ("*Canards I*"); *Ass'n des Eleveurs de Canards et D'Oies du Quebec v. Harris*, 79 F. Supp. 3d 1136, 1138 (C.D. Cal. 2015) ("*Canards District II*"), *rev'd in part, vacated in part sub nom. Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Becerra*, 870 F.3d 1140 (9th Cir. 2017) ("*Canards II*"); *Ass'n des Eleveurs de Canards et d Oies du Quebec v. Harris*, No. 2:12-CV-05735-SVW-RZ, 2020 WL 595440 (C.D. Cal. Jan. 14, 2020) ("*Canards District III*").

In 2012, California enacted California Health and Safety Code § 25982 ("§ 25982"), which states

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

in pertinent part: "A product may not be sold in California if it is the result of force feeding a bird for the purpose of enlarging the bird's liver beyond normal size." Force feeding is defined as "a process that causes the bird to consume more food than a typical bird of the same species would consume voluntarily. Force feeding methods include, but are not limited to, delivering feed through a tube or other device inserted into the bird's esophagus." Cal. Health & Safety Code § 25980. Most recently, this Court denied Plaintiffs' motion for summary judgment and granted Defendants' motion to dismiss with prejudice. *Canards District III*, 2020 WL 595440, at *6. The Court also denied Plaintiffs' motion for declaratory relief without prejudice and gave Plaintiffs another opportunity to request declaratory relief based on more specific factual allegations. Plaintiffs have now moved for reconsideration of this Court's dormant Commerce Clause analysis, and moved for declaratory relief based on a specifically alleged factual scenario.

**II.     Motion for Reconsideration**

In two of this Court's previous three Orders, the Court concluded that § 25982 did not violate the dormant Commerce Clause. *See Canards District I*, 2012 WL 12842942, *aff'd*, 729 F.3d 937; *Canards District III*, 2020 WL 595440, at *2–3. As previously noted, "the Ninth Circuit has observed that most regulations that run afoul of the dormant Commerce Clause 'do so because of discrimination'; that is, they 'impose disparate treatment on similarly situated in-state and out-of-state interests.'" *Canards District I*, 2012 WL 12842942, at *7 (quoting *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1150 (9th Cir. 2012)). The Ninth Circuit affirmed this decision, holding that "Plaintiffs failed to raise serious questions that § 25982 imposes a substantial burden on interstate activity." *Canards I*, 729 F.3d at 952. In *Canards District III*, based on nearly identical arguments but a more-complete factual record, this Court again concluded that § 25982 did not discriminate against out-of-state commerce and did not present any plausible burden on interstate commerce. *Canards District III*, 2020 WL 595440, at *2–4.

Plaintiffs move for reconsideration based on a recent ruling in *North America Meat Institute v. Becerra*, No. 19-CV-08569-CAS-FFMX, 2020 WL 919153 (C.D. Cal. Feb. 24, 2020) ("*NAMI*"). As a threshold matter, Plaintiffs have not met the criteria for reconsideration under Local Rule 7-18:

> In the Central District of California, "a motion for reconsideration may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

*Doe v. Regents of the Univ. of California*, No. 15-CV-02478-SVW-JEM, 2016 WL 11504216, at *4 (C.D. Cal. Dec. 1, 2016) (quoting Local Rule 7-18). The Court did not fail to consider any material facts on the previous record, and, as a fellow district court, the *NAMI* decision does not constitute a change in law.

The decision in *NAMI* also does not present a holding contrary to this Court's previous orders. Considering the merits of Plaintiffs' motion, *NAMI* is readily distinguishable from the current case because *NAMI* explicitly found that discrimination against out of state commerce was plausible based on the complaint. *NAMI*, 2020 WL 919153, at *5 ("NAMI acknowledges that Proposition 12 is facially neutral, but alleges that Proposition 12 nevertheless unconstitutionally discriminates against out of state commerce."). There has never been such a finding in this case. As this Court stated in the previous Order, "Plaintiffs have raised no issue as to whether § 25982 discriminates against out-of-state interests. To the extent § 25982 imposes a burden on commerce (if any), it does so without discriminating against out-of-state commerce." *Canards District III*, 2020 WL 595440, at *2 ("As with the previous complaints, Plaintiffs have raised no issue as to whether § 25982 discriminates against out-of-state interests."). Because there is no plausible burden on interstate commerce, the Court does not need to reach the question of § 25982's in-state benefit.[1] *Canard I*, 729 F.3d at 951–52 ("[A] plaintiff must first show that the statute imposes a substantial burden before the court will determined whether the benefits of the challenged law are illusory.") (internal quotation marks omitted). The motion for reconsideration is DENIED.[2]

---

[1] If the Court were to reach the question of benefits versus burdens, Plaintiffs would still not prevail. Plaintiffs must clear the difficult hurdle of showing the "burden on interstate commerce ***clearly exceed[s]*** its local benefits," *Canards District I*, 2012 WL 12842942, at *10 (emphasis added), and Plaintiffs have not shown *any* cognizable burden. Defendants have presented evidence that the California legislature intended to discourage consumption of force-fed products in the interest of public health. *Canards I*, 729 F.3d at 952. Because there is no burden, any benefit would not be "clearly exceed[ed]" by Plaintiffs' vacuous showing.

[2] This is the third time this Court has rejected Plaintiffs' dormant Commerce Clause argument (with an intervening affirmation from the Ninth Circuit), *see Canards I, Canards District I, Canards District III*, and Plaintiffs have not substantially altered their argument in each iteration. Accordingly, future argument on this issue without a significant change in the facts or controlling law will subject Plaintiffs to sanctions.

|  |  | : |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

### III.     Declaratory Judgment

Finally, Plaintiffs request a declaratory judgment defining the application and scope of § 25982. Dkt. 205 at 13. "A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40 (1937)). Plaintiffs have presented sufficient evidence to demonstrate California intends to prosecute them for violations of § 25982 if Plaintiffs proceed with their proposed course of action. Dkt. 218 at 11–12. Plaintiffs have presented a factual scenario wherein an out-of-state seller[3] ("Seller") fulfills an order "through a website operated by an out-of-state seller who receives and fulfills an order outside California, delivering it to a shipper such as FedEx or UPS to be sent to an address" in California. Dkt. 218 at 2.

Neither § 25982 nor § 25980 define "sale" in their text. Rather than broadly determining how sale is defined in reference to § 25982, the Court's focus is on whether the specific factual scenario presented by Plaintiffs falls within the grasp of the regulation.[4] Of course, the ultimate goal of a declaratory judgment is to provide a clear interpretation of a statute in accordance with the legislature's purpose. *See People v. Prunty*, 355 P.3d 480, 486 (Cal. 2015) (The court's "task in construing the Act, of course, is to ascertain and effectuate the intended legislative purpose."). The Court must determine whether the legislature intended to capture the limited circumstances Plaintiffs present by forbidding birds products that are "the result of force feeding" from being "sold in California." § 25982.

The text of § 25982 is silent as to the possession, importation, or receipt of foie gras within California. Courts in California have looked to the California Uniform Commercial Code (UCC)[5] for the

---

[3] The Sellers include the named Plaintiffs: Association Des Éleveurs De Canards et D'oies Du Québec ("Canards"), Hudson Valley Foie Gras ("HVFG"), and Sean "Hot" Chaney. This judgment only pertains to the factual allegations the Sellers have represented to the Court. Dkt. 218.

[4] As Plaintiffs note: "The only question for the Court to answer in order to resolve the parties' dispute is whether § 25982's ban on foie gras products being 'sold in California' somehow also prohibits products sold outside California from even being sent here." Dkt. 218 at 2.

[5] The UCC provision states: "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the *seller completes his performance* with reference to the physical delivery of the goods . . . ." Cal. Com. Code § 2401(2) (emphasis added). In the factual scenario presented by Plaintiffs, Sellers complete their performance upon delivery of the goods to the third-party shipper.

|  |  | : |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

default rule when the statute was silent as to the definition of "sale." *See City of S. San Francisco v. Bd. of Equalization*, 181 Cal. Rptr. 3d 656, 672 (Ct. App. 2014) ("Courts have consistently used section 2401 of the California Uniform Commercial Code to determine when title passes between sellers and buyers."). In that case, the California Court of Appeals determined that "[s]ince the sales at issue in this appeal were negotiated at retailers in a California city but had to be shipped to the California consumer from an out-of-state location, title passed out of state under section 2401[(2)]." *Id.* Although the UCC undisputedly does not override any provision of § 25982, the contested statute does not provide any clear indication that it is intended to prevent sales occurring outside of California from being received in-state if that transaction occurs entirely outside of California.

Contrarily, some sections of California's Health and Safety Code (where § 25982 is located) that do not relate to foie gras specifically define "sale" to more expansively encompass the receipt of goods in California. For example, California Health & Safety Code § 25991(o), which relates to pig products, specifically states that "[f]or purposes of this section, a sale shall be deemed to occur at the location where the buyer takes physical possession of an item." *See also* Cal. Health & Safety Code § 14950(10) ("'Sale' or 'sell' means any transfer, exchange, or barter, in any manner or by any means whatever, or any agreement for these purposes.").[6] There is no such language in § 25982, leading the Court to infer California did not intend § 25982 to be expansively read beyond the traditional understanding of "sold in California." § 25982; *see N.L.R.B. v. SW Gen., Inc*., 137 S. Ct. 929, 940 (2017) (explaining how the expressio unius canon applies in the context of statutory interpretation).

Both the text and legislative history of § 25982 also support the idea that California did not intend to create a total ban on foie gras. Again, consumption and possession are not mentioned in the statute at all, and all accompanying legislative discussions leading up to the passage of § 25982 suggest that a "total ban" on foie gras was disfavored. Both then-State Senator John Burton, who authored the bill, and then-Governor Schwarzenegger, who signed the bill, stated that § 25982 was not intended as a total ban on foie gras in California. Dkt, 218 at 10.[7] Rather, both the legislative and executive branches indicated that the focus of the bill was to prevent the cruel practice of force-feeding within California. *Id.*

---

[6] In regard to the sale of smartphones, California's Business and Professional Code also specifically defines "sale" to include importation of products purchased out of state. *See* Cal. Bus. & Prof. Code § 22761(a)(4) ("[O]r the smartphone is sold and shipped to an end-use consumer at an address within the state.").

[7] Plaintiffs present a sworn declaration attesting to these statements based on a review of the video recording of the signing of the bill on April 26, 2004. Dkt. 118-5 ¶ 2. Defendant has not contested these facts, and the Court accepts them to be true for the purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

California's published legislative analysis also supports the contention that the intent of § 25982 is to prevent force-feeding in California, not to create a total ban. "The author's office states that no other livestock product is produced via force feeding, and that it is a cruel and inhumane process that should be banned." California Bill Analysis, S.B. 1520 Sen., 5/06/2004. This appears to reference the banning of the practice of force-feeding in California, but does not suggest a total ban on the receipt of the product. When a product is sold in California, it could be difficult for the regulator to determine whether the force-feeding and slaughter occurred in California or out-of-state. Thus, § 25982 also prevents products that are the result of the force-feeding, wherever it may occur, from being sold in California. As this Court has repeatedly held, § 25982 does not have any extraterritorial effect—the statute cannot prevent animal cruelty from occurring in another state. *Canards District III*, 2020 WL 595440, at *2. Therefore, even though California can regulate what is produced and sold within its own borders, it has no interest in sales occurring outside of California, even if those sales are to a California resident or visitor.

Plaintiffs' primary contention is that, under Defendants' proposed interpretation, § 25982 would constitute a total ban on foie gras against the wishes of the state of California. Although Defendants' reading would not result in a total ban, the Court concludes that Defendants' interpretation substantially overreaches the intent of the regulation. After extensively examining the text and legislative history of the statute, the Court concludes that the legislature did not intend to prevent the factual scenario presented by Plaintiffs. There is no evidence that California intended to completely ban the receipt or possession of foie gras in California, and there is ample evidence that this was not California's intent. Of course, once the foie gras reaches California, it cannot be resold within the state, even if the transaction processes "out of state" via an explicit agreement or otherwise.[8]

This situation does not produce absurd results, as Defendants contest, because there is a logical distinction between conducting a transaction entirely outside of California, while still allowing the fruits of that transaction to be delivered into California (via the purchaser or a third-party), and selling a product *in California*, where the seller or product are present in California at the time of sale. It is more difficult to create a principled distinction between a purchaser who buys foie gras outside of California and personally drives it back into the state (which is undisputedly not encompassed by § 25982), and a purchaser who buys foie gras outside of California and has it delivered into the state (which Defendants

---

[8] No relief is offered, for instance, "to sellers of Hudson Valley's and Palmex's foie gras products who are located *within* California (e.g., restaurants) [who] have been forced to stop selling them to purchasers in California . . . ." Dkt. 218 at 4.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05735-SVW-RZ | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Association des Eleveurs de Canards et d Oies du Quebec et al v. Kamala J Harris et al.* | | |

now contest). There is no principled way to distinguish between foie gras purchased out of state and transported into California by the purchaser and that which is delivered by a third party. Whether the purchaser receives the foie gras in California is not closely related to whether the force-feeding or sale occurred in California, which (as discussed above) is what § 25982 intended to ban. Further, the distinction cannot turn on whether the recipient is a California citizen, resident, or visitor without implying broader constitutional principles not briefed or suggested by either party.

Accordingly, the Court concludes the most reasonable interpretation of § 25982, in accordance with the intent of California and the plain language of the statute, does not encompass the factual scenario presented by Plaintiffs. The Court holds that a sale of foie gras does not violate § 25982 when:

- The Seller is located outside of California.
- The foie gras being purchased is not present within California at the time of sale.
- The transaction is processed outside of California (via phone, fax, email, website, or otherwise).
- Payment is received and processed outside of California, and
- The foie gas is given to the purchaser or a third-party delivery service outside of California, and "[t]he shipping company [or purchaser] thereafter transports the product to the recipient designated by the purchaser," even if the recipient is in California.

Dkt. 218 at 5. This judgement is limited to the circumstances described above, and does not encompass situations wherein the Seller is present in California during the sale, or the foie gras is already present in California when the sale is made.

   IV.   **Conclusion**

Plaintiffs' motion for reconsideration is DENIED. Plaintiff's motion for declaratory judgment is GRANTED as described above. Defendants' motion to dismiss is accordingly DENIED.

| | : |
|---|---|
| Initials of Preparer | PMC |